**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re:                                                                                          **NOT FOR PUBLICATION**

        CELSIUS NETWORK LLC, *et al.*,                                    Chapter 11

                                 Case No. 22-10964 (MG)

              Post-Effective Date Debtors.
------------------------------------------------------------------------x

### MEMORANDUM OPINION ADOPTING RECOMMEDATIONS OF THE
### FEE EXAMINER ON THE FOURTH INTERIM AND FINAL FEE APPLICATIONS

*A P P E A R A N C E S :*

GODFREY & KAHN, S.C.
*Counsel to the Christopher S. Sontchi, Fee Examiner*
1 East Main Street
Madison, Wisconsin 53701
By:     Katherine Stadler, Esq.

OFFICE OF THE UNITED STATES TRUSTEE
1 Bowling Green
Room 534
New York, New York 10004
By:     Mark Bruh, Esq.
         Shara Claire Cornell, Esq.

KIRKLAND & ELLIS LLP
*Counsel to the Debtors and Post-Effective Date Debtors*[1]
601 Lexington Avenue
New York, New York 10022
By:     Joshua A. Sussberg, Esq.

300 North LaSalle Street
Chicago, Illinois 60654
By:     Patrick J. Nash Jr., Esq.
         Ross M. Kwasteniet, Esq.
         Christopher S. Koenig, Esq.
         Dan Latona, Esq.

---

[1]     Defined terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction* (the "Plan," ECF Doc. # 4289). References to Celsius Network LLC and its affiliates prior to the Effective Date, shall be the "Debtors" and, after the Effective Date, the "Post-Effective Date Debtors."

LATHAM & WATKINS LLP
*Special Counsel to the Debtors and Post-Effective Date Debtors*
1271 Avenue of the Americas
New York, New York 10020
By:     Annemarie V. Reilly, Esq.

330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
By:     John J. Sikora, II, Esq.
        Heather A. Waller, Esq.

MARK & ANDREWS COMPANY LLC dba KE ANDREWS
*Property Tax Services Providers to the Debtors and Post-Effective Date Debtors*
2424 Ridge Road
Rockwall, Texas 75087
By:     Ben Thompson

AKIN GUMP STRAUSS HAUER & FELD LLP
*Special Litigation Counsel to the Debtors and Post-Effective Date Debtors*
One Bryant Park
New York, New York 10036
By:     Mitchell P. Hurley, Esq.
        Dean L. Chapman Jr., Esq.

ALVAREZ & MARSAL NORTH AMERICA, LLC
*Financial Advisors to the Debtors and Post-Effective Date Debtors*
600 Madison Avenue
8th Floor
New York, New York 10022
By:     Robert Campagna

ANDERSEN LLP
*UK Tax Services Provider to the Debtors and Post-Effective Date Debtors*
2 George Yard
London, EC3V 9DH
United Kingdom
By:     Zoe Wyatt

CENTERVIEW PARTNERS LLC
*Investment Banker to the Debtors and Post-Effective Date Debtors*
31 West 52nd Street
22nd Floor
New York, New York 10019
By:     Marc D. Puntus, Esq.

ERNST & YOUNG LLP
*Tax Compliance, Tax Advisory, and Financial Accounting Advisory Services Provider to the Debtors and Post-Effective Date Debtors*
One Manhattan West
395 9th Avenue
New York, New York 10001
By:    Elizabeth Harvey

STOUT RISIUS ROSS, LLC
*Valuation Advisors to the Debtors and Post-Effective Date Debtors*
120 West 45th Street
Suite 2900
New York, New York 10036
By:    Joel Cohen

A.M. SACCULLO LEGAL, LLC
*Special Counsel to the Debtors and Post-Effective Date Debtors*
27 Crimson King Drive
Bear, Delaware 19701
By:    Anthony M. Saccullo, Esq.
       Mark T. Hurford, Esq.

STRETTO, INC.
*Administrative Advisor to the Debtors and Post-Effective Date Debtors*
410 Exchange
Suite 100
Irvine, California 92602
By:    Brian Karpuk

WILLIS TOWERS WATSON US LLC
*Compensation Consultant to the Debtors and Post-Effective Date Debtors*
800 North Glebe Road
Floor 10
Arlington, Virginia 22203
By:    Josephine Gartrell, Esq.

FISCHER (FBC & CO.)
*Special Counsel to the Debtors and Post-Effective Date Debtors*
146 Menachem Begin Road
Tel Aviv 6492103, Israel
By:    Avraham Well
       Amit Pines
       Eli Blechman

FREJKA PLLC
*Counsel to RSM US LLP, Independent Auditor for the Debtors and Post-Effective Date Debtors*
415 East 52nd Street
Suite 3
New York, New York 10022
By:    Elise S. Frejka, Esq.

WHITE & CASE LLP
*Counsel to the Official Committee of Unsecured Creditors*
1221 Avenue of the Americas
New York, New York 10020
By:    David M. Turetsky, Esq.
          Samuel P. Hershey, Esq.
          Joshua D. Weedman, Esq.

111 South Wacker Drive
Suite 5100
Chicago, Illinois 60606
By:    Michael C. Andolina, Esq.
          Gregory F. Pesce, Esq.

Southeast Financial Center
200 South Biscayne Blvd.
Suite 4900
Miami, Florida 33131
By:    Keith H. Wofford, Esq.

555 South Flower Street
Suite 2700
Los Angeles, California 90071
By:    Aaron E. Colodny, Esq.

M3 ADVISORY PARTNERS, LP
*Financial Advisor to the Official Committee of Unsecured Creditors*
1700 Broadway
19th Floor
New York, New York 10019
By:    Mohsin Y. Meghji

KATTEN MUCHIN ROSEMAN LLP
*Counsel to Perella Weinberg Partners LP, Investment Banker for the Official Committee of Unsecured Creditors*
50 Rockefeller Plaza
New York, New York 10020
By:    Shaya Rochester, Esq.

SELENDY GAY ELSBERG PLLC
*Co-Counsel to the Official Committee of Unsecured Creditors*
1290 Avenue of the Americas
New York, New York 10104
By:    Jennifer M. Selendy, Esq.
        Faith E. Gay, Esq.
        Temidayo Aganga-Williams, Esq.
        Claire O'Brien, Esq.

HURON CONSULTING SERVICES LLC
*Financial Advisor to the Chapter 11 Fee Examiner*
265 Franklin Street
Suite 402
Boston, Massachusetts 02119
By:    Timothy Martin

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court are 25 professional fee applications (each, an "Application" and collectively, the "Applications"), comprised of interim fee applications for the period from July 1, 2023 through November 9, 2023 (the "Fourth Interim Fee Period") and final fee applications in these chapter 11 cases for the period from July 13, 2022 through November 9, 2023 (the "Final Fee Period").[2]  The Applications seek approval of interim fees and expenses for the Fourth Interim Fee Period, final fees and expenses for the Final Fee Period, or a combination of the two.  The Application of RSM US LLP ("RSM" and its Application, the "RSM Application," ECF Doc. # 4264), the Debtor's independent auditor, which was also scheduled to be heard on July 28th, has been adjourned to the July 29th omnibus hearing based on the recommendation of the fee examiner (the "Fee Examiner").  (*See Notice of Adjournment of Final Fee Application of RSM US LLP for Allowance of Compensation and Reimbursement of Expenses for Certain Audit*

---

[2]        While the Fourth Interim Fee Period ended October 31, 2023, for reasons discussed below, the Fee Examiner agreed with counsel for the Post-Effective Date Debtors and the Official Committee of Unsecured Creditors (the "Committee") that professionals could include fees and expenses incurred from November 1, 2023 through November 9, 2023 in Applications for the Fourth Interim Fee Period.  (Report ¶ 4.)

*Services for the Final Period from August 1, 2023 through November 9, 2023* (the "RSM

Application Notice of Adjournment," ECF Doc. # 4960).)  Therefore, only 24 Applications were

heard at the June 28th omnibus hearing.

