Dimitry Kirsanov
Pro Se Creditor
United States of America
dimitry.kirsanov@protonmail.com
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, et al., [1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Case No. 22-10964 |
|  | ) |  |
|  | ) |  |

_____

## APPELLANT'S DESIGNATION OF THE RECORD
## AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant, Dimitry Kirsanov, respectfully designates the following items to be included in the Record on Appeal in connection with the Notice of Appeal [Docket No. 4995] filed on June 26, 2024. Appellant reserves its right to designate additional items for inclusion in the record or restate or modify issues presented on appeal. For items designated, the designation includes all documents referenced within the particular document number including, without limitation, all statements, appendices, exhibits, attachments, declarations, and/or related affidavits.

_____

[1]    The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030

1

**Documents To Be Included In Record on Appeal**

Docket No. 670, Motion to Authorize / Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief

Docket No. 910, Memorandum Opinion and Order, Signed on 9/28/2022, on the Debtors' Sealing Motion. (Related Document(s)[639], [602], [18], [344])

Docket No. 1192, Declaration/Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of Celsius Network Limited, with Respect to Certain Phase I Issues Pursuant to the Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues filed

Docket No. 1531, Declaration / Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of Celsius Network Limited, with Respect to Certain Phase I Issues Pursuant to the Joint Stipulation and Agreed Scheduling Order by and among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues

Docket No. 1532, Declaration / Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of Celsius Network Limited, with Respect to the Custody and Withhold Issues

Docket No. 1540, Letter / Response Regarding Additional Deposition Time for Oren Blonstein in Connection with Celsius' Motion to Sell Stablecoin (related document(s)[1325]) Filed by Joshua Sussberg on behalf of Celsius Network LLC. (Attachments: # (1) Exhibit A - Oren Blonstein Deposition Transcript (Redacted) # (2) Exhibit B - Christopher Ferraro Deposition Transcript

Docket No. 1584, Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin

Docket No. 1755, Notice of Proposed Order/Notice of Filing Revised Proposed Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief

Docket No. 1767, Order, Signed on 12/20/2022, (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers With Respect to Certain Assets held in the Custody Program and Withhold Accounts and (II) Granting Related Relief

Docket No. 1958, Statement / Notice of Schedule of Custody Users Entitled to Withdraw Certain Assets

Docket No. 2291, Order (I) Approving (A) the Settlement by and Among the Debtors, the Committee, and the Custody Ad Hoc Group and (B) the Election Form and (II) Granting Related Relief

Docket No. 2491, Statement / Notice of Revised Schedule of Custody Users Entitled to Withdraw Certain Assets

Docket No. 2666, Statement / Notice of Conversion of LUNC and UST to Alternative Cryptocurrency

Docket No. 2840, Objection to Motion / The Official Committee of Unsecured Creditors' Omnibus Objection to Motions for Entry of an Order to Dollarize Non-Insider CEL Token Claims at the Petition Date Price of $0.81565

Docket No. 2846 Response / Debtors' Joinder in Support of the Official Committee of Unsecured Creditors' Omnibus Objection to Motions for Entry of an Order to Dollarize Non-Insider CEL Token Claims at the Petition Date Price of $0.81565

Docket No. 2943, Stipulation and Agreed Order, Signed on 6/30/2023, Between the Committee of Unsecured Creditors and the Debtors Regarding Conversion of Altcoins

Docket No. 3319, Fourth Amended Plan / Fourth Notice of Filing of Revised Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3332, Fourth Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3334, Notice of Proposed Order / Notice of Filing of Third Revised Proposed Order (I) Approving the Adequacy of the Debtors' Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Debtors' Joint Plan of Reorganization, (III) Approving the Form of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Authorizing and Approving Reimbursement of Certain of the Plan Sponsor's Fees and Expenses, and (VI) Granting Related Relief

Docket No. 3337, Order signed on 8/17/2023 (I) Approving the Adequacy of the Debtors' Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to the Confirmation of the Debtors' Joint Plan of Reorganization, (III) Approving the Form of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Authorizing and Approving Reimbursement of Certain of the Plan Sponsor's Fees and Expenses, and (VI) Granting Related Relief

Docket No. 3431, Debtors' Brief in Support of CEL Token Settlement

Docket No. 3432, Memorandum of Law / Brief of The Official Committee of Unsecured Creditors Regarding Legal Issues with respect to the Treatment of CEL Token Under the Debtors Plan of Reorganization

Docket No. 3435, Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of the Proposed CEL Token Settlement

Docket No. 3478, Order Signed on 9/15/2023 Establishing Case Management Procedures for the Confirmation Hearing.

