**Hearing Date: July 29, 2024, at 2:00 pm (prevailing Eastern Time)**
**Objection Deadline: July 22, 2024, at 4:00 pm (prevailing Eastern Time)**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com
   laura.baccash@whitecase.com

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Ronald Gorsich (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF LITIGATION ADMINISTRATOR'S**
**MOTION TO EXTEND THE CLASS 6A TREATMENT B**
**AFFIRMATIVE CAUSE OF ACTION DEADLINE UNDER THE PLAN**

**PLEASE TAKE NOTICE** that a hearing on the *Litigation Administrator's Motion to Extend the Class 6A Treatment B Affirmative Cause of Action Deadline Under the Plan* (the "**Motion**") will be held on **July 29, 2024, at 2:00 p.m., prevailing Eastern Time** (the "**Hearing**")

---

[1] The "**Post-Effective Date Debtors**" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

before the Honorable Martin Glenn, Chief United States Bankruptcy Judge. The Hearing will be held in person before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. The Hearing is not expected to involve the taking of testimony (a "**Non-Testimonial Hearing**"). With the permission of the Court, only parties in interest, their attorneys and witnesses may attend hearings by Zoom. Any person or entity that is permitted to attend the Hearing by Zoom must certify that they are appearing in a permitted capacity by registering their appearance in the Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Electronic appearances (eCourtAppearances) must be entered no later than **4:00 p.m., prevailing Eastern Time, the business day before the Hearing (i.e., on Friday, July 26, 2024).**

**PLEASE TAKE FURTHER NOTICE** that, with the permission of the Court, the public, including members of the media, may dial-in to Non-Testimonial Hearings remotely using the audio platform made available by the Court. Any person or entity that is permitted to dial-in to the Hearing by using the audio platform must register their appearance in the Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourtappearances. Appearances must be entered no later than **4:00 p.m., prevailing Eastern Time, the business day before the Hearing (i.e., on Friday, July 26, 2024)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing remotely at 2:00 p.m., prevailing Eastern Time on July 29, 2024, must connect to the Hearing beginning at 1:00 p.m., prevailing Eastern Time on July 29, 2024. When parties sign in to Zoom for Government

and add their names, they must type the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 2560] (the "**Case Management Order**") by **July 22, 2024 at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the

3

subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of all pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: July 11, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>Laura Baccash (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: gregory.pesce@whitecase.com<br>           laura.baccash@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Ronald Gorsich (*pro hac vice* pending)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: rgorsich@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: sam.hershey@whitecase.com<br><br>*Counsel to Mohsin Y. Meghji as Litigation Administrator* |

Hearing Date: July 29, 2024, at 2:00 pm (prevailing Eastern Time)
Objection Deadline: July 22, 2024, at 4:00 pm (prevailing Eastern Time)

| | |
|---|---|
| **WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>Laura Baccash (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email:  gregory.pesce@whitecase.com<br>            laura.baccash@whitecase.com | **WHITE & CASE LLP**<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: sam.hershey@whitecase.com |

– and –

**WHITE & CASE LLP**
Ronald Gorsich (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

### LITIGATION ADMINISTRATOR'S
### MOTION TO EXTEND THE CLASS 6A TREATMENT B
### AFFIRMATIVE CAUSE OF ACTION DEADLINE UNDER THE PLAN

Mohsin Y. Meghji as Litigation Administrator (the "**Litigation Administrator**") of the

above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "**Debtors**,"

---

[1] The **Post-Effective Date Debtors** in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

and, after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), appointed under the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289] (the "**Plan**"),[2] states the following in support of this motion (the "**Motion**").

## Relief Requested

1. The Litigation Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) extending the July 29, 2024 deadline by which the Litigation Administrator must bring any Avoidance Action or other claim against any Holder of an Allowed General Custody Claim (Class 6A) that elected, through their ballot, Treatment B under the Plan (a "**Treatment B Account Holder**") (the "**Class 6A Treatment B Affirmative Cause of Action Deadline**")[3] by 180 days, to and including January 25, 2025 (the "**Proposed Objection Deadline**"), without prejudice to the Litigation Administrator's right to seek further extensions, and (b) granting such other relief as is just and proper.[4] For the avoidance of doubt, the Class 6A Treatment B Affirmative Cause of Action Deadline only applies to the time by which the Litigation Administrator must bring any Avoidance Actions or other affirmative claims against any holder of a General Custody Claim that elected Treatment B under the Plan. It does not impact the ability or deadline to object to such claims. As such, extending

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] For the avoidance of doubt, this Motion does not seek to extend any statutes of limitation, including those created by Section 546 of the Bankruptcy Code, but rather, to extend the Class 6A Treatment B Affirmative Cause of Action Deadline established by the Plan to allow the Litigation Administrator to assert any viable claims it may have in connection with potential objections to the applicable claims held by Treatment B Account Holders.

