**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING MOTION OF
PROFESSIONAL SOLUTIONS INSURANCE
COMPANY, HUDSON EXCESS INSURANCE COMPANY,
STARSTONE SPECIALTY INSURANCE COMPANY AND
ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. FOR
RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT APPLICABLE**

Upon the motion of Professional Solutions Insurance Company, Hudson Excess Insurance Company, StarStone Specialty Insurance Company, and Associated Industries Insurance Company Inc. (the "Motion")[2] for relief from the automatic stay, to the extent applicable, for the purpose of the advancement and/or payment of certain defense costs incurred by the insured persons of the above-captioned debtors and debtors in possession (collectively, the "Debtors") under the Excess Policies, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found good cause to enter the relief requested by the Motion; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed by 11 U.S.C. § 362(a) in the respective proceedings is hereby modified solely to the extent necessary to allow the Excess Insurers to advance and/or make payments under the Excess Policies for Defense Costs incurred by the Individual Insureds who have been sued in an arbitration and in multiple state and federal court lawsuits (including a draft of an adversary proceeding in this court), and who have received demand letters and/or emails, subpoenas, formal and/or informal requests for documents and information or formal letters, received subpoenas or formal letters announcing investigations or requests for documents or information in connection with various investigations by multiple state and federal regulators and/or Attorneys General, as well as from certain foreign regulators situated in Canada and the United Kingdom, subject to the Excess Insurers' determination that the above are potentially covered under the Policy and subject to a reservation of rights by the Excess Insurers or by any of the Insureds under the Policy and applicable law.

3. Nothing herein shall constitute a finding by the Court that the proceeds of the Policy are or are not property of the Debtors' estates, and the Court makes no finding as to the applicability of the automatic stay imposed by 11 U.S.C. § 362(a) to the Policy proceeds.

4. Excess Insurers shall provide written quarterly updates on the amount of Defense Costs advanced on behalf of the Individual Insureds under the Policy to the U.S. Trustee, Kirkland & Ellis LLP as counsel to the Debtors, and White & Case LLP as counsel to the Litigation Administrator (the "Litigation Administrator") until the Limits of Liability of the Policy are fully

eroded. Such quarterly updates shall include, on a per individual basis, (1) the name of the Individual Insured who received advances and/or payments; (2) the nature of the claim(s); (3) the dollar amount of the claim(s) submitted and the amount actually advanced and/or paid; (4) the identity of counsel representing the Individual Insured (if applicable); and (5) the amount of liability coverage remaining under the Policy. Any Individual Insureds receiving insurance proceeds pursuant to this Order shall be required to sign the letter attached hereto as **Exhibit A** consenting to the jurisdiction of this Court, with respect to the Policy.

5. For the avoidance of doubt, this Order only authorizes Excess Insurers to make advances and/or payments for the Defense Costs of the Individual Insureds. Nothing herein authorizes the Excess Insurers to make any payments in connection with any other type of **Loss** (*i.e.*, a non-Defense Cost Loss). A further order from this Court is required for the payment of any non-Defense Costs Loss, including any settlement or adjudication except to the extent a settlement or adjudication allocates Policy proceeds to advance and/or reimburse Defense Costs incurred by one or more Individual Insureds.

6. Nothing herein shall prejudice the current or future position of the Excess Insurers or any **Insured** under the Policy, and the parties reserve all rights, with respect to (1) the appropriateness of any obligation on the Excess Insurers or restriction on the operation of the Policy contemplated by this Order; or (2) the appropriateness of any other obligation on the Excess Insurers or restriction on the operation of the Policy. The parties also reserve their rights to seek to modify this order.

7. Any and all advancements or payments by the Excess Insurers shall reduce the Policy's Limits of Liability in a like amount to the extent permitted under the terms and conditions of the Policy, unless or until such amounts are repaid to the Excess Insurers.

3

8. Nothing in this Order shall constitute (1) a waiver, modification or limitation of the Excess Insurers' reservation of all rights, remedies and defenses under the Policy and otherwise; (2) a waiver, modification or limitation of any of the terms or conditions of the Policy; or (3) a finding that such sums are due and owing, or in what amount, under the Policy. Similarly, nothing in this Order shall constitute a waiver, modification of limitation of any rights of the U.S. Trustee, the Litigation Administrator, or any other **Insured** under the Policy.

9. This Order is immediately valid and fully effected upon its entry and the 14 day stay pursuant to Fed. R. Bankr. Proc. 4001(a) is hereby waived.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: July 18, 2024
       New York, New York

                                      **/s/ Martin Glenn**
                                      MARTIN GLENN
                          Chief United States Bankruptcy Judge

**<u>Exhibit A</u>**

Form of Jurisdiction Agreement

[Individual Insured]
[Address]
[City, State ZIP]

Re: Consent to Jurisdiction of the United States Bankruptcy Court for the Southern District of New York with Respect to Policy Number [●] (the "Policy")

Dear [Individual Insured]:

As you are aware, Celsius Network LLC and certain of its affiliates (together, "Celsius" or the "Debtors")[1] are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2] On [●], 2024, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Granting Motion of Professional Solutions Insurance Company, Hudson Excess Insurance Company, Starstone Specialty Insurance Company and Associated Industries Insurance Company, Inc. for Relief From the Automatic Stay to the Extent Applicable* [Docket No. [●]] (the "Order"), a copy of which is attached hereto as **Exhibit A**. Pursuant to the Order, the Bankruptcy Court granted the Excess Insurers relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to advance reasonable and necessary Defense Costs incurred by Individual Insureds under the Policy in connection with the arbitration, pending lawsuits, and investigations, as well as additional matters that may arise in the future, subject to determination that such matters are potentially covered under the Policy.[3]

Because the Excess Insurers have determined that you are entitled to certain proceeds of the Policy, you are required to consent to the jurisdiction of the Bankruptcy Court with respect to the Policy as a condition to receiving any insurance proceeds under the Policy.

Please sign the below and return this letter to the following parties (email being sufficient): (a) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Christopher Ferraro (chris.ferraro@celsius.network); (b) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654; Attn: Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com) and Christopher S. Koenig (chris.koenig@kirkland.com), and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Elizabeth H. Jones (elizabeth.jones@kirkland.com); and (c) counsel to the Litigation Administrator, White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron Colodny (aaron.colodny@whitecase.com), and White & Case, LLP 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Cecilia Walker (cecilia.walker@whitecase.com).

---

[1] The Debtors in the chapter 11 cases are: Celsius Network LLC; Celsius KeyFi LLC; Celsius Lending LLC; Celsius Mining LLC; Celsius Network Inc.; Celsius Network Limited; Celsius Networks Lending LLC; Celsius US Holding LLC; GK8 Ltd.; GK8 UK Limited; and GK8 USA LLC.

[2] *See In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y).

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Order or Motion, as applicable.

2

I, [Individual Insured] consent to the jurisdiction of the Bankruptcy Court with respect to the Policy.

Accepted by:

_____
[Individual Insured]