**Hearing Date and Time: August 27, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 13, 2024 at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
Samuel P. Hershey
Joshua D. Weedman
Lucas Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
         jweedman@whitecase.com
         lucas.curtis@whitecase.com
         nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
         devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
         laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
         kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1] | Chapter 11<br><br>Case No. 22-10964 (MG) |

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's

|                              | (Jointly Administered) |
|------------------------------|------------------------|
| Reorganized Debtors.         |                        |

## NOTICE OF MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTIONS PURSUANT TO <u>SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE</u>

**PLEASE TAKE NOTICE** that Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated debtors (the "**Plaintiff**" or "**Litigation Administrator**"), by and through his undersigned counsel, has filed the attached motion, the *Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant To Sections 502, 547, and 550 of the Bankruptcy Code* (the "**Motion**"), seeking entry of an order, substantially in the form annexed to the Motion as <u>**Exhibit A**</u> (the "**Proposed Order**"), establishing procedures (the "**Proposed Procedures**") to govern adversary proceedings brought by Plaintiff to avoid and recover transfers and/or disallow claims pursuant to 11 U.S.C. §§ 502, 547, and 550 identified on schedule <u>**Exhibit 1**</u> attached to the Proposed Order (the "**Avoidance Actions**").

**PLEASE TAKE NOTICE** that a hearing to consider the Motion will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, on **August 27, 2024 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. For those wishing to

---

principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing

will be conducted remotely using Zoom for Government. Parties wishing to appear at or listen to

the Hearing, whether (a) an attorney or non-attorney, (b) appearing in person or remotely, or (c)

making a "live" or "listen only" appearance before the Court, need to make an electronic

appearance      (an      "**eCourtAppearance**")      through      the      Court's      website      at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.   When making an eCourtAppearance,

parties must specify whether they will appear at the Hearing remotely or in person and, and if

appearing remotely, whether they are making a "live" or "listen only" appearance. Electronic

appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the

business day before the hearing (i.e., on August 26, 2024).

      **PLEASE TAKE FURTHER NOTICE** that responses or oppositions, if any, to the relief

requested in the Motion must: (a) be in writing; (b) describe the basis for the response or opposition

and the specific grounds therefor; (c) comply with the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable

to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York;

(d) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-

10964 (MG) by registered users of the Court's electronic filing system and in accordance with all

General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the

Southern District of New York (which are available on the Court's website at

http://www.nysb.uscourts.gov); and (e) be served in accordance with the *Second Amended Final*

*Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II)*

*Granting Related Relief*, [Docket No. 2560] (the "**Case Management Order**") by **August 13,**

**2024, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as

defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of the motions and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: July 22, 2024
     New York, New York

By:  */s/ Samuel P. Hershey*

**WHITE & CASE LLP**
Samuel P. Hershey
Joshua D. Weedman
Lucas Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  sam.hershey@whitecase.com
     jweedman@whitecase.com
     lucas.curtis@whitecase.com
     nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100

Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com
           laura.baccash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  kwofford@whitecase.com
           devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email:  mudem@askllp.com
– and –

**ASK LLP**
Brigette McGrath, Esq.
Kara E. Casteel, Esq. (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email:   bmcgrath@askllp.com
            kcasteel@askllp.com


*Co-Counsel to Mohsin Y. Meghji,*
*Litigation Administrator, as*
*Representative for the Post-Effective*
*Date Debtors*

**Hearing Date and Time: August 27, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 13, 2024 at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
Samuel P. Hershey
Joshua D. Weedman
Lucas Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
        jweedman@whitecase.com
        lucas.curtis@whitecase.com
        nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
        devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
        kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC., *et al.*,[1] | |

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's

| | Case No. 22-10964 (MG) |
|---|---|
| Reorganized Debtors. | (Jointly Administered) |

## MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTIONS PURSUANT TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE

Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated debtors (the "**Plaintiff**" or "**Litigation Administrator**"), by and through his undersigned counsel, submits this *Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant To Sections 502, 547, and 550 of the Bankruptcy Code* (the "**Motion**") seeking entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), establishing procedures (the "**Proposed Procedures**") to govern adversary proceedings brought by Plaintiff to avoid and recover transfers and/or disallow claims pursuant to 11 U.S.C. §§ 502, 547, and 550 identified on schedule **Exhibit 1** attached to the Proposed Order (the "**Avoidance Actions**"). In support of the Motion, Plaintiff respectfully states as follows:

### PRELIMINARY STATEMENT

1. As the Court is aware, the Litigation Administrator has now completed the filing of nearly 2,500 preference complaints against certain of the Debtors' customers who withdrew more than $100,000 of assets in the 90 days before the Debtors' bankruptcy filing. The Litigation Administrator now files this Motion to coordinate these cases and place them on a uniform schedule for the benefit of the Court, the Reorganized Debtors, and all defendants.

2. In drafting this Motion, the Litigation Administrator has relied heavily on precedent from this Court in prior large-scale preference litigations. In accordance with this Court's precedent, the Litigation Administrator has proposed robust mediation procedures, as well as

---

principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

certain guardrails that will enable the parties to pursue mediation in earnest without the distraction of premature litigation tactics.  That said, the Litigation Administrator remains mindful of the Court's guidance not to delay litigation indefinitely, and so the Litigation Administrator has set clear deadlines by which the Litigation Administrator must address any responses to the complaints.  Taken together, these procedures will ensure that defendants who wish to mediate will have the opportunity to do so, and defendants who wish to litigate will have their day in court, all in an orderly process and on a coordinated schedule.

3.       To provide defendants (many of whom have not been served yet) maximum time to consider these procedures, the Litigation Administrator has calendared this Motion for the August omnibus hearing.  The Litigation Administrator intends to discuss these proposed procedures with the Court on a preliminary basis at the July omnibus hearing, and then will make any appropriate changes in light of the Court's guidance and any informal comments from defendants such that this Motion can be amended and re-filed, as appropriate, well in advance of the August 27 omnibus hearing date.

## JURISDICTION AND VENUE

4.       The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

5.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.       The statutory predicates for the relief requested herein are sections 105(a), 105(d), 502, 547, and 550 of title 11 of the United States Code (the "**Bankruptcy Code**"), Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 7012, 7016, 7026, and 9006, and Local

Bankruptcy Rules for the Southern District of New York ("**Local Bankruptcy Rules**") 7016-2 and 9019-1. The requested relief is also justified under and consistent with the Court's *General Order M-452 Amending, and Restating M-143, M211, and M390* (the "**General Order**") dated June 28, 2013 (Morris, C.J.), as modified herein.

## BACKGROUND

8.      On July 13, 2022 (the "**Petition Date**"), Celsius Network LLC and its affiliated debtors (collectively, the "**Debtors**")[2] each commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.[3] All of these Chapter 11 Cases were consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b).[4] The Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

9.      Additional information regarding the facts and circumstances of the Chapter 11 Cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 24].[5]

10.      On November 9, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Signed on November 9, 2023 Confirming the Modified Joint Chapter 11 Plan of Celsius*

---

[2] The "Debtors" are all entities listed in footnote 1.

[3] Other than GK8 Ltd, GK8 UK Limited, and GK8 USA LLC, which filed on December 7, 2022.

[4] *See Order Directing (I) Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 53]; *Order Directing (I) Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 1648].

