Joseph E. Sarachek (Bar # 2163228)
**SARACHEK LAW FIRM**
670 White Plains Rd. - Penthouse
Scarsdale, New York 10583
Telephone:    (646) 403-9775
Facsimile:     (646) 861-4950

*Counsel to BFaller RD LLC, BFaller
ROTH RD LLC, SFaller TRD RD LLC,
and SFaller RD LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**REPLY TO DEBTOR'S SUPPLEMENTAL OBJECTION TO
THE FALLER CREDITORS'S MOTION SEEKING ENTRY OF AN ORDER(I) APPROVING
FURTHER DISTRIBUTION UNDER PLAN OF REORGANIZATION FOR THE FALLER
CREDITORS AND (II) GRANTING RELATED RELIEF**

BFaller RD LLC, BFaller ROTH RD LLC, SFaller TRD RD LLC, and SFaller RD LLC (the "Faller Creditors") by and through their attorneys Sarachek Law Firm respectfully submit this reply to (A) Debtor's Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order (I) Approving Further Distribution Under Plan of Reorganization for the Faller

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

Creditors and (II) Granting Related Relief (the "Supplemental Objections," Docket No. 7535"); (B) the Declaration of Christopher Ferraro, Plan Administrator In Support of The Post-Effective Date Debtors (I) Supplemental Objection To The Faller Creditors Motion Seeking Entry Of An Order Approving Further Distribution Under The Plan of Reorganization For The Faller Creditors And (II) Objection of The Ad Hoc Group of Australian Corporate Creditors Motion For A Liquid Cryptocurrency Distribution, dated July 23, 2024 (the "Ferraro Declaration," Docket No. 7536); and (C) the Declaration of Robert Campagna In Support of The Post-Effective Date Debtors' Supplemental Objection to the Faller Creditors' Motion Seeking Entry of An Order (I) Approving Further Distribution Under the Plan Of Reorganization For The Faller Creditors and (II) Granting Related Relief, dated July 23, 2024 (the "Campagna Declaration," Docket No. 7537). The Supplemental Objection lacks merit and fails to provide any valid justification for the discriminatory and unauthorized actions taken by the Debtors. The Faller Creditors request that the Court grant their Motion and provide the requested relief.

**Unauthorized Separation of Distributions Within the Same Class Violates the Bankruptcy Code**

1. The Debtors admit in the Supplemental Objections, the Ferraro Declaration, and the Campagna Declaration that they discriminated amongst members of the same class of creditors, arbitrarily and without authority from this Court. Without any notice or process, the Debtors limited cryptocurrency distributions to the top 100 corporate creditors. This selective treatment was not provided for in the Plan and directly contravenes the fundamental bankruptcy principle that similarly situated creditors must be treated equally. Article 3 § B(5) of the Plan provides that creditors holding General Earn Claims would receive a *pro rata* share of cryptocurrency alongside other consideration. There is no provision in the Plan that authorized the Debtors to

2

limit distributions based on the size or other ranking of claims within the same class. The Debtors admit this, and this Court should establish a process for providing additional consideration to the Faller Creditors and other similarly situated creditors in order to rectify this unauthorized diversion from the Debtors Plan.

2. The Debtors' actions violate the Bankruptcy Code, specifically § 1129(b)(1), which mandates that a plan must not "discriminate unfairly" and must be "fair and equitable" with respect to each class of claims or interests that is impaired under the plan. By arbitrarily selecting which creditors would receive cryptocurrency, the Debtors created an unjustifiable disparity in treatment among similarly situated creditors, thereby failing to meet the "fair and equitable" requirement.

3. At the June 28 omnibus hearing the Court asked the Debtors counsel, **"[i]f corporate creditors are all in the same class, how can you justify only providing the 100 largest account holders with the option of receiving an in-kind distribution?"** June 28 hearing audio ca. 0:25:21. The Supplemental Objection claims that the Debtors acted within their discretion under the Plan to select distribution methods and agents. However, this discretion does not extend to creating disparities among creditors within the same class. The Ferraro Declaration makes clear that the Debtors made this limitation arbitrarily, as they admitted that they did not have contractual support or judicial permission to do so.

