*Pro Se*
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
_____
                                                          )
In re:                                                   )    Chapter 11
                                                          )
CELSIUS NETWORK LLC, *et al.,*[1]    )    Case No. 22-10964 (MG)
                                                          )
                Debtors.                            )    (Jointly Administered)
_____)

The Honourable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY 10004

**Fair and equitable distributions for all corporate creditors of the same class**

Dear Chief Judge Glenn,

Motion

1.  Given the unreasonable delays in making distribution, those creditors still unpaid their distribution and who prefer a USD payment shall have their USD entitlement calculated at a more current date, within 2 weeks of their expected USD distribution payment being received. Those preferring crypto should receive the same crypto amounts based on the original effective date (If a suitable distribution partner is available).

2.  Those corporate creditors that have already received their claim in USD should receive an additional payment of interest for the time taken between the effective date plus reasonable time and receiving the funds. As per 1. Agreement on the 'sensible level of time to receive the distributions' should be approved before this can be ruled upon.Creditors seeking this additional payment of interest also reserve their right to seek compensation for the fact they have been paid USD instead of crypto and/or for losses they have incurred as a result of the delay in being paid USD

3.  On each instance that the Debtors has attempted a wire transfer that failed, to provide to the creditor detailed evidence of the failed wire transfers including but not limited to: a) the full set of instructions they provided to their remitting bank, and b) the full error message received on attempted (failed) transfer.

Reason for motion

1.      In 2024, the debtor contacted the 'top 250' creditors (presumably by claim value) and requested that they indicate their payout preference (Crypto vs US dollar) despite this question having already been asked to **all** creditors in the ballot regarding the plan. The debtor chose just 100 from this list and issued crypto currency to these creditors. **None of this was disclosed to the court for approval prior to execution.**

The Debtors proceeded to sell the cryptocurrency into USD on January 16th 2024 before distributions started, and even before they solicited who wants cryptocurrency vs USD. **This was not disclosed to the court for approval prior to execution**

The debtor did not sufficiently prepare to distribute fairly to all of the eligible creditor base. Their agreements with distribution partners did not ensure that similarly situated creditors in the same voting class, in particular corporate creditors, would be treated with equality in regard to their distribution.

1 + 2   Whilst the plan indicates that creditors shall not "be entitled to interest, dividends, or accruals on the distributions provided for in the Plan", the plan does state that "Distributions shall generally commence on, or as soon as reasonably practicable after, the Effective Date". Therefore there has to be a **sensible level** of time after the effective date for the term 'reasonably practicable' where this becomes null and void and interest payments should apply.


3.      Six months have passed since the Effective Date of 31st January 2024 and in that time creditors have either been kept in the dark, or have been sent multiple emails stating "A wire transfer could not be completed with the banking details you provided" or similar, without any specific details of which information the remitting bank is rejecting.

Repeated attempts by creditors to seek more information on the failed wire transfer are either not responded to or replied to with a generic email of no useful information.

It seems rather incredulous that the failure rate for international wire transactions is as high as the Debtor state (over 50%) even after supposedly repeated attempts, indicative of an unaddressed but systematic failing on the Debtor's side.

For all international wire transfers there is a standardised proof of payment document associated with every wire transfer, whether it ends up being successful or rejected. For example, in the case of SWIFT transfers it is an MT103 document, and there are equivalents for SEPA transfers (Europe), ACH transfers (USA), and BACS transfers (UK). This document should be provided to the creditor for each failed transaction to help problem-solve.


How could this have been handled differently by the debtors?

1. The debtor claims that they were struggling to find a suitable cryptocurrency distribution partner. Even if this was the case, they should have contacted each affected creditor to:
    a. Ascertain whether they had a valid, KYC completed a corporate account application with Coinbase, and if so, arranged for their distribution in a timely manner.
    b. The debtor should have asked Coinbase to waive the $1000 fee or should have paid it itself out of funds assigned to the distribution process.
    c. Should a corporate creditor have opted for USD payout and the debtor/creditor have banking issues preventing the wire, the debtor should have converted the USD into a USD cryptocurrency stablecoin such as USD Tether (USDt) or USD Coin (USDC) which will enable rapid transaction seamlessly via the cryptocurrency blockchain. (This was not in the plan)
    d. Failing a+b, the debtors should have contacted each unpaid corporate creditor to ask whether to convert the held cryptocurrency into fiat or wait until they can find a suitable distribution partner.

In summary

Plans can be confirmed as long as they do not discriminate unfairly, are fair and equitable with respect to each class of claims. **The debtor's actions have breached this code in multiple ways as outlined above.**

The Debtors should have partnered with a reliable and solvent banking partner competent enough to distribute international wire transfers en masse from the Effective Date of 31st January, specifically because it was their choice alone to sell the Liquid Crypto on 16th January. This should have all been actioned as part of their due diligence, but they did not seek to do this, and must admit responsibility for that failure. It is 2024 and international wire transfers are executed successfully, en-masse, and with ease all over the world.

In the two years of chapter 11 bankruptcy there has been little communication to creditors from the debtor or the unsecured creditor committee. Repeated attempts to communicate with the Debtor have gone mostly unanswered, and when on occasion a reply is received it is in a generic template manner. Many creditors have had to get their updates by reading legal court documents (if they even knew about them!) and relying on other creditors to get updates on developments of the bankruptcy. **This needs to change**.

Given where things now stand 6 months post Effective Date, and with a large cohort of corporate creditors remaining unpaid their distribution to date, it is more than evident that the Debtors simply were not prepared to execute on the Plan in a timely manner and, nor did they take sufficient precautions to not create an inequitable treatment. As a result, I am one of many corporate creditors damaged by this inequitable treatment. The longer this goes on for the greater the degree of inequity amongst similarly situated creditors becomes, and I believe the question of damages must now be addressed.

Thank you, Your Honour

Yours sincerely

James Matthews
Pro se on behalf of himself and Get Streamlined Limited (See court docket 3465)
Distribution received as of 1 Aug 2024 = $0

Below corporate creditors are in support of this motion:

**Mark Vozzo**
**MVozzo Super Pty Ltd As Trustees For MVozzo Superfund**
See court docket 4956
Distribution received as of 1 Aug 2024 = $0
Coinbase Prime: Account is Pending the waiver of $1,000 fee.

**Garcia suarez**
**Superannuation Fund Pty Ltd ATF Garcia Suarez Superannuation Fund**
Distribution received as of 1 Aug 2024 = $0

**John Hitti**
**The Trustee for Simba Discretionary Trust**
Distribution received as of 1 Aug 2024 = $0