**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |

**JOINT STATUS REPORT OF THE POST-EFFECTIVE DATE DEBTORS, THE LITIGATION ADMINISTRATOR AND THE AD HOC COMMITTEE OF CORPORATE CREDITORS**

The above-captioned post-effective date debtors (the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors"), the litigation administrator (the "Litigation Administrator"), and the members of the ad hoc committee of corporate creditors (the "Ad Hoc Committee of Corporate Creditors") (the "Parties") hereby provide this joint status report as to their discussions relating to the *Motion Seeking Entry of an Order (I) Approving the Further Distribution Under Plan of Reorganization for the Faller Creditors and (II) Granting Related Relief* [Docket No. 4911] (the "Corporate Creditor Motion").

Since the hearing on the Corporate Creditor Motion, the Ad Hoc Committee of Corporate Creditors was formed, and that ad hoc group has been in daily dialogue with the Post-Effective Date Debtors regarding the Corporate Creditor Motion. *See Verified Statement of the Ad Hoc Group of Corporate Creditors Pursuant to Bankruptcy Rule 2019* [Docket. No. 7572]. The Debtors and the Ad Hoc Committee of Corporate Creditors have had productive settlement

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

discussions, and to attempt to reach a final agreement, the Parties have agreed to mediation. The Parties coordinated with Coinbase, Inc. ("Coinbase") and the United States Trustee for the Southern District of New York (the "U.S. Trustee") regarding entering mediation to try to resolve the matter. The Parties, the U.S. Trustee, and Coinbase had an initial call with the Honorable Philip Bentley, United States Bankruptcy Judge for the Southern District of New York on August 5, 2024 (the "Mediator"). Following that call, the Parties and Coinbase (the "Initial Mediation Parties") agreed to enter into mediation (the "Mediation") with the Mediator. Contemporaneously herewith, the Initial Mediation Parties submitted a stipulation seeking the Court's approval of the Mediation and the Mediator (the "Stipulation"). The U.S. Trustee indicated that it does not believe that mediation is appropriate at this time, as described further below.

The Parties hope to negotiate a consensual resolution of issues relating to distributions under the Plan to all account holders who are corporate creditors—for the avoidance of doubt, the goal of the Mediation will be to try to find a negotiated outcome for all similarly situated creditors, not just those corporate creditors who are the members of the Ad Hoc Committee of Corporate Creditors.

The Stipulation provides that the Mediation may be attended by any creditor or other party who wishes to join. Any party who wishes to attend the Mediation may do so by writing Chris Koenig (chris.koenig@kirkland.com) by Monday, August 12, 2024. Any party who joins the Mediation will be bound by the rules set forth in the Stipulation (including the mediation privilege) and will have to have a representative attend the Mediation in person, which is currently expected to take place in New York, New York on August 14, 2024.

The Stipulation also envisions the development of facts to answer the questions raised by the Court that will be presented to the parties prior to mediation and submitted to the Court. The Initial Mediation Parties believe that time is of the essence and wish to determine whether a consensual resolution is possible without protracted litigation.

The U.S. Trustee indicated that it believes it is premature to request mediation at this time. The U.S. Trustee's view is that the Post-Effective Date Debtors and the Litigation Administrator should first answer the Court's questions posed at the hearing on July 29, 2024 supported by documentation and testimony before proceeding to mediation. The Parties understand that the U.S. Trustee intends to write the Court separately to explain its position.

The Initial Mediation Parties believe it is appropriate to commence mediation now, and respectfully request that the Court approve the Stipulation approving the Mediation notwithstanding the U.S. Trustee's objection. To be clear, as noted above, the Post-Effective Date Debtors and the Litigation Administrator intend to fully answer the Court's questions and submit facts (be it in the form of a stipulation, declarations, or other testimony) responsive to the Court's questions at the appropriate time—and those facts will be disclosed to the other mediation parties prior to the commencement of mediation, those facts will be discussed as part of the mediation). But the Initial Mediation Parties would like to enter into mediation now to see if a consensual resolution to the Corporate Creditor Motion can be reached simultaneously with the preparation of the factual record that will provide answers to the Court's questions.

[*Remainder of page intentionally left blank.*]

Dated: August 7, 2024

*/s/ Aaron Colodny*

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
sam.hershey@whitecase.com
jweedman@whitecase.com

– and

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com

– and –

Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: ( 305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Litigation Administrator*

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
ross.kwasteniet@kirkland.com
chris.koenig@kirkland.com
dan.latona@kirkland.com

*Counsel to the Post-Effective Date Debtors*

*/s/ Joseph E. Sarachek*
Joseph E. Sarachek (Bar # 2163228)
**SARACHEK LAW FIRM**
670 White Pains Road – Penthouse
Scarsdale, New York 10583
Telephone: (646) 403-9775
Facsimile: (646) 861-4950
Email: joe@saracheklawfirm.com
*Counsel to the Ad Hoc Committee of Corporate Creditors*