WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, NY 10004
Tel. (212) 510-0500
By:    Shara Cornell, Esq.
        Mark Bruh, Esq.
        Trial Attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                                                                                                  : Chapter 11
                                                                                                                                   :
In re                                                                          : Case No. 22-10964 (MG)
                                                                                                                                   :
CELSIUS NETWORK LLC, *et al.*,[1]    : Jointly Administered
                                                                                                                                    :
                                                                                                                                    :
                                                              Debtors.    :
---------------------------------------------------------- x

## STATEMENT OF THE UNITED STATES TRUSTEE

**TO:   THE HONORABLE MARTIN GLENN,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:**

        William K. Harrington, the United States Trustee For Region 2 (The "United States Trustee"), respectfully submits this Statement of the United States Trustee (the "Statement") in response to the following filed documents (together, the "Corporate Creditor Filed Documents"),

- Motion to Allow Fair And Equitable Distributions For All Corporate Creditors of The Same Class [ECF Dkt. No. 7575];
- Letter Rule 2019 Verified Statement [ECF Dkt. No. 7572];

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

- Reply to Motion to Objection of Plan Administrator [ECF Dkt. No. 7551];

- Declaration of Roger Bartlett in Support of the Post-Effective Date Debtors' Objection to the Motion Seeking Entry of an Order (i) Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (ii) Granting Related Relief [ECF Dkt. No. 7538];

- Declaration of Robert Campagna in Support of the Post-Effective Date Debtors' Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order (I) Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Granting Related Relief (related document(s) [ECF Dkt. No. 7537];

- Declaration of Christopher Ferraro, Plan Administrator, in Support of Post-Effective Date Debtors' (I) Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Objection to the Ad Hoc Group of Australian Corporate Creditors' Motion for a Liquid Cryptocurrency Distribution [ECF Dkt. No. 7536];

- Supplemental Objection to Motion / Post-Effective Date Debtors' (I) Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Objection to the Ad Hoc Group of Australian Corporate Creditors' Motion for a Liquid Cryptocurrency Distribution [ECF Dkt. No. 7535];

- Objection / Post-Effective Date Debtors' Omnibus Objection to the Faller Creditors' (I) Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Motion for Discovery to Support Claims Made by Post-Effective Date Debtors in Regards to Equitable Treatment of Corporate Creditors [ECF Dkt. No. 4974];

- Motion for Discovery to Support Claims Made by Post-Effective Date Debtors in Regards to Equitable Treatment of Corporate Creditors [ECF Dkt. No. 4866]; and

- Motion to Compel Plan Treatment [ECF Dkt. No. 4911].[2]

In support thereof, the United States Trustee respectfully states as follows:

## STATEMENT

At a hearing on July 29, 2024, the Court directed counsel for the Debtors, counsel for the pre-disbandment Committee, and Coinbase to engage in discovery to determine why the intended distribution of cryptocurrency to only 100 corporate creditors was not included in any version of a disclosure statement, plan, or plan supplement, who was responsible for this omission, and how

---

[2] The Electronic Case Docket ("ECF") reflects numerous requests to join the Motion to Compel Plan Treatment.

damages would be assessed and paid.³ The Court encouraged the United States Trustee to take part in this process due to the seriousness of these issues.

The United States Trustee agrees with this Court that the issues at hand must be investigated.⁴ These circumstances require transparency. Counsel for the Debtors, the Committee, Coinbase, and some corporate creditors have agreed to engage in mediation, a mediator has been selected, and a mediation order has been drafted. Yet, there has been no motion before the Court and thus, no case in controversy to be mediated.⁵ Further, at this time, only a very limited subsection of corporate creditors have participated in discussions regarding a potential mediation.⁶ But seeking mediation before the Court has received the answers to its questions will potentially result in the Court never having its important questions answered.

