UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER
BETWEEN THE POST-EFFECTIVE DATE DEBTORS,
COINBASE, THE LITIGATION ADMINISTRATOR, AND THE AD HOC
COMMITTEE OF CORPORATE CREDITORS FOR APPOINTMENT OF A
MEDIATOR**

The above-captioned post-effective date debtors (the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors"), the litigation administrator (the "Litigation Administrator"), Coinbase, Inc. ("Coinbase"), and the members of the ad hoc committee of corporate creditors (the "Ad Hoc Committee of Corporate Creditors" and together with the Post-Effective Date Debtors, the Litigation Administrator, and Coinbase the "Mediation Participants" and each a "Mediation Participant"), have agreed to mediation (the "Mediation") as set forth below and hereby enter this stipulation and agreed order (this "Stipulation and Agreed Order") and agree as follows:

**RECITALS**

**WHEREAS**, on June 3, 2024, the Faller Creditors filed the *Motion Seeking Entry of an Order (I) Approving the Further Distribution Under Plan of Reorganization for the Faller*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Creditors and (II) Granting Related Relief* [Docket No. 4911] (together with all joinders thereto, the "Faller Motion") and the *Affidavit of Laura Faller McNeil in Support of Faller Creditors' Motion Seeking Entry of an Order (I) Approving Further Distribution Under Plan of Reorganization for Corporate Creditors and (II) Granting Related Relief* [Docket No. 4912] with the United States Bankruptcy Court for the Southern District of New York (the "Court"). Numerous creditors filed joinders to the Faller Motion.

**WHEREAS**, on June 20, 2024, the Post-Effective Date Debtors filed the *Post-Effective Date Debtors' Omnibus Objection to the Faller Creditors' (I) Motion Seeking Entry of an Order (I) Approving Further Distribution Under Plan of Reorganization for Corporate Creditors and (II) Motion for Discovery to Support Claims Made by Post-Effective Date Debtors in Regards to Equitable Treatment of Corporate Creditors* [Docket No. 4974] (the "Post-Effective Date Debtors' Objection") and the *Declaration of Jeremy Tilsner in Support of the Post-Effective Date Debtors' Omnibus Objection to the Faller Creditors' (I) Motion Seeking Entry of an Order (I) Approving Further Distribution Under Plan of Reorganization for Corporate Creditors and (II) Motion for Discovery to Support Claims Made by Post-Effective Date Debtors in Regards to Equitable Treatment of Corporate Creditors* [Docket No. 4976].

**WHEREAS**, on July 8, 2024, certain Australian corporate creditors filed the *Motion to Direct Celsius to Issue Australian Corporate Creditors with Bitcoin (BTC) and Ether (ETH), Not USD Cash, for those who Remain Unpaid their Distributions in the Amounts of Cryptocurrency that they would have Received for their Claims as at the 15 January 2024 prices fixed by Celsius, or in the alternative, Motion to Compel that Celsius be Directed to Issue Bankruptcy Proceeds to Australian Corporate Creditors only in USD Wire Transfers Rather than Checks* [Docket 6892] (the "Australian Distribution Motion").

**WHEREAS**, on July 23, 2024, the Post-Effective Date Debtors filed the *Post-Effective Date Debtors' (I) Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Objection to the Ad Hoc Group of Australian Corporate Creditors' Motion for a Liquid Cryptocurrency Distribution* [Docket No.7535], the *Declaration of Christopher Ferraro, Plan Administrator, in Support of the Post-Effective Date Debtors' (I) Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Objection to the Ad Hoc Group of Australian Corporate Creditors' Motion for a Liquid Cryptocurrency Distribution* [Docket No. 7536], and the *Declaration of Robert Campagna in Support of the Post-Effective Date Debtors' (I) Supplemental Objection to the Faller Creditors' Motion Seeking Entry of an Order Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Objection to the Ad Hoc Group of Australian Corporate Creditors' Motion for a Liquid Cryptocurrency Distribution* [Docket No. 7537].

**WHEREAS**, also on July 23, 2024, Coinbase filed the *Declaration of Roger Bartlett in Support of the Post-Effective Date Debtors' Objection to the Motion Seeking Entry of an Order (I) Approving Further Distribution Under the Plan of Reorganization for the Faller Creditors and (II) Granting Related Relief* [Docket No. 7538].

**WHEREAS**, also on July 26, 2024, the Faller Creditors filed the *Reply to Debtor's Supplemental Objection To The Faller Creditors' Motion Seeking Entry of An Order (I) Approving Further Distribution Under Plan of Reorganization For the Faller Creditors And (II) Granting Related Relief* [Docket No. 7551].

**WHEREAS**, numerous joinders to the Faller Motion have been filed and counsel and members of the Ad Hoc Committee of Corporate Creditors have been in communication with these parties, which may serve to facilitate a resolution.

**WHEREAS**, on July 29, 2024, the Court held a hearing to consider the Faller Motion and the Australian Distribution Motion. The Court adjourned the Faller Motion and the Australian Distribution Motion to the next omnibus hearing on August 27, 2024.

**WHEREAS**, on August 1, 2024, the Sarachek Law Firm filed the *Verified Statement of the Ad Hoc Committee of Corporate Creditors Pursuant to Bankruptcy Rule 2019* [Docket No. 7572].

**WHEREAS** the Parties have since met and conferred and desire to attempt to negotiate a consensual resolution of the disputes underlying the Faller Motion and the Australian Distribution Motion (collectively, the "Mediation Topics").

