UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: : | Chapter 11 | |
|     Celsius Network LLC, et al., : | 22-bk-10964-MG | |
|     Debtors. : | | |
| : | | |
| Mohsin Y. Meghji, : | | |
|     Plaintiff, : | Adversary Proceeding | |
|     v. : | 24-ap-01997-MG | |
| David Schreiner, : | | |
|     Defendant. : | | |
| : | | |

## OBJECTION TO MOTION TO STREAMLINE (ECF 7534)

The Court should deny the motion (ECF 7534) because delaying Plaintiff's response to any motion to dismiss (ECF 7534, Ex. 2, p. 2) while simultaneously compelling 2500 defendants to attend "mandatory mediation" (id.), all of whom by definition did not accept prior offers from Plaintiff, allows Plaintiff to avoid justifying these problems with the preference claims:

1. There is no way to reconcile Plaintiff's preference claims with the Second Circuit's expansive interpretation of section 546(e) in *Enron v. Alfa*, 651 F.3d 329 (2d Cir. 2011), the fact that the SEC itself considers the Earn Program to be a "security" under the Securities Act, and the fact that the Bankruptcy Code incorporates the Securities Act's definition of security at 11 U.S.C. § 101(49)(A)(xii).

2. The preference claims are barred under section 547(c)(2) because, by Plaintiff's own allegation, each defendant is one of "hundreds of thousands of customers" who put their assets on Earn Accounts governed by identical terms of service prepared by the Debtor. Compl., ¶¶ 22-23, 32.

3. Plaintiff demands damages according to the values of cryptocurrency in June of 2024 instead of the values at the time of the 2022 transfers. These inflated demands are barred by the

Reorganization Plan (defining "Withdrawal Preference Exposure" according to values "as of the time of such withdrawals") and by case law.  *Comm. of Unsecured Creditors of Interstate Cigar Co. v. Interstate Distribution, Inc. (In re Interstate Cigar Co.)*, 2003 U.S. Dist. Lexis 21845, at 8-9 (E.D.N.Y. Nov. 24, 2003); *see also*, *Coated Sales, Inc. v. First E. Bank, N.A.*, 144 B.R. 663, 668 (Bankr. S.D.N.Y. 1992).  If this Defendant's case is representative, then Plaintiff's complaint demands are inflated by about 2:1 compared with Plaintiff's own prior representations of preference exposure to the same defendants.

The Court should require Plaintiff to explain why these 2500 cases do not run afoul of the Second Circuit's expansive interpretation of section 546, why they are not barred under section 547(c)(2), and why Plaintiff should be permitted to demand valuations as of 2024 when both the Reorganization Plan and case law would restrict Plaintiff to 2022.  The Court should not allow Plaintiff to force mediation on 2500 defendants who by definition have all declined Plaintiff's prior offers, when it does not appear that Plaintiff has even stated a claim under Rule 12(b)(6).

                Respectfully submitted,

                /s/ Alan L. Frank
                Alan L. Frank, Esq.
                Alan L. Frank Law Associates, P.C.
                45 Broadway, Suite 720
                New York, NY 10006
                And
                135 Old York Road
                Jenkintown, PA 19046
                215-935-1000
                215-935-1110 (fax)
                afrank@alflaw.net
                Counsel for Defendant

August 12, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion is being served on all counsel of record by CM/ECF.

                                                                  /s/ Alan L. Frank
                                                                  Alan L. Frank, Esq.