### UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

In re:

CELSIUS NETWORK LLC, et al.,                          Case No. 22-10964 (MG)
Debtors

Moshin Y Meghji,                                      Adv. Proc. No. 24-03922
Plaintiff
v.
John Ankeney
Defendant

**PRO SE OBJECTION TO:**

NOTICE OF MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTIONS PURSUANT TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE (DOC 7534)

John Ankeney
Pro se creditor and now defendant in Case 22-10964 (mg) and Adv. Proc. No. 24-03922

Honorable Judge Glenn:

I'm writing to object formally to the Plaintiff's overreaching and prejudicial motion to combine all withdrawal preference exposure cases, force mediation, force a mediation timeline, and force a payment schedule.

Your Honor, the single most important task and responsibility the court has is to hear complete and impassioned pleas from both sides in a case – this motion would prevent that. Furthermore, this motion skips vital steps in the parent bankruptcy case that affect the process of resolving any and all WPE adversary cases. You have the honored position of setting precedent in an historic case involving digital assets – this is a serious and important case that will be referenced for decades to come. We cannot simply apply standard bankruptcy code to digital assets with volatile valuations. The Plaintiff's motion would have the court cut the corner and bypass the bedrock decisions that must be made and are itemized below:

- Was Celsius a Ponzi scheme?  If so, there are no clawbacks.
- Was Celsius a fraudulent/criminal endeavor?  If so, there are no clawbacks.

- Do these cryptocurrencies meet the standard to be considered securities?  If so, there are no clawbacks.
- Should the court seek an opinion from the SEC on this case?
- When was Celsius insolvent? The Plaintiff's own filings say that it was from the beginning. If so, there are no clawbacks.
- When did Celsius indicate it was insolvent?  Until the bitter end, Celsius assured customers their assets were safe and accessible – should the court really pursue clawbacks if so?
- Was it ordinary for Celsius to allow customers to withdraw assets at any time?  If so, there are no clawbacks.
- Should the court pursue clawbacks to the fullest extent of the 90-day limit?  Your colleague in the FTX case decided clawbacks should be nine (9) days, BlockFI had none.
- How is cryptocurrency to be valued in a bankruptcy?  The Plaintiff would like to pick and choose what's in its best interest, not in the best interest of retail investors who did nothing wrong.  Crypto prices low this month?  Lock in the claim amount.  Crypto prices high this month?  Lock in the WPE amount and demand retail investors pay the inflated price. **This is abusive and the court should recognize it as so.**
- What will the court do about foreign customers who have limited access to service and limited knowledge US court process?  The forced timeline is untenable.
- What is "precedent from this court in prior large-scale litigations?"  This is vague and no source citations are given.  Were these common bankruptcy cases?  Were they between two corporations or against individuals?  They were not cryptocurrency bankruptcy cases. How should the court view crypto bankruptcy cases versus standard cases?

On October 27th, 20203, I submitted the following motion as a pro se creditor:

*"Motion to Authorize/Motion for Declaratory Judgment Excluding Preferential Withdrawal Exposure Based on Ordinary Business Terms/Ordinary Course of Business (Pursuant to section 547(c)(2) of the Bankruptcy Code)."*  Docket number 3944.

The court did not rule on my motion.  I reference it here, Your Honor, as a clear example of how specific and unique each of these cases is.  I describe in my October motion, a detailed and bidirectional pattern between Celsius and me, of depositing and withdrawing crypto (ordinary courses of business).  I demonstrate that my WPE occurred at day 85 and that it occurred after weeks of documented planning with Celsius for my large withdrawal to pay a tax bill.  I am one case – but my single case demonstrates the nuance of each and every one of the 2,500 individuals who are being targeted by the Plaintiff.  **To be clear:  we did nothing wrong.**  We accessed our money as we always had.  This motion would disallow your opportunity, as presiding judge, to consider each case on its merits.  **The Plaintiff would like a gold star for attempting to "streamline" the mass of cases it chose to put on your docket.  This is textbook white knighting, and the court should recognize it as such.**  If the court wants to "streamline" its docket, summarily dismissing all 2,500 WPE cases due to OCB, SH, Ponzi, <90 days, etc. would take care of the Plaintiff-created backlog quickly.

The Plaintiff refers to me and the 2,500 targets of their shake down money grab as "one of the lucky ones". **This is shocking.  This is insulting.**  I, and others, lost significant savings when Celsius collapsed.  At its face, we will lose between 30% and 60% of what we had on Celsius.  This is life changing.  The Plaintiff has come out guns blazing and through fear and intimidation forced many to settle – this is unfortunate as innocent people with no insider knowledge have paid more of their own money simply to eliminate the stress and worry caused by the LOC's heavy-handed pursuits.

At the end of this objection, I include two examples of this overreaching and aggressive pursuit.  In a tactic normally reserved for interstate billboards for slip and fall lawyers, the LOC used forced perspective photos of a gavel and a court building with the intimidating tagline "*… you will face litigation against you to recover 100% of the transfers you made during the preference period, leading to an expensive and time-consuming court case as well as the risk of losing your cryptocurrency in a judgment.*" **This is shameful and unacceptable - the court should recognize it as such.** Let me reiterate, Your Honor, we are real people; we are individual investors who did nothing wrong.  We are victims of the Celsius fraud and now we are being intimidated and pressured to part with even more money.  With this motion, we are being forced into the Plaintiff's timeline and pay schedule.  This cannot stand.

