**Moish E. Peltz (mpeltz@frblaw.com)**
**Richard E. Weltman (rew@frblaw.com)**
**Michele K. Jaspan (mjaspan@frblaw.com)**
**FALCON RAPPAPORT & BERKMAN LLP**
*Attorneys for Will Thomas McCann and Thomas Edwin McCann*
265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570
(516) 599-0888

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.<br><br>Debtors. | Chapter 11<br><br>Case. No. 22-10964 (mg) |

**OBJECTION TO MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTION**

Will Thomas McCann and Thomas Edwin McCann ("McCanns" or "Defendants"), by their attorneys, Falcon Rappaport & Berkman LLP, respectfully submit this objection to the Motion for an Order Establishing Streamlined Procedures ("Procedures Motion") (ECF 7534) filed by the Litigation Administrator for Celsius Network LLC and its affiliated debtors ("Plaintiff" or "Litigation Administrator").

1.  The McCanns[1] have been named as defendants in adversary proceeding numbers 24-02700 and 24-02701, and thus have standing to file this objection to the Procedures Motion.

2.  The McCanns object to the Procedures Motion to the extent they (i) preclude the defendants in all preference litigation adversary proceedings from filing motions pursuant to FRCP 12(c) or 56, as applicable by Bankruptcy Rules 7012 and 7056 until after mediation is concluded and settlement has not been reached, (ii) preclude defendants from seeking discovery until after mediation and (iii) impose undue financial burdens by forcing defendants to equally share the costs of mediation. This imposes an even heavier burden on defendants, particularly those with limited financial resources. Cause exists to deny the motion or, alternatively, to modify the proposed

---

[1] Your affirmant has been retained and is in the process of being retained by many other similarly situated individuals in the preference adversary proceedings.

procedures to address these inequities.

3.  The Procedures Motion fails to take into account that all the adversary proceeding cases may be subject to dismissal pursuant to the safe harbor provision of 11 U.S.C. 546(e), which provides a "safe harbor" for transfers made by or to (or for the benefit of) financial institutions, securities clearing agencies, and other participants in securities transactions. If the avoidable transfers sought fall within the scope of this provision, they cannot be avoided. This would negate the need for mediation and premature settlement. To that end, discovery is needed before mediation.

4.  The proposed procedures unfairly shift the costs of mediation to Defendants. The proposed procedures require Defendants to bear half of the mediation fees, which are arbitrarily set at a fixed rate depending on the amount in controversy. For many defendants, especially those with limited liquid assets, these fees represent a significant and disproportionate financial burden. In some cases, the cost of mediation effectively coerces defendants into settlements not based on the merits of the case but on the unaffordability of the process itself. Moreover, the proposed procedures make no provision for defendants who simply cannot afford these fees. This blanket approach fails to consider the individual financial circumstances of the defendants, many of whom may be small investors or entities without the means to shoulder such costs. It is fundamentally unfair to require these defendants to fund a process that benefits Plaintiff without any consideration of their ability to pay, nor a guarantee of distribution of funds from adversary proceeding settlements or trial verdicts.

5.  Cause exists to deny the motion or, at a minimum, to modify the proposed procedures to prevent the imposition of undue financial hardship on defendants. Here, the proposed procedures would create a two-tiered system where only those defendants with sufficient financial

resources can fully participate in the mediation process, while others are left at a disadvantage, and perhaps forced to settle in order to avoid the exorbitant mediation fees unfairly imposed.

6.  It is respectfully requested the Court consider alternative fee arrangements, such as:

i.  Shifting the costs of mediation to the Litigation Administrator, or alternatively, providing a sliding scale for mediation fees based on the defendant's financial capacity.

ii.  An option for defendants to request a waiver or reduction of mediation fees based on demonstrated financial hardship.

iii.  A provision allowing defendants to opt out of mediation if the costs would impose an undue burden, without prejudicing their ability to defend against the avoidance actions.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the McCanns respectfully request that the Court deny the Motion for Streamlined Procedures or, alternatively, (i) modify the proposed procedures to ensure that the costs of mediation do not unfairly burden defendants, particularly those with limited financial resources, (ii) permit discovery in advance of mediation and (iii) permit motions pursuant to FRCP 12(c) and 56, and (iv) that the court grant such other and further relief the Court deems just and proper.

Dated: Rockville Centre, New York
       August 13, 2024

                **FALCON RAPPAPORT & BERKMAN LLP**
*Attorneys for Will Thomas McCann and Thomas Edwin McCann*

By: */s/ Richard E. Weltman*
    RICHARD E. WELTMAN
265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570
(516) 599-0888