# Exhibit E

# Gmail

**Important: Celsius Demand Letter Subject to FRE 408 and All Similar Rules**
1 message

**Celsius Network Restructuring** <no-reply@cases-cr.stretto-services.com>          Thu, May 16, 2024 at 8:05 AM
To: ███████████

White & Case LLP
[1221 Avenue of the Americas](#)
New York, NY 10020-1095
**T** +1 212 819 8200

May 15, 2024

**VIA EMAIL**



Re:  *In re: Celsius Network LLC, et al.*, Case No. 22-10964 (MG)

**SUBJECT TO FRE 408 AND ALL SIMILAR RULES**

Dear ███████,

We represent the Litigation Administrator of Celsius Network, LLC (the "Company" or the "Debtors"). The Litigation Administrator sent you a limited-time settlement offer via email on March 20, 2024 (the "Settlement Offer"), providing you with the opportunity to settle the Company's litigation claims against you arising from your withdrawals from the Celsius platform in the 90 days prior to the Company's bankruptcy filing (your "Preference Exposure"). That Settlement Offer was a mere fraction of your actual liability for preferences that the Litigation Administrator could pursue in litigation.

The Litigation Administrator provided you with an outside date of April 15, 2024 to accept the Settlement Offer. That deadline was subsequently extended to May 1, 2024 in an effort to resolve these claims against you in a constructive manner and to avoid costly litigation. Despite multiple opportunities to settle the claims against you, however, you did not accept the Settlement Offer before it expired two weeks ago. Accordingly, this letter is to notify you that **we are demanding the return of net assets withdrawn by you from the Celsius platform in the 90 days prior to the Company's bankruptcy filing, totaling**: $████   Upon satisfaction of your liability, you will receive a general unsecured claim. That claim will receive the treatment afforded to all general unsecured claims under the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289]. The claim will be valued at petition date pricing, which, for most cryptocurrencies, is significantly less than the value today.

In certain cases, there may be a defense to liability with respect to a preference claim based on various exceptions under 11 U.S.C. § 547(c), including the "subsequent new value" defense and the "ordinary course of business" defense. We have reviewed the Debtors' records to consider whether you may have a defense to this action. If the Debtors' books and records indicate that you made deposits on the Celsius Network, LLC platform after your first withdrawal during the 90 days prior to the Company's bankruptcy filing, we have already reduced your liability by the value of such subsequent new value, if any. With regard to the ordinary course of business defense, we believe the bankruptcy court is unlikely to find that your withdrawals were made in the "ordinary course." Withdrawals during the preference period, which coincided with a general exodus from the crypto markets due to the Terra Luna collapse and a "run on the bank" on Celsius, were not in the "ordinary course." *See, e.g.*, *In re Quebecor World (USA), Inc.*, 518 B.R. 757 (Bankr. S.D.N.Y. 2014) (holding that transactions during the preference period that were inconsistent with transactions from prior to the preference period were not ordinary course); *In re Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 848 (7th Cir. 1997) (finding a run on the bank was an extraordinary scenario for which Section 547(c)(2) offered no defense given that customers generally would have made "long term investments, and for any of them to demand repayment in full was abnormal"). Note that, pursuant to 11 U.S.C. § 547(g), you will bear the burden of proof of showing that any particular defense applies to your case.

While the Litigation Administrator would prefer to resolve this dispute without litigation, if you fail to return the total amount of your Preference Exposure within thirty (30) days of receipt of this letter, the Litigation Administrator will file a complaint with the Bankruptcy Court for the Southern District of New York, and **pursue recovery against you for the maximum amount possible under the law**. The Litigation Administrator strongly encourages you to pay the amount owed on account of your Preference Exposure before you are named in a lawsuit and are forced to face the time, expense, and risk of litigation.

We are available to answer any questions you may have. Email [celsiuslitigationadmin@m3-partners.com](mailto:celsiuslitigationadmin@m3-partners.com) with your questions. Please, however, be mindful of the timeline referenced above.

Sincerely,

*/s/ Samuel P. Hershey*
**Samuel P. Hershey**

1 The numbers in this letter are for settlement purposes only and will not be binding on the Litigation Administrator in any future litigation.  The Litigation Administrator reserves all rights, including to calculate your liability in connection with any preferences and pursue any relief in connection with such liability as he deems appropriate.  Please note that even though you may have properly accepted the Custody Settlement [Docket No. 2291], that settlement, among other things, did not include, or release, preference liability related to assets subsequently transferred off the Celsius platform.

410 Exchange, Ste. 100 | Irvine, CA 92602

unsubscribe

> **Unsubscribe Button on Demand Email.**

> **This email was sent following the data breach.**
>
> **There were never any hard-copy mailings.**