*Private and Confidential*

Jon Collard / 24–01734–mg

August 12, 2024

Honorable Judge Martin Glenn, Chief Judge

One Bowling Green

New York, NY 10004-1408

### Re: Celsius Retail Fraud Victims: Mediation is a Punitive Financial Burden

Dear Judge Glenn,

I am writing to you in response to the motion filed in the case of Celsius Network LLC and its affiliated debtors, seeking the establishment of streamlined procedures governing avoidance actions. **As a retail creditor deeply affected by this case, I am compelled to bring to your attention several critical points that highlight the severe financial burdens faced by many of us who are being sued under these proceedings.** This letter was written with help from others in this same situation but it is no less true.

**Firstly, it is essential to recognize that the thousands of individuals being sued are not corporations or investment firms, but rather innocent retailers who fell victim to fraud.** We are individuals who placed our trust in Celsius Network, believing it to be a legitimate and secure platform for our investments. The subsequent revelations of fraudulent activities have left many of us in precarious financial situations, having already suffered significant losses.

**Secondly, the proposed mediation costs are based not upon the original WPE amount, but an inflated amount based on current cryptocurrency prices.** This is important as it has increased WPE amounts, and mediation costs, significantly for many

creditors. Respectfully, your Honor, the plaintiff is abusing its fiduciary duties to intimidate unsophisticated retail customers.

**Third, while the plaintiff says they alerted creditors to their demand letters, please know these alerts were only two emails, indistinguishable from spam and scams. Many creditors have not heard about the case until after a summons arrived in the physical mail.** It begs the question why there were no efforts for physical, verifiable mail in March or April? Or after the Stretto data breach, at which point phishing spam targeted to retailers was so prevalent many were afraid to open any Celsius emails. To what end could such a deliberate lack of communication and missed settlement opportunities be attributed, other than incompetence or bad faith?

**Lastly, given these circumstances, <u>I urge the court to deny the proposed motion for mandatory mediation and cost sharing by creditors.</u> Myself and many retail creditors are facing significant financial strain and do not possess the resources to engage in a mediation process that demands both time and money.** Mandating mediation and cost sharing would impose an additional, and often insurmountable, burden on individuals who are already struggling to recover from their financial losses.

<u>As to the proposed mediation cost sharing, this should be carried by plaintiff</u>. **There are multiple, strong defenses for non-insider retail creditors and the likelihood of the plaintiffs prevailing in this matter is low**, **making the additional financial burden of mediation unjustly punitive.** As well, in online communities formed around these issues, in which I participate, the common themes are the plaintiff's lack of communication and apparent unwillingness to collaboratively resolve these cases prior to litigation, failing to fulfill their fiduciary duties to ALL creditors. Giving these facts, the large number of complaints filed are unsurprising. **The reasonable conclusion is that plaintiff's inaction from January through July, their failure to provide notice to all affected creditors, and their unwillingness to propose fair and just options for resolution was intentional, forcing innocent creditors into avoidable litigation and creating an unprecedented caseload for this court.** The cost of these deliberate actions by well-funded and highly experienced law firms should not be carried by creditors.

**By making mediation optional rather than mandatory and placing the costs with the plaintiff, the court would provide fair relief throughout an already difficult**

**process to retail creditors and the flexibility to choose the most appropriate course of action based on their individual circumstances.** This approach would ensure that those who are unable to afford mediation are not forced into default judgments due to financial constraints.

Moreover, mandatory mediation may not be the most equitable or effective way to resolve these cases. **Many retail creditors who cannot afford legal representation lack the legal and financial expertise to navigate complex mediation processes, myself included, which could lead to unfair settlements or outcomes that do not adequately reflect the severity of their losses and the fraudulent circumstances they endured.**

**In light of these points, I respectfully urge you to rule against mandatory mediation and cost sharing of mediation in this case.**

I trust that the court will take these considerations into account and provide a ruling that ensures fairness and justice for all affected parties. **Your attention to this matter and your understanding of the financial constraints faced by retail fraud victims are greatly appreciated.**

Yours Sincerely,

Jon Collard

24−01734−mg