**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, et al., | Case No. 22-10964-mg |
| Debtor. | |
| Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors, | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 24-02172-mg |
| Paul James DeRiemaker, | |
| Defendant. | |

**OBJECTION TO MOTION TO STREAMLINE (DOC 7534)**

The Court should deny the motion because delaying Plaintiff's response to any motion to dismiss allows Plaintiff to avoid justifying problems with preference claim. The motion would force the Defendant to attend "mandatory mediation," The Defendant never received prior notices before the Adversary Proceeding (Summons).

1.  There is no way to reconcile Plaintiff's preference claim with the Second Circuit's expansive interpretation of section 546(e) in *Enron v. Alfa*, 651 F.3d 329 (2d Cir. 2011), the fact that the SEC itself considers the Earn Program to be a "security" under the Securities Act, and the fact that the Bankruptcy Code incorporates the Securities Act's definition of security at 11 U.S.C. § 101(49)(A)(xii).

2.  The preference claim is barred under section 547(c)(2) because, by Plaintiff's own allegation, the Defendant is one of "hundreds of thousands of customers" who put their assets on Earn Accounts governed by identical terms of service prepared by the Debtor. Compl., ¶¶ 22-

23, 32.

3. Plaintiff demands damages according to the values of cryptocurrency in June of 2024 instead of the values at the time of the 2022 transfers. These inflated demands are barred by the Reorganization Plan (defining "Withdrawal Preference Exposure" according to values "as of the time of such withdrawals").

The Court should require Plaintiff to explain why the Defendant's case does not align to the Second Circuit's expansive interpretation of section 546, why it is not barred under section 547(c)(2), and why Plaintiff should be permitted to demand valuations as of 2024 when both the Reorganization Plan and case law would restrict Plaintiff to 2022. The Court should not allow Plaintiff to force mediation to the Defendant who by definition has declined Plaintiff's prior offers, when said prior offers were never received.

Dated: August 13, 2024

Respectfully submitted,

Paul DeRiemaker