**WHITE & CASE LLP**
Samuel P. Hershey
Lucas Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
          lucas.curtis@whitecase.com
          nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
          devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
          laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
          kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | § § | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors.[1] | § § § | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor

**LITIGATION ADMINISTRATOR'S OMNIBUS REPLY
TO OBJECTIONS TO MOTION FOR AN ORDER ESTABLISHING
STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTIONS
PURSUANT TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE**

Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated debtors ("**Plaintiff**" or the "**Litigation Administrator**"), through his undersigned counsel, hereby submits this omnibus reply (this "**Reply**") in support of the *Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code* (Dkt. No. 7534) (the "**Procedures Motion**")[2] and in response to the objections to the Procedures Order (collectively, the "**Objections**").[3] In further support of the Procedures Motion and this Reply, the Litigation Administrator states the following:

**PRELIMINARY STATEMENT**

1.  On July 22, 2024, the Litigation Administrator filed the Procedures Motion seeking streamlined procedures (the "**Proposed Procedures**")[4] to manage the Reorganized Debtors' nearly 2,500 preference actions (the "**Avoidance Actions**"). The Litigation Administrator

---

Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Procedures Motion.

[3] Eight Objections to the Procedures Motion were filed by the "**Objecting Defendants**": Austin Michael Craig (Adv. No. 24-01569), Litao Liu (Adv. No. 24-02208), Allister Lam (Adv. No. 24-01594), Melvin Symes (Adv. No. 24-02376), Kenneth Kebbekus (Adv. No. 24-01731), Cang Ly (Adv. No. 24-01610), En Fan Ho (Adv. No. 24-01859), Alex Flocas (24-01564), Daniel Case (Adv. No. 24-01945), Michael Merritt McCloy (Adv. No. 24-03903), Peter John Olson (Adv. No. 24-02238), Kirk Tsai (Adv. No. 24-03948), Jason Awad (Adv. No. 24-02066), Sean Pettis (Adv. No. 24-02299), Kyle Alexander Doohan (Adv. No. 24-01778), Abdelkader Benkreira (Adv. No. 24-01515), Wenifredo Suarez (Adv. No. 24-02686), and Jacob Matthew Setzer (Adv. No. 24-03856) (Dkt. No. 7607); Jacob Jon Steele (Adv. No. 24-02005) (Dkt. No. 7605); William Thomas McCann (Adv. No. 24-02700), Thomas Edwin McCann (Adv. No. 24-02701) (Dkt. No. 7603); Jon Collard (Adv. No. 24-01734) (Dkt. No. 4, filed on Defendant's adversary proceeding docket); John Ankeney (Adv. No. 24-03922) (Dkt. No. 7602); Debashish Roy (Adv. No. 24-02030) (Dkt. No. 7611); James DeRiemaker (Adv. No. 24-02172) (Dkt. No. 7610); and David Schreiner (Adv. No. 24-01997) (Dkt. No. 7595).

[4] *See* Procedures Motion, Ex. A.

2

purposefully filed the Procedures Motion well in advance of the August 27, 2024 hearing date to afford all parties substantial time to raise any issues with the Proposed Procedures, in the hope that those issues could be resolved before the hearing. This plan worked. Since filing the Procedures Motion, the Litigation Administrator has engaged in conversations with counsel to numerous parties, including counsel to certain large groups. As a result of these discussions, the Litigation Administrator has been able to resolve many parties' concerns and objections. Indeed, of the nearly 2,500 defendants, only 26 defendants filed a combined eight Objections to the Proposed Procedures.

2.  Of these Objections, four raise primarily substantive arguments that may be relevant to the merits of the Litigation Administrator's preference claims but are not relevant to the Proposed Procedures. The remaining four Objections focus on four main issues: (1) an objection to the Litigation Administrator's ability to file motions affecting all Avoidance Actions on the main chapter 11 docket, rather than on the dockets of all 2,500 Avoidance Actions; (2) an objection to the requirement that parties engage in mandatory mediation before making the estate and the Court expend time and resources on litigation; (3) an objection to the requirement that parties bear their own mediation costs; and (4) an objection to the requirement that parties select a mediator from the proposed list attached to the Procedures Motion, rather than from the Court's mediation register. A summary of all the Objections and the Litigation Administrator's responses is provided in the chart attached as **Exhibit A**.

3.  The Court should overrule these Objections. It in no way prejudices the defendants to allow the Litigation Administrator to make filings affecting all parties on the main docket and preserves substantial estate and judicial resources to do so. It also preserves substantial estate and judicial resources to require parties to mediate before litigation. The expense of mediation is minimal in relation to the amounts at issue, particularly for claims under $500,000

3

(the vast majority of claims), and is far less than the cost of litigation. Finally, allowing thousands of parties to select their own mediator from an exhaustive list is impractical, and will result in the parties continually coming to the Court to pick a mediator for them.

