# Exhibit A

## Objection Chart

## Litigation Administrator's Objection Response Chart By Issue

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| **INFORMAL OBJECTIONS** | | | |
| **MISCELLANEOUS ISSUES.** | Troutman Defendants and Besikof Defendants[2] | The Proposed Procedures should allow for extensions to be agreed upon through email without the need for formal filing. | **RESOLVED.**<br><br>The Amended Procedures Order now provides that Plaintiff and Defendant may stipulate to up to four separate 30-day extensions of time for a Defendant to respond to the Complaint, which extensions may be memorialized in an email agreement and need not be filed. *See* Amended Procedures Order, Exhibit 2 at 1. |
| | | For Large Group Mediations, the Defendants and Plaintiff should jointly select a mediator and not be limited to the individuals listed in Exhibit 3 of the Proposed Procedures. | **RESOLVED.**<br><br>The Amended Procedures Order now provides that for Large Group Mediations, the Defendants and Plaintiff will jointly select a mediator and will not be limited to the individuals listed in Exhibit 3 to the Proposed Procedures. *See* Amended Procedures Order, Exhibit 2 at 1 n.4. Furthermore, if the parties to a Large Group Mediation are unable to agree to a |

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in the *Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code* (Dkt. No. 7534), *Litigation Administrator's Omnibus Reply to Objections to Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code*, or Amended Procedures Order, as applicable. This chart summarizes the arguments raised in the Objections and provides the Litigation Administrator's response to such arguments. For the avoidance of doubt, the Litigation Administrator reserves the right to respond to any and all objections to the Proposed Procedures at the hearing set for August 27, 2024, whether or not argued in the Reply or listed in this objection chart.

[2]  Neither the Troutman Defendants nor the Besikof Defendants filed formal objections; rather, these issues were informally raised directly with the Litigation Administrator.

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| | | | mediator within a reasonable time, the Court will appoint one for them. *See* Amended Procedures Order, Exhibit 2 at 1 n.4. |
| | | Where the mediator is participating in a Large Group Mediation, Plaintiff should pay more than half of the mediation fee. | **RESOLVED.** The Proposed Procedures ensure fairness by maintaining an equal sharing of mediation costs between the parties, regardless of the number of participants in a represented group but subject to the parties' ability to agree to alternative arrangements. |
| | | If the Pre-Response Mediation does not resolve the Avoidance Action, the Response Due Date should be extended for an additional 30 days following the completion of Pre-Response Mediation and the filing of the mediator's report, subject to additional extensions as agreed upon by the parties. | **RESOLVED.** The Amended Procedures Order now provides that if the Pre-Response Mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the completion of Pre-Response Mediation and the filing of the Mediator's Report; provided that the Response Due Date may be further extended by agreement of the parties under certain circumstances. *See* Amended Procedures Order, Exhibit 2 at 1. |
| | | The Plaintiff should be required to give a minimum of 60 days' notice for the Pretrial Scheduling Conference, extending the current 14-day notice requirement. | **RESOLVED.** The Amended Procedures Order now provides that a minimum of 60 days' notice of the Pretrial Scheduling Conference is required. *See* Amended Procedures Order, Exhibit 2 at 2. |
| | | The Plaintiff should be prohibited from filing any motion under Federal Rule of Civil Procedure 56, as made applicable by Bankruptcy Rule 7056, until after mediation. | **RESOLVED.** The Amended Procedures Order now provides that Plaintiff is prohibited from filing any motion under |

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| | | | Federal Rule of Civil Procedure 56, as made applicable by Bankruptcy Rule 7056, until after mediation. *See* Amended Procedures Order, Exhibit 2 at 2. |
| | | The Proposed Procedures should provide that in-person mediations may also occur at Defendant's counsel's office. | **RESOLVED.** The Amended Procedures Order now provides that in-person mediations may occur at Defendant's counsel's office. *See* Amended Procedures Order, Exhibit 2 at 4. |
| | | For Large Group Mediations, Defendants and Plaintiffs should mutually agree on a briefing schedule, including timing and page limitations. | **RESOLVED.** The Amended Procedures Order now provides that for Large Group Mediations, the parties and the mediator will agree on a reasonable page limit for the parties' position statements. *See* Amended Procedures Order, Exhibit 2 at 4 n.9. |
| | | The Proposed Procedures should provide that the mediator may permit parties to provide the mediator with confidential briefing that is not exchanged between the parties. | **RESOLVED.** The Amended Procedures Order now provides that the mediator may permit parties to provide the mediator with confidential briefing that is not exchanged between the parties. *See* Amended Procedures Order, Exhibit 2 at 4. |
| | | No Defendant should be required to mediate with a mediator whose law firm is currently adverse to the Defendant in any matter. | **RESOLVED.** The Amended Procedures Order now provides that no Defendant will be required to mediate with a mediator whose law firm is currently adverse to the Defendant in any matter. *See* Amended Procedures Order, Exhibit 2 at 5. |

