**Exhibit B**

**Ehrler Declaration**

| | |
|---|---|
| **PRYOR CASHMAN LLP** | **WHITE & CASE LLP** |
| Seth H. Lieberman | Ronald Gorsich (admitted *pro hac vice*) |
| Matthew W. Silverman | 555 South Flower Street, Suite 2700 |
| Andrew S. Richmond | Los Angeles, California 90071 |
| 7 Times Square | Telephone:   (213) 620-7700 |
| New York, New York 10036 | Facsimile:    (213) 452-2329 |
| Telephone:   (212) 421-4100 | Email: rgorsich@whitecase.com |
| Facsimile:    (212) 326-0806 | |
| | – and – |
| – and – | |
| | **WHITE & CASE LLP** |
| **WHITE & CASE LLP** | Gregory F. Pesce (admitted *pro hac vice*) |
| Samuel P. Hershey | Laura Baccash (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | 111 South Wacker Drive, Suite 5100 |
| New York, New York 10020 | Chicago, Illinois 60606 |
| Telephone:   (212) 819-8200 | Telephone:   (312) 881-5400 |
| Facsimile:    (212) 354-8113 | Facsimile:    (312) 881-5450 |
| Email: sam.hershey@whitecase.com | Email: gregory.pesce@whitecase.com |
| | laura.baccash@whitecase.com |

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF KENNETH EHRLER**
**IN SUPPORT OF THE LITIGATION ADMINISTRATOR'S FIRST OMNIBUS**
**OBJECTION TO CERTAIN INSUFFICIENT DOCUMENTATION CLAIMS**

I, Kenneth Ehrler, declare as follows under penalty of perjury:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1. I am over the age of 18, and am authorized to submit this declaration (the "Declaration") in support of *The Litigation Administrator's First Omnibus Objection to Certain Insufficient Documentation Claims* (the "Objection").[2]

2. I am a Managing Director at M3 Advisory Partners, LP ("M3"), which serves as a financial advisor to the Litigation Administrator. I have over 15 years of experience advising clients on financial analysis, business plan development, operation improvement, cash and liquidity management, and M&A engagements. Since joining M3, I have provided restructuring advice to companies both in chapter 11 and on an out-of-court basis, in the crypto, financial services, healthcare, energy, retail, industrial, and hospitality industries. I have advised creditors and companies in several recent major chapter 11 cases including, among others, BlockFi Inc., Seadrill Partners LLC, Neiman Marcus Group LTD LLC, Tailored Brands, Inc., CraftWorks Holdings, and Sears Holding Corporation. Prior to joining M3, I was a Senior Manager at EY focused on business transformation and strategy consulting and held comparable financial and operational advisory roles at Citigroup, Credit Suisse, and Capgemini. I received my bachelor's degree in electrical and computer engineering from Cornell University and an MBA with honors from the Wharton School at the University of Pennsylvania. I am a CFA Charterholder and Certified Insolvency and Restructuring Advisor.

3. M3 is a nationally recognized financial advisory firm, and its professionals have a wealth of experience in operation and financial restructurings, matters requiring expert opinions, and providing support for investigations and litigation in connection with financial restructurings. M3's professionals have extensive experience in turnarounds, corporate restructuring, and

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Objection.

bankruptcy and corporate financing, including, but not limited to, company business plan viability and plan feasibility.

4. Pursuant to the Litigation Administrator Agreement, dated as of January 31, 2024, the Litigation Administrator is authorized to retain certain professional advisors to support in the performance of his duties. Accordingly, the Litigation Administrator retained M3 to assist with, among other things, the investigation, analysis, filing, prosecuting, and defending of claim objections. I have led M3's professionals since the inception of the engagement.

5. As part of my current position, I am responsible for assisting the Litigation Administrator with certain claims management and reconciliation matters. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules, and Books and Records that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors as of the Petition Date.

6. I have read the Objection, filed contemporaneously herewith, and am directly, or by and through the Litigation Administrator's advisors, familiar with the information contained therein and **Schedule 1** attached thereto.

7. Unless otherwise indicated, the statements set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of the Debtors and the Debtors' operations, Books and Records, and personnel; (d) information supplied to me by the Litigation Administrator, his advisors, and by others at the Litigation Administrator's request; (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Litigation Administrator; or (f) my experience as a restructuring and financial

professional. If called upon to testify, I could and would testify competently to the facts set forth herein.

8. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim filed against the Debtors in these Chapter 11 Cases.

9. Upon a thorough review and analysis of the Proofs of Claim filed in these Chapter 11 Cases and the supporting documentation attached thereto, the Litigation Administrator has determined that the Insufficient Documentation Claims listed on **Schedule 1** to **Exhibit A** are not reflected in the Debtors' Schedules and Books and Records. Further, the supporting documentation provided with the corresponding Proofs of Claim fail to validate the existence of such claims. Accordingly, I believe that the Insufficient Documentation Claims should be disallowed and expunged in their entirety.

10. Failure to disallow and expunge the claims listed on **Schedule 1** to **Exhibit A** could result in the respective claimants receiving an unwarranted recovery from the Debtors' Estates, to the detriment of other creditors. Moreover, disallowing and expunging these Insufficient Documentation Claims will provide for a Claims Register that accurately reflects the Proofs of Claim asserted against the Debtors. Accordingly, I believe that the Court should grant the relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 26, 2024                        Respectfully submitted,

                                                   */s/ Kenneth Ehrler*
                                                   Kenneth Ehrler