UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | ) ) ) | (Jointly Administered) |

**JOINT STIPULATION AND AGREED ORDER
FOR APPOINTMENT OF A MEDIATOR**

Mohsin Y. Meghji, as Litigation Administrator (the ""Litigation Administrator") for Celsius Network LLC and its affiliated Post-Effective Date Debtors (the "Debtors"), and a former executive of Celsius Network LLC (the "Former Executive" and together with the Litigation Administrator the "Mediation Participants" and each a "Mediation Participant"), have agreed to mediation (the "Mediation") as set forth below and hereby enter this stipulation and agreed order (this "Stipulation and Agreed Order") and agree as follows:

**RECITALS**

**WHEREAS**, on May 3, 2024, the Litigation Administrator initiated communication with the Former Executive to discuss potential civil claims against the Former Executive in connection with certain payments made to the Former Executive between May and July 2022.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS**, a complaint has not yet been filed and the Mediation Participants have agreed to toll the statute of limitations applicable to the Litigation Administrator's potential claims to allow for more time for the parties to pursue a consensual resolution.

**WHEREAS**, the Mediation Participants have met and conferred and have agreed that mediation may assist in resolving the disputes underlying the Litigation Administrator's potential claims (the "Mediation Topics").

**WHEREAS** the Mediation Participants believe that mediation may assist in such efforts.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1.  The Honorable Lisa Beckerman, United States Bankruptcy Judge for the Southern District of New York, is to serve as the mediator (the "Mediator" or "Judge Beckerman") in the Mediation. At all times in the performance of her duties as the Mediator, Judge Beckerman will be acting in her official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

2.  The Mediator is authorized to mediate any issues and disputes related to the Mediation Topics. The scope and procedures for the Mediation, including procedures for the development of relevant facts and the submission of written position statements, will be determined by the Mediator following consultation with the Parties as she deems appropriate.

3.  Pursuant to Local Rule 9019-1, the Mediation is subject to the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings (the "SDNY Mediation Procedures").

4.  <u>Time and Place of Mediation</u>.  The Mediation will commence on September 13, 2024, and will take place via Zoom. At least one representative for each of the Mediation

Participants with settlement authority shall attend the Mediation. The Mediation shall terminate on the earlier of: (a) the date on which a resolution has been reached or the Mediator agrees that the Mediation Participants are at an impasse; and (b) the date that is three weeks following the entry of this Stipulation and Agreed Order or such later date as the Mediation Participants may agree.

5. <u>Submission of Materials</u>. Each Mediation Participant may directly submit to the Mediator confidential mediation statements that shall not exceed five pages, double spaced (the "Submission"). Prior to the Mediation, the Mediator may confer with the Mediation Participants to determine what additional materials would be helpful, if any. The Submission must not be filed with the Court.

6. <u>Protection of Information Disclosed at Mediation</u>. The Mediator, the Mediation Participants, and their advisors are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the Parties in the course of the Mediation. No person may rely on or introduce as evidence in any arbitration, judicial, or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (a) views expressed or suggestions made by a Mediation Participant with respect to a possible settlement of the dispute; (b) the fact that another Mediation Participant had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) oral or written statements or admissions made by a Mediation Participant in the course of the Mediation; and (e) documents prepared for the purpose of, in the course of, or pursuant to the Mediation, including but not limited to the Submissions. Without limiting the foregoing, the Mediation Participants are bound by (x) rule 408 of the Federal Rules of Evidence and (y) any applicable federal or state statute, rule, common law, or judicial precedent relating to the privileged

3

nature of settlement discussions, mediations, or other alternative dispute resolution procedures. All statements and Submissions made during the course of the Mediation are privileged settlement discussions, and are made without prejudice to any Mediation Participant's legal position, and are inadmissible for any purpose in any legal proceeding. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Mediation Participant in the Mediation.

7. <u>Discovery from Mediator</u>. The Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications, or other documents received or made by the Mediator while serving in such capacity. The Mediator may not testify or be compelled to testify regarding the Mediation in connection with any arbitration, judicial, or other proceeding. The Mediator will not be a necessary party in any proceedings relating to the Mediation. Nothing contained in this paragraph prevents the Mediator from reporting (a) the status, but not the substance, of the mediation effort to the Court or (b) whether a Mediation Participant failed to participate in good faith in the Mediation.

8. <u>Preservation of Privileges</u>. The disclosure by a Mediation Participant of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of such information.

9. The results of the Mediation are non-binding upon the Mediation Participants except to the extent they enter into a binding settlement as part of the Mediation.

10. The Mediation Participants are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

11. Nothing in this Stipulation and Agreed Order shall be construed as a waiver of any defense, objection, or argument relating to personal jurisdiction, including but not limited to lack

of personal jurisdiction, improper venue, or forum non conveniens.  Neither the execution of this Stipulation and Agreed Order nor any actions taken pursuant to it, including without limitation participation in the Mediation and any settlement discussions regarding a resolution of potential claims, shall be deemed to confer or concede personal jurisdiction over any party.

12.    Electronically signed copies of this agreement and confirmed notice by email are acceptable as originals.

13.    Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation and Agreed Order are immediately effective and enforceable upon its entry.

14.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

[*Remainder of page intentionally left blank.*]

**SO STIPULATED:**

Dated:  August 28, 2024

/s/ Jason Zakia
**WHITE & CASE LLP**
Jason Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: jzakia@whitecase.com

- and -

Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Litigation Administrator*

/s/ Elliot Moskowitz
**DAVIS POLK & WARDWELL LLP**
Elliot Moskowitz
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-4241
Email: elliot.moskowitz@davispolk.com

*Counsel to the Former Celsius Executive*

**IT IS SO ORDERED.**

Dated:  August 28, 2024
          New York, New York

                                              **/s/ Martin Glenn**
                                            MARTIN GLENN
                      Chief United States Bankruptcy Judge