Hearing Date:  September 12, 2024, at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline:  September 5, 2024, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON**
**POST-EFFECTIVE DATE DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE POST-EFFECTIVE**
**DATE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN**
**CONFIDENTIAL TERMS OF THE SUPPLEMENTAL COINBASE AGREEMENT**

          **PLEASE TAKE NOTICE** that a hearing on the *Post-Effective Date Debtors' Motion for Entry of an Order Authorizing the Post-Effective Date Debtors to Redact and File Under Seal Certain Confidential Terms of the Supplemental Coinbase Agreement* (the "Motion") will be held on **September 12, 2024, at 2:00 p.m., prevailing Eastern Time** (the "Hearing").

---

[1]     The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted remotely via Zoom for Government.  All parties in interest, their attorneys, and witnesses must attend the Hearing by Zoom for Government.  Parties wishing to appear at or listen to the Hearing, whether (a) an attorney or non-attorney or (b) making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.                Electronic        appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the Hearing (*i.e.*, on Wednesday, September 11, 2024)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 2560] (the "Case Management Order") by **September 5, 2024, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Post-Effective Date Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

2

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Post-Effective Date Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius.  You may also obtain copies of the motions and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  August 29, 2024

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:           joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

_Counsel to the Post-Effective Date Debtors_

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

### POST-EFFECTIVE DATE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE POST-EFFECTIVE DATE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL TERMS OF THE SUPPLEMENTAL COINBASE AGREEMENT

The above-captioned post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

---

[1]   The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## Relief Requested

1.      The Post-Effective Date Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Post-Effective Date Debtors to (a) redact and file under seal (for the remainder of these chapter 11 cases) certain confidential and commercially sensitive terms of the Supplemental Coinbase Agreement[2] with Coinbase, and (b) provide an unredacted version of the Supplemental Coinbase Agreement solely to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, (iii) counsel to the Litigation Oversight Committee and the Litigation Administrators; and (iv) counsel to the Ad Hoc Committee of Corporate Creditors ((i) through (iv), collectively, the "Receiving Parties"), in each case on a confidential and professionals' eyes only basis.

## Jurisdiction and Venue

2.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Post-Effective Date Debtors confirm their consent to the Bankruptcy Court entering a final order in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]     Terms capitalized but not defined in this Motion have the meaning ascribed to them in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289] (as may be amended, modified, and supplemented from time to time, the "Plan") and the *Motion Seeking Entry of an Order (I) Authorizing Supplemental Distribution to Eligible Corporate Creditors, (II) Approving Procedures for Supplemental Corporate Creditor Distributions, and (III) Granting Related Relief* (the "Supplemental Distribution Motion"), filed contemporaneously herewith, as applicable,.

4.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

5.      Concurrently with the filing of this Motion, the Post-Effective Date Debtors filed the Supplemental Distribution Motion, which describes the Settlement entered into by the Post-Effective Date Debtors, the Ad Hoc Committee of Corporate Creditors, and Coinbase.  This Settlement provides for a Supplemental Corporate Creditor Distribution to all Eligible Corporate Creditors, all as further described in the Supplemental Distribution Motion.  As part of the Settlement, the Post-Effective Date Debtors and Coinbase entered into the Supplemental Coinbase Agreement, which is attached to the proposed order granting the Supplemental Distribution Motion as Exhibit 2 and sets forth the terms pursuant to which Coinbase will facilitate Liquid Cryptocurrency distributions to those Eligible Corporate Creditors who elect a Supplemental Cryptocurrency Distribution.  The Supplemental Coinbase Agreement contains certain terms that contain commercially sensitive information with respect to Coinbase's business, data security, and pricing methodology (such terms, the "Confidential Terms").  In light of the non-public and commercially sensitive nature of the Confidential Terms, the Bankruptcy Court should restrict access to the Confidential Terms and any subsequent notices containing information related thereto to the Receiving Parties pursuant to section 107 of the Bankruptcy Code.

6.      A requirement to disclose the Confidential Terms would jeopardize the Post-Effective Date Debtors' ability to secure the services contemplated under the Supplemental Coinbase Agreement on the terms the Post-Effective Date Debtors have been negotiating, which

3

the Post-Effective Date Debtors believe are favorable to their Estates.  If the Confidential Terms related to Coinbase's business and pricing methodology were made publicly available, Coinbase's competitors could gain an improper advantage and/or strategically target and pursue Coinbase's opportunities.  Coinbase has requested that these Confidential Terms not be shared publicly and may not be willing to deal with the Post-Effective Date Debtors if doing so will jeopardize their commercially sensitive information and expose Coinbase to material harm.  The Supplemental Coinbase Agreement also requires that the Post-Effective Date Debtors seek Bankruptcy Court authority to seal the Confidential Terms.  In addition, the Bankruptcy Court previously authorized the sealing of similar information contained in the original distribution services agreement with Coinbase for similar reasons. *See Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Terms of the Coinbase Distribution Services Agreement* [Docket No. 3726].

7.      Contemporaneously with the filing of this Motion, the Post-Effective Date Debtors provided an unredacted copy of the Supplemental Coinbase Agreement to the Receiving Parties. An unredacted version of the Supplemental Coinbase Agreement will be provided to the Bankruptcy Court Clerk's office in accordance with Local Rule 9018-1(c) concurrently with the filing of this Motion.

**Basis for Relief**

**I.   Redacting the Confidential Terms is Warranted Under Section 107(b) of the Bankruptcy Code.**

8.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that protect entities from potential harm that may result from the disclosure of certain confidential information.  Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:  [] protect an entity with respect to a trade secret or confidential

4

research, development, or commercial information[.]" 11 U.S.C. § 107(b).  Further, Bankruptcy

Rule 9018 provides that, upon a motion, "the court may make any order which justice

requires . . . to protect the estate or any entity in respect of a trade secret or other confidential

research, development, or commercial information." Fed. R. Bankr. P. 9018.

