UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: CELCIUS NETWORK LLC, et al. | Chapter 11 |
|       Reorganized Debtors | Case No. 22-10964 (MG) |
| | (Jointly Administered) |
| Moshin Y. Meghji, Litigation Administrator, As Representative for the Post-Effective Date Debtors, | Adv. Proc. No. 24-01706-mg |
|       Plaintiff, | |
| v. | |
| Juan Carlos Garcia, | |
|       Defendant | |

## OBJECTION TO REVISED MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING AVOIDANCE ACTIONS PURSUANT TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE

Juan Carlos Garcia ("Garcia"), submits this Objection to Motion for an Order Establishing Streamlined Procedures Governing Avoidance Actions Pursuant To Sections 502, 547, and 550 of the Bankruptcy Code (the "Objection") to Mohsin Y. Meghji's, as Litigation Administrator for Celsius Network LLC and its affiliated debtors ("Plaintiff" or "Litigation Administrator") Revised Motion for an Order Establishing Streamline Procedures Governing Avoidance Actions Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code (the "Motion") establishing Procedures (the "Proposed Procedures") to govern adversary proceedings. In support of his Objection, Garcia respectfully states as follows:

1. Garcia is one of nearly 2,500 preference defendants who have been named as Defendants in adversary proceedings under the purview of the above-captioned case. As with all of the nearly 2500 similarly-situated Defendants, Plaintiff alleges Garcia withdrew more than $100,000 of assets from his Celsius Network LLC account in the 90 days before the Debtors' bankruptcy filing.

2. Plaintiff's Motion seeks to establish a set of mandatory Proposed Procedures for the adversary proceedings, including mandatory mediation on one-sided terms set by the Plaintiff. Garcia objects to the Proposed Procedures on several grounds.

3. First, Garcia objects to the Plaintiff's proposed mandatory mediation.

4. Here, the circumstances of the preference adversaries differ from almost all garden-variety preference matters. The preference defendants, including Garcia, are alleged to have held certain funds with the Debtors, but these funds were held in a similar manner to a bank account. Unlike most preference cases, the Debtors never had equitable title to the funds in these accounts such that they should have ever been considered part of the Debtors' estate.

5. In bankruptcy cases, the Litigation Administrator has a due diligence requirement which is intended to parse out unreasonable claims. 11 U.S.C. § 547(b). Despite this due diligence requirement, the Trustee is nonetheless pursuing these questionable claims against the preference defendants, including Garcia. Moreover, Garcia believes the Plaintiff or certain parties related to the Plaintiff may have engaged in conduct preceding the filing of the complaint against Garcia which is contrary to the Plaintiff's affirmative 547(b) requirements (and may indeed violate the rules of ethics), which conduct Garcia is entitled to take discovery on.

6. However, the Proposed Procedures are designed to prevent challenges to this process until mandatory mediation can be forced on the preference defendants. The Proposed Procedures prohibit all discovery, all Rule 12(c) Motions for Judgment on the Pleadings, and all Rule 56 Motions for Summary Judgment before the expensive mediation procedures can be completed. Motion, p. 10; Fed. R. Civ. Pro. 12(c), 56; Fed. R. Bankr. P. 7012, 7056.

7. Considering this factual background, mandatory mediation is unfair to Garcia. Here, Garcia is being forced into expensive mediation before ever having the opportunity to meaningfully challenge the Plaintiff's

claims, which should not have survived the Litigation Administrator's required due diligence under 11 U.S.C. § 547(b).

8. The purposes of these mandatory mediation procedures are to improperly bar challenges to the Plaintiff's claims and to ease litigation burdens on the Plaintiff. In turn, these costs and administrative burdens are simply shifted to individual defendants, including Garcia.

9. Here, mandatory mediation is an improper shifting of the Plaintiff's litigation burdens to the adversary Defendants. The section of the Plaintiff's Proposed Procedures which require mandatory mediation should be denied.

10. Second, the Proposed Procedures are unclear about the prescribed procedure following an adversary defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b), as incorporated by Federal Rule of Bankruptcy Procedure 7012.

The Proposed Procedures merely state that the Parties "may stipulate to up to three (3) separate extensions of time for a Defendant to respond to the Complaint under Bankruptcy Rule 7012 (the "Response Due Date"), with each extension to be no more than thirty (30) days each." After these stipulations are exhausted, the Defendant presumably must Answer or otherwise plead. Motion, p. 9.

12. However, the next proposed procedural step merely states "to the extent an Avoidance Action has not been resolved and/or settled within thirty (30) days after an answer is filed, then said Avoidance Action (the "Remaining Avoidance Actions") shall be referred to mandatory mediation." Motion, p. 10.

13. No clarity is given in the Proposed Procedures as to whether mandatory mediation is required if a 12(b) Motion is filed, or whether

mandatory mediation will be required after any such 12(b) Motion is decided.

14. Notwithstanding the lack of clarity, Garcia asserts that requiring mandatory mediation where a Rule 12(b) motion is pending is improper and the parties should proceed with the standard briefing schedule mandated by Local Rule 9006-1. Requiring costly mandatory mediation while a Rule 12(b) Motion is pending would be a waste of resources and unjust to the adversary defendant.

15. Garcia requests that the Court require clarification regarding procedures following a 12(b) Motion. In the event the Plaintiff is seeking to require mandatory mediation even in cases with a Rule 12(b) motion pending, the Court should deny the Motion and not require mandatory mediation until after any 12(b) Motion to Dismiss is decided by the Court.

16. Third, Garcia objects to the provision that "[t]he Mediator's fees and reasonable expenses (the "Mediation Fee") shall be shared equally by the parties[.]" Motion, p. 11.

