**Hearing Date and Time: October 8, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 1, 2024 at 5:00 p.m. (prevailing Eastern Time)**
**Reply Deadline: October 4, 2024 at 5:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
　　　　lucas.curtis@whitecase.com
　　　　nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
　　　　devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
　　　　laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
　　　　kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors.[1] | |

---

[1] The debtors ("**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius

### NOTICE OF MOTION FOR AN ORDER TO ENFORCE THE
### SETTLEMENT AGREEMENTS AGAINST THE BREACHING PARTIES

**PLEASE TAKE NOTICE** that Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated debtors (the "**Litigation Administrator**"), by and through his undersigned counsel, has filed the attached motion, the *Litigation Administrator's Motion to Enforce Customer Preference Claims Settlement Agreements Against Certain Breaching Parties* (the "**Motion**"), seeking entry of an order, substantially in the form annexed to the Motion as **Exhibit A** (the "**Proposed Order**"), enforcing the settlement agreements (each, a "**Settlement Agreement**" and collectively, the "**Settlement Agreements**") against parties who have defaulted and failed to remit payment to the Litigation Administrator by the settlement payment deadline (the "**Breaching Parties**").

**PLEASE TAKE NOTICE** that a hearing to consider the Motion will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, on **October 8, 2024 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge,

---

KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at or listen to the Hearing, whether (a) an attorney or non-attorney, (b) appearing in person or remotely, or (c) making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "**eCourtAppearance**") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. When making an eCourtAppearance, parties must specify whether they will appear at the Hearing remotely or in person and, if appearing remotely, whether they are making a "live" or "listen only" appearance. Electronic appearances (eCourtAppearances) need to be made by 5:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on October 7, 2024).

**PLEASE TAKE FURTHER NOTICE** that responses or oppositions, if any, to the relief requested in the Motion must: (a) be in writing; (b) describe the basis for the response or opposition and the specific grounds therefore; (c) comply with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (d) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at

3

http://www.nysb.uscourts.gov); and (e) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief*, [Docket No. 2560] (the "**Case Management Order**") by **October 1, 2024, at 5:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of the motions and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: September 24, 2024
       New York, New York

By: *Samuel P. Hershey*

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  sam.hershey@whitecase.com
           lucas.curtis@whitecase.com
           nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com
           laura.baccash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  kwofford@whitecase.com
           devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.
60 East 42nd Street
46th Floor

New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email:   mudem@askllp.com
– and –

**ASK LLP**
Brigette McGrath, Esq.
Kara E. Casteel, Esq. (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email:   bmcgrath@askllp.com
         kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji,
Litigation Administrator, as
Representative for the Post-Effective
Date Debtors*

**Hearing Date and Time: October 8, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 1, 2024 at 5:00 p.m. (prevailing Eastern Time)**
**Reply Deadline: October 4, 2024 at 5:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
         lucas.curtis@whitecase.com
         nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
         devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
         laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
         kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CELSIUS NETWORK LLC, *et al.*, | § | |
| | § | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors.[1] | § | |
| | § | |

---

[1] The debtors ("**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four

**LITIGATION ADMINISTRATOR'S MOTION TO
ENFORCE CUSTOMER PREFERENCE CLAIMS
SETTLEMENT AGREEMENTS AGAINST CERTAIN BREACHING PARTIES**

Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated post-effective date debtors (the "**Litigation Administrator"**), by and through his undersigned counsel, submits this *Litigation Administrator's Motion to Enforce Customer Preference Claims Settlement Agreements Against Certain Breaching Parties* (the "**Motion**"). In support of the Motion, the Litigation Administrator submits the *Declaration of Nikita Ash in Support of the Litigation Administrator's Motion to Enforce Customer Preference Claims Settlement Agreements Against Certain Breaching Parties* (the "**Ash Declaration**") and the *Declaration of Kenneth Ehrler in Support of the Litigation Administrator's Motion to Enforce Customer Preference Claims Settlement Agreements Against Certain Breaching Parties* (the "**Ehrler Declaration**"), filed herewith. In further support of the Motion, the Litigation Administrator respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     In March of 2024, the Litigation Administrator launched a settlement program through which Celsius customers could settle their withdrawal preference exposure. The settlement program was a massive success, resulting in more than $100 million of committed settlement value for the estate.[2]

---

digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   In accordance with the Court's instructions, the Debtors have filed a *Notice of Deadline to Accept Settlement Offer in Connection with Celsius Customer Preference Actions*, [Docket No. 4] on the consolidated docket, announcing that the deadline to accept the settlement offer is October 15, 2024.

