**Hearing Date and Time: October 8, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 1, 2024 at 5:00 p.m. (prevailing Eastern Time)**
**Reply Deadline: October 4, 2024 at 5:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
   lucas.curtis@whitecase.com
   nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
   devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
   laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
   kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors.[1] | |

---

[1] The debtors ("**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius

**NOTICE OF MOTION FOR AN ORDER AUTHORIZING THE
LITIGATION ADMINISTRATOR TO REDACT AND FILE UNDER
SEAL CERTAIN CONFIDENTIAL TERMS OF CUSTOMER PREFERENCE
CLAIMS SETTLEMENT AGREEMENTS AGAINST BREACHING PARTIES**

**PLEASE TAKE NOTICE** that Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated debtors (the "**Litigation Administrator**"), by and through his undersigned counsel, has filed the attached motion, the *Litigation Administrator's Motion for Entry of an Order Authorizing the Litigation Administrator to Redact and File Under Seal Certain Confidential Terms of Customer Preference Claims Settlement Agreements Against Certain Breaching Parties* (the "**Motion**"), seeking entry of an order, substantially in the form annexed to the Motion as **Exhibit A** (the "**Proposed Order**"), authorizing the Litigation Administrator to (a) redact and file under seal certain confidential terms of the Settlement Agreements entered into with the Breaching Parties, as defined in the Motion to Enforce, and (b) provide an unredacted version of the Motion to Enforce solely to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, (iii) counsel to the Post-Effective Date Debtors; and (iv) the Breaching Parties, in each case on a professionals' eyes only basis.

**PLEASE TAKE NOTICE** that a hearing to consider the Motion will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the United States Bankruptcy

---

KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2

Court for the Southern District of New York, on **October 8, 2024, at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at or listen to the Hearing, whether (a) an attorney or non-attorney, (b) appearing in person or remotely, or (c) making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "**eCourtAppearance**") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. When making an eCourtAppearance, parties must specify whether they will appear at the Hearing remotely or in person and, if appearing remotely, whether they are making a "live" or "listen only" appearance. Electronic appearances (eCourtAppearances) need to be made by 5:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on October 7, 2024).

**PLEASE TAKE FURTHER NOTICE** that responses or oppositions, if any, to the relief requested in the Motion must: (a) be in writing; (b) describe the basis for the response or opposition and the specific grounds therefore; (c) comply with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders

3

applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (d) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (e) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief*, [Docket No. 2560] (the "**Case Management Order**") by **October 1, 2024, at 5:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of the motions and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: September 24, 2024
       New York, New York

By: <u>Samuel P. Hershey</u>

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
       lucas.curtis@whitecase.com
       nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
       laura.baccash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
       devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.
60 East 42nd Street
46th Floor

        New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email:   mudem@askllp.com
– and –

**ASK LLP**
Brigette McGrath, Esq.
Kara E. Casteel, Esq. (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email:   bmcgrath@askllp.com
           kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**Hearing Date and Time: October 8, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 1, 2024 at 5:00 p.m. (prevailing Eastern Time)**
**Reply Deadline: October 4, 2024 at 5:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
   lucas.curtis@whitecase.com
   nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
   devin.rivero@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
   laura.baccash@whitecase.com

– and –

**ASK LLP**
Marianna Udem
60 East 42nd Street
46th Floor
New York, New York 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Email: mudem@askllp.com

– and –

**ASK LLP**
Brigette McGrath
Kara E. Casteel (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: bmcgrath@askllp.com
   kcasteel@askllp.com

*Co-Counsel to Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | |
| Post-Effective Date Debtors.[1] | Case No. 22-10964 (MG) |

---

[1]   The debtors ("**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four

# THE LITIGATION ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE LITIGATION ADMINISTRATOR TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL TERMS OF CUSTOMER PREFERENCE CLAIMS SETTLEMENT AGREEMENTS AGAINST CERTAIN BREACHING PARTIES

Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated post-effective date debtors (the "**Litigation Administrator**"), by and through his undersigned counsel, respectfully states the following in support of this motion (the "**Motion**"):

## RELIEF REQUESTED

1. The Litigation Administrator seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"), authorizing the Litigation Administrator to (a) redact and file under seal (for the remainder of these Chapter 11 Cases) certain confidential terms of the Settlement Agreements[2] entered into with the Breaching Parties, and (b) provide an unredacted version of the Motion to Enforce solely to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, (iii) counsel to the Post-Effective Date Debtors; and (iv) the Breaching Parties, as defined below ((i) through (iv) collectively, the "**Receiving Parties**"), in each case on a professionals' eyes only basis.

---

digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Terms capitalized but not defined in this Motion have the meaning ascribed to them in the *Litigation Administrator's Motion to Enforce Customer Preference Claims Settlement Agreements Against Certain Breaching Parties* (the "**Motion to Enforce**"), filed contemporaneously herewith, as applicable.

