**Exhibit B**

**Ehrler Declaration**

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806

– and –

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
          laura.baccash@whitecase.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF KENNETH EHRLER**
**IN SUPPORT OF THE LITIGATION ADMINISTRATOR'S FOURTH OMNIBUS**
**OBJECTION TO CERTAIN INACCURATELY SUPPORTED CLAIMS**

I, Kenneth Ehrler, declare as follows under penalty of perjury:

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1.      I am over the age of 18, and am authorized to submit this declaration (the

"Declaration") in support of *The Litigation Administrator's Fourth Omnibus Objection to Certain*

*Inaccurately Supported Claims* (the "Objection").[2]

2.      I am a Managing Director at M3 Advisory Partners, LP ("M3"), which serves as a

financial advisor to the Litigation Administrator.  I have over 15 years of experience advising

clients on financial analysis, business plan development, operation improvement, cash and

liquidity management, and M&A engagements.  Since joining M3, I have provided restructuring

advice to companies both in chapter 11 and on an out-of-court basis, in the crypto, financial

services, healthcare, energy, retail, industrial, and hospitality industries.  I have advised creditors

and companies in several recent major chapter 11 cases including, among others, BlockFi Inc.,

Seadrill Partners LLC, Neiman Marcus Group LTD LLC, Tailored Brands, Inc., CraftWorks

Holdings, and Sears Holding Corporation.  Prior to joining M3, I was a Senior Manager at EY

focused on business transformation and strategy consulting and held comparable financial and

operational advisory roles at Citigroup, Credit Suisse, and Capgemini.  I received my bachelor's

degree in electrical and computer engineering from Cornell University and an MBA with honors

from the Wharton School at the University of Pennsylvania.  I am a CFA Charterholder and

Certified Insolvency and Restructuring Advisor.

3.      M3 is a nationally recognized financial advisory firm, and its professionals have a

wealth of experience in operation and financial restructurings, matters requiring expert opinions,

and providing support for investigations and litigation in connection with financial restructurings.

M3's professionals have extensive experience in turnarounds, corporate restructuring, and

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Objection.

bankruptcy and corporate financing, including, but not limited to, company business plan viability

and plan feasibility.

4.      Pursuant to the Litigation Administrator Agreement, dated as of January 31, 2024,

the Litigation Administrator is authorized to retain certain professional advisors to support in the

performance of his duties.  Accordingly, the Litigation Administrator retained M3 to assist with,

among other things, the investigation, analysis, filing, prosecuting, and defending of claim

objections.  I have led M3's professionals since the inception of the engagement.

5.      As part of my current position, I am responsible for assisting the Litigation

Administrator with certain claims management and reconciliation matters.  I am generally familiar

with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules, and

Books and Records that reflect, among other things, the Debtors' liabilities and the amounts

thereof owed to their creditors as of the Petition Date.

6.      I have read the Objection, filed contemporaneously herewith, and am directly, or

by and through the Litigation Administrator's advisors, familiar with the information contained

therein and **Schedule 1** attached thereto.

7.      Unless otherwise indicated, the statements set forth in this Declaration are based

on:  (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my

experience and knowledge of the Debtors and the Debtors' operations, Books and Records, and

personnel; (d) information supplied to me by the Litigation Administrator, his advisors, and by

others at the Litigation Administrator's request; (e) as to matters involving United States

bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other

advisors to the Litigation Administrator; or (f) my experience as a restructuring and financial

professional.  If called upon to testify, I could and would testify competently to the facts set forth

herein.

8.      To the best of my knowledge, information and belief, insofar as I have been able to

ascertain after reasonable inquiry, considerable time and resources have been expended to ensure

a high level of diligence in reviewing and reconciling the Proofs of Claim filed against the Debtors

in these Chapter 11 Cases.

9.      Upon a thorough review and analysis of the Proofs of Claim filed in these Chapter

11 Cases and the supporting documentation attached thereto, the Litigation Administrator has

determined that the Inaccurately Supported Claims listed on **Schedule 1** to **Exhibit A** were filed

in incorrect amounts that differ from the amounts reflected in the Debtors' Schedules and Books

and Records. Further, the supporting documentation provided with the corresponding Proofs of

Claim fail to validate any deviation from the Debtors' Schedules and Books and Records.

Accordingly, I believe that the Inaccurately Supported Claims should be modified to match the

amounts listed under the heading labeled "Modified" in **Schedule 1**.

10.     Failure to modify the Inaccurately Supported Claims listed on **Schedule 1** to

**Exhibit A** could result in the respective claimants receiving an improper or excessive recovery

from the Debtors' Estates, to the detriment of other creditors.  Moreover, modification of these

Inaccurately Supported Claims will provide for a Claims Register that accurately reflects the

Proofs of Claim asserted against the Debtors.  Accordingly, I believe that the Court should grant

the relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: September 25, 2024    Respectfully submitted,

            */s/ Kenneth Ehrler*
            Kenneth Ehrler