Joseph E. Sarachek (Bar # 2163228)
Zachary E. Mazur (Bar # 5706726)
**SARACHEK LAW FIRM**
670 White Plains Rd. - Penthouse
Scarsdale, New York 10583
Telephone:    (646) 403-9775
Facsimile:    (646) 861-4950
Email:        joe@saracheklawfirm.com

*Counsel to the Faller Creditors and to the*
*Ad Hoc Committee of Corporate Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION FOR FINAL PROFESSIONAL COMPENSATION / FINAL FEE**
**APPLICATION FOR SARACHEK LAW FIRM**

Pursuant to the *Order (I) Authorizing Supplemental Distribution to Eligible Corporate Creditors, (II) Approving Procedures for Supplemental Corporate Creditor Distributions, and (III) Granting Related Relief* [Docket 7747] (the "Order"), Sarachek Law Firm ("SLF" or "Applicant"), counsel for the Faller Creditors and counsel for the Ad Hoc Committee of Corporate Creditors (the "Ad Hoc Committee"), hereby moves this Court for reasonable compensation for professional services rendered (the "Application") for the period from March 21, 2024 to October

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

11, 2024 (the "Engagement Period") in the amount of $1,661,514.59 pursuant to its 5% fee agreement with the Ad Hoc Committee (the "Contingency Fee"), together with reimbursement for actual and necessary expenses incurred in the amount of $593.92. A proposed order is attached herein as **Exhibit A**. This Application is supported by the *Certification of Joseph E. Sarachek in Support of the Application for Final Professional Compensation / Final Fee Application for Sarachek Law Firm* (the "Sarachek Certification"), attached herein as **Exhibit B**. For reference and to comply with the Court's Order, the Applicant accrued reasonable hourly charges for professional services rendered in the amount of $390,340.00 (the "Hourly Professional Compensation"), and a detailed breakdown is attached herein as **Exhibit C**.

### Summary

**Contingency Fee Requested**

| | |
|---|---|
| Total Compensation Requested | $1,661,514.59 |
| Total Expenses Requested | $593.92 |
| Total Compensation and Expenses Previously Awarded by Court | $0 |

**For Reference: Professional Compensation if Billed Hourly**

| | |
|---|---|
| Total Hourly Compensation | $390,340.00 |

Names and Hourly Rates of Professionals

| Name | Bar Admission Date | Position | Hourly Rate | Hours |
|---|---|---|---|---|
| Joseph E. Sarachek, Esq. | 01/13/1988 | Partner | $1,800 | 133.2 |
| Zachary E. Mazur, Esq. | 08/07/2019 | Attorney | $950 | 60.0 |
| Jarred Herzberg, CPA | | Accountant | $700 | 108.5 |
| Paul J. Combe | | Paralegal | $400 | 22.8 |
| Amanda Ng | | Legal Assistant | $150 | 8.2 |
| Xuyou Zhang | | Summer Associate | $200 | 57.1 |

### Background

1. This Court has jurisdiction over this Bankruptcy proceeding and related matters pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    This Application for compensation is made pursuant to Rule 54(d) Fed. Civ. P., as made applicable by Rule 7054 Fed. Bankr. P., and pursuant to the terms of the mediation and settlement agreement (i.e. Settlement Term Sheet ¶ 7, Order at 16) and the terms of the Applicant's employment by the Ad Hoc Committee.

3.    On July 13, 2022 (the "Petition Date"), the Post-Effective Date Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.    On January 31, 2024, the Post-Effective Date Debtors emerged from Chapter 11 bankruptcy and commenced distributions under the Plan [Docket 4289].

5.    Applicant first appeared in this matter on June 3, 2024 with the filing of the Faller Creditor Motion [Docket 4911], with respect to deficient distributions that were made to the movants in United States dollars, where the Plan called for distributions in liquid cryptocurrencies. This motion was joined by dozens of other corporate creditors.  The matter came for a hearing on July 29, 2024, and the Court made it clear that the matter required a swift resolution.

6.    On August 8, 2024, SLF executed an Engagement Letter with the newly formed Ad Hoc Committee of Corporate Creditors (the "LOE").  Sarachek Certification ¶ 4.  This Engagement Letter set forth a 5% contingency fee on any supplemental distribution to the entire class of eligible corporate creditors as professional compensation for SLF's representation in the mediation.