The Fee Examiner filed the *Fee Examiner's Summary Report on Fourth Interim and*

*Final Fee Applications Scheduled for Uncontested Hearing on May 7, 2024* (the "Report," ECF

Doc. # 4835), his fourth summary report in these chapter 11 cases, which recommends that the

Court (i) approve 17 Applications for the Fourth Interim Fee Period; (ii) approve 19 Applications

for final fees and expenses; and (iii) adjourn the Applications of Fischer & Co. ("Fischer," and

its Application, the "Fischer Application," ECF Doc. # 4829), which was late-filed, and the RSM

Application, which is contested.  Since the filing of the Report, the Fee Examiner has resolved

issues relating to the Fischer Application and now seeks its approval.  Accordingly, on June 19,

2024, the Fee Examiner filed an addendum to the Report (the "Addendum," ECF Doc. # 4970)

that includes revised exhibits reflecting the Fee Examiner's resolution of the Fischer Application.

As set forth in the Addendum, the Applications listed on Exhibits A and B to the

Addendum, which the Fee Examiner recommends that the Court approve, are all uncontested and

reflect consensual adjustments reached between the Fee Examiner and the respective

professionals (collectively, the "Uncontested Applications" and their applicants, the

"Uncontested Applicants").  (Addendum at 2; Report at 2.)  As for the RSM Application, which

has been adjourned to the July 29th omnibus hearing, the Fee Examiner indicates that he will

"file and serve a report on and/or objection to the [RSM Application] no later than ten days

[before] the omnibus hearing—July 19, 2024."  (Addendum ¶ 8.)  The Fee Examiner also

recommends that the Court order RSM to file a reply so that it is served on the Fee Examiner no

later than 2:00 p.m. on July 28, 2024 in accordance with the case management procedures order

(the "Case Management Order," ECF Doc. # 2560) entered in these chapter 11 cases.[3]  (*Id.* ¶ 9.)
Finally, in the event an evidentiary hearing or discovery is necessary, the Fee Examiner
recommends that the July 29th omnibus hearing date serve as a status conference for further
contested proceedings as to the RSM Application.  (*Id.* ¶ 10.)

Annexed to the Report is (i) a chart, as Exhibit A, setting forth the Applications seeking
approval of fees and expenses for the Fourth Interim Fee Period that the Fee Examiner
recommends the Court approve; (ii) a chart, as Exhibit B, setting forth the Applications seeking
approval of final fees and expenses that the Fee Examiner recommends the Court approve; (iii) a
chart, as Exhibit C, setting forth the Applications the Fee Examiner recommends the Court
adjourn; (iv) a proposed interim fee order, as Exhibit D, approving the fees and expenses for the
Applications set forth on Exhibit A; and (v) a proposed final fee order, as Exhibit E, approving
the fees and expenses for the Applications set forth on Exhibit B.

Annexed to the Addendum is (i) a chart, as Exhibit A, setting forth the Applications
seeking approval of fees and expenses for the Fourth Interim Fee Period that the Fee Examiner
recommends the Court approve;[4] (ii) a revised Exhibit B to the Report as Exhibit B, reflecting
the inclusion of Fischer; (iii) a revised Exhibit C to the Report as Exhibit C, reflecting the
removal of Fischer; (iv) a clean version of the revised proposed final fee order as Exhibit D (the
"Proposed Final Fee Order"), which includes the proposed briefing schedule as to the RSM
Application; and (v) a blackline version of the revised Proposed Final Fee Order as Exhibit E.

---

[3]    Paragraph 30 of the Case Management Order provides that "[i]f a Court Filing is a reply to an Objection,
such reply shall be filed with the Court and served as provided in Paragraphs 11 and 12 so as to actually be received
by the parties requested to be served hereby at least one day before the Hearing, with a copy to the Court's
chambers."  (Case Management Order ¶ 30.)

[4]    The Fee Examiner does not indicate whether Exhibit A to the Addendum is the same as Exhibit A to the
Report, stating only that it recommends approval of the interim fees and expenses reflected therein.  However, the
Fee Examiner does state that the proposed interim fee order to the Report remains unchanged, which suggests that
Exhibit A remains the same.

The Fee Examiner notes that the proposed interim fee order, annexed to the Report as Exhibit D, remains unchanged.  (*See* Addendum at 2 n.3.)

The Court held a hearing on June 28, 2024 on the Applications (the "Fee Application Hearing").  At the Fee Application Hearing, the U.S. Trustee (the "UST") indicated that she had spoken with the Fee Examiner and the Uncontested Applicants, and her comments were incorporated.  Accordingly, the UST had no objection to the Court's approval of the Uncontested Applications.

The Court will enter orders (i) adopting the recommendations of the Fee Examiner in full as set out in the following tables and discussed below and (ii) approving the Fee Examiner's proposed briefing schedule as to the RSM Application.[5]  This Court writes here separately to explain its reasoning.

> [*Remainder of page intentionally left blank.*
> *See following page for summary of applications.*]

---

[5]    As of the entry of this Opinion, an order approving fees and expenses for the Fourth Interim Fee Period has been entered.  (*See Fourth Omnibus Order Granting Applications for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Fourth Interim Fee Period From July 1, 2023 Through November 9, 2023*, ECF Doc. # 5193.)

## Fourth Interim Fee Period Applications for Approval (Addendum, Ex. A)

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit A**

Fourth Interim Fee Period Applications:

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| | **Fourth Interim Fee Period (July 1, 2023 - October 31, 2023)** | | | | | | | | |
| 1 | A.M. Saccullo Legal, LLC [Dkt. No. 4254]<br>*Special Counsel to the Debtors* | 3/1/2023 - 11/9/2023 | $ 149,267.50 | $ 2,000.00 | $ - | | $ - | $ 147,267.50 | $ - |
| 2 | Akin Gump Strauss Hauer & Feld LLP [Dkt. No. 4251]<br>*Special Litigation Counsel to the Debtors* | 7/1/2023 - 11/9/2023 | $ 6,110,140.50 | $ 60,000.00 | $ 301,357.65 | | $ 39,754.54 | $ 6,050,140.50 | $ 261,603.11 |
| 3 | Alvarez & Marsal North America, LLC [Dkt. No. 4242]<br>*Financial Advisors to the Debtors* | 7/1/2023 - 11/9/2023 | $ 7,151,420.00 | $ 47,409.25 | $ 33,370.00 | | $ 856.22 | $ 7,104,010.75 | $ 32,513.78 |
| 4 | Andersen LLP [Dkt. No. 4271]<br>*UK Tax Services Provider to the Debtors* | 2/13/2023 - 11/9/2023 | $ 291,327.34 | $ 63,606.19 | $ - | | $ - | $ 227,721.15 | $ - |
| 5 | Centerview Partners LLC [Dkt. No. 4260]<br>*Investment Banker to the Debtors* | 7/1/2023 - 11/9/2023 | $ 20,141,346.00 | $ - | $ 348.84 | | $ - | $ 20,141,346.00 | $ 348.84 |
| 6 | Elementus Inc. [Dkt. No. 4236]<br>*Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 1,197,610.00 | $ - | $ 283,414.02 | | $ - | $ 1,197,610.00 | $ 283,414.02 |
| 7 | Ernst & Young LLP [Dkt. No. 4252]<br>*Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider to the Debtors* | 7/1/2023 - 11/9/2023 | $ 5,303,982.00 | $ 110,665.58 | $ 36,094.03 | | $ 1,535.15 | $ 5,193,316.42 | $ 34,558.88 |
| 8 | Gornitzky & Co. [Dkt. No. 4258]<br>*Israeli Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 8/16/2023 | $ 8,157.82 | $ - | $ - | | $ - | $ 8,157.82 | $ - |
| 9 | KE Andrews [Dkt. No. 4262]<br>*Property Tax Service Providers to the Debtors* | 7/1/2023 - 11/9/2023 | $ 150,000.00 | $ 75,000.00 | $ - | FN1 | $ - | $ 75,000.00 | $ - |
| 10 | Kirkland & Ellis LLP and Kirkland & Ellis International LLP [Dkt. No. 4266]<br>*Counsel to the Debtors* | 7/1/2023 - 11/9/2023 | $ 15,304,883.00 | $ 244,704.62 | $ 656,792.40 | | $ 16,473.94 | $ 15,060,178.38 | $ 640,318.46 |
| 11 | M3 Advisory Partners, LP [Dkt. No. 4261]<br>*Financial Advisor to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 3,875,321.00 | $ 984.08 | $ 6,623.66 | | $ 875.23 | $ 3,874,336.92 | $ 5,748.43 |
| 12 | Perella Weinberg Partners LP [Dkt. No. 4259]<br>*Investment Banker to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 6,180,000.00 | $ - | $ 74,576.32 | | $ 643.81 | $ 6,180,000.00 | $ 73,932.51 |
| 13 | Selendy Gay PLLC f/k/a Selendy Gay Elsberg PLLC [Dkt. No. 4263]<br>*Co-Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 556,886.50 | $ 2,715.00 | $ 2,667.73 | | $ 5.00 | $ 554,171.50 | $ 2,662.73 |
| 14 | Stout Risius Ross, LLC [Dkt. No. 4265]<br>*Valuation Advisors to the Debtors* | 7/1/2023 - 11/9/2023 | $ 419,905.00 | $ 8,271.25 | $ - | | $ - | $ 411,633.75 | $ - |
| 15 | Stretto, Inc. [Dkt. No. 4268]<br>*Administrative Advisor to the Debtors* | 7/13/2022 - 11/9/2023 | $ 69,790.32 | $ 2,499.35 | $ - | | $ - | $ 67,290.97 | $ - |
| 16 | White & Case LLP [Dkt. No. 4256]<br>*Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 12,130,870.00 | $ 141,382.69 | $ 363,157.37 | | $ 8,133.09 | $ 11,989,487.31 | $ 355,024.28 |
| 17 | Willis Towers Watson US LLC [Dkt. No. 4663]<br>*Consultant to the Debtors* | 7/13/2022 - 11/21/2023 | $ 187,500.00 | $ - | $ - | | $ - | $ 187,500.00 | $ - |