Docket No. 3560, Declaration of Brian Karpuk Regarding the Solicitation and Tabulation of Votes on the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3574, Declaration / Amended Declaration of Brian Karpuk Regarding the Solicitation and Tabulation of Votes on the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3577, Amended Plan / Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3581, Declaration / Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of Confirmation of the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3582, Declaration / Declaration of Robert Campagna in Support of Confirmation of the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3583, Statement / Sixth Notice of Filing Plan Supplement

Docket No. 3629, Letter to The Honorable Martin Glenn, Re: Custody CEL Valuation, etc

Docket No. 3647, Letter to The Honorable Martin Glenn Re: Follow up to my letter yesterday, listed in docket 3629, with regards to the debtors intent to distribute assets to Hawaii and follow up concerns around Custody valuation and deactivation date pricing

Docket No. 3688, Letter to The Honorable Martin Glenn Re: Best Interests under Section 1129 of the Bankruptcy Code

Docket No. 3694, Statement /List of Exhibits upon which they may rely at the hearing, reserving the right to identify additional exhibits, including but not limited to rebuttal and impeachment exhibits, prior to the conclusion of the hearing

Docket No. 3716, Letter to The Honorable Martin Glenn, Re: Section 1127(a) Violation - If it is determined that the proposed modification does have an adverse effect on the claims of non-consenting creditors, then another balloting must take place.

Docket No. 3721, Letter to The Honorable Martin Glenn, Re: Section 1127(a) Violation

Docket No. 3729, Letter to The Honorable Martin Glenn Re: Hawaii Distribution Agents and the lack of clarification from the Debtor

Docket No. 3772, Objection to Confirmation of Amended Plan /Objections to Debtors Proposed Plan and amendments after the balloting, best interests and fair and equitable treatment concerns, safety concerns.

Docket No. 3834, Statement /Exhibit of Transcript of criminal trial in the Matter of United States v. BANKMAN-FRIED

Docket No. 3864, Memorandum of Law / Debtors' Supplemental Memorandum of Law in Support of Confirmation of the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates and Omnibus Reply to Certain Objections Thereto

Docket No. 3867, Notice of Proposed Order / Notice of Filing of Revised Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3871, Statement / Notice of Filing of Confirmation Hearing Transcripts (Removed)

Docket No. 3877, Letter to The Honorable Martin Glenn Re: Unfair treatment and alleged voting by the Debtor and ballot discrepancies

Docket No. 3878, Motion to Allow/Motion To Enforce A Breach Of Settlement As A Result Of The Debtors' Failure To Distribute The Custody Settlement Initial Distribution In A Timely Manner And In Accordance To The Settlement Agreement

Docket No. 3881, Statement / Notice of Filing of Confirmation Hearing Transcripts

Docket No. 3896, Letter to The Honorable Martin Glenn Re: Request to make a closing argument of up to 20 minutes in opposition to confirmation

Docket No. 3897, Letter to The Honorable Martin Glenn, dated 10/24/2023 Re: In Support of

Docket No. 3906, Letter to The Honorable Martin Glenn, dated 10/25/2023 Re: In support of Dimitry Kirsanovs letter which states, in sum and substance, that his vote was changed without his knowledge or consent, with respect to the Custody Class, etc.