[4] This motion is filed prior to the expiration of the current Class 6A Treatment B Affirmative Cause of Action Deadline, with a return date no later than fourteen (14) days from the date hereof or such date the Court permits. Accordingly, rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") automatically extends the Class 6A Treatment B Affirmative Cause of Action Deadline pending the Court's resolution of the relief requested by this Motion.

this deadline is not extending the time that the Litigation Administrator has to object to such claims. It only allows the Litigation Administrator sufficient time to bring affirmative claims in connection with such objections that he deems necessary.

### Jurisdiction

2. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-2 of the Local Bankruptcy Rules.

### The Claims Reconciliation Process

3. On July 13, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On February 9, 2023, the initial general claims bar date in the chapter 11 cases occurred. *See Order (I) Extending the Bar Dates for Submitting Proofs of Claim, (II) Approving Notice Thereof, and (III) Granting Related Relief* [Docket No. 1846] ¶ 2.[5]

5. On February 16, 2023, the Bankruptcy Court entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form*

---

[5] The Court set an additional bar date as August 2, 2023 for any claim affected by the amendment of the Schedules and Statements pursuant to the *Court's Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2205]. *See Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors Establishing Account Holder Bar Da*te [Docket No. 3066] ¶ 1.

*of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "**Omnibus Claims Objection Procedures**").

6. On March 12, 2023, the Court entered the *Order Granting Debtors' First Omnibus Objection to Certain (A) Amended Claims, (B) Duplicate Claims, (C) Non-Debtor Claims, (D) Unsupported Claims, and (E) Inaccurately Supported Claims* [Docket No. 2288].

7. On November 9, 2023, the Bankruptcy Court entered an order [Docket No. 3972] confirming the modified joint chapter 11 plan of reorganization of the Debtors.

8. On December 27, 2023, the Bankruptcy Court entered an order authorizing the Debtors to amend the terms of the chapter 11 plan of reorganization [Docket No. 4172], and subsequently, the Debtors filed the Plan in accordance with that order.

9. On January 31, 2024, the Plan became effective in accordance with its terms [Docket No. 4298]. The Plan, among other things, vested the Litigation Administrator with leave, standing and authority, on behalf of the Debtors and their Estates, to file and prosecute any objections to Claims or Interests or settle or otherwise compromise such Claims and Interests, if necessary and appropriate. *See* Plan Art. IV.L.2. The Litigation Administrator is a representative of the Estates for the purpose of "enforcing Causes of Action belonging to the Estates related to Disputed Claims or Disputed Interests that are not released, waived, settled, compromised, or transferred pursuant to this Plan (including, for the avoidance of doubt, the Recovery Causes of Action and Claims objections)." *Id*. at Art. IV.L.1.

10. Under the Plan, Holders of General Custody Claims that did not elect to be Custody Settlement Participants in accordance with the Custody Settlement Order had the opportunity to elect, through its Ballot, one of two treatments—Treatment A or Treatment B. *See* Plan Art. III.B.6A.b.i. Treatment B provides that:

4

> [t]he Cryptocurrency associated with the applicable *Allowed* General Custody Claim will be transferred to a segregated wallet held by the Post-Effective Date Debtors and shall be subject to all Avoidance Actions and other claims with respect to such Allowed General Custody Claim. ***The Litigation Administrator(s) shall have 180 days to bring any Avoidance Action or other claim against such Account Holder with respect to such assets, such time period subject to extension by the Bankruptcy Court following notice and a hearing***. To the extent no such action is brought and no settlement is reached in the time period set forth in the immediately preceding sentence (as extended), such assets shall be released to the Holder of the applicable Allowed General Custody Claim. Plan Art. III.B.6A.b.i.b (emphasis added).

11. Pursuant to such provision, the 180-day period by which the Litigation Administrator shall bring, to the extent not already brought, any Avoidance Action or other claim against a Treatment B Account Holder with respect to the Cryptocurrency associated with the applicable Allowed General Custody Claim, expires on July 29, 2024. The Plan, however, does not establish any deadline to object to Claims, including General Custody Claims.