[5] "Docket No." refers to the docket of *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y., filed July 13, 2022). Documents filed on this docket can be accessed free of charge at https://cases.stretto.com/celsius/.

*Network LLC and its Debtor Affiliates* [Docket No. 3972] (the "**Confirmation Order**"), pursuant to which the Court approved and confirmed the Plan (defined below and as amended, supplemented, or modified from time to time) for all of the Debtors.

11.    On January 29, 2024, the Debtors filed the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtors Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289] (the "**Plan**").

12.    The effective date of the Plan (the "**Effective Date**") occurred on January 31, 2024.[6]

13.    In accordance with the Plan and Confirmation Order, the Litigation Administrator was appointed as of the Effective Date of the Plan, and the Debtors and the Litigation Administrator entered into that certain *Litigation Administrator Agreement* (the "**Litigation Administrator Agreement**").[7]

14.    Pursuant to the Plan, Confirmation Order, and the Litigation Administrator Agreement, Plaintiff is empowered to investigate, prosecute, compromise, and settle Recovery Causes of Action,[8] including Avoidance Actions, on behalf of the Debtors and their estates (the "**Estates**").

15.    In July 2024, Plaintiff filed approximately 2,500[9] Avoidance Actions, as more fully set forth on **Exhibit 1** to the Proposed Order, to avoid and recover transfers pursuant to sections

---

[6] *See Notice of Occurrence of Effective Date of Debtors' Modified Chapter 11 Plan of Reorganization and Commencement of Distributions* [Docket No. 4298].

[7] *See Eleventh Notice of Filing Plan Supplement,* Ex. B [Docket No. 4297].  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or the Litigation Administrator Agreement.

[8] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Litigation Administrator Agreement, as applicable.

[9] Of the 2,500 Avoidance Actions filed, approximately 1,200 are against Defendants residing in the United States.  To the extent foreign service remains to be effectuated on any particular Defendant (each a "**Foreign Defendant**," and collectively the "**Foreign Defendants**"), these Foreign Defendants have been omitted

547 and 550 of the Bankruptcy Code from the defendants in the Avoidance Actions (each, a "**Defendant**" and, collectively, the "**Defendants**"), and to disallow certain claims pursuant to section 502(d) of the Bankruptcy Code held by such Defendants.

16.    Given the volume of Avoidance Actions, Plaintiff seeks entry of the Proposed Procedures to (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant; (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions; (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources; and (d) maximize recoveries for creditors of the Debtors' estates.  By implementing the Proposed Procedures, Plaintiff believes that he will also maximize the potential for settlement of the Avoidance Actions before trial either through negotiations or as a result of the mediation process.

### RELIEF REQUESTED

17.    By this Motion, Plaintiff respectfully requests that the Court enter the Proposed Order implementing the Proposed Procedures, detailed below, in connection with the prosecution of the Avoidance Actions.

18.    In general, the Proposed Procedures seek to: (a) extend the Defendants' time to answer the complaints up to an additional 90 days (*i.e.,* up to three (3) separate thirty (30) day extensions); (b) prohibit the filing of motions under Federal Rules of Civil Procedure 12(c) or 56, as made applicable by Bankruptcy Rules 7012 and 7056, in each Avoidance Action until after such action has been mediated (to the extent such action is not settled); (c) stay formal discovery in each

---

from **Exhibit 1** attached to the Proposed Order.  At the time service is effectuated upon a Foreign Defendant, Plaintiff will discuss the appropriate deadlines with the Foreign Defendant.

Avoidance Action until after such action has been mediated (to the extent such action is not settled); and (d) establish procedures for the mediation of each Avoidance Action.

19.     In addition, if this Court authorizes the Proposed Procedures, Plaintiff proposes providing this Court with a written status update every ninety (90) days after entry of the Proposed Order (and every 90 days thereafter). Each written report will list the status of each Avoidance Action and include the following information about each Avoidance Action, as applicable: (i) the case name and adversary proceeding number; (ii) the date the summons was served; (iii) the date a responsive pleading was filed or is due; (iv) the date a Notice of Mediator Selection (defined herein) was filed and the name of the selected Mediator (defined herein) and the date the Mediator's Report (defined herein) was filed; (v) whether the Avoidance Action has been consensually resolved; and (vi) the date on which any pretrial scheduling conference is scheduled or was held.

## **BASIS FOR RELIEF**

20.     Plaintiff seeks entry of the Proposed Order pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code, Bankruptcy Rules 7016 and 7026, and General Order M-390 of the Court.

21.     Bankruptcy Rule 7016 affords courts significant flexibility and discretion in adopting and implementing procedures, such as the Proposed Procedures, in order to facilitate the "just, speedy, and inexpensive disposition of the action."  Fed. R. Civ. P. 16 (made applicable pursuant to Bankruptcy Rule 7016).  Bankruptcy Rule 7016 also provides that courts may enter scheduling and other orders that limit the time to file motions and to complete discovery.  In addition, Bankruptcy Rule 7016 provides that such orders may include modifications of the

disclosures required under Bankruptcy Rule 7026, dates for conferences and trials, and any other matters appropriate under the circumstances of the case.  Fed. R. Civ. P. 16.

22.     In addition to Bankruptcy Rule 7016, Bankruptcy Code section 105(a) grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code.  That provision provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

23.     The Proposed Procedures are also consistent with the Local Bankruptcy Rules and are similar to procedures adopted in other cases with large numbers of adversary proceedings where uniform procedures were beneficial to the administration of those cases.  *See, e.g.*, *In re BGI, Inc., f/k/a Borders Group, Inc.,* Case No. 11-10614 (MG), Docket No. 2922 (Bankr. S.D.N.Y. Oct. 23, 2012); *In re Advance Watch Co. Ltd.*, Case No. 15-12690 (MG), Docket No. 415 (Bankr. S.D.N.Y. Nov. 16, 2017); *In re Sizmek, et al.*, Case No. 19-10971 (SMB), Docket No. 846 (Bankr. S.D.N.Y. July 24, 2020); *In re Sears Holding Corp., et al.*, Case No. 18-23538 (seven waves of procedures orders entered, starting at Docket No. 6282); and *In re Quebecor World (USA) Inc., et al.*, Case No. 08-10152-JMP, Docket No. 3935 (Bank. S.D.N.Y, March 10, 2016).  In *Quebecor World (USA) Inc.*, the mediators were able to resolve 94% of the 350 adversary proceedings remaining at the mediation phase in less than 12 months.

## **PROPOSED PROCEDURES**

24.     Plaintiff proposes the following procedures to apply to all of the Avoidance

Actions:

### **Stipulation to Extend Time for Defendants to Respond to the Complaint, Mediation before Response**

- Without further order of the Court, Plaintiff and any Defendant may stipulate to up to three (3) separate extensions of time for a Defendant to respond to the Complaint under Bankruptcy Rule 7012 (the "**Response Due Date**"), with each extension to be no more than thirty (30) days each.  The stipulation must be in writing to be binding on Plaintiff.

- If the parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending.  If the parties elect to mediate, they must agree in writing to use one of the mediators listed on **Exhibit 3** to the Proposed Order.  If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the completion of mediation and the filing of the mediator's report (the "**Mediator's Report**").

- Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of Plaintiff and Defendant, approved by Order of the Court.