4. Simply put, a plan of reorganization is a contract between a debtor and its creditors. Creditors voted on the Debtors' Plan, which they believed would treat all similarly situated creditors in a class equally. Either everyone in a class should have received cryptocurrency or nobody should have. Why is choosing the top 100 creditors acceptable? The Creditors did not vote to vest authority in the Plan Administrator to make arbitrary choices which would impact

their recoveries. By making such a choice without written authority, the Debtors violated the terms of the Plan. The well-meaning intentions of experienced bankruptcy professionals do not constitute legal authority to contravene the terms of the Plan. The mere fact that the top 100 creditors account for approximately 70% of the claim value does not change the fact that the Debtors unfairly treated the remaining creditors who were denied equal distribution rights.

**Damages to a Subset of Corporate Creditors In The Same Class**

5. The delay and selective distribution method adopted by the Debtors caused significant damages to a subset of corporate creditors, including the Faller Creditors. These damages stem from the loss of potential gains that would have been realized if distributions had been made in cryptocurrency or in a timely manner.

6. The Faller Creditors voted in support of a Plan that proposed to distribute cryptocurrency to all creditors in their class not just the 100 largest corporate creditors. They only decided to receive fiat after the Plan had been approved by the Court and they were told by the Debtors that only the 100 largest corporate creditors would receive cryptocurrency. They were given four days to decide whether to possibly receive cryptocurrency or fiat. Their desire was to receive a distribution quickly. They had many unanswered questions. They were concerned about the delays and costs associated with setting up new accounts with Coinbase when they already had corporate accounts with other cryptocurrency exchanges. In theory, receiving cash should have been quicker than receiving cryptocurrency. But fundamentally, this damage all comes back to the fact that the Debtors materially changed the Plan without Court approval. Why were the Faller Creditors put in this position at the 11th hour when the Debtors had months to organize this process? It appears from the Declarations submitted by the Debtors that the Faller Creditors were an afterthought. Had the Faller Creditors been told in the

solicitation process for the Plan that only the top 100 corporate creditors in their class would receive cryptocurrency, they would have voted against the Plan.

7. In paragraph 10 of the Campagna Declaration it is asserted that the Faller Creditors provided incorrect wire instructions to the Debtors. This is false. On April 9, 2024, the Faller Creditors received an email from the Debtors stating "Bad or Missing Beneficiary Name and/or Mismatch w/ Celsius User Name Missing Beneficiary Address 1". The Faller Creditors are certain that all wire instructions were entered correctly, and they were never told specifically what was incorrect. Many other creditors have reported to counsel for the Faller Creditors that they received similar error messages. This appears to be a default message the Debtors generated. Regardless, the Faller Creditors resent identical wire instructions on April 10, 2024 (within 24 hours). They did not wait twelve days until April 22, as Mr. Campagna indicates. The Debtors' processes are flawed and should be examined in greater detail by the Court because they have harmed the Faller Creditors and other similarly situated creditors.

8. The disparate treatment among creditors has resulted in the Faller Creditors incurring damages in excess of $350,595.02, as outlined in the Motion and supported by the affidavit of Laura Faller McNeil. The unfair treatment and resultant damages necessitate a reconciliation to make the affected creditors whole. Furthermore, it is important to note that there are over 36 joinders to the Faller Creditors Motion, many of whom have contacted counsel for the Faller Creditors and expressed their willingness to work together to address Debtors discriminatory treatment and seek appropriate relief.

###

## Conclusion

In light of the unauthorized actions by the Debtors, the violation of the Bankruptcy Code, and the resultant damages to the Faller Creditors and similarly situated corporate creditors, the Faller Creditors respectfully request that the Court:

i. Grant the Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors.

ii. Order the Debtors to provide additional compensation to the Faller Creditors in the sum of $350,595.02.

iii. Ensure that all similarly situated corporate creditors are treated equally and receive fair compensation for the damages incurred due to the Debtors' discriminatory distribution practices.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Faller Creditors request that the Court enter the Order granting the relief requested herein.

| | |
|---|---|
| Scarsdale, New York<br>Dated: July 26, 2024 | /s/Joseph E. Sarachek<br>Joseph E. Sarachek (Bar # 2163228)<br>**SARACHEK LAW FIRM**<br>670 White Plains Rd. - Penthouse<br>Scarsdale, New York 10583<br>Telephone:    (646) 403-9775<br>Facsimile:     (646) 861-4950 |