Additional facts are necessary in order for this Court to have the answers to its questions: that is, why the intended distribution of cryptocurrency to only 100 corporate creditors was not included in any version of a disclosure statement, plan, or plan supplement, why this information was not brought to the Court's attention, and who is responsible for this omission. These questions

---

³ *See* The Plan [ECF Dkt. No. 3577], at Art. VI, §§ A and B (discussing distribution mechanics).

⁴ *See, e.g.,* July 29, 2024 Transcript (the "July 7 Tr.") at 57:8-13 ("I urge [the UST] to read the filings that relate to this because this is a serious issue. I'm completely dissatisfied."). All transcripts are available upon request and will be supplied directly to the Chambers of the Honorable Martin Glenn.

⁵ On August 7, 2024, the Post-Effective Date Debtors filed a Status Report [ECF Dkt. No. 7585] and Stipulation and Agreed Order [ECF Dkt. No. 7586] (the "Proposed Mediation Order") on behalf of the Post-Effective Date Debtors, the litigation administrator, the ad hoc committee of corporate creditors (the "Ad Hoc Group"), and Coinbase Inc. (together, the "Included Parties"). The Ad Hoc Group apparently consists of nine corporate creditors, however, upon information and belief, there are as many as 1800 corporate creditors that were impacted by the limited distribution of cryptocurrency to corporate creditors. It is unclear, other than the filing of these documents today, whether notice has been provided to the majority of the remaining corporate creditors and how the Included Parties intend to provide meaningful notice so that the remaining corporate creditors can participate in the mediation proposed for August 12, 2024. Notably, the remaining creditors did not participate in the drafting of the Proposed Mediation Order.

⁶ Ad hoc groups represent their own interests, not the interests of all creditors, even similarly situated. *See In re Celsius Network LLC*, 2024 Bankr. LEXIS 493, *35 (Bankr. S.D.N.Y. Feb. 29, 2024) ("ordinary ad hoc group who [] really just represent[] their own interests.).

are critical to determining who should be financially liable and therefore who should be a party to a resolution and involved in any mediation.

## REQUEST FOR RELIEF

The United States Trustee requests that before any resolution is proposed to the Court for review that the following questions be answered to the fullest extent possible in a comprehensive status report by the Reorganized Debtor, the Plan Administrator, the former Committee, and Coinbase (all as defined by the confirmed Plan).

1. <u>Initial Discussions</u>: When did the discussion regarding how many corporate creditors would receive cryptocurrency first occur? At that time, was it known how many corporate creditors there were in the aggregate and how much these claims were in the aggregate? Who was party to this first discussion? Who was provided notice of this discussion?
2. <u>Finalization of the 100 Corporate Distribution Limitation</u>: After the initial discussions, when was the decision to pay only 100 corporate creditors cryptocurrency distributions finalized and who were the parties to the discussion and final decision?
3. <u>Selection of the 100 Corporate Creditors</u>: How were the 100 corporate creditors selected and who made the selection?
4. <u>Notice of Fiat Distribution</u>: How and when were corporate creditors notified that they were either chosen as one of the 100 corporate creditors to receive cryptocurrency distributions or that they would receive fiat currency?
5. <u>Who Should be a Party</u>: Who are the aggrieved parties and how will they have an opportunity to prosecute, defend, or otherwise be party to any litigation, mediation, settlement, or similar?

## RESERVATION OF RIGHTS

The United States Trustee reserves his rights to supplement this Statement and object at any hearing in connection with the Corporate Creditor Filed Documents, as well as any settlement in connection therewith, and to other deficiencies and/or amendments, including supplemental disclosures, documents, brief, motions, and/or pleadings.

Dated: New York, New York
      August 7, 2024

                                   Respectfully submitted,

                                   WILLIAM K. HARRINGTON
                                   UNITED STATES TRUSTEE, REGION 2

By:    /s/ Shara Cornell
        Shara Cornell
        Trial Attorney
        Office of the United States Trustee
        Alexander Hamilton Custom House
        One Bowling Green, Rm. 534
        New York, New York 10004
        Tel.: (212) 510-0500