**WHEREAS** the Parties believe that mediation may assist in such efforts.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The Honorable Philip Bentley, United States Bankruptcy Judge for the Southern District of New York, is to serve as the mediator (the "Mediator" or "Judge Bentley") in the Mediation in these chapter 11 cases. At all times in the performance of his duties as the Mediator, Judge Bentley will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

2. The Mediator is authorized to mediate any issues and disputes related to the Mediation Topics, including the facts pertaining to the Mediation Topics which shall be submitted to the Court at the conclusion of the mediation. The scope and procedures for the Mediation,

including procedures for the development of relevant facts and the submission of written position statements, will be determined by the Mediator following consultation with the Parties as he deems appropriate.

3. Pursuant to Local Rule 9019-1, the Mediation is subject to the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings (the "SDNY Mediation Procedures").

4. <u>Time and Place of Mediation</u>.  The Mediation will commence at a time and place to be agreed upon by the Mediator and the Parties, which is currently anticipated to be August 14, 2024, and will take place in New York, New York at a location to be determined by the Mediator.  At least one representative for each Mediation Participant shall attend the Mediation in person, but principals may attend the mediation remotely if a representative is also attending in person.  The Mediation shall terminate on the earlier of: (a) the date on which a resolution has been reached or the Mediator agrees that the Mediation Participants are at an impasse; and (b) the date that is six weeks following the entry of this Stipulation and Agreed Order or such later date as the Mediation Participants may agree.

5. <u>Participation by Any Party</u>.  Any party in these chapter 11 cases (including the United States Trustee and any creditor) that wishes to attend the Mediation may participate in the mediation and must email counsel to the Post-Effective Date Debtors (Chris Koenig at chris.koenig@kirkland.com) by August 12, 2024 indicating their desire to participate; *provided* that any party that participates in the Mediation shall be considered a Mediation Participant and shall be required to sign a joinder to this Stipulation and Agreed Order and agree to be bound by its terms, including, but not limited to, those provisions regarding the protection of information disclosed at Mediation and the requirement that at least one representative shall attend the

5

Mediation in person. Corporate creditors that would like to participate in the Mediation but are unable to attend in person may contact counsel to the Ad Hoc Committee of Corporate Creditors for more information on how they can join such group and participate remotely (Joseph E. Sarachek, joe@sarecheklawfirm.com).

6.     <u>Submission of Materials</u>.  Each Mediation Participant may directly submit to the Mediator any materials (the "Submission") in form and content as the Mediator directs. Prior to the Mediation, the Mediator may confer with the Mediation Participants to determine what materials would be helpful. The Submission must not be filed with the Court.

7.     <u>Protection of Information Disclosed at Mediation</u>.  The Mediator, the Mediation Participants, and their advisors are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the Parties in the course of the Mediation. No person may rely on or introduce as evidence in any arbitration, judicial, or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (a) views expressed or suggestions made by a Mediation Participant with respect to a possible settlement of the dispute; (b) the fact that another Mediation Participant had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) oral or written statements or admissions made by a Mediation Participant in the course of the Mediation; and (e) documents prepared for the purpose of, in the course of, or pursuant to the Mediation, including but not limited to the Submissions. Without limiting the foregoing, the Mediation Participants are bound by (x) rule 408 of the Federal Rules of Evidence and (y) any applicable federal or state statute, rule, common law, or judicial precedent relating to the privileged nature of settlement discussions, mediations, or other alternative dispute resolution procedures. All statements and Submissions made during the course of the Mediation are privileged settlement

discussions, and are made without prejudice to any Mediation Participant's legal position, and are inadmissible for any purpose in any legal proceeding. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Mediation Participant in the Mediation.

8. <u>Discovery from Mediator</u>. The Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications, or other documents received or made by the Mediator while serving in such capacity. The Mediator may not testify or be compelled to testify regarding the Mediation in connection with any arbitration, judicial, or other proceeding. The Mediator will not be a necessary party in any proceedings relating to the Mediation. Nothing contained in this paragraph prevents the Mediator from reporting (a) the status, but not the substance, of the mediation effort to the Court or (b) whether a Mediation Participant failed to participate in good faith in the Mediation.

9. <u>Preservation of Privileges</u>. The disclosure by a Mediation Participant of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of such information.

10. The results of the Mediation are non-binding upon the Parties except to the extent the Parties enter into a binding settlement as part of the Mediation.

11. The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

12. Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation and Agreed Order are immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

[*Remainder of page intentionally left blank.*]

**SO STIPULATED:**

Dated:  August 7, 2024

| | |
|---|---|
| */s/ Aaron Colodny* | */s/ Joshua A. Sussberg* |

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        sam.hershey@whitecase.com
        jweedman@whitecase.com

– and

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Facsimile:  (312) 881-5450
Email:  gregory.pesce@whitecase.com

– and –

Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone:  ( 305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –

Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Litigation Administrator*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Post-Effective Date Debtors*

*/s/ Joseph E. Sarachek*
Joseph E. Sarachek (Bar # 2163228)
**SARACHEK LAW FIRM**
670 White Pains Road – Penthouse
Scarsdale, New York 10583
Telephone:  (646) 403-9775
Facsimile:          (646) 861-4950
Email: joe@saracheklawfirm.com
*Counsel to the Ad Hoc Committee of Corporate Creditors*


*/s/ Thomas S. Kessler*
Thomas S. Kessler
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York  10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: tkessler@cgsh.com
*Counsel for Coinbase*

[*Remainder of page intentionally left blank.*]

The Objection of the U.S. Trustee is **OVERRULED WITHOUT PREJUDICE** to being raised in connection with any settlement negotiated by the parties which shall require approval by the Court.

**IT IS SO ORDERED.**

Dated:  August 8, 2024
         New York, New York

                                                                  /s/ Martin Glenn
                                                              MARTIN GLENN
                                                   Chief United States Bankruptcy Judge