**<u>Below, please find itemized reasons for my objection to Plaintiff's motion:</u>**
1. Individual investors – not corporations.
2. WPEs not valid in this case – Ponzi scheme.
3. WPEs not valid in this case – safe harbor.
4. WPEs not valid in this case – OCB.
5. WPEs not valid in this case – non insider knowledge.
6. WPEs not valid in this case – closest precedent is nine days for clawbacks or none at all.
7. White knighting – the Plaintiff created this mess by targeting 2,500 innocent individual investors, and then hopes the court will see this motion as helpful to the process.  It has placed the cart before the horse and is asking you to bypass integral steps in this case simply to resolve quickly the 2,500 cases it put on your docket.
8. Plaintiff's intimidation techniques and X posts – this is a shameful dragnet.
9. Plaintiff's inflated figures and cherry-picked valuation numbers.
10. Plaintiff picks $100,000 as the WPE cutoff but then this figure is not deducted from WPE valuations.  In the Plaintiff's world, a customer who withdrew $101k is bad actor seeking to steal from the estate … but a customer who withdrew $99.5k is a good actor simply using the Celsius platform as intended.
11. Plaintiff's forced mediation is prejudicial and forces innocent customers, many of whom have lost their life savings, to lose even more by forcing them to defend themselves on the Plaintiff's terms, timeline, and fee schedule.
12. The Plaintiff defines each investor's right to have their individual case be heard by you, the presiding judge, as, "distractions of premature litigation tactics".
13. The Plaintiff has not specifically committed to return any recovered funds from clawbacks to the estate; this is a fishing expedition designed to increase billables.

14. **Prohibiting further motions is an absurd overstep and prejudicial to defendants on a prima facie level.**  By very definition and without shame, the Plaintiff explicitly wants to limit defendants' rights to be heard in an individual hearing/case and even via future motions.  This is a denial of the very core of a defendant's judicial rights.

15. The motion quotes 11 USC 105(a) and alludes to this motion as saving the court from "an abuse of the process".  Defendants right to plead their case is "an abuse of the process?"  Your Honor, the Plaintiff blindly filed 2,500 WPE cases against innocent retail investors and is attempting to deny them the full ability to be heard by you, the presiding judge.  This is an abuse of the process.  Innocent individual investors are being unfairly targeted by the Plaintiff for transactions that were within the normal courses of business – this is an abuse of the process.  Scare tactics and intimidation by the Plaintiff are an abuse of the process.

16. The Plaintiff mentions that 94% of precedent cases were settled with a mediator – were they cases involving cryptocurrency?  **The core questions listed above must be addressed and answered by the court before WPE cases can even be considered.**

17.  No discovery?  Unless we can't mediate?  Again, the Plaintiff wants to use fear and intimidation to convince innocent investors to pay their own money back – and if asked for documentation on this process, the Plaintiff wants to withhold discovery.  This is prejudicial.  No discovery is needed on defendants, the Plaintiff has all Celsius transaction records.  But if a defendant wants full discovery on the Plaintiff, this is denied.  Prejudicial and overreaching.

18. "Stay of Filing Certain Motions Until After Mediation".  **I'm not sure how the court reads this paragraph without getting angry.**  In this motion, the Plaintiff demands that innocent retail investors comply with its timelines and its payment schedules and its prohibition on any further motions – defendants must comply with a strict timeline – but the Plaintiff gets UP TO 90 DAYS to reply.  So again, just like the valuation scheme, the Plaintiff seeks to apply the most strict and punitive limitations on defendants while allowing latitude and freedom to itself.  30 days for defendants to act; 90 days for the Plaintiff to act.

**19.** The Plaintiff lists a sliding scale of fees based on their newly crafted WPE valuations.  These new valuations of the WPE claims are artificially inflated and different from what was listed in the ratified plan.  **This alone is cause for the entire motion to be denied by this court.**

20. Footnote 10:  Plaintiff can change the mediators at any time.  Again, this should offend the court.  Can defendants change mediators?  Can defendants change the timeline for replies?  Can defendants bring more motions?  No.  Only the Plaintiff.  Objection.  Prejudicial.

**21.** The Plaintiff limits position statements to 10 pages?  The Plaintiff wants to summon 2,500 innocent retail investors and then intimidate them to paying their own money back – or else be forced into mediation on their timeline with their fee schedule – and only be able to defend themselves in ten pages or less?  With no ability to motion the court?  This is patently overreaching, and it unfairly limits defendants' ability to plead their case.

**22.** *"Plaintiff believes that the Proposed Procedures, including mandatory mediation, will provide for an efficient and cost-effective means of resolving the Avoidance Actions".* This is the most succinct example of the Plaintiff's white knighting.  If the Plaintiff is genuinely concerned about the court's time and the efficiency of the process, the best course of action would have been NOT to file 2,500 complaints against innocent retail investors until the court decided key factors of this unique and landmark cryptocurrency bankruptcy case.  To file 2,500 WPE cases en masse and then have the audacity to paint itself as the hero of efficiency and cost effectiveness for the court's benefit is repellant. **I'll say this clearly:  the LOC and its counsel should be embarrassed.**

**Summary:**
Your Honor, I urge you to oppose this motion; it is shrouded in virtue, but it seeks to circumvent the very nature and high calling of jurisprudence.  The court must take the time and do the heavy lifting before WPE proceedings can advance.  Was Celsius a Ponzi scheme?  Is cryptocurrency a security?  Is the SEC's opinion germane to this case?  Should the court view clawbacks in crypto as it does in general bankruptcy cases?  Should retail investors be targeted?  For the full 90 days?  The motion is overreaching and prejudicial; it will prematurely limit defendants' fundamental rights to be heard by the court and by you, the presiding judge on this case.  I humbly urge the court to take the long view and first consider the weighty and fundamental pillars of this unique case, only then can the court hold its head high knowing that justice was done.

Thank you for your consideration and attention.


Sincerely,
John Ankeney
Pro se




I certify that a copy of this objection is being submitted to all counsel of record on this motion.

This objection was filed electronically with the court through the court's pro se online upload tool.