4. The Litigation Administrator therefore submits that the Proposed Procedures are fair and reasonable to all parties, and respectfully requests that the Court enter the amended proposed order (the "**Amended Procedures Order**") attached to this Reply as **Exhibit B**.[5]

## ARGUMENT

5. The Litigation Administrator has resolved the majority of the objections to the Procedures Motion. The remaining Objections generally fall into one or more of the following two categories: (a) Objections related to the requirements in connection with mediation, including that the Proposed Procedures require mediation and defendants have to bear their share of the mediation costs and (b) Objections related not to the Proposed Procedures but to the merits of the Avoidance Actions. The Court should overrule the Objections.

6. A court may grant a procedures order if the proposed procedures are "in the best interest of the Debtor, its estate, its creditors and all other parties-in-interest" and "the legal and factual bases set forth in the Motion establish just cause for the relief granted [t]herein[.]" *In re SVB Fin. Grp.*, 2023 Bankr. LEXIS 1315, at *12-13 (Bankr. S.D.N.Y. May 17, 2023) (granting bid procedures motion and overruling unresolved objections). Courts considering a proposed procedures order look to whether (1) the proposing party has provided "[a] reasonable opportunity to object or be heard," (2) parties have received appropriate notice; (3) the procedures were "proposed in good faith by the [d]ebtor [and are] fair, reasonable and appropriate under the circumstances;" (4) and the proposed procedures are "in the best interest" of all parties. *Id.* at *14;

---

[5] For the Court's convenience, the Litigation Administrator attaches as **Exhibit C**, a redline comparing the original Proposed Procedures to the Amended Procedures Order.

4

*see also In re Champion Motor Group, Inc.*, 2009 Bankr. LEXIS 4696, at *5 (Bankr. E.D.N.Y. Dec. 18, 2009) (granting a bid procedures motion as "[t]he Bidding Procedures were negotiated in good faith by the Debtor and the Purchaser and, as modified by the Court, are reasonable and appropriate."). In particular, courts favor motions that promote judicial economy and advance an efficient resolution to the claims at issue. *See, e.g.*, *In re Kossoff PLLC,* 2023 Bankr. LEXIS 1237, at *26 (Bankr. S.D.N.Y. May 10, 2023) (Courts favor motions that "will permit efficient resolution of critical issues. . . avoid needless complexity of proceedings. . . serve judicial efficiency, and . . . benefit all parties—even the Estate—by promoting a cost-effective and timely resolution of [critical issues.]").

7. Notably, similar procedures to those proposed by the Litigation Administrator have been successfully implemented in other bankruptcy cases where there was a large volume of avoidance actions. *See, e.g.*, *Order Granting Motion of BGI Creditors' Liquidating Trust and the Liquidating Trustee to Establish Procedures Governing Adversary Proceedings Brought Pursuant to Sections 547 and 550 of the Bankruptcy Code*, 5-6, *In re BGI, Inc., f/k/a/ Borders Grp., Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Oct. 23, 2012) (Dkt. No. 2922) (including mandatory mediation should avoidance actions not be resolved and/or settled within 30 days, requiring fees be equally split by parties, and having parties choose a mediator from a defined mediator list); *Order Granting Motion of Creditor Trustee for Entry of an Order Establishing Procedures Governing Adversary Proceedings Commenced Pursuant to Sections 502, 547, 548, 549, and 550 of the Bankruptcy Code*, 6-7, *In re Advance Watch Company Ltd., et al.*, Case No. 15-12690 (MG) (Bankr. S.D.N.Y. Nov. 16, 2017) (Dkt. No. 415) (including mandatory mediation should avoidance actions not be resolved and/or settled within 90 days, requiring fees be equally split by parties, and having parties choose a mediator from a defined mediator list).

### A. Resolved Objections

8. The Litigation Administrator has modified the Proposed Procedures to resolve many of the issues raised by the Objecting Defendants, as well as issues raised by certain large groups of defendants (purportedly constituting approximately 25% of all defendants)[6] represented by Deborah Kovsky-Apap of Troutman Pepper Hamilton Sanders LLP (the "**Troutman Defendants**"), and Daniel Besikof of Lowenstein Sandler (the "**Besikof Defendants**"). These changes are reflected in the Amended Procedures Order.