3

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| **FORMAL OBJECTIONS** | | | |
| **MEDIATION FEES.** | Ankeney [Dkt. No. 7602] McCann [Dkt. No. 7603]; Steele [Dkt. No. 7605]; Bressler [Dkt. No. 7607]; Collard [Dkt. No. 7609] | The proposed mandatory mediation fees are excessive and the Debtors' estates should cover the full costs of mediation for all creditors. Defendants would be unduly burdened if they are required to share the costs of mediation. If the Court orders mediation fees be shared among the parties, the Litigation Oversight Committee ("**LOC**") should pay the vast majority of the fees in the interest of fairness and judicial efficiency. The proposed mediation costs are improperly based on the amount of current cryptocurrency prices rather than the original amount of the "Withdrawal Preference Exposure" (as defined in the Plan). | The mediation fees are reasonable, just, and appropriate as the mediation fees are tailored based on the applicable claim amount (as reflected in the Complaint). Indeed, mediating at the outset of litigation benefits all parties by reducing potential expenses related to in-court proceedings, which will far exceed the costs of mediation. As further set forth in section B of the Reply, under the Proposed Procedures, the mediation fees are equally shared amongst the parties to promote equity, to ensure the fees that any party must bear are reasonable, and to make sure mediation costs are not an undue burden on any single party. Furthermore, the LOC is not a party to the avoidance actions and therefore, should not bear the costs of the mediation. Defendants who wish to avoid mediation costs are invited to discuss settlement options prior to mediation. The proposed mediation fees are appropriately scaled based on the claim amount stated in the complaint, which is both appropriate and reasonable. In the demand letters issued to Defendants before initiating litigation, Plaintiff explicitly stated that in litigation, Plaintiff would seek either the value of the assets at today's prices or the assets themselves, rather than using the Defendant-friendly Withdrawal Preference Exposure calculation under the Plan. |
| **MEDIATION MANDATORY.** | Schreiner [Dkt. No. 7595]; | Mediation should be optional rather than mandatory. | The Proposed Procedures, including mandatory mediation, create a uniform process, will provide for |

4

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| | DeRiemaker [Dkt. No. 7610]; Collard [Dkt. No. 7609]; Roy [Dkt. No. 7611] | | an efficient and cost-effective means of resolving the avoidance actions. |
| **MEDIATION – PROPOSED MEDIATORS.** | Ankeney [Dkt. No. 7602]; Steele [Dkt. No. 7605] | The Proposed Procedures improperly limit the mediator list to a list chosen by the Plaintiff, not by the Defendant, and the Defendants should have an opportunity to propose a list of acceptable mediators.<br><br>Under the Proposed Procedures, Plaintiff can improperly change the mediators at any time. | Given the volume of the avoidance actions, the mediator list is meant to streamline the process of selecting mediators and facilitate efficiency.  In a Large Group Mediation, however, Defendants and Plaintiff shall confer in good faith to jointly select a mutually-agreeable mediator and shall not be limited to those mediators on Exhibit 3 of the Proposed Procedures.  If the parties to a Large Group Mediation are unable to agree on a mediator within a reasonable time, the Court shall appoint one for them.<br><br>The objection to the mediator list revisions misconstrues the Proposed Procedures.  Plaintiff is not permitted to change mediators after the Defendant and Plaintiff jointly select a mediator from the Mediator List.  Plaintiff merely reserved the right to add or remove mediators from the Mediator List, including after any order is entered approving the Proposed Procedures, provided that the additional mediators will be selected from the register of mediators maintained by the Court. |