9.      If the material sought to be protected satisfies one of the categories identified in

section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has

no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp.*

(*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).   Stated

differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections

to demonstrate "good cause."  *Id.* at 28.  "Courts have supervisory power over their records and

files and may deny access to those records and files to prevent them from being used for an

improper purpose."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are

required to provide such protections "generally where open inspection may be used as a vehicle

for improper purposes."  *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the

protection of confidential documents, but to other confidentiality restrictions that are warranted in

the interests of justice."  *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

10.     Courts have also found that such relief should be granted if the information sought

to be protected is "commercial information," which is defined as "information which would result

in 'an unfair advantage to competitors by providing them information as to the commercial

operations of the debtor.'"[3]  *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006);

---

[3]    "Commercial information" is not limited to information of the debtors and may pertain to any party in interest.
*See, e.g., In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 20, 2022)
(authorizing redaction of commercial information related to a non-debtor counterparty);
*see also* 11 U.S.C. § 107(b) ("on request of a *party in interest*, the bankruptcy court shall […] protect *an entity*
with respect to […] commercial information") (emphasis added).

5

*see also Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Orion Pictures*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).[4] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).[5]

11.    The Confidential Terms constitute sensitive commercial information that should be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Courts in this district have held that sensitive commercial information may be filed under seal. *See, e.g.*, *In re Celsius Network, LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Oct. 6, 2023) (authorizing the filing under seal of commercially sensitive terms contained in the original distribution services agreement with Coinbase); *In re Voyager Digit. Holdings, Inc.*, No. 22-10943 (MEW) (Bankr.

---

[4]    *See also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Post-Effective Date Debtors' counsel.

6

S.D.N.Y. Sept. 20, 2022) (authorizing the filing under seal of a motion containing commercially sensitive information to a transaction counterparty); *In re Hollander Sleep Prods., LLC* No. 19-11608 (MEW) (Bankr. S.D.N.Y July 3, 2019) (authorizing filings to redact commercially sensitive terms in connection with exit financing).

12.     The Post-Effective Date Debtors believe that the Supplemental Coinbase Agreement provides substantial value to the Estates.  Coinbase has conveyed that protecting the Confidential Terms is critical, as publishing the information exposes Coinbase to a myriad of competitive business risks.  Disclosure of Coinbase's fee schedules and the other Confidential Terms would hinder or impair Coinbase's relationship with their other customers that have entered into, or may in the future enter into, prime brokerage agreements and distributional arrangements with Coinbase.  Coinbase operates in a competitive industry in which contractual terms like the Confidential Terms are carefully guarded.  Were the Confidential Terms to be publicized, Coinbase's competitors would gain an unfair competitive advantage over Coinbase, causing Coinbase material harm.

13.     The Post-Effective Date Debtors narrowly tailored the request in this Motion to protect only the commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.  The Post-Effective Date Debtors are *not* requesting to seal the entirety of the Supplemental Coinbase Agreement, only the Confidential Terms.  Redacting and filing under seal the Confidential Terms is the best method to ensure transparency while still avoiding the consequences of public disclosure of commercially sensitive information.

### Notice

14.     The Post-Effective Date Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Litigation Oversight

Committee; (c) counsel to the Litigation Administrator; (d) counsel to the Ad Hoc Committee of Creditors; (e) all Eligible Corporate Account Holders; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 after the Effective Date. The Post-Effective Date Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Post-Effective Date Debtors request that the Bankruptcy Court enter

the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems

appropriate under the circumstances.

| | |
|---|---|
| New York, New York | /s/ Joshua A. Sussberg |
| Dated:  August 29, 2024 | |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Post-Effective Date Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING THE POST-EFFECTIVE DATE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL TERMS OF THE SUPPLEMENTAL COINBASE AGREEMENT

Upon the motion (the "Motion")[2] of the above-captioned post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") for entry of an order (this "Order"), authorizing the Post-Effective Date Debtors to (a) redact the Confidential Terms from the Supplemental Coinbase Agreement and file the Confidential Terms under seal for the remainder of these chapter 11 cases, (b) provide an unredacted version of the Supplemental Coinbase Agreement solely to the Receiving Parties, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' Estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Post-Effective Date Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to redact the Confidential Terms from the Supplemental Coinbase Agreement and file the Confidential Terms under seal.

3.      The Post-Effective Date Debtors are authorized to cause the unredacted version of the Supplemental Coinbase Agreement to be served on and made available, on a confidential basis, to the Receiving Parties.

4.      The unredacted version of the Supplemental Coinbase Agreement shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Post-Effective Date Debtors' and Coinbase's consent, may not be filed on the public docket, and shall remain under seal until the closure of these chapter 11 cases absent further order of the Bankruptcy Court.

5.      The Clerk of this Court shall treat the Confidential Terms contained in the Supplemental Coinbase Agreement as confidential, and counsel for Coinbase, the Plan Administrator, or the Post-Effective Date Debtors shall contact the Clerk's Office regarding the return or disposition of the unredacted Supplemental Coinbase Agreement as soon as practicable following the conclusion of these chapter 11 cases.

6.      Any party authorized to receive the unredacted version of the Supplemental Coinbase Agreement shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.  If the Confidential Terms is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

7.      Any party who receives access to the unredacted Confidential Terms in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act, without further order of the Bankruptcy Court.

8.      The requirements of the Bankruptcy Rules and Local Rules, including Local Rules 9013-1 and 9018-1, are satisfied by the contents and proposed service of the Motion.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Post-Effective Date Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2024

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

3