17. Local Rule 9019-1 prescribes a set of standard mediation procedures for parties. Under Rule 4 of the Court's Mediation Procedures3 "the mediator's compensation shall be on such terms as are satisfactory to the mediator and the parties, and subject to Court approval if the estate is to be charged with such expense. In the event that the mediator and the parties cannot agree on terms of compensation, then the Court shall fix such terms as are reasonable and just." As such, the Proposed Procedures deviate from the Court's usual procedures.

18. As a counterexample, in the Bankr. D. Del. under Local Rule 9019-5(c)(i)(1) "in an adversary proceeding that includes a claim to avoid and recover any alleged avoidable transfer pursuant to 11 U.S.C. §§ 544,

547, 548 and/or 550, the bankruptcy estate (or if there is no bankruptcy estate, the plaintiff in the adversary proceeding) shall pay the fees and costs of the mediator." In similar situations in other districts, the Mediation Cost would be paid by the estate or the Plaintiff.

19. Given the factual background of this matter—the preference adversary defendants are individuals, the Plaintiff is the Litigation Administrator of a large company, and these adversary defendants are being sued for withdrawing money from an entity which effectively functioned as their bank—it is inequitable to place the costs of mediation on these adversary defendants.

20. Under the Proposed Procedures, the prescribed Mediation Fees are relatively expensive—likely in excess of $1,000 per hour. Motion, p. 11. Despite the difference in the parties' financial capacities, the burden is being shared equally.

21. This is despite the fact that Mediation is mandatory, and is being proposed by the Plaintiff, under terms proposed by (and favorable to) the Plaintiff. Adversary defendants do not have a reasonable choice of whether to appear, as the Proposed Procedures indicate that the non-appearing party may be sanctioned or face a default judgment. Motion, p. 13.

22. On top of the mandatory Mediation Fee, adversary defendants will also require sophisticated counsel to:

- ☐ prepare a mandatory Position Statement,
- ☐ exchange "any relevant papers and exhibits," if required by the mediator,
- ☐ prepare a settlement proposal, if required by the mediator,

☐ mutually exchange other documents (i.e., conduct limited, informal discovery), if required by the mediator.

☐ otherwise prepare for and participate in mediation.

Motion, p. 12. Furthermore, if the parties elected to pursue in-person mediation, this would further increase Garcia's costs due to his distant geographic location.

23. As these adversary defendants will be required to pay their own legal costs for preparation and attendance at mandatory mediation (including the mandatory procedures above), requiring these adversary defendants to pay half of the Mediation Fees is a bridge too far.

24. If the Plaintiff chooses to propose Mandatory Mediation, the Plaintiff should be prepared to shoulder these costs. Plaintiff's attempt to strong-arm the adversary defendants into settlement through partial and expensive procedures, especially under the factual circumstances of this case, should not be condoned.

25. Garcia requests that the Court deny the section of the Proposed Procedures requiring him to pay half of the Mediation Costs.

26. Fourth, the Motion seeks to establish a mandatory Mediator List. Motion, p. 10. However, Garcia objects and should not be bound by the Plaintiff's Mediator List.

27. Under the Court's standard Mediation Procedures, under Rule 2.2, the parties may choose a mediator from the Court's mediation register. The Proposed Procedures deviate significantly from the Court's standard Mediation Procedures, as they limit the Mediator List to a short list chosen by the Plaintiff.

28. The proposed Mediator List has been vetted by the Plaintiff, but not by Garcia. Each of these proposed mediators is acceptable to the Plaintiff, but the adversary defendants have had no similar opportunity to propose a list of acceptable mediators.

29. If Garcia should be forced to accept mandatory mediation, Garcia should have the ame rights to propose and select an impartial mediator as the Plaintiff. Garcia should not be forced to select from a list of the Plaintiff's choosing.

30. Garcia requests that the Court deny the section of the Proposed Procedures requiring im to select a Mediator from the Mediator List.

31. Fifth, the Motion states "[a]ny motions filed by Plaintiff that affect all of the Avoidance Actions shall be filed in the Chapter 11 Cases and not in each separately docketed Avoidance Action." Motion, p. 13.

32. This is not only is this burdensome to Garcia due to the size of the docket in the main case, Garcia also questions whether this provision meets the Plaintiff's due process requirements until personal jurisdiction over Garcia has been established.

33. Moreover, despite Garcia's counsel notifying the Plaintiff's counsel that the undersigned law firm represents Garcia, the Plaintiff's counsel failed to serve the undersigned counsel with the Motion or notice thereof.

34. Garcia therefore objects on notice and due process grounds as well.

35. Garcia fully reserves his rights to raise further or other objections to the Motion, and incorporates by reference any objections filed by other parties to the Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on _September 23_, 2024, the foregoing was served on all parties via e-mail:

Samuel P. Hershey (sam.hersey@whitecase.com)

Joshua D. Weedman (jweedman@whitecase.com)

Lucas Curtis (lucas.curtis@whitecase.com)

Nikita Ash (nikita.ash@whitecase.com)

Gregory F. Pesce (Gregory.pesce@whitecase.com)

Laura Baccash (laura.baccash@whitecase.com)

Date: _09/23/24_

Signature: _____

Email Address: 7600inc@gmail.com

Defendant, *Pro se*

36. For the avoidance of doubt, Garcia does not waive his objections to personal jurisdiction and or insufficient service of process (or any other matter which may be raised in his motion to dismiss), and to the extent this Court were to conclude such defenses must be raised in this pleading, this Objection shall constitute a motion to dismiss, subject to amendment to assert any additional grounds to be filed within the timeframe Garcia may answer the complaint in this matter (which timeframe has been extended by the Plaintiff).

Date: 09/23/2024

Signature: _____

Juan Carlos Garcia

*pro se*

7600inc@gmail.com