2

2. However, approximately 100 counterparties who signed and executed settlement agreements with the Litigation Administrator have failed to pay the amounts that they owe, in breach of their agreements. Loath to burden the estate with more litigation, the Litigation Administrator has tried for months to get these parties to honor their commitments. The Litigation Administrator has sent these parties multiple emails and letters reminding them of their obligations and the potential remedies if they do not comply. Yet a majority of these parties have not responded to these communications, despite the Litigation Administrator's using the same means of communication that were used for announcing, negotiating and executing these parties' settlement agreements. While other parties have responded, none have cured their defaults or agreed to do so.

3. The cost to the estate from these parties' non-compliance is substantial. The estate expended significant resources on negotiating and papering these settlement agreements and has now expended further resources chasing these parties to uphold their side of the bargain. Additionally, in reliance on the settlement agreements, the Litigation Administrator did not file customer preference complaints against these parties. These parties now may seek to argue that the Litigation Administrator is time-barred from suing them. While the Litigation Administrator is confident that he can defeat these arguments, the cost of initiating new litigation and fighting these defenses will be substantial. These are costs that the estate should not have to bear—and that the settling parties agreed the estate would not have to bear.

4. Accordingly, in a final effort to avoid litigation, the Litigation Administrator seeks an order from the Court, substantially in the form annexed to the Motion as **Exhibit A**, directing the parties listed on **Exhibit B**[3] to pay the amounts they owe under their respective settlement

---

[3] The Litigation Administrator reserves the right to pursue litigation or seek to enforce the settlement agreement against any additional parties not listed in **Exhibit B** who breach their Settlement

3

agreements within 30 days of entry of the attached proposed order. The Litigation Administrator is hopeful that a court order will spur these parties to re-engage and honor their commitments. If, however, parties continue to fail to abide by their settlement agreements, then the Litigation Administrator intends to seek default judgments against these parties for maximum damages in connection with their breach of the settlement agreements, including attorney's fees.

## BACKGROUND

5. On July 13, 2022, the Debtors filed for bankruptcy protection in this Court.

6. In the 90 days prior to the Debtor's bankruptcy filing (the "**Preference Period**"), thousands of Celsius customers withdrew money from the Celsius platform, contributing to a "run on the bank" that depleted the Debtors' assets and accelerated the Debtors' bankruptcy filing.

7. On January 29, 2024, the Debtors filed the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtors Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289] (the "**Plan**").

8. The effective date of the Plan (the "**Effective Date**") occurred on January 31, 2024.[4]

9. In accordance with the Plan and the order confirming the Plan [Docket No. 3972], the Litigation Administrator was appointed as of the Effective Date, and the Debtors and the Litigation Administrator entered into that certain *Litigation Administrator Agreement*.[5]

10. In accordance with the Plan and the *Litigation Administrator Agreement*, the Litigation Administrator is tasked with avoiding and recovering transfers made within the Preference Period. In furtherance of that duty, the Litigation Administrator has filed nearly 2,500

---

Agreements.

[4] *See Notice of Occurrence of Effective Date of Debtors' Modified Chapter 11 Plan of Reorganization and Commencement of Distributions* [Docket No. 4298].

[5] *See Eleventh Notice of Filing Plan Supplement*, Ex. B [Docket No. 4297].

4

customer preference claims. However, before commencing litigation, the Litigation Administrator initiated a settlement program for Celsius customers to settle their liability in connection with the Litigation Administrator's preference claims against them.