2

**JURISDICTION AND VENUE**

2.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Litigation Administrator confirms his consent to the Bankruptcy Court entering a final order in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1, 9018-1 and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

**BACKGROUND**

5.      Concurrently with the filing of this Motion, the Litigation Administrator filed the Motion to Enforce, which describes the settlement agreements (the "**Settlement Agreements**") that were executed by the parties in breach of the Settlement Agreements (the "**Breaching Parties**").  As part of the Motion to Enforce, the Litigation Administrator has attached the Settlement Agreements that the Litigation Administrator entered into with the Breaching Parties as Exhibits 1-97 to the Ash Declaration filed in support of the motion.  These Settlement Agreements set forth the terms pursuant to which the Litigation Administrator was willing to resolve each individual Breaching Party's preference exposure.

3

6.     The Settlement Agreements contain certain personal identifying information, which is being redacted in accordance with Fed. R. Bankr. P. 9037 and Local Bankruptcy Rule 9037.  The Settlement Agreements also contain certain terms that constitute commercially sensitive information that, if made public, could affect the Litigation Administrator's ability to settle other pending preference actions.  For example, the Settlement Agreements reflect the specific settlement amounts, percentages and payment terms agreed to by the Litigation Administrator and the Breaching Parties (the "**Confidential Terms**").  In recognition of this fact, the Litigation Administrator and the Breaching Parties agreed to keep the terms and conditions set forth in the Settlement Agreements and "the facts and circumstances surrounding the negotiations leading up to the execution of th[e] Settlement Agreement" confidential.  Settlement Agreement § 3.  In light of the confidential and commercially sensitive nature of the Confidential Terms, the Litigation Administrator is requesting that the Court restrict access to the Confidential Terms.

7.     Contemporaneously with the filing of this Motion, the Litigation Administrator provided unredacted copies of the Settlement Agreements to the Receiving Parties.  Unredacted copies of the Settlement Agreements will be provided to the Bankruptcy Court Clerk's office in accordance with Local Rule 9018-1(c) concurrently with the filing of this Motion.

## BASIS FOR RELIEF

8.     The Court may grant the relief requested pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.  Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the filing of certain documents under seal.  11 U.S.C. § 107(b).  Bankruptcy Rule 9018 sets forth the procedure by which a party may move to seal a document under Bankruptcy Code section 107(b).  The rule provides, in relevant part, "[o]n motion or on its own initiative . . . the court may make any order which justice requires . . . to protect the estate or any entity in respect

4

of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also* Local Bankruptcy Rule 9018-1 (setting out the procedure for obtaining a sealing order by filing a motion to seal). This Court has recently issued guidance regarding the appropriateness of sealing and redacting Confidential Information. *See Memorandum Opinion and Order Granting in Part Litigation Administrators Motion to Seal* [Docket No. 7574], at 21 ("[A]s this Court has recognized, 'rather than wholesale sealing of documents containing some confidential information, redacting the document to remove only confidential information is the preferred form of protection.'") (citing *In re Oldco M Corp.*, 466 B.R. 234, 237 n.2 (Bankr. S.D.N.Y. 2012)). Further, this Court has held that it is appropriate to redact individual account holders' personal identifying information with respect to email and physical addresses, the disclosure of which "would make individual account holders more vulnerable to identity theft and render account holders' crypto assets more susceptible to criminal theft." *In re Celsius Network LLC*, 644 B.R. 276, 284 (Bankr. S.D.N.Y. 2022).

9. Section 107(b) of the Bankruptcy Code acts as an exception to the general rule providing that court records should be publicly accessible by granting bankruptcy courts the power to issue orders that will protect entities from potential harm by sealing confidential information. Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also* 11 U.S.C. § 105(a) (codifying the bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"). Commercial information is material which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the

5

debtor." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). Courts have found that the meaning of "commercial information" also "includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on [business] negotiations, ultimately affecting the viability of Debtors.'" *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Commercial information need not constitute a "trade secret" to warrant sealing. *In re Orion Pictures Corp.*, 21 F.3d at 28; *see also In re Anthracite Cap., Inc.*, 492 B.R. 162, 178 (Bankr. S.D.N.Y. 2013) ("Congress used the word 'or' to distinguish between trade secrets and commercial information in § 107; thus, commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b).") (citations omitted).

10. Bankruptcy Code section 107(b) does not require a demonstration of "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. Once the Court determines that the information sought to be protected from disclosure falls within one of the categories enumerated in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27 (emphasis in original). In other words, party in interest must demonstrate only that the information it wishes to seal is "confidential" and "commercial" in nature. *Id.* at 28.

11. The Confidential Terms constitute sensitive commercial information that should be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The disclosure of the Confidential Terms would result in a "chilling effect" on future settlement negotiations. *In re Borders Grp., Inc.*, 462 B.R. at 47. Further, the Second Circuit has found that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *see also United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (affirming a ruling sealing

6

settlement documents and drafts because of the court's responsibility to encourage and facilitate settlements). Here, confidentiality is essential to facilitating future settlements.