7.    On behalf of the Ad Hoc Committee, and with the authorization of the Court, SLF engaged in mediation with the Post-Effective Date Debtors.  Following two days of formal mediation and an additional week of informal negotiations, the Ad Hoc Committee and the Post-Effective Date Debtors submitted their Joint Motion seeking the Court's approval of the parties' agreement and settlement of claims [Docket 7661].  The Court approved in substantial part with

entry of the Order, but the Court did not approve of the negotiated $1,500,000 additional

compensation for the Ad Hoc Committee.

     8.   The Plan contemplates the settlement of claims and payment of professional fees from

dedicated reserve funds without requiring further approval from the Court:

> Any Claim . . . may be adjusted or expunged on the Claims Register
> at the direction of the Debtors, the Post-Effective Date Debtors, or
> the applicable Litigation Administrator(s) without . . . having to File
> an application, motion, complaint, objection, or any other legal
> proceeding seeking to object to such Claim or Interest and without
> any further notice to or action, order, or approval of the Bankruptcy
> Court. [Plan, Art. VII.D, at pp. 67–68]
>
>                ***
>
> From and after the Confirmation Date, the Debtors, or the Post-
> Effective Date Debtors, as applicable, shall, in the ordinary course
> of business and without any further notice to or action, order, or
> approval of the Bankruptcy Court, pay in Cash the reasonable and
> documented legal, professional, or other fees and expenses incurred
> by the Debtors or the Post-Effective Date Debtors, as applicable.
> [Plan, Art. II.B.4, at pp. 27–28]

     9.   As discussed in the parties' Joint Motion at ECF 7661, there is no Estate to preserve

after the effective date of a confirmed Chapter 11 plan. *In re Dahlgren Int'l, Inc.*, 147 B.R. 393,

403 (N.D. Tex. 1992). The present Application is based upon the settlement agreement negotiated

substantially by SLF as part of its advocacy for corporate creditors, whose claims could have

spawned lengthy litigation but were instead resolved quickly and efficiently pursuant to the Plan.

*See* Joint Motion at ¶ 61 (quoting Plan, Art. VII.D, at pp. 67-68)*; see e.g. In re Nylon Net Co.*, 225

B.R. 404, 406 (Bankr. W.D.Tenn. 1998); *see also In re Braude Jewelry Corp.*, 333 B.R. 156

(Bankr. D.Ill. 2005) (finding that claims for post-confirmation breach of a Chapter 11 plan

qualified as administrative expenses upon Chapter 7 conversion).

SARACHEK LAW
670 White Plains Rd, Fl. PH, Scarsdale, NY 10583 | P: (646) 517-5420

10. The mediation with the Post-Effective Date Debtors resulted in a swift and efficient compromise on the corporate creditors' claims. Every corporate creditor will be made whole as though the opportunity to select crypto distribution was available to them as represented in the Plan, and the Post-Effective Date Debtors were able to constructively resolve a dispute that could have cost them a significant amount of time and litigation resources.

11. This Fee Application does not contemplate Jarred Herzberg's ongoing role as Corporate Creditor Representative. See Order at 10-11.

12. The fees and compensation sought in this application are solely for the payment of SLF's professional fees and related expenses. Any award pursuant to this Fee Application will not be shared with the Ad Hoc Committee, its members, or any other creditors.

13. SLF has received no payment or promises of payment from any other source in connection with this matter. Only a single creditor, out of thousands, raised an objection to the $1.5 million compensation specified in the settlement agreement.

14. This Court objected to, and ultimately denied, the negotiated $1.5 million "additional compensation to the Ad Hoc Committee," not because it was deemed excessive, but because that provision of the settlement did not specify who was receiving these funds. Order at 24-26. The Court clearly felt that any additional distributions to Ad Hoc Committee members would be inappropriate under the plan (but that payment of the Ad Hoc Committee's professionals would be justified). *Id.*

<u>**Terms and Conditions of Employment and Compensation**</u>

15. SLF is a law firm that focuses on creditors' rights, working almost exclusively on a contingency fee basis for its clients as a way to align the interests of counsel with the interests of its clients.

16. SLF's contingency fee rates vary according to the scope and degree of work, but typically run from 33-40% for matters requiring litigation.   *See* Sarachek Certification ¶ 8.   In most of its engagements, absent a successful recovery, SLF agrees to receive no payment at all.