FN1 -KE Andrews and the United States Trustee agreed to a reduction of $75,000 to resolve KE's Andrews Final Fee Application, which includes the fourth interim fee period. The Fee Examiner has no objection to this resolution and supports it.

**Final Fee Applications for Approval** (Addendum, Ex. B.)

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**FINAL Compensation Applications:**                                                                           **Exhibit B**

| # | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| 1 | A.M. Saccullo Legal, LLC [Dkt. No. 4254] *Special Counsel to the Debtors* | 12/1/2022 - 11/9/2023 | $213,112.50 - $2,000.00 = $211,112.50 | $ - | $ - | | $ - | $ 211,112.50 | $ - |
| 2 | Akin Gump Strauss Hauer & Feld LLP [Dkt. No. 4273, 4296] *Special Litigation Counsel to the Debtors* | 7/13/2022 - 11/9/2023 | $16,386,734.43 - $60,000.00 = $16,326,734.43 | $ - | $524,231.18 - $39,754.54 = $484,476.64 | | $ - | $ 16,326,734.43 | $ 484,476.64 |
| 3 | Alvarez & Marsal North America, LLC [Dkt. No. 4250] *Financial Advisors to the Debtors* | 7/13/2022 - 11/9/2023 | $27,959,834.65 - $47,409.25 = $27,912,425.40 | $ - | $69,741.74 - $856.22 = $68,885.52 | | $ - | $ 27,912,425.40 | $ 68,885.52 |
| 4 | Andersen LLP [Dkt. No. 4271] *UK Tax Services Provider to the Debtors* | 2/13/2023 - 11/9/2023 | $291,327.34 - $63,606.19 = $227,721.15 | $ - | $ - | | $ - | $ 227,721.15 | $ - |
| 5 | Centerview Partners LLC [Dkt. No. 4260] *Investment Banker to the Debtors* | 7/13/2022 - 11/9/2023 | $ 23,791,346.00 | $ - | $6,712.06 | | $ - | $ 23,791,346.00 | $ 671,206.00 |
| 6 | Elementus Inc. [Dkt. No. 4257] *Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 8/1/2022 - 11/9/2023 | $ 3,730,365.00 | $ 1,580.00 | $ 803,811.24 | FN1, FN2 | $ 50.00 | $ 3,728,785.00 | $ 803,761.24 |
| 7 | Ernst & Young LLP [Dkt. No. 4253] *Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider to the Debtors* | 7/1/2022 - 11/9/2023 | $6,735,295.50 - $110,665.58 = $6,624,629.92 | $ - | $36,094.03 - $1,535.15 = $34,558.88 | | $ - | $ 6,624,629.92 | $ 34,558.88 |
| 8 | Gornitzky & Co. [Dkt. No. 4258] *Israeli Counsel to the Official Committee of Unsecured Creditors* | 11/2/2022 - 8/16/2023 | $ 95,863.94 | $ - | $ 337.73 | | $ - | $ 95,863.94 | $ 337.73 |
| 9 | Huron Consulting Services LLC [Dkt. No. 4270] *Financial Advisor to the Examiner* | 10/10/2022 - 3/31/2023 | $ 3,887,173.76 | $ - | $ 607.07 | | $ - | $ 3,887,173.76 | $ 607.07 |
| 10 | KE Andrews [Dkt. No. 4262] *Property Tax Service Providers to the Debtors* | 1/1/2023 - 11/9/2023 | $375,000.00 - $75,000.00 = $300,000.00 | $ - | $ - | FN3 | | $ 300,000.00 | $ - |
| 11 | Kirkland & Ellis LLP and Kirkland & Ellis International LLP [Dkt. No. 4266] *Counsel to the Debtors* | 7/1/2022 - 11/9/2023 | $76,323,621.00 - $244,704.62 = $76,078,916.38 | $ 1,299,536.65 | $1,719,338.75 - $16,473.94 = $1,702,864.81 | FN4 | $ 30,596.12 | $ 74,779,379.73 | $ 1,672,268.69 |
| 12 | Latham & Watkins LLP [Dkt. No. 4249] *Special Counsel to the Debtors* | 7/13/2022 - 5/31/2023 | $ 12,358,407.25 | $ - | $ 54,459.60 | | $ - | $ 12,358,407.25 | $ 54,459.60 |
| 13 | M3 Advisory Partners, LP [Dkt. No. 4261] *Financial Advisor to the Official Committee of Unsecured Creditors* | 8/1/2022 - 11/9/2023 | $16,486,812.75 - $984.08 = $16,485,828.67 | $ - | $32,666.43 - $875.23 = $31,791.20 | | $ 828.29 | $ 16,485,828.67 | $ 30,962.91 |
| 14 | Perella Weinberg Partners LP [Dkt. No. 4259] *Investment Banker to the Official Committee of Unsecured Creditors* | 8/2/2022 - 11/9/2023 | $ 7,276,774.19 | $ - | $260,477.83 - $643.81 = $259,834.02 | | $ - | $ 7,276,774.19 | $ 259,834.02 |
| 15 | Selendy Gay PLLC f/k/a Selendy Gay Elsberg PLLC [Dkt. No. 4263] *Co-Counsel to the Official Committee of Unsecured Creditors* | 1/8/2023 - 11/9/2023 | $3,674,633.97 - $2,715.00 = $3,671,918.97 | $ - | $194,622.56 - $5.00 = $194,617.56 | | $ - | $ 3,671,918.97 | $ 194,617.56 |
| 16 | Stout Risius Ross, LLC [Dkt. No. 4265] *Valuation Advisors to the Debtors* | 2/21/2023 - 11/9/2023 | $1,263,415.00 - $8,271.25 = $1,255,143.75 | $ - | $ - | | $ - | $ 1,255,143.75 | $ - |