Docket No. 3911, Letter to The Honorable Martin Glenn, dated 10/23/2023 Re: My concerns about balloting discrepancies in the Celsius Chapter 11 hearing, and Kirkland and Elliss entangled in this matter

Docket No. 3914, Statement / Official Committee of Unsecured Creditors' Confirmation Hearing Closing Argument Presentation

Docket No. 3915, Statement / Notice of Filing of Debtors' Confirmation Hearing Closing Presentation

Docket No. 3918, Statement /Demonstratives for Closing Argument in Opposition to Confirmation

Docket No. 3937, Notice of Proposed Order / Notice of Filing of Further Revised Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and Its Debtor Affiliates

Docket No. 3939, Statement /Closing Brief Objecting to Plan of Confirmaiton and $0.25 Cel Token Settlement

Docket No. 3946 Affidavit of Service, Notice of Filing of Confirmation Hearing Transcripts (Docket No. 3871

Docket No. 3956, Letter to The Honorable Martin Glenn Re: Request for the court to convert this matter into a Chapter 7 Bankruptcy proceeding

Docket No. 3967, Letter to The Honorable Martin Glenn Re: Critical Balloting Integrity Discrepancies, etc.

Docket No. 3972, Findings of Fact, Conclusions of Law, and Order Signed on 11/9/2023 Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates.

Docket No. 3974, Memorandum Opinion signed on 11/9/2023 Approving the CEL Token Settlement and Resolving Issue of Collateral Ownership in the Modified Joint Chapter 11 Plan of Celsius Network and its Debtor Affiliates

Docket No. 3975, Order Signed on 11/9/2023 Denying Dimitry Kirsanovs Motion to Convert Chapter 11 Case to Liquidation Proceeding Under Chapter 7.

Docket No. 3998, Motion to Authorize /Motion For Clarification

Docket No. 3999, Statement /Notice of Filing of Transcript of Hearing on Closing Arguments Related to Confirmation of the Plan held on October 30, 2023.

Docket No. 4005, Order Signed on 11/14/2023 Requiring Response From Debtors on or before 5:00 pm, November 20, 2023.

Docket No. 4012, Affidavit of Service (Supplemental) - *Individualized* Holders of Claims in Classes: Class 2 Retail Borrower Deposit Claims, Class 4 Convenience Claims, Class 5 General Earn Claims, Class 6A General Custody Claims, and Class 7 Withhold Claims – Ballot for Voting to Accept or Reject the Joint Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Substantially in the form attached as Exhibit 3A to the Disclosure Statement Order filed as Docket No. 3337), Dimitry Kirsanov's dollarized Ballot

Docket No. 4014, Response to Motion / Debtors' Response to Mr. Kirsanov's Motion for Clarification

Docket No. 4031, Motion to Reconsider FRCP 60 or FRBP 3008

Doctet No. 4040, Statement / Notice Regarding Commencement of Distribution of Cryptocurrency to Holders of Custody Claims

Docket No. 4046, Order Signed on 11/29/2023 Denying Kirsanov's Motion for Reconsideration

Docket No. 4063, Statement /Statement and Motion For Further Clarification

Docket No. 4066, Order signed on 12/5/2023 Denying Dimitry Kirsanov's "Statement and Motion for Clarification"

Docket No. 4298, Statement / Notice of Occurrence of Effective Date of Debtors' Modified Chapter 11 Plan of Reorganization and Commencement of Distributions

Docket No. 4335, Notice of Conclusion of In-Application Custody Withdrawals

Docket No. 4372, Post-Effective Date Debtors' Motion Seeking Entry of an Order (I) Approving Automatic Revocation of Presumed Mistaken Convenience Claim Elections, (II) Approving Optional Revocation Procedure for Eligible Convenience Claim Elections, and (III) Granting Related Relief

Docket No. 4741, Order signed on 3/21/2024 (I) Approving Automatic Revocation of Presumed Mistaken Convenience Claim Elections, (II) Approving Optional Revocation Procedure for Eligible Convenience Claim Elections, and (III) Granting Related Relief

Docket No. 4827, Order of U.S. District Court Judge Colleen McMahon signed on 4/22/2024. The Bankruptcy Court's order is vacated. For the reasons discussed above, this court directs that the parties shall immediately submit the disputes pleaded in the Adversary Proceeding Complaint to arbitration in accordance with the AAA Rules for Commercial Arbitration. Any challenge to the arbitrability of any claim asserted in that pleading is reserved for the arbitrator. The Adversary Proceeding is stayed in the Bankruptcy Court pending arbitration. This constitutes the decision and order of this court on appeal. The Clerk of Court is directed to remove this appeal from the court's list of open items.