12. Since the Effective Date, the Litigation Administrator has been working with advisors to resolve Claims in the ordinary course of business. As of the date hereof, approximately 33,310 Proofs of Claim have been filed against the Debtors with an asserted amount over $117 *quintillion* in the aggregate (excluding claims filed solely in cryptocurrency denominations or unliquidated claim amounts). The amounts asserted in these Proofs of Claim are several times greater than the amounts scheduled by the Debtors for these claims.

13. Although there is no objection deadline related to claims objections under the Plan, the Litigation Administrator, together with his advisors, has commenced the claims reconciliation process and anticipates that the Post-Effective Date Debtors will object to a substantial number of Proofs of Claim asserted against the Debtors, including Proofs of Claim asserted by Holders of General Custody Claims, in accordance with Bankruptcy Rule 3007(d) and the Omnibus Claims Objection Procedures. As part of the claims reconciliation process, the Litigation Administrator is authorized "to bring any Avoidance Action or other claim" against Treatment B

5

Account Holders related to the Cryptocurrency associated with their applicable General Custody Claim. *See* Plan Art. III.B.6A.b.i.b. However, while there is no objection deadline related to claims objections, the Administrator faces a deadline of July 29, 2024, to bring any Avoidance Action or other claims against such Treatment B Account Holders. *See id.* Considering the complexity and volume of the Proofs of Claim, along with the required evaluation to determine whether to bring any Avoidance Action or other claim against Treatment B Account Holders as part of the claims objection process, the existing deadline does not allow enough time to thoroughly address all necessary elements for a full resolution. Thus, the Litigation Administrator requests that the Bankruptcy Court extend the Class 6A Treatment B Affirmative Cause of Action Deadline by 180 days, to and including January 25, 2025.

### Basis for Relief

14. Bankruptcy courts retain post-confirmation jurisdiction to the extent provided in the plan. *See In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2d Cir. 1993). The Bankruptcy Court has retained jurisdiction under the Plan to, among other things, (a) consider any modifications to the Plan and (b) enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of, or determine any matters that may otherwise arise in connection with or relate to the Plan. Plan Arts. XII.15, 7.

15. The Plan expressly provides that the Class 6A Treatment B Affirmative Cause of Action Deadline is "subject to extension by the Bankruptcy Court following notice and a hearing." *See* Plan Art. II.B.6A.b.i.b. Moreover, Bankruptcy Rule 9006(b) provides that the Court "for cause shown may at any time in its discretion" extend a deadline "if the request therefor is made before the expiration" of such deadline. Fed. R. Bankr. P. 9006(b)(1). The United States Supreme Court has noted that any analysis of a motion brought under Bankruptcy Rule 9006 is "at bottom

6

an equitable one, taking account of all relevant circumstances," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also In re Mmahat*, No. Civ. A. 94–292, 1994 WL 160512, at *6 (E.D. La. Apr. 26, 1994) (characterizing the Bankruptcy Rule 9006 standard as a "lenient" one).

16. Extending the Class 6A Treatment B Affirmative Cause of Action Deadline an additional 180 days is appropriate under the circumstances and will not have a materially adverse impact on creditors or other judicial proceedings. The Custody Claims are not yet allowed and will not be until the Litigation Administrator finishes his evaluation of such claims. Since the Effective Date, the Litigation Administrator has assumed his responsibilities outlined in the Plan for the effective administration of the Post-Effective Date Debtors' Estates and has expended considerable time and effort in, among other things, (a) analyzing Claims against the Estates, and (b) engaging in transition and Plan implementation efforts. Due to the size and complexity of these chapter 11 cases, the urgent need to focus on such transitional tasks, and the number of Proofs of Claim filed against the Estates, the Litigation Administrator has not had sufficient time or opportunity to analyze the merits of the 33,310 Proofs of Claim. The Litigation Administrator and its advisors have been and will continue to analyze the Proofs of Claim, as well as analyzing the Post-Effective Date Debtors' books and records, to determine whether and to what extent such claims are valid. The Class 6A Treatment B Affirmative Cause of Action Deadline applies solely to Allowed General Custody Claims. However, since the Plan does not specify a deadline for claims objections, many of these claims have not yet been contested. Extending the Class 6A Treatment B Affirmative Cause of Action Deadline is appropriate to (a) allow the Litigation

7

Administrator adequate time to conduct and finalize a thorough review of the Proofs of Claims to evaluate whether it is appropriate to bring, to the extent not brought already, any Avoidance Action or other claim in connection with an objection to such claim against any Treatment B Account Holder as part of the claims objection process, and (b) provide ample time to reach consensual resolutions of claims.