### **Stay of Requirement to Conduct Rule 26(f) Conference**

- The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed until the completion of mediation and, if the Avoidance Action is not resolved at the mediation, then after the Defendant's response is filed.  Following the filing of the Mediator's Report and assuming the Avoidance Action was not resolved during the mediation, the parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "**Scheduling Order**") to the Court prior to or at the Pretrial Scheduling Conference (as defined herein).

### **Stay of Requirement to Conduct Pretrial Conference**

- The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the completion of mediation. Upon the filing of the Mediator's Report, with respect to each Avoidance Action that is not resolved through mediation or otherwise, Plaintiff shall file with the Court and

serve on the Defendant a notice of pretrial scheduling conference (the "**Pretrial Scheduling Conference**") to take place in the adversary proceeding at the next scheduled omnibus hearing; provided, however, that a minimum of fourteen (14) days' notice of the Pretrial Scheduling Conference is required.

## Stay of Discovery

- All formal discovery, including Rule 26 disclosures, shall be stayed until after a Scheduling Order is entered and after the Pretrial Scheduling Conference has occurred in accordance with these Proposed Procedures; provided, however, this stay of discovery shall in no way preclude the parties from informally exchanging documents and other information on a consensual basis in an attempt to resolve an Avoidance Action in advance of, or during, any mediation.

## Settlement of Avoidance Actions

- Consistent with the Plan, Plaintiff is authorized to compromise or settle any of the Avoidance Actions without further court approval. *See* Plan Art. IV(S).

## Stay of Filing Certain Motions Until After Mediation

- Defendants are prohibited from filing any motions under Federal Rules of Civil Procedure 12(c) or 56, as made applicable by Bankruptcy Rules 7012 and 7056, until after the mediator files a Mediator's Report signifying that the mediation is concluded and a settlement has not been reached.  In all other cases, in the event any Defendant files a responsive motion or pleading, and subject to other agreement in writing between Plaintiff and Defendant or further order of this Court, Plaintiff shall not be required to respond to such motion or pleading until (i) 40 days after the filing of such responsive motion or pleading, or (ii) ninety (90) days after the entry of the Proposed Order, whichever comes later.

## Mediation Procedures and Requirements

- To the extent an Avoidance Action has not been resolved and/or settled within thirty (30) days after an answer is filed, then said Avoidance Action (the "**Remaining Avoidance Actions**") shall be referred to mandatory mediation.  Within the later of two weeks thereafter or two weeks after entry of the Proposed Order (the "**Mediation Deadline**"), the Defendant and Plaintiff shall jointly select a mediator (the "**Mediator**") from the list of mediators (the "**Mediator List**"), a copy of which mediator list is annexed hereto as **Exhibit 3** to the Proposed Order, and Plaintiff shall file on the respective adversary proceeding docket a notice of mediator selection (the "**Notice of Mediator Selection**") on or before the Mediation Deadline.  If the parties

are unable to agree on a mediator within the time set forth herein, Plaintiff shall request that the Court appoint a mediator from the Mediator List.[10]

- The Mediator's fees and reasonable expenses (the "**Mediation Fee**") shall be shared equally by the parties on a fixed-fee schedule as set forth below. The parties shall pay one quarter of the Mediation Fee at least seven (7) calendar days prior to the commencement of mediation (the "**Initial Mediation Fee**"). The remaining fee will be due and paid by the parties on or before the date of mediation, should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the Initial Mediation Fee is nonrefundable. If a party fails to attend the mediation, or fails to cancel or adjourn the mediation at least 24 hours in advance of the start of the mediation, that party will bear sole responsibility for the remaining Mediation Fee. The Mediation Fee shall be as follows:

  - cases with a claim amount (as reflected in the complaint) greater than $100,000 and less than $250,000: $5,000 per case;

  - cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $500,000: $6,500 per case;

  - cases with a claim amount (as reflected in the complaint) equal to or greater than $500,000 and less than $1,000,000: $8,000 per case; and

  - cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: to be determined by the Plaintiff, Defendant, and Mediator on a case-by-case basis.[11]

- Mediations shall take place at a location agreed to by the parties and the Mediator, including holding mediations via video conference. All cases with claim amounts under $500,000 shall be conducted over video conference. In-person mediations shall be held at the law office of Plaintiff's counsel, the Mediator's office, or at another location agreed upon by the Mediator, Plaintiff, and the Defendant.

- If the parties mutually request that a Mediator travel from the Mediator's home state to another location for mediation, and the Mediator agrees to the location, the parties shall split the reasonable costs of the Mediator's travel and accommodations, and the

---

[10] Plaintiff reserves the right to add or remove mediators from the Mediator List any time after the original Mediator List is filed with the Court, including after any order is entered approving the Motion, provided that the additional mediators will be selected from the register of mediators maintained by the Court.

[11] To the extent any defendants choose to mediate in a group, the above mediation fees will be determined based on the aggregate claim amounts reflected in the complaints filed against the members of the group.

Mediation Fee shall increase as follows: $500 per party, per case in the event that the Mediator travels within the continental United States or Canada, and $1000 per party, per case in the event the Mediator travels outside the continental United States or Canada.[12]

- Promptly after the filing of the Notice of Mediator Selection, Plaintiff's and Defendant's counsel (or the Defendant, if appearing *pro se)* shall jointly contact the selected Mediator to discuss the mediation. The mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

- Except as set forth herein, the mediation shall be conducted in accordance with General Order M-390, which is available on the Court's website (http://www.nysb.uscourts.gov/).

- The parties shall exchange, and provide the Mediator with a copy of, their position statements ("**Position Statements**"), which may not exceed ten (10) pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least ten (10) days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal. The Mediator may also require the parties to exchange documents.

- The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and with the full authority to implement any additional procedures which are reasonable and practical under the circumstances.

- The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

- The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. A lack of participation in good faith includes, but is not limited to, the failure to timely pay the Mediator in accordance with these Proposed Procedures. The mediation(s) shall be attended by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for Plaintiff (who must have settlement authority from Plaintiff).

- No Mediator shall mediate any Avoidance Action in which the Mediator or the Mediator's law firm currently represents a party in that Avoidance Action. To the extent the Mediator's law firm represents a party with respect to any Avoidance Action

---

[12] For the avoidance of doubt, the fees and costs set forth in this paragraph shall remain the same regardless of whether the Mediator is participating in a group mediation.

or is otherwise currently adverse to Celsius, the party to the Avoidance Action that the Mediator is mediating, or the Litigation Administrator, the Mediator shall inform the parties, in writing, of the representation and certify that he or she has been walled off from the representation.

- All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408 and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing, or responsibility.

- The mediation shall be conducted so as to be completed within one hundred and eighty (180) days after the date the Notice of Mediator Selection is filed, which deadline may be extended by the mutual consent of Plaintiff, the Defendant, and the Mediator.

- If a party (a) fails to submit the required Position Statement or other submissions as provided in these Proposed Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) fails to attend the mediation, then the non-defaulting party may file a motion with the Court seeking sanctions as may be appropriate under the circumstances, including a motion for default judgment.

- Within ten (10) days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the Remaining Avoidance Action, which shall be limited to stating only (i) whether the Remaining Avoidance Action settled or did not settle; (ii) the date or dates the mediation took place; and (iii) the names of the parties and/or counsel who attended.

## Avoidance Actions Omnibus Hearings

- The Court will schedule regular omnibus hearing dates in the Chapter 11 Cases, on which dates any post-mediation Pretrial Scheduling Conference will take place. Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the omnibus hearing dates unless otherwise ordered by the Court.