### B. Unresolved Objections

9. As set forth in **Exhibit A**, the arguments raised by the Objecting Defendants break down into five categories. First, the Objecting Defendants object to the Proposed Procedures because they allow that the Litigation Administrator to make any filing that affects all Avoidance Actions on the main docket in the Chapter 11 Cases rather than on the 2,500 individual Avoidance Action dockets (*see* Procedures Motion at 13).[7] Second, the Objecting Defendants object to the requirement that parties engage in mandatory mediation before their claims can be litigated by the parties or heard or decided by the Court.[8] Third, the Objecting Defendants object that they should

---

[6] *See* July 29, 2024 Hr'g Tr. at 22:19-22, *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. July 29, 2024).

[7] *See* Steele's *Objection to Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code* (Dkt. No. 7605, or "**Steele**"), at 7.

[8] *See* Steele, at 2-4; Schreiner's *Objection to Motion to Streamline (ECF 7534)* (Dkt. No. 7595 or "**Schreiner**") at 1; Collard's *Re Celsius Retail Fraud Victims: Mediation is a Punitive Financial Burden* (Dkt No. 4 on Defendant's adversary proceeding docket or "**Collard**") at 2; DeRiemaker's *Objection to Motion to Streamline (Doc 7534)* (Dkt. No. 7610 or "**DeRiemaker**") at 1; Ankeney's *Pro Se Objection to Notice of Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code (Doc 7534)* (Dkt. No., 7602 or "**Ankeney**") at 3. Roy's *Objection to Motion to Streamline (ECF 7534) (*Dkt No. 7611 or "**Roy**") at 1-2.

6

have to bear their mediation costs.[9]  Fourth, the Objecting Defendants argue that they should be able to choose a mediator from the over 60 mediators on the Court's mediation register.[10]  Fifth, the Objecting Defendants raise certain arguments regarding the merits of the Avoidance Actions, not the Proposed Procedures.[11]

10.     As to the first objection, it is hard to see how allowing the Litigation Administrator to make a filing affecting all Avoidance Actions on the main docket of the consolidated chapter 11 cases prejudices defendants.  Rather, this procedure will preserve estate resources, reduce substantial administrative burden on the Court, and promote judicial efficiency by allowing the Court to issue a single order on the main chapter 11 docket.  All defendants can access the docket for the consolidated chapter 11 cases on the claim's agent website at no charge.[12]  Moreover, all defendants will be served with any such filings in the ordinary course.

11.     As to the second objection, under the Proposed Procedures, mediation can be conducted at any time during the litigation, including before or after a responsive pleading is filed.  The only requirement is that parties mediate **before** the estate bears the burden of responding to a responsive pleading, or the Court bears the burden of scheduling a conference, or rendering a decision, in connection with the litigation.  In other words, mandatory mediation does not strip any defendant of the right to litigate (or even set forth its position before mediation), but instead promotes judicial economy and preserves estate and defendant resources by ensuring that the

---

[9]   See Steele, at 4-6; *The Bressler Defendants' Objection to the Litigation Administrator's Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions* (Dkt. No. 7607 or "**Bressler**") at 9-13; Steele at 4-6; McCann's *Objection to Motion for an Order Establishing Streamlined Procedures Governing Avoidance Action* (Dkt. No. 7603 or "**McCann**") at 2-3; Collard at 2; Ankeney at 3.

[10]  Steele at 6-7; Ankeney at 3-4.

[11]  *See generally* DeRiemaker; Schreiner; Roy; Collard.

[12]  *See* https://cases.stretto.com/Celsius.

7

parties litigate only those issues that cannot be resolved through mediation. Moreover, presumably the vast majority of cases will not be litigated until the bitter end but will settle at some point. Requiring parties to begin settlement discussions early in the case will either facilitate an early settlement (thus avoiding needless expenditure of time and resources) or lay the groundwork for future settlement discussions.

12. This Court has recognized the benefits of mandatory mediation in other cases with a large volume of preference actions. *See* Order Granting Motion of Creditor Trustee for Entry of an Order Establishing Procedures Governing Adversary Proceedings Commenced Pursuant to Sections 502, 547, 549 and 550 of the Bankruptcy Code at 6, *In re Advance Watch Company Ltd.*, No. 15-12690 (Bankr. S.D.N.Y. Nov. 16, 2017); Order Granting Motion of BGI Creditors' Liquidating Trust and the Liquidating Trustee to Establish Procedures Governing Adversary Proceedings Brought Pursuant to Sections 547 and 550 of the Bankruptcy Code at 5, *In re BGI, Inc., f/k/a Borders Group Inc.*, No. 11-10614 (Bankr. S.D.N.Y. Oct. 23, 2012). Those benefits are even more important here, where the estate is litigating nearly 2,500 preference actions, many of which (if not the vast majority) can be resolved early on with mediation.