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| **MEDIATION – PAGE LIMITS.** | Ankeney [Dkt. No. 7602] | The imposition of 10-page limits on Defendants' position statements in mediation unfairly limits Defendants' ability to plead their case. | The 10-page limit on mediation position statements is mutual, standard in similar cases, and conserves resources for both parties. Additionally, the mediator may request relevant papers and exhibits from the parties if needed. For Large Group Mediations, the parties and the Mediator shall agree on a reasonable page limit for the parties' position statements. Amended Procedures Order, Exhibit 2 at 4 n.9. |
| **TIMING – PROPOSED PROCEDURES.** | Ankeney [Dkt. No. 7602] | The Proposed Procedures should not be approved until the Court decides certain foundational questions, such as whether certain preference defenses apply. | The legal bases for the avoidance actions and the availability of any applicable defenses should be addressed subsequent to the approval of the Proposed Procedures and at the appropriate juncture in the litigation process. This approach aligns with the objectives of promoting judicial economy and procedural efficiency. The timeline under the Proposed Procedures is similar to procedures authorized by this Court in other cases where the debtor or its representative sought to prosecute a large volume of avoidance actions. |
| **TIMING – MOTIONS AND DISCOVERY.** | Ankeney [Dkt. No. 7602]; McCann [Dkt. No. 7603]; Steele [Dkt. No. 7605] | The Proposed Procedures unfairly preclude the Defendants in the avoidance actions from (a) filing motions pursuant to Federal Rules of Civil Procedure 12(c) or 56, as applicable by Bankruptcy Rules 7012 and 7056, until after the mediation is concluded and settlement has not been reached and (b) seeking discovery until after mediation where discovery is necessary to determine whether the adversary proceeding may be subject to dismissal pursuant to the safe harbor provision of 11 U.S.C. § 546(e). | The temporary stay of discovery and filing of certain motions prior to mediation facilitates the prompt and cost-effective resolution of the avoidance actions and streamlines the avoidance actions without prejudice to any defendant. Under the Proposed Procedures, Defendants are temporarily prohibited from filing any motions under Federal Rules of Civil Procedure 12(c) or 56, as made applicable by Bankruptcy Rules 7012 and 7056, until *after* the mediator files a Mediator's Report signifying that the mediation is concluded and a settlement has not been |

6

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| | | | reached. This temporary prohibition of filing such motions is appropriate and just as it will enable the parties to resolve the avoidance actions before the parties are required to incur the substantial costs of formal litigation. Moreover, the stay of discovery does not preclude the parties from informally exchanging documents and other information on a consensual basis in an attempt to resolve an avoidance action in advance of, or during, any mediation. |
| **TIMING – DEADLINES.** | Ankeney [Dkt. No. 7602] | The Proposed Procedures allow the Litigation Administrator to respond to filings within 90 days, but imposes an unfairly strict requirement on defendants to respond within 30 days. | This objection misconstrues the Proposed Procedures. The Proposed Procedures allow, without further order of the Court, for Plaintiff and any Defendant to mutually agree to up to four separate 30-day extensions for a Defendant's response to the complaint. To date, Plaintiff has not denied any Defendant's request for a 30-day extension. As a result, the Defendant can have a greater amount of time to respond when a Plaintiff requests four separate 30-day extensions. |
| **LOCATION OF FILINGS.** | Steele [Dkt. No. 7605] | The proposed requirement that any motions filed by the Plaintiff that affect all avoidance actions shall be filed in the chapter 11 cases (and not in each separately docketed avoidance action) is burdensome due to the size of the main docket and may not meet the Plaintiff's due process requirements until personal jurisdiction has been established. | Under the Proposed Procedures, to the extent the Plaintiff files a motion that affects all avoidance actions on the main docket, Plaintiff will serve any such motion on each defendant. Therefore, the size of the main docket is inconsequential, as each Defendant will receive notice of any such filings. Furthermore, Plaintiff's due process rights are satisfied, as the filings can be freely accessed on website of Stretto at http://www.cases.stretto.com/Celsius and will be served properly. |

7

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| **UNRELATED TO PROPOSED PROCEDURES & LACKS MERIT.** | Collard [Dkt. No. 7609] | The Plaintiff's pre-litigation demand letters were indistinguishable from spam and scams, and many creditors were unaware of the avoidance action until they were served. | This is not an objection to the procedures themselves, but rather a critique of the notice provided for avoidance actions and settlement opportunities. The Objector overlooks the extensive efforts by the Litigation Administrator to publicize the avoidance actions and settlement opportunities. These efforts include sending multiple emails detailing settlement opportunities, establishing a dedicated website for the avoidance actions, making announcements during Bankruptcy Court hearings, issuing press releases, and maintaining an active account on X.com. These measures were taken to ensure that all potential parties were fully informed and aware of their settlement options. Additionally, the law does not mandate that a defendant receive a settlement offer prior to the initiation of litigation. |
| **UNRELATED TO PROPOSED PROCEDURES, PREMATURE OBJECTION, & LACKS MERIT.** | Schreiner [Dkt. No. 7595]; DeRiemaker [Dkt. No. 7610]; Roy [Dkt. No. 7611] | The Proposed Procedures improperly require mediation without adequately addressing issues related to the preference claims, including whether the preference claims are (a) inconsistent with the Second Circuit's interpretation of section 546(e) in *Enron v. Alfa*, 651 F.3d 329 (2d Cir. 2011), (b) barred under section 547(c)(2) of the Bankruptcy Code, and (c) barred under the definition of "Withdrawal Preference Exposure" under the Plan and applicable case law. | This is an objection related to the legal bases for the avoidance actions and whether applicable defenses are available. Such objection is premature and must be addressed at the appropriate time during the litigation process. |

| Argument Description | Objecting Defendant(s) | Summary of Argument[1] | Litigation Administrator's Response |
|---|---|---|---|
| | | Preference Exposure" under the Plan and applicable case law. | |