11. The Litigation Administrator has entered into more than 1,800 settlement agreements (the "**Settlement Agreements**") with individuals with preference liability. By signing the Settlement Agreement, each individual agreed to pay, as consideration for the release of certain of the Litigation Administrator's claims as set forth in the Settlement Agreement, a settlement payment by a specified deadline, usually seven days after the execution of the Settlement Agreement.

12. Each Settlement Agreement constituted a valid, binding contract that each party accepted when they signed. The Settlement Agreements are governed by New York law and provide, among other things, that this Court has exclusive jurisdiction to interpret and enforce them.

13. Of the thousands of individuals who have executed Settlement Agreements, 95 individuals (who are listed on **Exhibit B**) have breached those agreements by failing to remit payment by the specified deadlines (the "**Breaching Parties**"). *See* Ehrler Decl. ¶ 4. Most of the Breaching Parties have been in breach of their agreements for many months, some since as early as April 2024. *Id*.

14. The Litigation Administrator has not exercised any legal remedies against the Breaching Parties. Rather, the Litigation Administrator has made every effort to resolve this issue amicably and without litigation. Among other things, the Litigation Administrator has sent each Breaching Party multiple emails and letters imploring them to cure their breach of the Settlement Agreement by paying the settlement amount immediately. *Id*. ¶ 5. These emails and demand

5

letters were sent to the same addresses and by the same means of communication as were utilized by the Litigation Administrator when announcing, negotiating and executing the Settlement Agreements with the Breaching Parties. *Id.*

15. Despite the Litigation Administrator's efforts, none of the Breaching Parties have cured their defaults. *Id.* ¶ 6. A vast majority of the Breaching Parties have not responded to the Litigation Administrator. Those who have responded have sought to re-trade their agreements or stopped responding after initial engagement. *Id.*

## JURISDICTION AND VENUE

16. The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**" or the "**Court**") has exclusive jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Settlement Agreement.

17. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this Motion is related to the Debtors' Chapter 11 Cases pending in this Court.

18. Moreover, the parties "agree[d] that the Bankruptcy Court shall have exclusive venue and jurisdiction to interpret and enforce th[e] Settlement Agreement." Ash Decl. Exs. 1-97 § 11.

19. The predicate for the relief requested herein is section 105 of title 11 of the United States Code (the "**Bankruptcy Code**").

## RELIEF REQUESTED

20. By this Motion, the Litigation Administrator requests entry of an order substantially in the form attached as **Exhibit A**, directing that, within 30 days, the Breaching Parties remit payment to the Litigation Administrator pursuant to the terms of their Settlement Agreements.

6

**BASIS FOR RELIEF**

21. Under New York law (which governs the Settlement Agreements), a valid contract exists where there is an offer and acceptance of definite essential terms, as well as consideration. *See Rozsa v. May Davis Group, Inc.,* 152 F. Supp. 2d 526, 533 (S.D.N.Y. 2001) (applying New York law). In this matter, the terms of the Settlement Agreements were clearly set forth by the Litigation Administrator and accepted by the Breaching Parties, with the Breaching Parties agreeing to pay the settlement amounts in exchange for a release of certain of the Litigation Administrator's claims against them, as set forth in the Settlement Agreements. A settlement of claims is a contract which, like any other contract, a party may petition a court to enforce. *Rainbow v. Swisher*, 72 N.Y. 2d 106, 109 (N.Y. 1988). That is what the Litigation Administrator now does.

22. Under section 105 of the Bankruptcy Code, this Court has broad equitable powers to enforce the Settlement Agreements. *See, e.g.*, *Fox v. Picard (In re Madoff)*, 848 F. Supp. 2d 469, 485 (S.D.N.Y. 2012) (section 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."). Indeed, bankruptcy courts routinely rely on these broad equitable powers to enforce settlement agreements. *See Shinhan Bank v. Lehman Bros. Holdings Inc.*, 2017 U.S. Dist. LEXIS 121926, at *2-3 (S.D.N.Y. Aug. 2, 2017), *aff'd* 739 Fed. App'x 55 (2d Cir. 2018) (enforcing settlement of claw back action where party refused to pay settlement amount); *In re Riggs*, 2006 Bankr. LEXIS 4325, at *20 (Bankr. D. Md. Jul. 30, 2006) (granting motion to enforce settlement agreement that was in the best interests of creditors and the estate); *In re Enesco Grp. Inc.*, 2015 Bankr. LEXIS 2990, at *20 (Bankr. N.D. Ill. Sep. 2, 2015) (granting motion to enforce settlement agreement and awarding attorney's fees incurred in enforcing the settlement agreement); *In re Stewart*, 2018 Bankr. LEXIS 3844, at *12-13 (Bankr. N.D. Ga. Dec. 6, 2018) (granting motion to