13.  Requiring disclosure of the Confidential Terms would jeopardize the Litigation Administrator's ability to secure subsequent settlements with individuals with preference exposure, which would be detrimental to the Debtors' estate. If the Confidential Terms related to each Settlement Agreement were made publicly available, the Litigation Administrator would be put in a disadvantageous negotiating position with future defendants looking to settle. The Litigation Administrator has submitted the Settlement Agreements with the Motion to Enforce because he believes the breached agreements are a necessary part of the record for that motion. It would be unfair to require the Litigation Administrator to choose between enforcing the Settlement Agreements against the Breaching Parties and disclosing sensitive commercial information that could hinder the Litigation Administrator's settlement efforts going forward.

13.  The Litigation Administrator has narrowly tailored the Motion to redact only Confidential Terms that should be protected under section 107. Selective redaction is the appropriate mechanism to balance the transparency with the protection of sensitive commercial information. *See Memorandum Opinion and Order Granting in Part Litigation Administrators Motion to Seal* [Docket No. 7574], at 5 ("In situations such as these, selective redaction, rather than wholesale sealing, is the solution.").

## NOTICE

14.  The Litigation Administrator will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Post-Effective Date Debtors; (c) the Breaching Parties; and (d) any party that has requested notice pursuant to

7

Bankruptcy Rule 2002 after the Effective Date. The Litigation Administrator respectfully submits that, in light of the nature of the relief requested, no other further notice need be given.

Dated: September 24, 2024
New York, New York

By: *Samuel P. Hershey*

**WHITE & CASE LLP**
Samuel P. Hershey
Lucas G. Curtis
Nikita Ash
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
lucas.curtis@whitecase.com
nikita.ash@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
laura.baccash@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Devin Rivero (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
devin.rivero@whitecase.com

– and –

**ASK LLP**
Marianna Udem, Esq.

8

>60 East 42nd Street
>46th Floor
>New York, New York 10165
>Telephone: (212) 267-7342
>Facsimile: (212) 918-3427
>Email:   mudem@askllp.com
>– and –
>
>**ASK LLP**
>Brigette McGrath, Esq.
>Kara E. Casteel, Esq. (admitted *pro hac vice*)
>2600 Eagan Woods Drive, Suite 400
>St. Paul, Minnesota 55121
>Telephone: (651) 406-9665
>Facsimile: (651) 406-9676
>Email:   bmcgrath@askllp.com
>         kcasteel@askllp.com
>
>*Co-Counsel to Mohsin Y. Meghji,*
>*Litigation Administrator, as*
>*Representative for the Post-Effective*
>*Date Debtors*

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: § § § § § § § | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | |
| Post-Effective Date Debtors.³ | Case No. 22-10964 (MG) |

**ORDER AUTHORIZING THE LITIGATION
ADMINISTRATOR TO REDACT AND FILE UNDER SEAL CERTAIN
CONFIDENTIAL TERMS OF CUSTOMER PREFERENCE CLAIMS
SETTLEMENT AGREEMENTS AGAINST CERTAIN BREACHING PARTIES**

Upon the motion (the "**Motion**") of Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated post-effective date debtors (the "**Litigation Administrator**"), for entry of an order (this "**Order**"), authorizing the Litigation Administrator to (a) redact certain terms that constitute commercially sensitive information (the "**Confidential Terms**") from the Settlement Agreements with Breaching Parties and file the Confidential Terms under seal for the remainder of these Chapter 11 Cases, (b) provide unredacted versions of the Settlement Agreements with Breaching Parties solely to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, and (iii) counsel to the Post-Effective Date Debtors ((i) through (iii) collectively, the "**Receiving Parties**"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

³   The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2

Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interest of the Debtors' Estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Motion is granted as set forth herein.

2.     The Litigation Administrator is authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rules 9018-1 and 9037-1, to redact the Confidential Terms from the Settlement Agreements with Breaching Parties and file the Confidential Terms under seal.

3.     The Litigation Administrator is authorized to cause the unredacted versions of the Settlement Agreements with Breaching Parties to be served on and made available, on a confidential basis, to the Receiving Parties.

4.     The unredacted versions of the Settlement Agreements with Breaching Parties shall remain confidential and not be made available to anyone other than the Receiving Parties without the Litigation Administrator's consent, may not be filed on the public docket, and shall remain under seal until the closure of these chapter 11 cases absent further order of the Bankruptcy Court.

5.     The Clerk of this Court shall treat the Confidential Terms contained in the Settlement Agreements with Breaching Parties as confidential, and counsel for the Litigation Administrator shall contact the Clerk's Office regarding the return or disposition of the unredacted

Settlement Agreements with Breaching Parties as soon as practicable following the conclusion of these chapter 11 cases.

6. Any party authorized to receive the unredacted versions of the Settlement Agreements with Breaching Parties shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Confidential Terms are attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

7. Any party who receives access to the unredacted Confidential Terms in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act, without further order of the Bankruptcy Court.

8. The requirements of the Bankruptcy Rules and Local Rules, including Local Rules 9013-1 and 9018-1, are satisfied by the contents and proposed service of the Motion.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Litigation Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2024
      New York, New York

                                            _____
                                            THE HONORABLE MARTIN GLENN
                                            CHIEF UNITED STATES BANKRUPTCY JUDGE