17. Attorneys who work on a contingency fee basis effectively agree to shoulder tremendous amounts of risk associated with litigation.  They also are obligated to finance the costs of litigation, to the extent that payment of fees is often delayed to the resolution of a dispute.

18. The LOE with the Ad Hoc Committee specifies that the committee members will support SLF's application for a Contingency Fee in the amount of 5% of any subsequent supplemental distribution to corporate creditors.  Sarachek Certification ¶ 5.

19. The supplemental distribution, which SLF negotiated for the benefit of all corporate creditors and which this Court ordered, is valued at 378.45 BTC and 3,961.24 ETH, worth around $37,681,220 as per the average crypto prices used in the settlement term sheet, or alternatively $33,230,291 as of October 7, 2024.  Sarachek Certification ¶ 6.

20. Calculating 5% of the supplemental cryptocurrency distribution totals 18.9225 BTC and 198.062 ETH.   Using the average values described in the settlement term sheet, the USD equivalent of 5% of the supplemental distributions is $1,884,061.87.  Using market prices as of October 7, 2024, 5% of the supplemental distributions is **$1,661,514.59** (defined *supra* as the "**Contingency Fee**").  The larger figure is arguably more accurate to the terms of engagement, but SLF is mindful that the Settlement Agreement contemplated a reduction in fees.

21. The Contingency Fee is based on the customary compensation charged by comparably skilled professionals in cases other than cases under title 11.  Contingency fees are also usual and customary within bankruptcy as a means of compensating professionals.  *See e.g.* 28 U.S.C. § 328(a) (permitting contingent and percentage fee basis employment of professionals).

22. Indeed, a 5% contingency rate is substantially lower than has been awarded in comparable cases. *See e.g. Roberts et al. v. Ehrlich et al.*, 1:22-cv-09590-PKC (S.D.N.Y. October 8, 2024) (awarding 20% attorney's fees to proposed class counsel in Voyager cryptocurrency matter settlement).

### Names and Hourly Rates of Professionals and Paraprofessionals

23. In support of the Contingency Fee, and pursuant to the Order, SLF has also compiled records of its hours and expenses associated with this engagement.    The Hourly Professional Compensation fee is also being provided to the Court as an alternative fee calculation, in the event that it deems the Contingency Fee to be inappropriate.

24. The following professionals and paraprofessionals at Sarachek Law Firm worked on this matter:

| Name | Position | Hourly Billing Rate |
|---|---|---|
| Joseph E. Sarachek, Esq. | Partner | $1,800 |
| Zachary E. Mazur, Esq. | Attorney | $950 |
| Jarred Herzberg, CPA | Accountant | $700 |
| Paul J. Combe | Paralegal | $400 |
| Amanda Ng | Paralegal/Legal Assistant | $150 |
| Xuyou Zhang | Summer Associate | $200 |

25. These hourly rates and total professional compensation are based on the customary compensation charged by comparably skilled professionals in cases other than cases under title 11.

26. These hourly rates were specified in the terms of the LOE.  Sarachek Certification ¶ 5.

27. A detailed accounting of hours and expenses is attached herein as **Exhibit C**.  In sum, SLF spent 388.4 billable hours on this matter during the Engagement Period.

28. According to the hourly records, the Hourly Professional Compensation, as per the accounting required under the Order, is calculated at **$390,340**.  The out-of-pocket expenses were $593.92.

SARACHEK LAW

670 White Plains Rd. Fl. PH, Scarsdale, NY 10583 | P: (646) 517-5420

29. The professional fees requested are final.  No previous fees for the Applicant or orders thereon have been requested or considered in this matter.

<u>**Conclusion**</u>

In light of the foregoing, SLF respectfully requests that the Court approve its Application, awarding it the Contingency Fee in the amount of $1,661,514.59 and expenses in the amount of $593.92.    The Hourly Professional Compensation amount, which is calculated as per the requirements of the Order, is set forth as $390,340.

Scarsdale, New York                        SARACHEK LAW FIRM
Dated: October 17, 2024


                                           */s/ Joseph E. Sarachek*
                                           Joseph E. Sarachek (Bar # 2163228)
                                           Zachary E. Mazur (Bar # 5706726)
                                           670 White Plains Rd. - Penthouse
                                           Scarsdale, New York 10583
                                           Telephone:      (646) 403-9775
                                           Facsimile:      (646) 861-4950

                                           *Counsel to the Faller Creditors and to the*
                                           *Ad Hoc Committee of Corporate Creditors*