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

**FINAL Compensation Applications:**

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 17 | **Stretto, Inc.** [Dkt. No. 4268] *Administrative Advisor to the Debtors* | 7/13/2022 - 11/9/2023 | $69,790.32 - $2,499.35 = $67,290.97 | $ - | $ - | $ - | $ 67,290.97 | $ - |
| 18 | **White & Case LLP** [Dkt. No. 4256] *Counsel to the Official Committee of Unsecured Creditors* | 7/29/2022 - 11/9/2023 | $50,502.967.87 - $141,382.69 = $50,361.585.18 | $ - | $601,895.84 - $8,133.09 = $593,762.75 | $ - | $ 50,361,585.18 | $ 593,762.75 |
| 19 | **Willis Towers Watson US LLC** [Dkt. No. 4663] *Consultant to the Debtors* | 7/13/2022 - 11/21/2023 | $ 187,500.00 | $ - | $ - | $ - | $ 187,500.00 | $ - |
| 20 | **FBC (Fischer & Co.)** [Dkt. No. 4829] *Special Counsel to the Debtors* | 12/7/2022 - 2/28/2023 | $ 121,847.00 | $ 6,092.35 | $ 8,970.00 | $ - | $ 115,754.65 | $ 8,970.00 |

**FN1** - Elementus requested $26,720.00 in compensation for work related to preparing its final application. However, its actual fees were only $25,140, or $1,580 less than the amount requested in its final application.

**FN2** - Elementus' application overstated the amount of its expenses by $50.00.

**FN3** - KE Andrews and the United States Trustee agreed to a reduction of $75,000 to resolve KE's Andrews Final Fee Application, which includes the fourth interim fee period. The Fee Examiner has no objection to this resolution and supports it.

**FN4** - Kirkland's final fee application did not incorporate approved fee and expense reductions for the first, second and third interim fee periods. Total agreed fee reductions for those interim fee periods equals $1,299,536.65 in fees and $30,596.12 in expenses.

**Applications to Adjourn**[6] (Addendum, Ex. C)

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit C**

FINAL Compensation Applications Contested:

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 1 | **RSM US LLP** [Dkt. No. 4264]<br>*Independent Auditor to the Debtors* | 8/1/2022 - 11/9/2023 | $    1,247,374.45 | | $    32,003.70 | | | |

---

[6]    As noted, the RSM Application has already been adjourned to the July 29, 2024 omnibus hearing date.

## I.    **BACKGROUND**

### A.  **Appointment of the Fee Examiner and the Fee Examiner's Report**

The Court appointed Christopher S. Sontchi as the Fee Examiner on October 20, 2022, pursuant to the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "Fee Examiner Order," ECF Doc. # 1151 and, as subsequently amended, the "Amended Fee Examiner Order," ECF Doc. # 1746). (Addendum at 1–2.) In accordance with the Amended Fee Examiner Order and the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "First Amended Interim Compensation Order," ECF Doc. # 1745), the Fee Examiner submitted the Report, recommending the Court's approval of the Uncontested Applications seeking the interim and final fees and expenses set forth in Exhibits A and B to the Addendum, respectively. (*Id.* at 2.)

The Fee Examiner states that the Uncontested Applicants have reached agreement with the Fee Examiner, subject to the Court's approval, to resolve their respective Application for fees and expenses primarily incurred during the Fourth Interim Fee Period. (Report at 2.) In accordance with the foregoing, interim fees and expenses presented in Exhibit A to the Addendum and final fees and expenses presented in Exhibit B to the Addendum reflect the adjustments made with the consent of the respective professional. (*See id.*; Addendum at 2.) The Fee Examiner states that the negotiated adjustments "satisfy the Fee Examiner that the fees and expenses . . . are both reasonable and necessary to the administration of these cases." (Report at 2.)

### B. Relevant Case Background

On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Confirmation Order," ECF Doc. # 3972), which confirmed the Plan.

Subsequent to entry of the Confirmation Order, on December 27, 2023, the Court entered the *Memorandum Opinion Granting the Wind-Down Motion of Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Related Relief* (ECF Doc. # 4171) and the *Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* (ECF Doc. # 4172).

### C. Inclusion of Certain November Fees and Expenses in the Fourth Interim Fee Period

The Amended Fee Examiner Order established that the Fourth Interim Fee Period would be from July 1, 2023 through and including October 31, 2023.  (Report ¶ 4.)  However, Article II(B)(4) of the Plan provides:

> From and after the Confirmation Date, the Debtors, or the Post-Effective Date Debtors, as applicable, shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses incurred by the Debtors or the Post-Effective Date Debtors, as applicable.  After the Confirmation Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Debtors may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

(Plan, Art. II(B)(4).)  As this would result in a fifth interim fee period of only nine days, the Fee Examiner agreed to allow professionals to include fees and expenses incurred from November 1, 2023 through November 9, 2023 in their Applications for the Fourth Interim Fee Period.  (Report ¶ 4.)

### D.  The Fourth Interim Fee Application Review Process

Most professionals filed Applications for the Fourth Interim Fee Period on or around January 17, 2024 and began submitting fee and expense data pursuant to the protocol outlined in *Fee Examiner's Summary Report on Fee Review Process and First Interim Fee Applications Scheduled for Uncontested Hearing on April 18, 2023* (the "First Fee Examiner Summary Report," ECF Doc. # 2387).  (*Id.* ¶ 5.)  The Fee Examiner's counsel immediately began importing the data and communicating with the retained professionals about any missing or improperly formatted data.  (*Id.*)

Godfrey & Kahn, S.C., counsel to the Fee Examiner, reviewed the applications using the process outlined in detail in the First Fee Examiner Summary Report and issued certain confidential letter reports (the "Confidential Letter Reports") around February 29, 2024, once again inviting the Uncontested Applicants to respond to the issues identified.  (*Id.* ¶ 6.)  With the consent of the retained professionals, copies of all letter reports and exhibits were provided to the U.S. Trustee.  (*Id.*)  Counsel then communicated with each Uncontested Applicant, reviewed supplemental explanation or materials, discussed areas of concern, and engaged in constructive dialogue to address problems.  (*Id.* ¶ 7.)

Counsel summarized each professional's response, conducted additional analysis where necessary, and presented all Retained Professional responses to the Fee Examiner with explanations, summaries, and recommendations for each Uncontested Applicant.  (*Id.* ¶ 8.)  The Fee Examiner reviewed the retained professionals' responses and counsel's recommendations, conducted additional investigation where necessary, and ultimately approved each of the resolutions outlined on the Exhibit A attached to the Addendum.  (*Id.* ¶ 9 (referencing Exhibit A to the Report, which has since been replaced by Exhibit A to the Addendum).)  Therefore, the

Fee Examiner recommended approval of the fees and expenses outlined on Exhibit A to the

Addendum on an interim basis pursuant to 11 U.S.C. § 331.  (*Id.*)

### E.  The Final Fee Application Reconciliation Process

Following the Fee Examiner and Uncontested Applicants' agreement to certain

adjustments to the Applications for the Fourth Interim Fee Period, counsel began the process of

reconciling amounts requested in the Applications for final fees and expenses.  (*Id.* ¶ 10.)  For

each professional, counsel reviewed each prior interim fee application and interim compensation

order and calculated a subtotal of the fees and expenses requested and approved for the first three

interim fee periods.  (*Id.* ¶ 11.)  Counsel then added the fees and expenses recommended for the

Fourth Interim Fee Period on Exhibit A to the Addendum to arrive at a total recommended final

fee award.  (*Id.* ¶ 12; Addendum at 2.)

In several instances, adjustments were necessary to correct for errors in the professionals'

final fee application calculations or to include compensable fees incurred for the preparation and

submission of a professional's final fee application.  (Report ¶ 13.)  The results of the final

reconciliation process are set forth on Exhibit B to the Addendum, which the Fee Examiner

recommends approval of on a final basis pursuant to 11 U.S.C. § 330.  (*Id.* ¶ 14; Addendum, Ex.

B (containing a revised version of Exhibit B to the Report).)