Docket No. 4869, Letter to The Honorable Martin Glenn, dated 5/6/2024 Re: Request as a party of interest and on behalf of the rest of similarity-situated creditors, to proceed with a timely US 1144 Revocation Proceeding effective today, May 6th.

Docket No. 4875, Order signed on 5/8/2024 Requiring Post-Effective Date Debtors to Respond to Request of Dmitry Kirsanov.

Docket No. 4898, Response / Post-Effective Date Debtors' Response to Dmitry Kirsanov's May 6, 2024 Letter to the Bankruptcy Court

Docket No. 4902, Declaration In Support of a Revocation Proceeding Under U.S. 1144, etc.

Docket No. 4941, Memorandum Opinion and Order, Signed on 6/12/2024, Denying Dimitry Kirsanov's Motion to Revoke Confirmation Order.

[Page Intentionally Left Blank]

## **Statement of Issues Being Appealed**

1. Did the Bankruptcy Court err in not detecting fabricated tabulation evidence, where Custody CEL Holders obtained full dollarized claim ballots as request by the debtors and ordered by the Court pursuant to the CEL Settlement which excluded Custody Claims, yet the tabulation showed a 0.25 cent valuation on the class?
2. Did the Bankruptcy Court err in allowing a Plan Supplement material assignment of 5 days prior to Trial and after the Plan Supplement Deadline, not providing adequate notice to affected creditors to prepare and object to the change?
3. Did the Bankruptcy Court err in not applying the unambiguous phrase of "any holder of an Allowed Custody Claim", present on the Custody Settlement, which was added to Plan's 6B voting instructions after solicitation, to all holders of Custody Claims, which were manifestly evident on the tabulation results?
4. Did the Bankruptcy Court err in rewriting and reinterpreting tabulated results?
5. Did the Bankruptcy Court err in not using it's inherent power to investigate fraud, which included contradictions?
6. Did the Bankruptcy Court err in not allowing the pursuit of a remedy for 88 Pure Custody creditors and an entire class of thousands of CEL Token Holders that remain prejudiced?
7. Did the Bankruptcy Court err in determining I withdrew all my eligible funds, when I was only eligible to withdraw 36% prior to the commencement of subsequent withdrawals, and it would of been financially unwise to withdraw the rest of my funds, as the applicable shortfall conversion was financially superior?
8. Did the Bankruptcy Court err in determining "Pure Custody" funds could get less than 100% recovery?

9. Did the Bankruptcy Court err in determining there as an abundance of CEL Token, when the debtors destroyed all CEL Tokens on effective day, and subsequently ceased supporting the only avenue capable of distributing any Cryptocurrency in-kind, creating a Shortfall?
10. Did the Bankruptcy Court err in not following a precedential conversion of LUNA/TERA to Custody CEL Tokens?
11. Did the Bankruptcy Court err in applying the CEL Token Settlement to the Exempt Custody Class?
12. Did the Bankruptcy Court err in showing procedural bias and leniency in favor of represented parties, but did not extend the same to Pro Se creditors?
13. Did the Bankruptcy Court err in indicating distribution of CEL Token was possible, after the debtors and committee indicated it could not be returned in kind?
14. Did the Bankruptcy Court err in not addressing the movement of Custody CEL Token which it never provided permission for ahead of Confirmation?
15. Did the Bankruptcy Court err in not addressing a Protective Order Violation, where a family residence address of mine was posted on the docket by the Debtors, and subsequently serviced to the entire service list by Stretto?
16. Did the Bankruptcy Court err by not unsealing any information as it relates to CEL Token and related arguments?
17. Was there manifest injustice and prejudice?
18. Were the releases non-consensual and coercive?
19. Was the Bankruptcy Court Fair and Impartial?
20. Were my Constitutional Rights and due process rights violated?

Dated: July 10th, 2024.

I stay respectfully,

/s/ Dimitry Kirsanov

Dimitry Kirsanov, Pro Se Creditor