17. In addition, extensions of deadlines under a chapter 11 plan have been routinely granted in other large chapter 11 cases. *See, e.g.*, *In re JCK Legacy Company*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. Jun. 30, 2023) (Docket No. 1546); *In re Frontier Communications Corporation*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. Nov. 2, 2021) (Docket No. 2021); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Dec. 4, 2023) (Docket No. 1615).[6]

18. The Litigation Administrator believes there is cause for the Court to grant the 180-day extension of the Class 6A Treatment B Affirmative Cause of Action Deadline to and including January 25, 2025. The extension is in the best interest of the Estates, is not sought for the purposes of delay, will not impact any judicial proceedings, and will not prejudice any claimants, as each claimant will retain any substantive defenses it may have to any Avoidance Action or other claims that are brought as part of the Litigation Administrator's claim reconciliation process.

19. Accordingly, the Litigation Administrator respectfully requests that the Court approve the relief requested herein.

**Reservation of Rights**

20. Nothing contained herein is intended to be or should be construed as: (a) an

---

[6] Due to the voluminous nature of these orders referenced herein, copies of such orders are not attached to this Motion. Copies of the orders are available upon request to the Litigation Administrator's counsel.

admission as to the validity or amount of any Claim; (b) a waiver of any rights of the Litigation Administrator, or any other party in interest to dispute or object to any Claim, to assert counterclaims, rights of offset or recoupment, or defenses on any grounds; (c) a promise or requirement to pay any Claim; (d) an implication of admission that any particular Claim is of a type specified or defined in this notice; (e) a waiver of the Litigation Administrator's rights to seek adjudication of any Claim, including in the Bankruptcy Court or other applicable forum; or (f) an admission that the expiration of the Class 6A Treatment B Affirmative Cause of Action Deadline forecloses on the Litigation Administrator's ability to dispute any Claim.

## Notice

21. The Litigation Administrator will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the United States Attorney's Office for the Southern District of New York; (c) the Internal Revenue Service; (d) the offices of the attorneys general in the states in which the Post-Effective Date Debtors operate; (e) the Securities and Exchange Commission; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) all holders of Custody Claims. The Litigation Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Litigation Administrator respectfully requests entry of the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: July 11, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>Laura Baccash (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email:  gregory.pesce@whitecase.com<br>            laura.baccash@whitecase.com<br>– and –<br><br>**WHITE & CASE LLP**<br>Ronald Gorsich (*pro hac vice* pending)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email:  rgorsich@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email:  sam.hershey@whitecase.com<br><br>*Counsel to Mohsin Y. Meghji as Litigation Administrator* |

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER GRANTING LITIGATION ADMINISTRATOR'S
MOTION TO EXTEND THE CLASS 6A TREATMENT B
AFFIRMATIVE CAUSE OF ACTION DEADLINE UNDER THE PLAN**

Upon the motion (the "**Motion**")[2] of the Litigation Administrator for entry of an order (this "**Order**") (a) extending the July 29, 2024 deadline by which the Litigation Administrator must bring any Avoidance Action or other claim against any Holder of an Allowed General Custody Claim (Class 6A) that elected, through their ballot, Treatment B under the Plan (the "**Class 6A Treatment B Affirmative Cause of Action Deadline**") by 180 days, to and including January 25, 2025, without prejudice to the Litigation Administrator's right to seek further extensions, and (b) granting such other relief as is just and proper, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and the Motion and relief requested being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found that venue of these

---

[1] The "**Post-Effective Date Debtors**" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and this Court having found that the relief requested in the Motion is in the best interests of the Post-Effective Date Debtors' Estates, the Post-Effective Date Debtors' creditors, and other parties in interest; and this Court having found that the Litigation Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "**Hearing**") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The Class 6A Treatment B Affirmative Cause of Action Deadline is extended to and including January 25, 2025.

3. Entry of this Order is without prejudice to the Litigation Administrator's right to seek a further extension(s) of the Class 6A Treatment B Affirmative Cause of Action Deadline.

4. The requirements of Local Bankruptcy Rule 9006-2 shall be deemed satisfied.

5. Notice of the Motion shall be deemed good and sufficient, and the applicable requirements of the Bankruptcy Rules and Local Bankruptcy Rules have been satisfied.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2024
      New York, New York

                                      _____
MARTIN GLENN
Chief United States Bankruptcy Judge