## Motions Affecting all Avoidance Actions

- Any motions filed by Plaintiff that affect all of the Avoidance Actions shall be filed in the Chapter 11 Cases and not in each separately docketed Avoidance Action; provided, however, that each Defendant shall receive notice of the filing of the same.

25.    Plaintiff believes that the Proposed Procedures, including mandatory mediation, will provide for an efficient and cost effective means of resolving the Avoidance Actions.  Formal discovery, seeking broad categories of documents and information, will operate to delay and increase the cost involved in prosecuting and defending the Avoidance Actions, whereas the temporary stay of formal discovery and temporary prohibition of filing dispositive motions provided for in the Proposed Procedures will enable the parties to resolve the Avoidance Actions through the informal exchange of information and documentation before the parties are required to incur the substantial costs of formal discovery and litigation.

26.    In addition, after the mediation process, including the submission of Position Statements and participation in the mediation sessions, the parties will have a clear understanding of the factual and legal issues in dispute which will hopefully enable them to narrowly tailor their discovery needs.

27.    The Proposed Procedures are consistent with the Bankruptcy Rules, the Local Rules, and General Order M-390, and are designed to further the goals of judicial economy and efficiency.

## NO PRIOR REQUEST

28.    No other prior motion for the relief sought herein has been made to this Court or any other court.

29.    No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the Motion, enter the

Proposed Order in the form attached hereto as **Exhibit A** and grant such other and further relief as

the Court deems just and proper.

Dated: July 22, 2024
      New York, New York

By: */s/ Samuel P. Hershey*

**WHITE & CASE LLP**
Samuel P. Hershey
Joshua D. Weedman
Lucas Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  sam.hershey@whitecase.com
        jweedman@whitecase.com
        lucas.curtis@whitecase.com
        nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  kwofford@whitecase.com
        devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email:  mudem@askllp.com
– and –

**ASK LLP**
Brigette McGrath, Esq.
Kara E. Casteel, Esq. (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email:  bmcgrath@askllp.com
            kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji,*
*Litigation Administrator, as*
*Representative for the Post-Effective*
*Date Debtors*

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC., *et al.*,[1] | Case No. 22-10964 (MG) |
| Reorganized Debtors. | (Jointly Administered) |

**ORDER ON MOTION FOR AN ORDER ESTABLISHING**
**STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTIONS PURSUANT**
**TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for an Order Establishing Streamlined Procedures Governing Avoidance*

*Actions Pursuant To Sections 502, 547, and 550 of the Bankruptcy Code* (the "**Motion**"),[2] filed by

Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated debtors

(the "**Plaintiff**" or "**Litigation Administrator**"), for entry of an order (the "**Procedures Order**")

establishing streamlined procedures governing the avoidance actions brought by Plaintiff pursuant

to sections 502, 547, and 550 of the Bankruptcy Code identified in **Exhibit 1** annexed hereto (each

an "**Avoidance Action**," collectively, the "**Avoidance Actions**"); and the Court having

jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28

U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and venue being proper before the Court pursuant to 28 U.S.C. §§

1408 and 1409; and the Court having held a hearing on August 27, 2024 to consider the requested

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Motion.

relief in the Motion (the "**Hearing**");[3] and upon the record of the Hearing and all of the proceedings before the Court, the Court finds and determines that the relief requested in the Motion is in the best interest of the Litigation Administrator, creditors, and all parties-in-interest, that the Litigation Administrator has provided due and adequate notice of the Motion and Hearing, and that no other notice is necessary, and that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein, it is hereby:

**ORDERED,** that the Motion is granted; and it is further

**ORDERED**, that the procedures governing all parties to the Avoidance Actions attached hereto as **Exhibit 2** (the "**Avoidance Action Procedures**") and incorporated herein by reference, are hereby approved and shall govern the Avoidance Actions effective *nunc pro tunc* to July 1, 2024;

**ORDERED,** that the Litigation Administrator shall file a written status update ninety (90) days after entry of this Order (and every 90 days thereafter).  Each written report shall list the status of each Avoidance Action and include the following information about each Avoidance Action, as applicable: (i) the case name and adversary proceeding number; (ii) the date the summons was served; (iii) the date a responsive pleading was filed or is due; (iv) the date a Notice of Mediator Selection (defined herein) was filed and the name of the selected Mediator (defined herein); (v) the date the Mediator's Report (defined herein) was filed; (vi) whether the Avoidance Action has been consensually resolved; and (vii) the date on which any pretrial scheduling conference is scheduled or was held;

---

[3] The record of the Hearing is incorporated as if fully set forth herein and, to the extent the terms of this Order are deemed inconsistent with the representations regarding such terms made by counsel to Plaintiff at the Hearing, the terms presented at the Hearing shall control.

**ORDERED,** that the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the Avoidance Action Procedures;

**ORDERED,** that the time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a);

**ORDERED,** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and

**ORDERED,** that this Order shall be effective immediately upon its entry.

**IT IS SO ORDERED.**

Dated: _____, 2024
        New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**AVOIDANCE ACTIONS**

The Avoidance Actions are listed below by their case number as adversary proceedings to the Chapter 11 Cases:

- 24-01505
- 24-01506
- 24-01507
- 24-01508
- 24-01509
- 24-01510
- 24-01511
- 24-01512
- 24-01513
- 24-01514
- 24-01515
- 24-01516
- 24-01517
- 24-01518
- 24-01519
- 24-01520
- 24-01521
- 24-01522
- 24-01523
- 24-01524
- 24-01525
- 24-01526
- 24-01527
- 24-01528
- 24-01529
- 24-01530
- 24-01531
- 24-01532
- 24-01533
- 24-01534
- 24-01535
- 24-01536
- 24-01537
- 24-01538
- 24-01539
- 24-01540
- 24-01541

- 24-01542
- 24-01543
- 24-01544
- 24-01545
- 24-01546
- 24-01547
- 24-01548
- 24-01549
- 24-01550
- 24-01551
- 24-01552
- 24-01553
- 24-01554
- 24-01555
- 24-01556
- 24-01557
- 24-01558
- 24-01559
- 24-01560
- 24-01561
- 24-01562
- 24-01563
- 24-01564
- 24-01565
- 24-01566
- 24-01567
- 24-01568
- 24-01569
- 24-01570
- 24-01571
- 24-01572
- 24-01573
- 24-01574
- 24-01575
- 24-01576
- 24-01577
- 24-01578

- 24-01579
- 24-01580
- 24-01581
- 24-01582
- 24-01583
- 24-01584
- 24-01585
- 24-01586
- 24-01587
- 24-01588
- 24-01589
- 24-01590
- 24-01591
- 24-01592
- 24-01593
- 24-01594
- 24-01595
- 24-01596
- 24-01597
- 24-01598
- 24-01599
- 24-01600
- 24-01601
- 24-01602
- 24-01603
- 24-01604
- 24-01605
- 24-01606
- 24-01607
- 24-01608
- 24-01609
- 24-01610
- 24-01611
- 24-01612
- 24-01613
- 24-01614
- 24-01615