13. As to the third objection, it is fair and reasonable for parties to share their respective portion of the costs of mediation. The costs of mediation are low in comparison to the amounts at issue, starting at just $1,000 for defendants with preference exposure under $500,000 (which are the vast majority of defendants). Moreover, all mediations involving preference exposure under $500,000 are required to be conducted virtually, meaning there will be no travel costs or other ancillary expenses that might otherwise be incurred. By contrast, the cost of litigation will far exceed $1,000 in any scenario, as will the damages owed in connection with any judgment. Moreover, the work that parties will do to prepare for mediation, such as preparing position papers

8

or gathering legal support, can readily be repurposed for litigation. Accordingly, the cost burden on parties from mediation is minimal, and well justified by the potential benefits of mediation.

14. Objecting Defendants Steele, Bressler, McCann, Collard, and Ankeney have argued that the costs of mediation should be borne entirely by the Litigation Administrator or the Estate, or not be equally borne by Plaintiff and the relevant defendant.[13] For the reasons stated above, it is fair and reasonable for the parties to bear their own costs of mediation, as mediation poses a substantial benefit to the defendants, as it does to the Court and the estate. Moreover, the cost to the estate from paying for thousands of mediations would be in the millions of dollars. This structure would also afford defendants undue leverage in mediations where, absent a settlement, the estate will have to bear all the costs.[14]

15. Steele argues that fee sharing deviates from Local Rule 9019-1.[15] This is incorrect. Local Rule 9019-1 requires alternative dispute resolutions to be conducted according to the *Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings* (the **"Procedures Governing Mediation"**), which allows for the Court to "fix such terms as are reasonable and just." *See* Bankr. S.D.N.Y. Loc. R. 9019-1; Bankr. S.D.N.Y. Procs. Governing Mediation at 4.0. For the reasons discussed, the requirement that parties bear their own (minimal) fees from mediation are reasonable and just.

16. As to the fourth objection, the Litigation Administrator has put significant effort into identifying a wide array of former judges, bankruptcy practitioners and individuals with

---

[13] Steele at 4-6; Bressler at 9-12; McCann at 3; Collard at 3; Ankeney at 3.

[14] The Bressler Defendants cite *Kossoff* to argue that splitting the costs of mediation would not promote judicial efficiency. *See* Bressler at 9. *Kossoff*, however, does not discuss whether cost-bearing of mediation promotes efficiency. In fact, *Kossoff* does not discuss anything related to a proposed procedures order.

[15] Steele, at 4.

9

substantial mediation experience. Steele argues that Rule 2.2 of the Court's model Procedures Governing Mediation allows for parties to choose a mediator from the Court's mediation register.[16] But the model Procedures Governing Mediation do not prevent the Court from entering its own procedures order regarding mediation. Allowing all 2,500 defendants to determine their own mediator from an exhaustive list of over 60 people would be impracticable and would result in the parties continually returning to the Court to pick their mediator for them. Indeed, the Court has already expressed concern that 17 mediators is too many. *See* July 29, 2024 Hr'g Tr. at 16:20 – 17:4, *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. July 29, 2024). Notably, Steele does not argue that any of the mediators suggested by the Litigation Administrator lacks qualifications, nor does Steele identify any proposed alternatives.

17. The remaining objections do not address the Proposed Procedures, but rather the merits of the Avoidance Actions.[17] Among other things, these objectors primarily assert that they have a complete defense to the avoidance actions under section 546(e) of the Bankruptcy Code. The Litigation Administrator will respond to these substantive points at the appropriate time. For now, the Litigation Administrator notes that the Proposed Procedures provide a framework for resolving these disputes, which these objections do not address. Accordingly, these objections should be overruled.

## CONCLUSION

**WHEREFORE**, the Litigation Administrator respectfully requests that this Court overrule the Objections, grant the Procedures Motion, and enter the Amended Procedures Order.

*[Remainder of page intentionally left blank.]*

---

[16] Steele, at 6-7.

[17] *See generally* Roy; Collard; DeRiemaker; Schreiner.

Dated: August 23, 2024
      New York, New York

By:  */s/ Samuel P. Hershey*

**WHITE & CASE LLP**
Samuel P. Hershey
Joshua D. Weedman
Lucas Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  sam.hershey@whitecase.com
        jweedman@whitecase.com.
        lucas.curtis@whitecase.com
        nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  kwofford@whitecase.com
        devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email:  mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath, Esq.
Kara E. Casteel, Esq. (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email:   bmcgrath@askllp.com
            kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji,*
*Litigation Administrator, as*
*Representative for the Post-Effective*
*Date Debtors*