enforce settlement agreement that was accepted by a party who later argued that the agreement was not valid); *In re Frascella Enters.*, 2008 Bankr. LEXIS 2627, at *43-44 (Bankr. E.D. Pa. May 8, 2008) (granting motion to enforce settlement agreement); *In re Suniva, Inc.*, 2019 Bankr. LEXIS 902, at *8 (Bankr. D. Del. Mar. 25, 2019) (same).

23. Here, the Breaching Parties knowingly and voluntarily entered into Settlement Agreements with the Litigation Administrator. The Breaching Parties received the benefit of their bargain, as in many cases the Litigation Administrator either declined to sue the Breaching Parties or dismissed pending litigation against them. The Breaching Parties, however, have failed to uphold their end of the Settlement Agreements. They have even ignored the Litigation Administrator's multiple attempts to communicate with them—using the same addresses and channels by which the parties previously communicated—regarding their breach.

24. The Litigation Administrator has already expended substantial resources negotiating and papering the Settlement Agreements with the Breaching Parties, and now is being made to expend further resources chasing those parties and seeking judicial intervention. The Litigation Administrator is hopeful that a court order will cause these parties to finally comply with their contractual obligations, thus avoiding costly litigation. The Litigation Administrator therefore respectfully submits that there is good cause for the Court to exercise its equitable powers to enforce the Settlement Agreements and respectfully requests the Court's assistance in this matter, for the benefit of all parties in interest.

## **RESERVATION OF RIGHTS**

25. The Litigation Administrator expressly reserves his rights, including any claims that the Litigation Administrator may possess against the Breaching Parties in connection with their preference liability, breach of the Settlement Agreements, and all other claims and causes of

action. The Litigation Administrator reserves the right to seek the maximum amount of damages in connection with any Breaching Party's breach of a Settlement Agreement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Litigation Administrator respectfully requests that the Court enter an order directing the Breaching Parties to remit payment to the Litigation Administrator within 30 days, and any further relief as this Court deems just and proper.

Dated: September 24, 2024
      New York, New York

                     By: *Samuel P. Hershey*

                     **WHITE & CASE LLP**
                     Samuel P. Hershey
                     Lucas G. Curtis
                     Nikita Ash
                     1221 Avenue of the Americas
                     New York, New York 10020
                     Telephone: (212) 819-8200
                     Facsimile: (212) 354-8113
                     Email: sam.hershey@whitecase.com
                                  lucas.curtis@whitecase.com
                                  nikita.ash@whitecase.com

                     – and –

                     **WHITE & CASE LLP**
                     Gregory F. Pesce (admitted *pro hac vice*)
                     Laura Baccash (admitted *pro hac vice*)
                     111 South Wacker Drive, Suite 5100
                     Chicago, Illinois 60606
                     Telephone: (312) 881-5400
                     Facsimile: (312) 881-5450
                     Email: gregory.pesce@whitecase.com
                                  laura.baccash@whitecase.com

                     – and –

                     **WHITE & CASE LLP**
                     Keith H. Wofford
                     Devin Rivero (admitted *pro hac vice*)
                     Southeast Financial Center
                     200 South Biscayne Blvd., Suite 4900
                     Miami, Florida 33131
                     Telephone: (305) 371-2700

Facsimile: (305) 358-5744
Email:  kwofford@whitecase.com
           devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email:  mudem@askllp.com
– and –

**ASK LLP**
Brigette McGrath, Esq.
Kara E. Casteel, Esq. (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email:  bmcgrath@askllp.com
           kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji,
Litigation Administrator, as
Representative for the Post-Effective
Date Debtors*