## II.   <u>LEGAL STANDARD</u>

The court may award fees to professional persons pursuant to section 330 of the

Bankruptcy Code.  11 U.S.C. § 330.  Section 330 provides in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing,
> and subject to sections 326, 328 and 329, the court may award . . .

>> (A) reasonable compensation for actual, necessary services rendered by the
>> trustee, examiner, ombudsman, professional person, or attorney and by
>> any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

In determining reasonable compensation, section 330 directs the court to consider:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time which the services were rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

Since fee applications are required under the Bankruptcy Code, courts may award fees for time spent in actually preparing a fee application "based on the level and skill reasonably required to prepare the application." 11 U.S.C. § 330(a)(6). "It is proper . . . for the bankruptcy court to examine the amount and value of the time spent preparing the [fee] application, and reasonable limits may be placed on compensation for such work." *In re Mesa Air Grp., Inc.*, 449 B.R. 441, 445 (Bankr. S.D.N.Y. 2011) (quoting *In re Bennett Funding Grp., Inc.*, 213 B.R. 234, 249 (Bankr. N.D.N.Y. 1997)). While there is no clear-cut cap on the permissible amount charged for the preparation of fee applications, "the 3–5% range is a useful metric." *Mesa Air*, 449 B.R. at 445. Generally speaking, the Court is likely to permit a higher percentage of total

17

fees to be spent on preparing the fee application when the total fees sought are small and it

expects the percentage to be lower when the fee application is large.

Whether services are necessary is determined from the perspective of the time at which

the services were rendered.  3 COLLIER ON BANKR. ¶ 330.04[1] (16th ed. 2024).  In the Second

Circuit, the "necessary" standard in section 330 is given a broad interpretation.  Services are

"necessary" if they benefit the estate.  *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y.

1997).  The test considers whether services provided were "reasonably likely to benefit the

estate" and is an objective test, considering the services that a reasonable lawyer would have

performed in the same circumstances.  *In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 72 (2d Cir.

1996) (citing *In the Matter of Taxman Clothing Co.*, 49 F.3d 310, 315 (7th Cir. 1995)).

The court has "an independent duty to review fee applications" and evaluate the

compensation requested.  *Keene*, 205 B.R. at 695.  The court may reduce or disallow a request if

the services provide no real benefit to the estate.  *Id.* at 696.  The court may also reduce

compensation if the request is based on incomplete or inaccurate time records.  *In re Hamilton*

*Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981) (denying an application seeking

additional attorney's fees where time records submitted did not meet the test of adequacy).

Entries in a time-keeping record must offer more than simple cursory details as a court must have

sufficient detail to assess the necessity of the activity and the reasonableness of the time spent on

the activity.  *See, e.g.*, *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007).

Fee applications must also comply with Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), which requires "a detailed statement of (1) the services

rendered, time expended and expenses incurred, and (2) the amounts requested."  FED. R.

BANKR. P. 2016.  Bankruptcy Rule 2016 requires disclosure of any payments previously made

18

to, or agreed to be paid to, the applicant and of the existence of any compensation agreement for the sharing of compensation.  *Id.*

In addition, interim fee applications for professionals seeking compensation pursuant to sections 327, 328, 330, and 331 of the Bankruptcy Code must comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Amended Guidelines") as set forth in General Order M-447 (the "M-447 Order"), which supersedes General Order M-389, among others.  *See* S.D.N.Y. L.B.R. 2016-1 (requiring that such entities must comply the M-447 Order).  The M-447 Order provides "clear and concise procedures for compensation and reimbursement of expenses."  (*See* M-447 Order, *available at* http://www.nysb.uscourts.gov/sites/default/files/m447.pdf.)

The M-447 Order requires certifications by the professional responsible for compliance with the Amended Guidelines that the fee application has been read, that the application and the fees therein comply with the Amended Guidelines, that the fees are billed at rates customary to the applicant and generally accepted by the applicant's clients, and that the applicant does not make a profit on the service provided.  (*Id.* at 5.)  The application must also contain certifications of service upon and approval of the fee application by the trustee, the debtor, or the chair of each official committee.  (*Id.*)  These certifications must contain a list of all professionals and paraprofessionals working on a given case, aggregate hours spent by each professional, and "a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices."  (*Id.*)

Additionally, the M-447 Order contains the Court's own guidelines regarding disbursements and no longer follows the U.S. Trustee Guidelines.  These requirements establish maximums of $0.10 per page for photocopies (or cost, whichever amount is lower); limits on

meals to $20.00 per person, and for meals earlier than 8:00 p.m., reimbursement only if there is

an additional 1 ½ hours of work expended after the dinner; and limits on overtime expenses for

non-professional and paraprofessional staff unless fully explained and justified, which should

include an indication that services were absolutely necessary.  (*Id.* at 6.)

Generally, the Court does not reimburse expenses incurred for travel within New York

City, unless the fee application clearly states that the expense was incurred because the

professionals were transporting voluminous materials or as part of a firm policy to provide car

rides home following late nights in the office.  If a professional travels to New York from outside

the city (this is typically referred to as "non-work travel"), the Court will permit the professional

to collect half of their fees for this time.  The Court typically does not allow this if the firm in

question has an office in New York City.

### III.    **DISCUSSION**[7]

As discussed in greater detail below, the Fee Examiner's Report is thorough, well-done,

and makes reasonable recommendations based on the Fee Examiner's review of the

Applications.  The Court **ADOPTS** the Fee Examiner's recommendations in full and

**APPROVES** the Applications and the agreed-upon fees and expenses for each respective

professional as set forth in Exhibits A and B to the Addendum.

With respect to the Uncontested Applications, the Report indicates that the Fee Examiner

ensured that professionals complied with all applicable rules and guidelines and negotiated

reasonable adjustments to fees based on violations of applicable guidelines, while also engaging

in dialogue to understand the reasons for certain fees.  Additionally, the Report provides a

---

[7]    References to Exhibits A, B, and C in this section shall refer to the versions annexed to the Addendum.

detailed accounting of the Fee Examiner's review process as well as the Fee Examiner's specific

areas of concern for each Application and how these concerns were resolved.

### A. Applications Recommended for Approval (Exhibits A and B to the Addendum)

The following lists the Applications the Fee Examiner recommends for approval and

summarizes the issues identified for each professional (if any) and the resolutions reached.

Specific adjustments to the amounts of fees and expenses are reflected in Exhibits A and B to the

Addendum.

### ***Debtors' Professionals***

1. Kirkland & Ellis ("K&E")

   a. Overview: A combined fourth and final interim fee application (ECF Doc. # 4266), seeking

      i. $15,304,833.00 in fees and $656,792.40 in expenses for the Fourth Interim Fee Period; and

      ii. $76,323,621.00 in fees and $1,719,388.75 in expenses for the Final Fee Period.

      (Report ¶ 15.)

   b. Identified Issues: Among others, potentially excessive number of attendees at hearings, vague entries, and overall staffing on certain matters. (*Id.* ¶ 17.)

   c. Resolution: K&E either adequately explained the questioned matters or agreed to fee and expense adjustments to offset them. (*Id.* ¶ 18.) The final reconciliation process also confirmed that no further adjustments to fees and expenses were necessary. (*Id.*)

   d. Fee Examiner Recommendation: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B. (*Id.* ¶ 19.)

2. <u>Latham & Watkins ("L&W")</u>

    a. <u>Overview</u>: A final fee application (ECF Doc. # 4249), seeking $12,358,407.25 in fees and $54,459.60 in expenses for the Final Fee Period. (*Id.* ¶ 20.)

    b. <u>Identified Issues</u>: None. The Fee Examiner indicates that the Court previously approved all the fees requested in the L&W Application on an interim basis (ECF Doc. ## 3437, 4056), and the final reconciliation process confirmed that no further adjustments are necessary. (*Id.* ¶ 21.)

    c. <u>Resolution</u>: N/A.

    d. <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the fees and expenses for the Final Fee Period as set forth on Exhibit B. (*Id.*)

3. <u>Mark Andrews & Company LLC dba KE Andrews ("KE Andrews")</u>

    a. <u>Overview</u>: A combined final fee application (ECF Doc. # 4262) that seeks:

        i. $150,000.00 in fees and $0.00 in expenses for the Fourth Interim Fee Period; and

        ii. $375,000.00 in fees and $0.00 in expenses for the Final Fee Period.