- 24-01616
- 24-01617
- 24-01618
- 24-01619
- 24-01620
- 24-01621
- 24-01622
- 24-01623
- 24-01624
- 24-01625
- 24-01626
- 24-01627
- 24-01628
- 24-01629
- 24-01629
- 24-01630
- 24-01631
- 24-01632
- 24-01633
- 24-01634
- 24-01635
- 24-01636
- 24-01637
- 24-01638
- 24-01639
- 24-01640
- 24-01641
- 24-01642
- 24-01643
- 24-01644
- 24-01645
- 24-01646
- 24-01647
- 24-01648
- 24-01649
- 24-01650
- 24-01651
- 24-01652
- 24-01653
- 24-01654
- 24-01655
- 24-01656
- 24-01657
- 24-01658

- 24-01659
- 24-01660
- 24-01661
- 24-01662
- 24-01663
- 24-01664
- 24-01665
- 24-01666
- 24-01667
- 24-01668
- 24-01669
- 24-01671
- 24-01672
- 24-01673
- 24-01674
- 24-01675
- 24-01676
- 24-01677
- 24-01678
- 24-01679
- 24-01680
- 24-01681
- 24-01682
- 24-01683
- 24-01684
- 24-01685
- 24-01686
- 24-01687
- 24-01688
- 24-01689
- 24-01690
- 24-01691
- 24-01692
- 24-01693
- 24-01694
- 24-01695
- 24-01696
- 24-01697
- 24-01698
- 24-01699
- 24-01700
- 24-01701
- 24-01702
- 24-01703

- 24-01704
- 24-01705
- 24-01706
- 24-01707
- 24-01709
- 24-01710
- 24-01711
- 24-01712
- 24-01713
- 24-01714
- 24-01715
- 24-01717
- 24-01718
- 24-01719
- 24-01720
- 24-01721
- 24-01722
- 24-01723
- 24-01724
- 24-01725
- 24-01726
- 24-01727
- 24-01728
- 24-01729
- 24-01730
- 24-01731
- 24-01732
- 24-01733
- 24-01734
- 24-01735
- 24-01736
- 24-01737
- 24-01738
- 24-01739
- 24-01740
- 24-01741
- 24-01742
- 24-01743
- 24-01744
- 24-01745
- 24-01746
- 24-01747
- 24-01748
- 24-01749

- 24-01750
- 24-01751
- 24-01752
- 24-01753
- 24-01754
- 24-01755
- 24-01756
- 24-01757
- 24-01758
- 24-01759
- 24-01760
- 24-01761
- 24-01762
- 24-01763
- 24-01764
- 24-01765
- 24-01766
- 24-01767
- 24-01768
- 24-01769
- 24-01770
- 24-01771
- 24-01772
- 24-01773
- 24-01774
- 24-01775
- 24-01776
- 24-01777
- 24-01778
- 24-01779
- 24-01780
- 24-01781
- 24-01782
- 24-01783
- 24-01784
- 24-01785
- 24-01786
- 24-01787
- 24-01788
- 24-01789
- 24-01790
- 24-01791
- 24-01792
- 24-01793

- 24-01794
- 24-01795
- 24-01796
- 24-01797
- 24-01798
- 24-01799
- 24-01800
- 24-01801
- 24-01802
- 24-01803
- 24-01804
- 24-01805
- 24-01806
- 24-01807
- 24-01808
- 24-01809
- 24-01810
- 24-01811
- 24-01812
- 24-01813
- 24-01814
- 24-01815
- 24-01816
- 24-01817
- 24-01818
- 24-01819
- 24-01820
- 24-01821
- 24-01822
- 24-01824
- 24-01825
- 24-01826
- 24-01827
- 24-01828
- 24-01829
- 24-01830
- 24-01831
- 24-01832
- 24-01833
- 24-01834
- 24-01835
- 24-01836
- 24-01837
- 24-01838

- 24-01839
- 24-01840
- 24-01841
- 24-01842
- 24-01844
- 24-01845
- 24-01846
- 24-01847
- 24-01848
- 24-01849
- 24-01850
- 24-01851
- 24-01852
- 24-01853
- 24-01854
- 24-01855
- 24-01856
- 24-01857
- 24-01858
- 24-01859
- 24-01860
- 24-01861
- 24-01862
- 24-01863
- 24-01864
- 24-01865
- 24-01866
- 24-01867
- 24-01868
- 24-01869
- 24-01870
- 24-01871
- 24-01872
- 24-01873
- 24-01874
- 24-01875
- 24-01876
- 24-01877
- 24-01878
- 24-01879
- 24-01880
- 24-01881
- 24-01882
- 24-01883

- 24-01884
- 24-01885
- 24-01886
- 24-01887
- 24-01888
- 24-01889
- 24-01890
- 24-01891
- 24-01892
- 24-01893
- 24-01894
- 24-01895
- 24-01896
- 24-01897
- 24-01898
- 24-01899
- 24-01900
- 24-01901
- 24-01902
- 24-01903
- 24-01904
- 24-01905
- 24-01906
- 24-01907
- 24-01908
- 24-01909
- 24-01910
- 24-01911
- 24-01912
- 24-01913
- 24-01914
- 24-01915
- 24-01916
- 24-01917
- 24-01918
- 24-01920
- 24-01921
- 24-01922
- 24-01923
- 24-01924
- 24-01925
- 24-01926
- 24-01927
- 24-01928

- 24-01929
- 24-01930
- 24-01931
- 24-01932
- 24-01933
- 24-01934
- 24-01935
- 24-01936
- 24-01937
- 24-01938
- 24-01939
- 24-01940
- 24-01941
- 24-01942
- 24-01943
- 24-01944
- 24-01945
- 24-01946
- 24-01947
- 24-01948
- 24-01949
- 24-01950
- 24-01951
- 24-01952
- 24-01953
- 24-01954
- 24-01955
- 24-01956
- 24-01957
- 24-01958
- 24-01959
- 24-01960
- 24-01961
- 24-01962
- 24-01963
- 24-01964
- 24-01965
- 24-01966
- 24-01967
- 24-01968
- 24-01969
- 24-01970
- 24-01971
- 24-01972

- 24-01973
- 24-01974
- 24-01975
- 24-01976
- 24-01977
- 24-01978
- 24-01979
- 24-01980
- 24-01981
- 24-01982
- 24-01983
- 24-01984
- 24-01985
- 24-01986
- 24-01987
- 24-01988
- 24-01989
- 24-01990
- 24-01991
- 24-01992
- 24-01993
- 24-01994
- 24-01995
- 24-01996
- 24-01997
- 24-01998
- 24-01999
- 24-02000
- 24-02001
- 24-02002
- 24-02003
- 24-02004
- 24-02005
- 24-02006
- 24-02007
- 24-02008
- 24-02009
- 24-02010
- 24-02011
- 24-02012
- 24-02013
- 24-02014
- 24-02015
- 24-02016

- 24-02017
- 24-02018
- 24-02019
- 24-02020
- 24-02021
- 24-02022
- 24-02023
- 24-02024
- 24-02025
- 24-02026
- 24-02027
- 24-02028
- 24-02029
- 24-02030
- 24-02031
- 24-02032
- 24-02033
- 24-02034
- 24-02035
- 24-02036
- 24-02037
- 24-02038
- 24-02039
- 24-02040
- 24-02041
- 24-02042
- 24-02043
- 24-02044
- 24-02045
- 24-02046
- 24-02047
- 24-02048
- 24-02049
- 24-02050
- 24-02051
- 24-02052
- 24-02053
- 24-02054
- 24-02055
- 24-02056
- 24-02057
- 24-02058
- 24-02059
- 24-02060