    (*Id.* ¶ 22.)

    b. <u>Identified Issues</u>: KE Andrews failed to maintain contemporaneous records of time worked and fees charged as required under its retention order. (*Id.* ¶ 23.)

    c. <u>Resolution</u>: KE Andrews and the U.S. Trustee reached a consensual agreement to adjust KE Andrews's fees as set forth on Exhibits A and B. (*Id.*) The Fee Examiner agrees that the negotiated adjustment is appropriate and does not seek further adjustment. (*Id.*)

    d. <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the interim fees requested as set forth on Exhibit A and all fees requested on a final basis as set forth on Exhibit B. (*Id.* ¶ 24.)

4. <u>Akin Gump Strauss Hauer & Feld LLP ("Akin Gump")</u>

    a. <u>Overview</u>: Two applications were submitted for consideration:

        i. <u>Fourth Interim Application</u>: A fourth interim fee application (ECF Doc. # 4251), seeking $6,110,140.50 in fees and $301,357.65 in expenses for the Fourth Interim Fee Period. (*Id.* ¶ 25.)

       ii.  <u>Final Application</u>: A final fee application (ECF Doc. # 4273), seeking $16,386,734.43 in fees and $521,732.63 in expenses. (*Id.* ¶ 29.) On January 31, 2024, Akin filed a supplement to its final fee application (ECF Doc. # 4296), seeking $2,498.55 in additional expenses not included in prior submissions and increasing the total expenses requested in the final fee application to $524,231.18 for the Final Fee Period. (*Id.* ¶ 30.)

    b.  <u>Identified Issues</u>:

       i.  <u>Fourth Interim Application</u>: Excessive time spent drafting a PowerPoint presentation, multiple attendance at hearings, depositions, and mediation sessions, and excessive time spent on fee application matters. (*Id.* ¶ 27.)

       ii.  <u>Final Application</u>: None. The final reconciliation process confirmed that no further adjustments were necessary. (*Id.* ¶ 30.)

    c.  <u>Resolution</u>:

       i.  <u>Fourth Interim Application</u>: Akin Gump provided supplemental information to address some of the Fee Examiner's concerns and accepted adjustments to fees to offset the financial impact of others. (*Id.* ¶ 28.)

       ii.  <u>Final Application</u>: N/A.

    d.  <u>Fee Examiner Recommendation</u>:

       i.  <u>Fourth Interim Application</u>: The Fee Examiner recommends approval of the interim fees and expenses requested as set forth on Exhibit A. (*Id.* ¶ 28.)

       ii.  <u>Final Application</u>: The Fee Examiner recommends approval of the final fees and expenses requested as set forth on Exhibit B. (*Id.* ¶ 30.)

5.  <u>Alvarez & Marsal ("A&M")</u>

    a.  <u>Overview</u>: Two applications were submitted for consideration:

       i.  <u>Fourth Interim Application</u>: A fourth interim fee application (ECF Doc. # 4242), seeking $7,151,420.00 in fees and $33,370.00 in expenses for the Fourth Interim Fee Period. (*Id.* ¶ 31.)

       ii.  <u>Final Application</u>: A final fee application (ECF Doc. # 4250), seeking $27,959,834.65 in final fees and $69,741.74 in final expenses for the Final Fee Period. (*Id.* ¶ 34.)

    b.  <u>Identified Issues</u>:

        i.  <u>Fourth Interim Application</u>: Vague and/or block billed time, potentially excessive time spent at team meetings, over-attendance at hearings, and non-compensable expenses.  (*Id.* ¶ 33.)

        ii.  <u>Final Application</u>: None.  The final reconciliation process confirmed that no further adjustments were necessary.  (*Id.* ¶ 35.)

    c.  <u>Resolution</u>:

        i.  <u>Fourth Interim Application</u>: A&M responded with sufficient additional detail to address some of the Fee Examiner's concerns and agreed to a downward adjustment of its requested fees and expenses as to others.  (*Id.* ¶ 33.)

        ii.  <u>Final Application</u>: None.  The final reconciliation process confirmed that no further adjustments were necessary.  (*Id.* ¶ 35.)

    d.  <u>Fee Examiner Recommendation</u>:

        i.  <u>Fourth Interim Application</u>: The Fee Examiner recommends approval of the interim fees and expenses requested as set forth on Exhibit A.  (*Id.* ¶ 33.)

        ii.  <u>Final Application</u>: The Fee Examiner recommends approval of the final fees and expenses requested as set forth on Exhibit B.  (*Id.* ¶ 35.)

6.  <u>Andersen LLP ("Andersen")</u>

    a.  <u>Overview</u>: A combined sixth interim and final fee application (ECF Doc. # 4271) that seeks $291,327.34 in professional fees on a monthly, interim, and final basis.  (*Id.* ¶ 38.)

    b.  <u>Identified Issues</u>: Non-compliance with certain terms of Andersen's retention order.  (*Id.* ¶ 39.)

    c.  <u>Resolution</u>: The Fee Examiner recommended an appropriate adjustment to offset the impact of the irregularities, which were made and are reflected in Exhibit A.  (*Id.*)

    d.  <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.*)

7. <u>Centerview Partners ("Centerview")</u>

    a. <u>Overview</u>: A combined fourth interim and final fee application (ECF Doc. # 4260), seeking

        i. $20,141,346.00 in fees and $348.84 in expenses for the Fourth Interim Fee Period, including $1,000,000.00 in flat monthly fees, a $7,062,500.00 sale fee for the Bitcoin Mining NewCo transaction, a $510,096.00 financing fee for the U.S. Bitcoin funding of new equity under the Plan, and a $11,568,750.00 transaction fee. (Addendum, Ex. A; Report ¶ 40.)

        ii. $23,791,346.00 in fees and $6,712.06 in expenses for the Final Fee Period. (*Id.* ¶ 40.)

    b. <u>Identified Issues</u>: None. The Fee Examiner confirmed that the sale, financing, and transaction fees requested were appropriate pursuant to Centerview's engagement letter, and the triggering event for such fees had occurred. (*Id.* ¶ 41.) The Fee Examiner also verified that Centerview's bills conform with the timekeeping practices of similarly situated flat fee professionals and that the transaction, financing, and sale fees were earned pursuant to the terms of the professional's engagement. (*Id.* ¶ 43.)

    c. <u>Resolution</u>: N/A.

    d. <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B. (*Id.* ¶ 43.)

8. <u>Ernst & Young LLP ("E&Y")</u>

    a. <u>Overview</u>: Two applications were submitted for consideration:

        i. <u>Fourth Interim Application</u>: A fourth interim fee application (ECF Doc. # 4252), seeking $5,303,982.00 in fees and $36,094.03 in expenses for the Fourth Interim Fee Period. (*Id.* ¶ 44.)

        ii. <u>Final Application</u>: A final fee application (ECF Doc. # 4253), seeking $6,735,295.50 in final fees and $36,094.03 in final expenses for the Final Fee Period. (*Id.* ¶ 46.)

    b. <u>Identified Issues</u>:

        i. <u>Fourth Interim Application</u>: Excessive meeting attendance, block and double billing, transitory timekeepers, and inefficient staffing. (*Id.* ¶ 45.)

      ii.  <u>Final Application</u>: None.  The final reconciliation process confirmed that no further adjustments were necessary.  (*Id.* ¶ 46.)

  c.  <u>Resolution</u>:

      i.  <u>Fourth Interim Application</u>: E&Y provided adequate explanation for some issues identified and accepted the Fee Examiner's proposed adjustments for others as reflected in Exhibit A.  (*Id.* ¶ 45.)

      ii.  <u>Final Application</u>: None.  The final reconciliation process confirmed that no further adjustments were necessary.  (*Id.* ¶ 46.)

  d.  <u>Fee Examiner Recommendation</u>:

      i.  <u>Fourth Interim Application</u>: The Fee Examiner recommends approval of the interim fees and expenses requested as set forth on Exhibit A.  (*Id.* ¶ 45.)

      ii.  <u>Final Application</u>: The Fee Examiner recommends approval of the final fees and expenses requested as set forth on Exhibit B.  (*Id.* ¶ 46.)