- 24-02061
- 24-02062
- 24-02063
- 24-02064
- 24-02065
- 24-02066
- 24-02067
- 24-02068
- 24-02069
- 24-02070
- 24-02071
- 24-02072
- 24-02073
- 24-02074
- 24-02075
- 24-02076
- 24-02077
- 24-02078
- 24-02079
- 24-02080
- 24-02081
- 24-02082
- 24-02083
- 24-02084
- 24-02085
- 24-02086
- 24-02087
- 24-02088
- 24-02089
- 24-02090
- 24-02091
- 24-02092
- 24-02093
- 24-02094
- 24-02095
- 24-02096
- 24-02097
- 24-02098
- 24-02099
- 24-02100
- 24-02101
- 24-02102
- 24-02103
- 24-02104

- 24-02105
- 24-02106
- 24-02107
- 24-02108
- 24-02109
- 24-02110
- 24-02111
- 24-02112
- 24-02113
- 24-02114
- 24-02115
- 24-02116
- 24-02117
- 24-02118
- 24-02119
- 24-02120
- 24-02121
- 24-02122
- 24-02123
- 24-02124
- 24-02125
- 24-02126
- 24-02127
- 24-02128
- 24-02129
- 24-02130
- 24-02131
- 24-02132
- 24-02133
- 24-02134
- 24-02135
- 24-02136
- 24-02137
- 24-02138
- 24-02139
- 24-02140
- 24-02141
- 24-02142
- 24-02143
- 24-02144
- 24-02145
- 24-02146
- 24-02147
- 24-02148

- 24-02149
- 24-02150
- 24-02151
- 24-02152
- 24-02153
- 24-02154
- 24-02155
- 24-02156
- 24-02157
- 24-02158
- 24-02159
- 24-02160
- 24-02161.
- 24-02162
- 24-02163
- 24-02164
- 24-02165
- 24-02166
- 24-02167
- 24-02168
- 24-02169
- 24-02170
- 24-02171
- 24-02172
- 24-02173
- 24-02174
- 24-02175
- 24-02176
- 24-02177
- 24-02178
- 24-02179
- 24-02180
- 24-02181
- 24-02182
- 24-02183
- 24-02184
- 24-02185
- 24-02186
- 24-02187
- 24-02188
- 24-02189
- 24-02190
- 24-02191
- 24-02192

- 24-02193
- 24-02194
- 24-02195
- 24-02196
- 24-02197
- 24-02198
- 24-02199
- 24-02200
- 24-02201
- 24-02202
- 24-02203
- 24-02204
- 24-02205
- 24-02206
- 24-02207
- 24-02208
- 24-02209
- 24-02210
- 24-02211
- 24-02212
- 24-02213
- 24-02214
- 24-02215
- 24-02216
- 24-02217
- 24-02218
- 24-02219
- 24-02220
- 24-02221
- 24-02222
- 24-02223
- 24-02224
- 24-02225
- 24-02226
- 24-02227
- 24-02228
- 24-02229
- 24-02230
- 24-02231
- 24-02232
- 24-02233
- 24-02234
- 24-02235
- 24-02236

- 24-02237
- 24-02238
- 24-02239
- 24-02240
- 24-02241
- 24-02242
- 24-02243
- 24-02244
- 24-02245
- 24-02246
- 24-02247
- 24-02248
- 24-02249
- 24-02250
- 24-02251
- 24-02252
- 24-02253
- 24-02254
- 24-02255
- 24-02256
- 24-02257
- 24-02258
- 24-02259
- 24-02261
- 24-02262
- 24-02263
- 24-02264
- 24-02265
- 24-02266
- 24-02267
- 24-02268
- 24-02269
- 24-02270
- 24-02271
- 24-02272
- 24-02273
- 24-02274
- 24-02275
- 24-02276
- 24-02277
- 24-02278
- 24-02279
- 24-02280
- 24-02281

- 24-02283
- 24-02284
- 24-02285
- 24-02287
- 24-02288
- 24-02290
- 24-02291
- 24-02293
- 24-02294
- 24-02296
- 24-02297
- 24-02298
- 24-02299
- 24-02301
- 24-02302
- 24-02303
- 24-02304
- 24-02305
- 24-02306
- 24-02307
- 24-02308
- 24-02309
- 24-02310
- 24-02311
- 24-02312
- 24-02313
- 24-02314
- 24-02315
- 24-02316
- 24-02317
- 24-02318
- 24-02319
- 24-02320
- 24-02321
- 24-02322
- 24-02323
- 24-02324
- 24-02326
- 24-02327
- 24-02328
- 24-02329
- 24-02330
- 24-02331
- 24-02333

- 24-02334
- 24-02335
- 24-02336
- 24-02337
- 24-02338
- 24-02339
- 24-02341
- 24-02342
- 24-02343
- 24-02344
- 24-02345
- 24-02346
- 24-02347
- 24-02348
- 24-02349
- 24-02350
- 24-02351
- 24-02352
- 24-02353
- 24-02354
- 24-02355
- 24-02356
- 24-02357
- 24-02358
- 24-02359
- 24-02360
- 24-02361
- 24-02362
- 24-02363
- 24-02364
- 24-02365
- 24-02366
- 24-02367
- 24-02368
- 24-02369
- 24-02370
- 24-02371
- 24-02372
- 24-02373
- 24-02374
- 24-02375
- 24-02376
- 24-02377
- 24-02378

- 24-02379
- 24-02380
- 24-02381
- 24-02382
- 24-02383
- 24-02384
- 24-02385
- 24-02386
- 24-02400
- 24-02457
- 24-02533
- 24-02597
- 24-02599
- 24-02602
- 24-02607
- 24-02609
- 24-02612
- 24-02612
- 24-02614
- 24-02615
- 24-02616
- 24-02618
- 24-02621
- 24-02623
- 24-02626
- 24-02628
- 24-02630
- 24-02633
- 24-02635
- 24-02637
- 24-02638
- 24-02639
- 24-02640
- 24-02643
- 24-02644
- 24-02646
- 24-02649
- 24-02650
- 24-02653
- 24-02655
- 24-02656
- 24-02657
- 24-02658
- 24-02659

- 24-02660
- 24-02661
- 24-02662
- 24-02663
- 24-02664
- 24-02665
- 24-02666
- 24-02667
- 24-02668
- 24-02669
- 24-02670
- 24-02671
- 24-02672
- 24-02673
- 24-02674
- 24-02675
- 24-02676
- 24-02677
- 24-02678
- 24-02679
- 24-02680
- 24-02681
- 24-02682
- 24-02683
- 24-02684
- 24-02685
- 24-02686
- 24-02687
- 24-02688
- 24-02689
- 24-02690
- 24-02691
- 24-02692
- 24-02693
- 24-02694
- 24-02695
- 24-02696
- 24-02697
- 24-02698
- 24-02699
- 24-02700
- 24-02701
- 24-02702
- 24-02703

- 24-02704
- 24-02705
- 24-02706
- 24-02707
- 24-02708
- 24-02708
- 24-02709
- 24-02710
- 24-02711
- 24-02712
- 24-02713
- 24-02714
- 24-02715
- 24-02716
- 24-02717
- 24-02718
- 24-02719
- 24-02720
- 24-02723
- 24-02724
- 24-02726
- 24-02727
- 24-02729
- 24-02730
- 24-02732
- 24-02733
- 24-02735
- 24-02736
- 24-02737
- 24-02739
- 24-02740
- 24-02741
- 24-02743
- 24-02744
- 24-02746
- 24-02747
- 24-02748
- 24-02750
- 24-02751
- 24-02753
- 24-02754
- 24-02755
- 24-02757
- 24-02758