9.  <u>Stout Risius Ross LLC ("Stout")</u>

  a.  <u>Overview</u>: A combined final fee application (ECF Doc. # 4265), seeking

      i.  $419,905.00 in fees and $0.00 in expenses for the Fourth Interim Fee Period; and

      ii.  $1,263,415.00 in fees and $0.00 in expenses for the Final Fee Period.

    (*Id.* ¶ 47.)

  b.  <u>Identified Issues</u>:

      i.  <u>Fourth Interim Application</u>: Vague time entries, non-compensable services, and routine invoicing.  (*Id.* ¶ 48.)

      ii.  <u>Final Application</u>: None.  The final reconciliation process determined that no further adjustments were necessary.  (*Id.* ¶ 50.)

  c.  <u>Resolution</u>:

      i.  <u>Fourth Interim Application</u>: Stout provided satisfactory explanation of the issues identified or agreed to recommended

adjustments to the requested fees to offset any potential overcharge to the estates.  (*Id.* ¶ 48.)

    ii.  <u>Final Application</u>: N/A.

d.  <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.* ¶¶ 49–50.)

10.  <u>A.M. Saccullo Legal LLC ("A.M. Saccullo")</u>

a.  <u>Overview</u>: A combined second interim and final fee application (ECF Doc. # 4254), seeking

    i.  $149,267.50 in interim fees for the Fourth Interim Fee Period and $0.00 in expenses; and

    ii.  $213,112.50 in fees and $0.00 in expenses for the Final Fee Period.

(*Id.* ¶ 51.)

b.  <u>Identified Issues</u>:

    i.  <u>Fourth Interim Application</u>: Inconsistently recorded meeting times, excessive time spent on time entry review, and excessive time spent on crypto valuation research.  (*Id.* ¶ 52.)

    ii.  <u>Final Application</u>: None.  The final reconciliation process determined that no further adjustments to A.M. Saccullo's fees are necessary.  (*Id.* ¶ 55.)

c.  <u>Resolution</u>:

    i.  <u>Fourth Interim Application</u>: A.M. Saccullo provided satisfactory explanation of the issues identified or agreed to recommended adjustments to the requested fees to offset any potential overcharge to the estates.  (*Id.* ¶ 53.)

    ii.  <u>Final Application</u>: N/A.

d.  <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.* ¶¶ 54–55.)

11. Stretto, Inc. ("Stretto")

    a.  Overview: A final fee application (ECF Doc. # 4268), seeking $69,790.32 in fees for the Final Fee Period.  (*Id.* ¶ 57.)

    b.  Identified Issues: Block billing, vague and repetitive task descriptions, and possible double billing.  (*Id.* ¶ 58.)

    c.  Resolution: Stretto provided either supplemental explanation or agreed to adjustments that resolved the Fee Examiner's concerns.  (*Id.*)

    d.  Fee Examiner Recommendation: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.*)

12. Willis Towers Watson US LLC ("WTW")

    a.  Overview: A combined first and final fee application (ECF Doc. # 4663), seeking $187,500.00 in fees and $0.00 in expenses for the Final Fee Period.  The amount sought represents a 50% reduction of the original $375,000.00 flat fee paid to WTW per its original engagement letter to resolve the U.S. Trustee's disgorgement motion. (*Id.* ¶¶ 62–63.)

    b.  Identified Issues: Time entries were vague, block-billed, or missing narrative descriptions.  (*Id.* ¶ 64.)

    c.  Resolution: The 50% reduction to resolve the U.S. Trustee's disgorgement motion exceed the adjustments the Fee Examiner would have recommended to address the identified issues.  (*Id.*)  Thus, no further adjustments are necessary.  (*Id.*)

    d.  Fee Examiner Recommendation:  The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.*)

### ***Committee's Professionals***

1. White & Case LLP ("W&C")

    a.  Overview: A combined fourth interim and final fee application (ECF Doc. # 4256), seeking

        i.  $12,130,870.00 in fees and $363,157.37 in expenses for the Fourth Interim Fee Period; and

    ii. $50,502,967.87 in fees and $601,895.84 in expenses for the Final
       Fee Period.

(*Id.* ¶ 65.)

  b. <u>Identified Issues</u>:

    i. <u>Fourth Interim Application</u>: Identified a number of administrative
      tasks, potential over-attendance at hearings and meetings, and
      certain minor non-compensable expenses. (*Id.* ¶ 67.)

    ii. <u>Final Application</u>: None. The final reconciliation process
      determined that no further adjustments were necessary. (*Id.* ¶ 68.)

  c. <u>Resolution</u>:

    i. <u>Fourth Interim Application</u>: W&C explained the tasks performed
      and the need for attendance of some questioned timekeepers and
      agreed to the disallowance of fees for other matters as reflected in
      Exhibit A. (*Id.* ¶ 67.)

    ii. <u>Final Application</u>: N/A.

  d. <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval
    of the (i) fees and expenses for the Fourth Interim Fee Period as set forth
    on Exhibit A and (ii) fees and expenses for the Final Fee Period as set
    forth on Exhibit B. (*Id.* ¶¶ 67–68.)

2. <u>M3 Advisory Partners LP ("M3")</u>

  a. <u>Overview</u>: A combined fourth interim and final fee application (ECF Doc.
    # 4261), seeking

    i. $3,875,321.00 in fees and $6,623.66 in expenses for the Fourth
      Interim Fee Period; and

    ii. $16,486,812.75 in fees and $32,666.43 in expenses for the Final
      Fee Period.

(*Id.* ¶ 69.)

  b. <u>Identified Issues</u>:

    i. <u>Fourth Interim Application</u>: Block billing, a potentially transitory
      timekeeper, possible over-attendance at hearings and depositions,
      and work on the composition of the NewCo Board, and non-
      compensable expenses as areas of concern. (*Id.* ¶ 70.)

      ii. <u>Final Application</u>: A calculation error was identified.  (*Id.* ¶ 71.)

   c. <u>Resolution</u>:

      i. <u>Fourth Interim Application</u>: M3 either provided explanation for the questioned matters or agreed to the disallowance of their fees and accepted the disallowance of non-compensable expenses as reflected in Exhibit A.  (*Id.* ¶ 70.)

      ii. <u>Final Application</u>: One additional adjustment was made to account for the calculation error.  (*Id.* ¶ 71.)

   d. <u>Fe Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.* ¶¶ 70–71.)

3. <u>Perella Weinberg Partners LP ("PWP")</u>

   a. <u>Overview</u>: A combined fourth interim and final fee application (ECF Doc. # 4259), seeking

      i. $6,180,000.00 in fees and $74,576.32 in expenses for the Fourth Interim Fee Period, including a $5,750,000.00 transaction fee; and

      ii. $7,276,774.19 in fees and $260,477.83 in expenses for the Final Fee Period.

   (*Id.* ¶ 72.)

   b. <u>Identified Issues</u>: None.  The Fee Examiner confirmed that PWP's fees are consistent with those of comparable flat fee financial professionals and its requested expenses comply with all applicable guidelines.  (*Id.* ¶ 73.)  The Fee Examiner also confirmed that the transaction fee requested was appropriate pursuant to the terms of PWP's approved engagement agreement, and the triggering event for the fee had occurred.  (*Id.*)

   c. <u>Resolution</u>: N/A.

   d. <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.* ¶ 74.)