- 24-02760
- 24-02761
- 24-02763
- 24-02764
- 24-02765
- 24-02767
- 24-02768
- 24-02770
- 24-02771
- 24-02772
- 24-02773
- 24-02774
- 24-02775
- 24-02776
- 24-02777
- 24-02778
- 24-02779
- 24-02780
- 24-02781
- 24-02784
- 24-02793
- 24-02812
- 24-02820
- 24-02821
- 24-02824
- 24-02824
- 24-02825
- 24-02836
- 24-02875
- 24-02902
- 24-02940
- 24-03042
- 24-03094
- 24-03095
- 24-03110
- 24-03178
- 24-03186
- 24-03232
- 24-03241
- 24-03257
- 24-03311
- 24-03328
- 24-03342
- 24-03549

- 24-03617
- 24-03621
- 24-03627
- 24-03675
- 24-03742
- 24-03743
- 24-03744
- 24-03745
- 24-03746
- 24-03747
- 24-03748
- 24-03749
- 24-03750
- 24-03751
- 24-03752
- 24-03753
- 24-03754
- 24-03755
- 24-03756
- 24-03757
- 24-03758
- 24-03759
- 24-03760
- 24-03761
- 24-03762
- 24-03763
- 24-03764
- 24-03765
- 24-03766
- 24-03767
- 24-03768
- 24-03769
- 24-03770
- 24-03771
- 24-03772
- 24-03773
- 24-03774
- 24-03775
- 24-03776
- 24-03777
- 24-03778
- 24-03779
- 24-03780
- 24-03781

- 24-03782
- 24-03783
- 24-03784
- 24-03785
- 24-03786
- 24-03787
- 24-03788
- 24-03789
- 24-03790
- 24-03791
- 24-03792
- 24-03793
- 24-03794
- 24-03795
- 24-03797
- 24-03798
- 24-03799
- 24-03800
- 24-03801
- 24-03802
- 24-03803
- 24-03804
- 24-03805
- 24-03806
- 24-03807
- 24-03808
- 24-03809
- 24-03810
- 24-03811
- 24-03812
- 24-03813
- 24-03814
- 24-03815
- 24-03816
- 24-03817
- 24-03818
- 24-03819
- 24-03820
- 24-03821
- 24-03822
- 24-03823
- 24-03824
- 24-03825
- 24-03826

- 24-03827
- 24-03828
- 24-03829
- 24-03830
- 24-03831
- 24-03832
- 24-03833
- 24-03834
- 24-03835
- 24-03836
- 24-03837
- 24-03838
- 24-03839
- 24-03840
- 24-03841
- 24-03842
- 24-03843
- 24-03844
- 24-03845
- 24-03846
- 24-03848
- 24-03849
- 24-03850
- 24-03851
- 24-03852
- 24-03853
- 24-03854
- 24-03855
- 24-03856
- 24-03857
- 24-03858
- 24-03860
- 24-03861
- 24-03862
- 24-03863
- 24-03864
- 24-03865
- 24-03866
- 24-03867
- 24-03868
- 24-03869
- 24-03870
- 24-03871
- 24-03872

- 24-03873
- 24-03874
- 24-03875
- 24-03876
- 24-03877
- 24-03878
- 24-03879
- 24-03880
- 24-03881
- 24-03882
- 24-03883
- 24-03884
- 24-03885
- 24-03886
- 24-03887
- 24-03888
- 24-03889
- 24-03890
- 24-03891
- 24-03892
- 24-03893
- 24-03894
- 24-03895
- 24-03896
- 24-03897
- 24-03898
- 24-03899
- 24-03900
- 24-03901
- 24-03902
- 24-03903
- 24-03904
- 24-03905
- 24-03906
- 24-03907

- 24-03908
- 24-03909
- 24-03910
- 24-03911
- 24-03912
- 24-03913
- 24-03914
- 24-03915
- 24-03916
- 24-03917
- 24-03918
- 24-03919
- 24-03920
- 24-03921
- 24-03922
- 24-03923
- 24-03924
- 24-03925
- 24-03926
- 24-03927
- 24-03928
- 24-03929
- 24-03930
- 24-03931
- 24-03932
- 24-03933
- 24-03934
- 24-03935
- 24-03936
- 24-03937
- 24-03938
- 24-03939
- 24-03940
- 24-03941
- 24-03942

- 24-03943
- 24-03944
- 24-03945
- 24-03946
- 24-03947
- 24-03948
- 24-03949
- 24-03950
- 24-03951
- 24-03952
- 24-03953
- 24-03954
- 24-03955
- 24-03956
- 24-03957
- 24-03958
- 24-03959
- 24-03960
- 24-03961
- 24-03962
- 24-03963
- 24-03964
- 24-03965
- 24-03966
- 24-03967
- 24-03968
- 24-03969
- 24-03970
- 24-03971
- 24-03972
- 24-03973
- 24-03974
- 24-03975
- 24-03977
- 24-03979

## <u>EXHIBIT 2</u>

## <u>AVOIDANCE ACTION PROCEDURES</u>

### <u>Stipulation to Extend Time for Defendants to Respond to the Complaint, Mediation before Response</u>

- Without further order of the Court, Plaintiff and any Defendant may stipulate to up to three (3) separate extensions of time for a Defendant to respond to the Complaint under Bankruptcy Rule 7012 (the "**Response Due Date**"), with each extension to be no more than thirty (30) days each.  The stipulation must be in writing to be binding on Plaintiff.

- If the parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending.  If the parties elect to mediate, they must agree in writing to use one of the mediators listed on **Exhibit 3** to the Proposed Order.  If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the completion of mediation and the filing of the mediator's report (the "**Mediator's Report**").

- Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of Plaintiff and Defendant, approved by Order of the Court.

### <u>Stay of Requirement to Conduct Rule 26(f) Conference</u>

- The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed until the completion of mediation and, if the Avoidance Action is not resolved at the mediation, then after the Defendant's response is filed.  Following the filing of the Mediator's Report and assuming the Avoidance Action was not resolved during the mediation, the parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "**Scheduling Order**") to the Court prior to or at the Pretrial Scheduling Conference (as defined herein).

### <u>Stay of Requirement to Conduct Pretrial Conference</u>

- The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the completion of mediation. Upon the filing of the Mediator's Report, with respect to each Avoidance Action that is not resolved through mediation or otherwise, Plaintiff shall file with the Court and serve on the Defendant a notice of pretrial scheduling conference (the "**Pretrial Scheduling Conference**") to take place in the adversary proceeding at the next

1

scheduled omnibus hearing; <u>provided</u>, <u>however</u>, that a minimum of fourteen (14) days' notice of the Pretrial Scheduling Conference is required.

## <u>Stay of Discovery</u>

- All formal discovery, including Rule 26 disclosures, shall be stayed until after a Scheduling Order is entered and after the Pretrial Scheduling Conference has occurred in accordance with these Proposed Procedures; <u>provided</u>, <u>however</u>, this stay of discovery shall in no way preclude the parties from informally exchanging documents and other information on a consensual basis in an attempt to resolve an Avoidance Action in advance of, or during, any mediation.