4. <u>Elementus Inc. ("Elementus")</u>

    a. <u>Overview</u>: Two applications were submitted for consideration:

        i. A fourth interim fee application (ECF Doc. # 4236), seeking $1,197,610.00 in fees and $283,414.02 in expenses for the Fourth Interim Fee Period. (*Id.* ¶ 75.)

        ii. A final fee application (ECF Doc. # 4257), seeking $3,730,365.00 in final fees and $803,811.24 in final expenses for the Final Fee Period. (*Id.* ¶ 76.)

    b. <u>Identified Issues</u>:

        i. <u>Fourth Interim Application</u>: Few billing discrepancies, questions regarding the allocation of certain expenses, and incomplete task descriptions. (*Id.* ¶ 78.)

        ii. <u>Final Application</u>: Numerical discrepancy in the final reconciliation process. (*Id.* ¶ 79.) The Fee Examiner indicated that the final fee application's request for $26,720.00 in additional fees to incur and prepare and file Elementus's fourth interim and final fee application was otherwise "generally reasonable." (*Id.*)

    c. <u>Resolution</u>:

        i. <u>Fourth Interim Application</u>: Elementus provided adequate explanation. (*Id.* ¶ 78.)

        ii. <u>Final Application</u>: A final adjustment was made to address the numerical discrepancy. (*Id.* ¶ 79.)

    d. <u>Fee Examiner Recommendation:</u> The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B. (*Id.* ¶¶ 78–79.)

5. <u>Gornitzky & Co. ("Gornitzky")</u>

    a. <u>Overview</u>: A combined fourth interim and final fee application (ECF Doc. # 4258), seeking

        i. $8,157.82 in fees and $0.00 expenses for the Fourth Interim Fee Period; and

        ii. $95,863.94 in final fees and $337.73 in final expenses for the Final Fee Period.

(*Id.* ¶ 80.)

b. <u>Identified Issues</u>:

    i. <u>Fourth Interim Application</u>: One minor observation about the time increments used to record certain time entries but did not identify a corresponding overstatement of fees.  (*Id.* ¶ 81.)

    ii. <u>Final Application</u>: None.  The final reconciliation process confirmed that no further adjustments were needed.  (*Id.* ¶ 82.)

c. <u>Resolution</u>:

    i. <u>Fourth Interim Application</u>: No adjustments were needed.  (*Id.* ¶ 81.)

    ii. <u>Final Application</u>: N/A.

d. <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.* ¶¶ 81–82.)

6. <u>Selendy Gay Elsberg PLLC ("Selendy")</u>

a. <u>Overview</u>: A combined third interim and final fee application (ECF Doc. # 4263), seeking

    i. $556,886.50 in fees and $2,667.73 in expenses for the Fourth Interim Fee Period; and

    ii. $3,674,633.97 in final fees and $194,622.56 in final expenses for the Final Fee Period.

(*Id.* ¶ 83.)

b. <u>Identified Issues</u>:

    i. <u>Fourth Interim Application</u>: "Guideline issues" and potentially excessive time spent on meeting and hearing attendance.  (*Id.* ¶ 84.)

    ii. <u>Final Application</u>: None.  The final reconciliation process confirmed that no further adjustments were necessary.  (*Id.* ¶ 85.)

   c.  <u>Resolution</u>:

       i.  <u>Fourth Interim Application</u>: Selendy provided supplemental information and explanation and agreed to deductions from requested fees in some instances.  (*Id.* ¶ 84.)

      ii.  <u>Final Application</u>: N/A.

   d.  <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the (i) fees and expenses for the Fourth Interim Fee Period as set forth on Exhibit A and (ii) fees and expenses for the Final Fee Period as set forth on Exhibit B.  (*Id.* ¶¶ 84–85.)

### ***Chapter 11 Examiner's Professional***

1.  <u>Huron Consulting Services LLC ("Huron")</u>

   a.  <u>Overview</u>: A final fee application (ECF Doc. # 4270), seeking $3,887,173.76 in final fees and $607.07 in final expenses for the Final Fee Period. (*Id.* ¶ 86.)

   b.  <u>Identified Issues</u>: None.  The Fee Examiner indicates that the Court previously approved all fees requested in Huron's final fee application on an interim basis (ECF Doc. ## 2523-1, 3055, and 4056), and the final reconciliation process confirmed that no further adjustments were necessary.  (*Id.* ¶ 87.)

The Fee Examiner also indicates that the Court has already approved the final fee applications of the Fee Examiner and his counsel.  (*Id.* ¶ 86 n.3 (citing ECF Doc. # 3330).)

   c.  <u>Resolution</u>: N/A.

   d.  <u>Fee Examiner Recommendation</u>: The Fee Examiner recommends approval of the final fees and expenses requested as set forth on Exhibit B.  (*Id.* ¶ 87.)

Accordingly, given that the Fee Examiner's review process of the Uncontested Applications and the issues identified appear to be both fair and reasonable, and the professionals have consented to the adjustments in fees and expenses, the Court **APPROVES** the Applications in accordance with Exhibits A and B to the Addendum.

**B. Resolved Application for Court Approval on an Uncontested Basis (Exhibit B to the Addendum)**

Previously, the Fee Examiner sought adjournment of the Fischer Application and included it on Exhibit C to the Report to provide the Fee Examiner additional time to review the Application because it was filed late.  As discussed, the Fee Examiner has since completed its review of the Fischer Application and now recommends its approval on a final basis as reflected in the revised Exhibit B annexed to the Addendum.  (Addendum ¶¶ 2–3.)  A summary overview of the Fischer Application and the Fee Examiner's recommendation is set forth as follows:

1. Fischer (FBC & Co.)

   a. Overview: A final fee application (ECF Doc. # 4829), seeking $121,847.00 in fees and $8,970.00 in expenses for the Final Fee Period.  (*Id.* ¶ 2.)

   b. Identified Issues: Several lumped or block-billed time entries and several timekeepers billing in half- or whole-hour increments with unusual frequency.  (*Id.* ¶ 3.)

   c. Resolution: Fischer has adopted the Fee Examiner's recommendations and made certain adjustments to offset the impact of these billing irregularities.  (*Id.*)

   d. Fee Examiner Recommendation: The Fee Examiner recommends approval of the Fischer Application on a final basis as set forth on Exhibit B.  (*Id.* ¶ 4.)

**C. Adjourned Contested Application (Exhibit C to the Addendum)**

As set forth in the Report, the Fee Examiner sought adjournment of the RSM Application.  (*See* Report ¶ 98 (requesting a single adjournment of the RSM Application).)  The RSM Application has since been adjourned to the July 29th omnibus hearing.  (*See* RSM Application Notice of Adjournment.)

The Fee Examiner indicates that he identified a number of issues with the RSM Application and had originally sought adjournment to provide parties time to reach a consensual

resolution. (Addendum ¶ 7.) However, "[e]fforts to reach such a resolution in the intervening months have been unsuccessful." (*Id.*; *see also* Report ¶ 97 (indicating that the Fee Examiner notified RSM of the various issues with the RSM Application in a letter report and, as of the date of the Report, RSM had not yet responded).)

The Fee Examiner indicates that he will "file and serve a report on and/or objection to the [RSM Application] no later than . . . July 19, 2024." (*Id.* ¶ 8.) The Fee Examiner requests that the Court direct RSM to file a reply so that it is served on the Fee Examiner no later than 2:00 p.m. on July 28, 2024. (*Id.* ¶ 9.) Should the Court determine that an evidentiary hearing or discovery is needed, the Fee Examiner recommends that the July 29th omnibus hearing serve as a status conference for further contested proceedings. The Court **APPROVES** the proposed briefing schedule as it is reasonable and in accordance with the Case Management Order entered in these chapter 11 cases.

## IV.    CONCLUSION

For the reasons discussed herein, the Court **ADOPTS** the recommendations of the Fee Examiner in full and **APPROVES** (i) the Uncontested Applications and the fees and expenses for each respective professional as set forth in Exhibits A and B to the Addendum and (ii) the Fee Examiner's proposed briefing schedule as to the RSM Application.

Orders approving the fee applications consistent with this Opinion will be entered.

Dated:    July 2, 2024
          New York, New York

                              *Martin Glenn*
                              MARTIN GLENN
                      Chief United States Bankruptcy Judge