## <u>Settlement of Avoidance Actions</u>

- Consistent with the Plan, Plaintiff is authorized to compromise or settle any of the Avoidance Actions without further court approval.  *See* Plan Art. IV(S).

## <u>Stay of Filing Certain Motions Until After Mediation</u>

- Defendants are prohibited from filing any motions under Federal Rules of Civil Procedure 12(c) or 56, as made applicable by Bankruptcy Rules 7012 and 7056, until after the mediator files a Mediator's Report signifying that the mediation is concluded and a settlement has not been reached.  In all other cases, in the event any Defendant files a responsive motion or pleading, and subject to other agreement in writing between Plaintiff and Defendant or further order of this Court, Plaintiff shall not be required to respond to such motion or pleading until (i) 40 days after the filing of such responsive motion or pleading, or (ii) ninety (90) days after the entry of the Proposed Order, whichever comes later.

## <u>Mediation Procedures and Requirements</u>

- To the extent an Avoidance Action has not been resolved and/or settled within thirty (30) days after an answer is filed, then said Avoidance Action (the "**Remaining Avoidance Actions**") shall be referred to mandatory mediation.  Within the later of two weeks thereafter or two weeks after entry of the Proposed Order (the "**Mediation Deadline**"), the Defendant and Plaintiff shall jointly select a mediator (the "**Mediator**") from the list of mediators (the "**Mediator List**"), a copy of which mediator list is annexed hereto as <u>**Exhibit 3**</u> to the Proposed Order, and Plaintiff shall file on the respective adversary proceeding docket a notice of mediator selection (the "**Notice of Mediator Selection**") on or before the Mediation Deadline.  If the parties

are unable to agree on a mediator within the time set forth herein, Plaintiff shall request that the Court appoint a mediator from the Mediator List.[1]

- The Mediator's fees and reasonable expenses (the "**Mediation Fee**") shall be shared equally by the parties on a fixed-fee schedule as set forth below. The parties shall pay one quarter of the Mediation Fee at least seven (7) calendar days prior to the commencement of mediation (the "**Initial Mediation Fee**"). The remaining fee will be due and paid by the parties on or before the date of mediation, should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the Initial Mediation Fee is nonrefundable. If a party fails to attend the mediation, or fails to cancel or adjourn the mediation at least 24 hours in advance of the start of the mediation, that party will bear sole responsibility for the remaining Mediation Fee. The Mediation Fee shall be as follows:

  - cases with a claim amount (as reflected in the complaint) greater than $100,000 and less than $250,000: $5,000 per case;

  - cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $500,000: $6,500 per case;

  - cases with a claim amount (as reflected in the complaint) equal to or greater than $500,000 and less than $1,000,000: $8,000 per case; and

  - cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: to be determined by the Plaintiff, Defendant, and Mediator on a case-by-case basis.[2]

- Mediations shall take place at a location agreed to by the parties and the Mediator, including holding mediations via video conference. All cases with claim amounts under $500,000 shall be conducted over video conference. In-person mediations shall be held at the law office of Plaintiff's counsel, the Mediator's office, or at another location agreed upon by the Mediator, Plaintiff, and the Defendant.

- If the parties mutually request that a Mediator travel from the Mediator's home state to another location for mediation, and the Mediator agrees to the location, the parties shall split the reasonable costs of the Mediator's travel and accommodations, and the

---

[1] Plaintiff reserves the right to add or remove mediators from the Mediator List any time after the original Mediator List is filed with the Court, including after any order is entered approving the Motion, provided that the additional mediators will be selected from the register of mediators maintained by the Court.

[2] To the extent any defendants choose to mediate in a group, the above mediation fees will be determined based on the aggregate claim amounts reflected in the complaints filed against the members of the group.

Mediation Fee shall increase as follows: $500 per party, per case in the event that the Mediator travels within the continental United States or Canada, and $1000 per party, per case in the event the Mediator travels outside the continental United States or Canada.[3]

- Promptly after the filing of the Notice of Mediator Selection, Plaintiff's and Defendant's counsel (or the Defendant, if appearing *pro se)* shall jointly contact the selected Mediator to discuss the mediation. The mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

- Except as set forth herein, the mediation shall be conducted in accordance with General Order M-390, which is available on the Court's website (http://www.nysb.uscourts.gov/).

- The parties shall exchange, and provide the Mediator with a copy of, their position statements ("**Position Statements**"), which may not exceed ten (10) pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least ten (10) days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal. The Mediator may also require the parties to exchange documents.

- The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and with the full authority to implement any additional procedures which are reasonable and practical under the circumstances.

- The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

- The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. A lack of participation in good faith includes, but is not limited to, the failure to timely pay the Mediator in accordance with these Proposed Procedures. The mediation(s) shall be attended by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for Plaintiff (who must have settlement authority from Plaintiff).

- No Mediator shall mediate any Avoidance Action in which the Mediator or the Mediator's law firm currently represents a party in that Avoidance Action. To the extent the Mediator's law firm represents a party with respect to any Avoidance Action

---

[3] For the avoidance of doubt, the fees and costs set forth in this paragraph shall remain the same regardless of whether the Mediator is participating in a group mediation.

4

or is otherwise currently adverse to Celsius, the party to the Avoidance Action that the Mediator is mediating, or the Litigation Administrator, the Mediator shall inform the parties, in writing, of the representation and certify that he or she has been walled off from the representation.

- All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408 and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing, or responsibility.

- The mediation shall be conducted so as to be completed within one hundred and eighty (180) days after the date the Notice of Mediator Selection is filed, which deadline may be extended by the mutual consent of Plaintiff, the Defendant, and the Mediator.

- If a party (a) fails to submit the required Position Statement or other submissions as provided in these Proposed Procedures or as may be agreed to by the Mediator or ordered by the Court, or (b) fails to attend the mediation, then the non-defaulting party may file a motion with the Court seeking sanctions as may be appropriate under the circumstances, including a motion for default judgment.

- Within ten (10) days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the Remaining Avoidance Action, which shall be limited to stating only (i) whether the Remaining Avoidance Action settled or did not settle; (ii) the date or dates the mediation took place; and (iii) the names of the parties and/or counsel who attended.

## Avoidance Actions Omnibus Hearings

- The Court will schedule regular omnibus hearing dates in the Chapter 11 Cases, on which dates any post-mediation Pretrial Scheduling Conference will take place. Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the omnibus hearing dates unless otherwise ordered by the Court.

## Motions Affecting all Avoidance Actions

- Any motions filed by Plaintiff that affect all of the Avoidance Actions shall be filed in the Chapter 11 Cases and not in each separately docketed Avoidance Action; provided, however, that each Defendant shall receive notice of the filing of the same.

**EXHIBIT 3**

**PROPOSED MEDIATORS**

1.  Derek Abbott

2.  Chris Battaglia

3.  Conor Bifferato

4.  Elise Frejka

5.  Timothy Gallagher

6.  Henry Jaffe

7.  Lori Lapin Jones

8.  Allen Kadish

9.  Luke Murley

10. Deborah Reperowitz

11. Jeffrey Sabin

12. Brad Sandler

13. Ed Schnitzer

14. Judge Christopher S. Sontchi

15. Heidi Sorvino

16. Sean Southard

17. Stephanie Wickouski