Laura Faller McNeil  　　　　　　　　　　　　　　　Hearing date: November 13, 2024
*Pro Se*  　　　　　　　　　　　　　　　　　　　　Objections deadline: November 5, 2024

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**  **CELSIUS NETWORKS LLC,** *et al.,*  **Debtors.** | Chapter 11  Case No. 22-10964 (MG) |

**APPLICATION FOR ALLOWANCE OF CLAIM FOR SUBSTANTIAL
CONTRIBUTION PURSUANT TO 11 U.S.C. § 503(b)(3)(D) for Laura Faller McNeil**

**INTRODUCTION**

To the Honorable Judge Glenn:

My name is Laura Faller McNeil and I represent Sheri and Bernard Jacob Faller, also known as the "Faller Creditors", and their four retirement accounts (structured as LLCs): BFaller RD LLC, BFaller ROTH RD LLC, SFaller TRD RD LLC, and SFaller RD LLC. I also served as the Chairperson for the Ad Hoc Committee of Corporate Creditors. I hereby submit this application (Pro Se) for the allowance of a claim for substantial contribution under 11 U.S.C. § 503(b)(3)(D). While this claim is being submitted post confirmation, the Plan of Reorganization filed on January 29, 2024 (Docket #4289) was not executed fairly as Section 1129 (b)(1) of the Bankruptcy Code stipulates it must be. My contributions were instrumental in bringing this issue of inequitable treatment of corporate creditors to light in front of the court. My continued efforts were vital and necessary to corporate creditors ultimately receiving equal treatment with your

ruling in Docket #7728: "ORDER (I) AUTHORIZING SUPPLEMENTAL DISTRIBUTION TO ELIGIBLE CORPORATE CREDITORS, (II) APPROVING PROCEDURES FOR SUPPLEMENTAL CORPORATE CREDITOR DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF". Therefore, I ask the court to allow this submission post-confirmation.

## **OVERVIEW**

1.  Your Honor, thank you for reviewing this application. I'd like to outline for you the tremendous effort I put in from March through September of this year in pursuit of getting equitable treatment for all corporate creditors. In March, the Post-Effective Date Debtors released Docket #4623 ("POST-EFFECTIVE DATE DEBTORS' SECOND UPDATE ON DISTRIBUTIONS") and in it they outline why only 100 corporate creditors were chosen to receive cryptocurrency, which resulted in unequal treatment of corporate creditors. I emailed the US Trustee, Shara Cornell, to make her aware of this issue, and then I reached out to other corporate creditors across many social media platforms. Not being content to let this issue of inequity get pushed to the side, I then took the initiative to write a letter to the court, and more than 80 corporate creditors signed their names to that letter. We filed this letter on March 19, 2024 as Docket #4719 asking for equitable distributions for all corporate creditors. After submitting this letter to the Docket, I spoke before the court on March 20, 2024, where I highlighted the inequity in distributions. The Post-Effective Date Debtors responded to our group letter on April 4, 2024, with Docket #4786 ("POST-EFFECTIVE DATE DEBTORS' RESPONSE TO DISTRIBUTION ISSUES RAISED BY CORPORATE CREDITORS AND RETAIL BORROWERS").

2. Still not satisfied with the Post-Effective Date Debtors' response, I educated myself on bankruptcy law and studied the Plan of Reorganization (Docket #4289 filed on January 29, 2024). On May 6, 2024, I filed a Motion for Discovery (Pro Se) with Wesley Chang (Docket #4866: "MOTION for discovery to support claims made by Post-Effective Date Debtors in regards to equitable treatment of Corporate Creditors"). I was prepared to speak at court on May 7, 2024, but since we did not file in time to get on the agenda, we were moved to the June 28, 2024 hearing.

3. After hearing me speak in court, Joseph Sarachek, of Saracheck Law Firm ("SLF"), reached out to see if we could work together. We collaborated to prepare and file Docket #4911 ("MOTION SEEKING ENTRY OF AN ORDER (I) APPROVING FURTHER DISTRIBUTION UNDER PLAN OF REORGANIZATION FOR THE FALLER CREDITORS AND (II) GRANTING RELATED RELIEF"). Throughout this process, SLF and I worked and acted as partners in strategizing, researching, putting together, and editing this motion. While I worked in unison with SLF, I'm filing this application separately (Pro Se) since I was not officially hired by the firm. After this motion was filed, I connected with and helped 43 other corporate creditors file joinders to bring attention to these inequitable distributions (Docket #s: 4916, 4917, 4918, 4919, 4920, 4921, 4922, 4923, 4928, 4929, 4934, 4935, 4938, 4939, 4940, 4944, 4945, 4946, 4947, 4950, 4952, 4953, 4954, 4956, 4958, 4959, 4961, 4963, 4964, 4966, 4967, 4968, 4971, 4972, 4985, 4986, 5194, 5195, 5196, 5197, 5594, 6569, 7575). I was never focused solely on the Faller Creditors' interests, and was always seeking equitable treatment for all creditors, as evidenced by the first group letter. I worked hard and spent many hours educating creditors and helping them file joinders to this motion. In order to draw attention to

this issue, I also reached out to numerous media outlets and three journalists picked up our story: CoinTelegraph (*https://cointelegraph.com/news/celsius-small-business-creditors-demand-reimbursement*), ReOrg *https://reorg.com/articles/court-says-celsius-hid-the-ball-on-limiting-timely-crypto-distributions/*), and Law360 *(https://www.law360.com/bankruptcy-authority/articles/1863325/celsius-blasted-for-undisclosed-crypto-distribution-limits*).

    4.    Throughout May, June, July, and August, I was in frequent communication with SLF. During that time, we would often have several calls a day, as we worked together on pushing this issue forward. I also spent a lot of time communicating with corporate creditors utilizing emails, phone calls, internet Zoom meetings, and social media to answer questions, educate corporate creditors, and act as a liaison between SLF and corporate creditors to make sure issues were heard and being represented through our motion. After the July 29, 2024 hearing, I reached out to many different corporate creditors, who were informed on the case, and I then spent a very considerable amount of time and energy to pick a representative group of creditors with varying claim sizes to form the Ad Hoc Committee of Corporate Creditors (Docket #7572: "VERIFIED STATEMENT OF THE AD HOC COMMITTEE OF CORPORATE CREDITORS PURSUANT TO BANKRUPTCY RULE 2019"). I spent a lot of time being the intermediary between SLF, the committee, and these individuals, as well as between the committee and other corporate creditors. The entire committee had the joint goal of getting equitable distributions for all, and trying to be as fair and as representative as possible. We spent a lot of time reviewing documents, having discussions, and strategizing over calls, emails, messages, and on Zoom. We had a two day mediation (Docket # 7592: "NOTICE OF UPCOMING MEDIATION REGARDING CORPORATE CREDITOR MOTION AND

INSTRUCTIONS TO PARTICIPATE") on August 14, 2024 and August 15, 2024. There were lots of meetings, talks, emails, and steps to get to the point of mediation and prepare for it. The mediation lasted two full days, where we all worked together collaboratively and negotiated a term sheet, which led to the joint motion that was filed on August 29, 2024 (Docket #7661: "NOTICE OF JOINT MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING SUPPLEMENTAL DISTRIBUTION TO ELIGIBLE CORPORATE CREDITORS, (II) APPROVING PROCEDURES FOR SUPPLEMENTAL CORPORATE CREDITOR DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF").

5. Your Honor, we were so glad to see your order (Docket #7728: "ORDER (I) AUTHORIZING SUPPLEMENTAL DISTRIBUTION TO ELIGIBLE CORPORATE CREDITORS, (II) APPROVING PROCEDURES FOR SUPPLEMENTAL CORPORATE CREDITOR DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF") filed on October 4, 2024, that rectified the treatment of corporate creditors so all corporate creditors could receive equitable distributions.

### SUBSTANTIAL CONTRIBUTION BASIS

6. Your honor, below I've highlighted some examples of what constitutes a substantial contribution. Through this application, I hope to demonstrate why my efforts have been substantial and necessary to get to the successful resolution we have today of equitable distributions.

    i. *In re Dana Corp.*, 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008 (citing Lebron v. Mechem Financial Inc., 27 F.3d 937, 944 (3d Cir.1994) ):

        "Inherent in the term 'substantial' is the concept that the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests."

    ii.    *In re Am. Preferred Prescription, Inc.*, 194 B.R. 721, 727 (Bankr. E.D.N.Y. 1996 (citing In re Best Products Co., Inc., 173 B.R. at 865 ):

        "… compensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate."

    iii.    *In re AMR Corp.*, No. 11-15463 (SHL), 2014 WL 3855320, at *2 (Bankr. S.D.N.Y. Aug. 5, 2014) (citing U.S. Lines, Inc., 103 B.R. at 430 and In re D.W.G.K. Rest., Inc., 84 B.R. 684, 690 (Bankr.S.D.Cal.1988) ).

        Services that warrant a substantial contribution award "generally take the form of constructive contributions in key reorganizational aspects, when but for the role of the creditor, the movement towards final reorganization would have been substantially diminished."

    iv.    *In re Bayou Grp. LLC*, 431 B.R. at 562:

        Accordingly, "the majority of cases allowing creditors' substantial contribution claims ... have, therefore, found that the creditor played a leadership role that normally would be expected of an estate-compensated professional but was not so performed."

## **SUBSTANTIAL CONTRIBUTION**

    7.    Your Honor, since March, I have worked on bringing this issue to light, continually pushing this issue forward, and doing what was necessary to get creditors equitable distributions. To summarize my efforts mentioned above, I was the one who originally brought this issue to the attention of the court by writing a letter, and then worked to convince more than 80 corporate creditors to sign that letter. After that, I spoke in court, filed a motion for discovery (Pro Se), and worked with SLF to submit a motion for further distribution. My time and service to this issue for all creditors was not done in duplication to SLF. My efforts started before my partnership with SLF, and then continued in conjunction with SLF, where we joined forces to work together and also divided up tasks. My efforts continued with the formation of the Ad Hoc

Committee of Corporate Creditors, where I was the Chairperson and liaised between SLF, the committee, and other corporate creditors. In that capacity, I played a large role in preparing for the mediation and in helping to collaboratively negotiate the term sheet at the mediation. Personal interests were set aside as I advocated for what was fair and equitable for all corporate creditors. Rather than proposing the use of cryptocurrency prices at the date distributions were received, which would have been more advantageous to the Faller Creditors, I helped to push and negotiate for the average price of cryptocurrency over the time distributions were made, in an effort to make this settlement as fair as it could be for all corporate creditors. I remained committed to fighting for equitable treatment for all corporate creditors consistently through all my efforts. It was the accumulation of all these efforts that resulted in bringing this issue to the court's attention, ensuring this issue stayed visible and relevant, and ultimately reaching a successful resolution with the filing of your order authorizing supplemental distributions (Docket #7728).

8. Your Honor, as a part of your order (Docket #7728), you wrote "Counsel to the Ad Hoc Committee of Corporate Creditors may file, by October 17, 2024, an application for payment of fees that must include detailed and itemized time records reflecting the work performed from the time of its engagement through the execution of the Settlement Term Sheet."

9. While 11 U.S.C. § 503(b)(4) refers to attorneys and accountants, courts have allowed professionals with specialized expertise, such as financial professionals, to be reimbursed, especially if they perform services traditionally handled by attorneys or accountants and make a significant contribution to the case.

10. **PRECEDENT**: In re *ITC Deltacom, Inc.*, No. 02-11848(MFW), 2006 WL 839395, at *1 (D. Del. Mar. 29, 2006):

> In this case, the court agreed with the court below that § 503 encompasses expenses for financial advisors. Subsection (b)(3)(D) establishes that "actual" and "necessary" expenses "making a substantial contribution" in a Chapter 11 case, are recoverable in general, including expenses incurred in the employment of a financial advisor. And, although subsection (b)(4) clearly imposes a limitation on recovery "for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under [subsection (b)(3)(D)]," nowhere does it purport to limit other recoverable expenses. Therefore, the court holds that the plain meaning of § 503 allows for recovery of the expenses of financial advisors.

11. While I'm not an attorney, I am a financial and investment professional with over 20 years of experience in the financial markets and a background in unifying, connecting, and helping others. While I was a fiduciary representative to the Faller Creditors, other creditors also relied on me for my expertise and knowledge about this issue. My contributions during this case provided actual, demonstrable, and valuable benefits to all corporate creditors and were instrumental and critical in getting a successful resolution. My contributions started by getting this issue first seen before the court by raising the red flag with the group letter, by continuing to make this issue visible to the court through filing two motions, by helping others to file joinders alongside our motion for equitable distribution, by forming and working with the Ad Hoc Committee of Corporate Creditors, by trying to fairly represent all corporate creditors at the mediation, and by all my pursuits to make sure that all corporate creditors were treated equitably. During this time period, I was educating corporate creditors and answering questions from creditors on an almost daily basis. Acting as the liaison between creditors, SLF, and the committee, I listened to creditors, summarized concerns, communicated issues, and kept the group unified so we would not get pushed to the side. Keeping corporate creditors bound as a group was necessary so we, as a group, could apply pressure, stay visible, and stay relevant

before the court. All of this was vital to corporate creditors ultimately receiving equitable distributions.

12. My early efforts and consistent contributions since March to drive this forward and make sure this issue wasn't pushed to the side were necessary to get us to the successful resolution we're at today with corporate creditors expected to receive <u>approximately 40% more in supplemental distributions</u>. These supplemental distributions represent a tremendous recovery for corporate creditors, many of which use these accounts for their retirement funds and family trusts, aimed at safeguarding their financial futures.

## **REASONABLE FEES REQUESTED**

13. In re *Granite Partners, L.P.*, 213 B.R. at 449– 54:

> Once a substantial contribution has been demonstrated, the applicant must then establish that the requested fees are "reasonable ... based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title," and that the expenses are "actual and necessary."

14. In cases where courts have allowed substantial contribution claims from individuals who were not attorneys or accountants, those individuals were compensated based on prevailing market rates. Hays Salary Guide (hays.com) suggests that senior financial and investment consultants can charge between $500 and $1,200 per hour in San Jose, depending on their expertise and specific services provided. PayScale.com and glassdoor.com both aggregate salary information from various professionals and report that for investment consultants in the San Jose area, typical hourly rates often fall between $400 and $1,200. Robert Half's (roberthalf.com) latest data show that senior-level financial and investment consultants in San Jose command hourly rates ranging from $350 to $800. Based on these resources and their data,

it's reasonable to assume an investment professional with my experience and expertise could easily charge $400 or much more an hour, but to be conservative, I am using a rate of $400 an hour to calculate my reasonable fees. I'm attaching a breakdown of my extensive time records using this reasonable fee rate which you can see under Exhibit A. Since March, this was often a full time job plus for me, taking away time from my family and other work. However, it was extremely important for me to see this through not just for the Faller Creditors, but for all corporate creditors.

## **CONCLUSION**

15.     Your Honor, for the reasons stated above, I respectfully request the Court to enter an order allowing my administrative expense claim in the amount of $206,300 for the substantial contributions made to this case and direct the payment of such amount from the Debtor's estate. Thank you for reviewing this application, and I appreciate your consideration.

Dated: October 17, 2024

Respectfully submitted,

/s/ *Laura Faller McNeil*

Laura Faller McNeil *(Pro Se)*
Representative for "Faller Creditors", Sheri and Bernard Jacob Faller, and their retirement accounts:
*BFaller RD LLC*
*BFaller ROTH RD LLC*
*SFaller TRD RD LLC*
*SFaller RD LLC*
laurafaller@gmail.com

# Exhibit A — Time records for Laura Faller McNeil's efforts to achieve equitable distributions for all Celisus Corporate Creditors

All time and efforts below were for pushing this issue forward until the successful resolution of equitable treatment for all corporate creditors (approximately 1900 corporate creditors in total). More detail on specific days and activities can be provided upon request.

| Date | Activity | Hours | Rate | Total Day |
|---|---|---|---|---|
| 3/12/24 | Writing email to alert US Trustee, Shara Cornell, that corporate creditors were being treating unfairly. | 1 | $400 | $400 |
| 3/14/24 | K&E released Docket #4623. Started dialogue with corporate creditors (on Telegram & X) in order to bind us together and discuss how to draw attention to this. | 3.5 | $400 | $1,400 |
| 3/15/24 | Discussions with corporate creditors and getting information to write a group letter to the court (over Telegram, X, messages). | 3.25 | $400 | $1,300 |
| 3/16/24 | Preparing group letter (researching, composing, editing) (3.5hr) and more discussions with other corporate creditor (2hr). Also wrote and filed objection letter (Docket #4707) (1.5hr). | 7 | $400 | $2,800 |
| 3/17/24 | More work preparing group letter (researching, composing, editing) (3hr). Discussions with corporate creditors to incorporate feedback on the letter, to educate, and to get others to add their names to the letter (2hr). Zoom call with corp creditors (1hr). | 6 | $400 | $2,400 |
| 3/18/24 | Finalized the group letter (2.75hr), and correspondence/communication to get 75 corporate creditors to sign it (3.5hr). Filed the letter (Docket #4719). (Later had 80+ corporate creditors sign the letter.) | 6.25 | $400 | $2,500 |
| 3/19/24 | Preparations to speak at 3/20/24 hearing on behalf of corporate creditors to bring attention to this issue. | 3 | $400 | $1,200 |
| 3/20/24 | Preparing to speak at hearing (1.75hr). Attended hearing over Zoom and spoke on behalf of all corporate creditors (1hr). Follow-up after the hearing with corporate creditors (emails, calls, Telegram, X) to keep everyone educated and unified (1.5hr). Initial call with SLF (.75hr) and email follow-up (.75hr). | 5.75 | $400 | $2,300 |
| 3/21/24 | Strategizing next steps to bring this issue to light (2.75hr). More conversations with corporate creditors (1.75hr) and SLF (.5hr). | 5 | $400 | $2,000 |
| 3/22/24 | Preparing motion (3.5hr) and communicating/unifying corporate creditors (emails, Telegram) (1hr). | 4.5 | $400 | $1,800 |
| 3/23/24 | Preparing motion (3.5hr) and communicating/unifying corporate creditors (emails, Telegram) (1hr). | 4.5 | $400 | $1,800 |
| 3/24/24 | Preparing motion (1hr) and communicating/unifying corporate creditors (emails, Telegram) (.75hr). | 1.75 | $400 | $700 |
| 3/25/24 | Preparing motion (1.5hr) and communicating/unifying corporate creditors (emails, Telegram) (1.25hr). | 2.75 | $400 | $1,100 |
| 3/26/24 | Preparing motion (2.25hr) and communicating/unifying corporate creditors (emails, Telegram) (.75hr). Calls/strategizing with SLF (2hr). | 5 | $400 | $2,000 |

| Date | Description | Hours | Rate | Amount |
|---|---|---:|---:|---:|
| 3/27/24 | Preparing motion (2hr) and communicating/unifying corporate creditors (emails, Telegram) (.75hr). Calls with SLF (1.5hr) and corporate creditors (1hr). | 5.25 | $400 | $2,100 |
| 3/28/24 | Preparing motion (2.5hr) and communicating with corporate creditors (.75hr). | 3.25 | $400 | $1,300 |
| 3/29/24 | Preparing motion (2hr) and communicating with corporate creditors (.5hr). | 2.5 | $400 | $1,000 |
| 3/30/24 | Preparing motion (1.5hr) and communicating with corporate creditors (.5hr). | 2 | $400 | $800 |
| 3/31/24 | Preparing motion (1.5hr) and communicating with corporate creditors (1hr). | 2.5 | $400 | $1,000 |
| 4/1/24 | Preparing motion (1hr) and communicating with corporate creditors (.5hr). | 1.5 | $400 | $600 |
| 4/2/24 | Preparing motion (1hr) and communicating with corporate creditors (.5hr). | 1.5 | $400 | $600 |
| 4/3/24 | Preparing motion (1.5hr) and communicating with corporate creditors (.5hr). | 2 | $400 | $800 |
| 4/4/24 | Preparing motion (1.5hr) and communicating with corporate creditors (.5hr). | 2 | $400 | $800 |
| 4/5/24 | Preparing motion (1.5hr) and communicating with corporate creditors (.5hr). | 2 | $400 | $800 |
| 4/6/24 | Preparing motion (2hr) and communicating with corporate creditors (1hr). | 3 | $400 | $1,200 |
| 4/7/24 | Preparing motion (2hr) and communicating with corporate creditors (1hr). Calls (1.5hr) and emails (1.5hr) with SLF to push this forward. | 6 | $400 | $2,400 |
| 4/8/24 | Preparing motion (2.25hr) and communicating with corporate creditors (1.25hr). | 3.5 | $400 | $1,400 |
| 4/9/24 | Preparing motion (1.5hr) and communicating with corporate creditors (1hr). | 2.5 | $400 | $1,000 |
| 4/10/24 | Communicating with corporate creditors (1hr). | 1 | $400 | $400 |
| 4/11/24 | Communicating with corporate creditors (.75hr). | 0.75 | $400 | $300 |
| 4/12/24 | Communicating with corporate creditors (.75hr). | 0.75 | $400 | $300 |
| 4/13/24 | Communicating with corporate creditors (1hr). | 1 | $400 | $400 |
| 4/14/24 | Preparing motion (1.5hr), communicating with corporate creditors (1hr). Calls (1hr) and emails (1hr) with SLF. | 4.5 | $400 | $1,800 |
| 4/15/24 | Preparing motion (1.5hr), communicating with corporate creditors (.75hr). Calls (1hr) and emails (1hr) with SLF. | 4.25 | $400 | $1,700 |
| 4/16/24 | Preparing motion (1hr) and communicating with corporate creditors (.75hr). | 1.75 | $400 | $700 |
| 4/17/24 | Preparing motion (1hr) and communicating with corporate creditors (.75hr). | 1.75 | $400 | $700 |
| 4/18/24 | Preparing motion (1hr), communicating with corporate creditors (.75hr). Calls (.75hr) and emails (1hr) with SLF. | 3.5 | $400 | $1,400 |
| 4/19/24 | Communicating with corporate creditors (1.25hr). | 1.25 | $400 | $500 |
| 4/20/24 | Preparing motion (1hr) and communicating with corporate creditors (1hr). | 2 | $400 | $800 |

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 4/21/24 | Preparing motion (.5hr) and communicating with corporate creditors (.5hr). | 1 | $400 | $400 |
| 4/22/24 | Preparing motion (1hr) and communicating with corporate creditors (1hr). | 2 | $400 | $800 |
| 4/23/24 | Preparing motion (1.5hr) and communicating with corporate creditors (1hr). | 2.5 | $400 | $1,000 |
| 4/24/24 | Preparing motion (1.5hr) and communicating with corporate creditors (1hr). | 2.5 | $400 | $1,000 |
| 4/25/24 | Preparing motion (1hr) and communicating with corporate creditors (1hr). | 2 | $400 | $800 |
| 4/29/24 | Preparing motion (1hr) and communicating with corporate creditors (1hr). | 2 | $400 | $800 |
| 5/2/24 | Preparing motion (1hr) and communicating with corporate creditors (1hr). Emails with SLF (.5hr). | 2.5 | $400 | $1,000 |
| 5/3/24 | Preparing motion (2hr) and communicating with corporate creditors (1.5hr). | 3.5 | $400 | $1,400 |
| 5/4/24 | Final work on motion before filing (5.5hr). | 5.5 | $400 | $2,200 |
| 5/5/24 | Final work on motion before filing (6.5hr). Call with SLF (.25hr). | 6.75 | $400 | $2,700 |
| 5/6/24 | Filed motion for discovery (Docket #4866) with Wesley Chang *(Pro Se) (3hr)*. Preparations to speak at hearing tomorrow (3.5hr). Calls and emails with corporate creditors. (1.5hr). | 8 | $400 | $3,200 |
| 5/7/24 | Prepared to speak at court hearing (2.5hr), but wasn't called on. Court hearing (1hr). Follow-up communication with corporate creditors (2.5hr). | 6 | $400 | $2,400 |
| 5/10/24 | Emails & discussions with corporate creditors on next steps and to educate on where things were at. | 2.5 | $400 | $1,000 |
| 5/14/24 | Emails & discussions with corporate creditors on next steps and to educate on where things were at (2hr). Preparing draft motion for equitable distribution (3.5hr). | 5.5 | $400 | $2,200 |
| 5/15/24 | Editing draft motion with SLF (2.5hr). Strategizing on damages calculations (1.5hr). Calls (1.5hr) and emails (1.5hr). | 7 | $400 | $2,800 |
| 5/16/24 | Editing draft motion with SLF (2.5hr). Strategizing on damages calculations (1.5hr). Calls (1.25hr) and emails (1.25hr). | 6.5 | $400 | $2,600 |
| 5/19/24 | Editing draft motion with SLF (2hr). Strategizing on damages calculations (.5hr). Calls (1hr) and emails (1.5hr). | 5 | $400 | $2,000 |
| 5/20/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 2.5 | $400 | $1,000 |
| 5/21/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 1.5 | $400 | $600 |
| 5/22/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 1.25 | $400 | $500 |
| 5/23/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 1.5 | $400 | $600 |
| 5/24/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 2 | $400 | $800 |
| 5/25/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 2.25 | $400 | $900 |

| | | | | |
|---|---|---|---|---|
| 5/27/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 2.5 | $400 | $1,000 |
| 5/28/24 | Preparing to file a motion: strategizing, researching, email/correspondence/calls with SLF. | 1.5 | $400 | $600 |
| 5/29/24 | Preparing to file a motion: strategizing, researching, email/correspondence/calls with SLF. | 1.75 | $400 | $700 |
| 5/30/24 | Preparing to file a motion: strategizing, researching, email/correspondence/calls with SLF. | 1.75 | $400 | $700 |
| 5/31/24 | Preparing to file a motion (emails/correspondence/calls) (2.5hr). Working on affidavit (2hr). | 4.5 | $400 | $1,800 |
| 6/1/24 | Preparing to file motion (emails/correspondence) (1.5hr). Working on affidavit (1.5hr), finalized & notarized affidavit (1.5hr). | 4.5 | $400 | $1,800 |
| 6/2/24 | Preparing to file a motion: strategizing, researching, email/correspondence with SLF. | 1.75 | $400 | $700 |
| 6/3/24 | Preparing to file a motion: strategizing, researching, email/correspondence/calls with SLF. | 3.5 | $400 | $1,400 |
| 6/4/24 | Crafted instructions for corporate creditors to file joinders, including wording, instructions, and damages calculations so all corporate creditors could join the motion (6hr). Communication with corporate creditors (1.5hr) to share this info. | 7.5 | $400 | $3,000 |
| 6/5/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (3.5hr). Calls (1hr) & emails (1.25hr) with SLF. | 5.75 | $400 | $2,300 |
| 6/6/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (3hr). Calls (1hr) & emails (1.25hr) with SLF. | 5.25 | $400 | $2,100 |
| 6/7/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (2.5hr). Calls (.75hr) & emails (1hr) with SLF. Worked on crafting messages to send to media outlets to get this more attention on behalf of all corporate creditors (2.25hr). | 6.5 | $400 | $2,600 |
| 6/8/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (2hr). Calls (.75hr) & emails (1hr) with SLF. Contacted numerous media outlets (1.5hr). | 5.25 | $400 | $2,100 |
| 6/9/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1.75hr). Calls (.75hr) & emails (.75hr) with SLF. Contacted numerous media outlets (1.25hr). | 4.5 | $400 | $1,800 |
| 6/10/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (2.25hr). Calls (.75hr) & emails (1hr) with SLF. | 4 | $400 | $1,600 |
| 6/11/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 2.25 | $400 | $900 |

| | | | | |
|---|---|---|---|---|
| 6/12/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.75 | $400 | $700 |
| 6/13/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.75 | $400 | $700 |
| 6/14/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1.5hr). Reached out to more media outlets (1.5hr). | 3 | $400 | $1,200 |
| 6/15/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1.75hr). Reached out to more media outlets (1hr). | 2.75 | $400 | $1,100 |
| 6/16/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.75 | $400 | $700 |
| 6/17/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.5 | $400 | $600 |
| 6/18/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.5 | $400 | $600 |
| 6/19/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1.5hr). Calls (.75hr) & emails (1hr) with SLF. | 3.25 | $400 | $1,300 |
| 6/20/24 | Kirkland filed objection to our motion (Docket #4974). Reading, strategizing, and many discussions with corp creditors (2hr) & SLF (1.5hr) on next steps. Also, helped more corporate creditors file joinders (1.25hr). | 4.75 | $400 | $1,900 |
| 6/21/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.5 | $400 | $600 |
| 6/22/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.25 | $400 | $500 |
| 6/23/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1 | $400 | $400 |
| 6/24/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.25 | $400 | $500 |
| 6/25/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (.75hr). Calls (.75hr) & emails (1hr) with SLF. | 2.5 | $400 | $1,000 |
| 6/26/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1hr). Calls (.75hr) & emails (1hr) with SLF. | 2.75 | $400 | $1,100 |

| | | | | |
|---|---|---|---|---|
| 6/27/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1.5 | $400 | $600 |
| 6/28/24 | Court hearing where Judge Glenn spoke about our motion and the joinders (1hr). Discussions after with corporate creditors (2hr) & SLF (1.5) to strategize how to move forward. Correspondence to update media outlets (1.5hr). | 6 | $400 | $2,400 |
| 6/29/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (2.25hr). Calls (1hr) & emails (1.25hr) with SLF. | 4.5 | $400 | $1,800 |
| 6/30/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1hr). Calls (.5hr) & emails (.5hr) with SLF. | 2 | $400 | $800 |
| 7/1/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1hr). Calls (.5hr) & emails (.5hr) with SLF. | 2 | $400 | $800 |
| 7/2/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 1 | $400 | $400 |
| 7/3/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue. | 0.75 | $400 | $300 |
| 7/12/24 | Correspondence with corporate creditors (emails, calls, Telegram) and helping corporate creditors to file joinders to get visibility of this issue (1hr). Calls (.5hr) & emails (1hr) with SLF. | 2.5 | $400 | $1,000 |
| 7/13/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate credtiors apprised of what's going on & keep people engaged/bring visibility to this. | 1.5 | $400 | $600 |
| 7/14/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.5 | $400 | $600 |
| 7/15/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.5 | $400 | $600 |
| 7/16/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 2 | $400 | $800 |
| 7/17/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 0.75 | $400 | $300 |
| 7/18/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 0.75 | $400 | $300 |
| 7/19/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.25 | $400 | $500 |
| 7/20/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.5 | $400 | $600 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 7/21/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.5 | $400 | $600 |
| 7/22/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.25 | $400 | $500 |
| 7/23/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1 | $400 | $400 |
| 7/24/24 | Reviewing Kirkland's Supplemental Objection (Docket #7535-7538) (1.5hr). Emails (1.75hr) & calls (1hr) with SLF and strategizing how to move forward. Correspondence with corporate creditors (2.25hr). | 6.5 | $400 | $2,600 |
| 7/25/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.75 | $400 | $700 |
| 7/26/24 | Preparing/editing reply to Supplemental Objection (2.75hr) & calls with SLF (1.25hr). We filed reply to Debtor's Supplemental Objection (#7551). Correspondence with corporate creditors (1.5hr). | 5.5 | $400 | $2,200 |
| 7/27/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on & keep people engaged/bring visibility to this. | 1.25 | $400 | $500 |
| 7/28/24 | Correspondence with corporate creditors (emails, calls, Telegram) to keep corporate creditors apprised of what's going on and keep people engaged to bring visibility to this (1hr). Preparations for hearing 7/29 (2.25hr) and calls with SLF (.75hr). | 4 | $400 | $1,600 |
| 7/29/24 | Prep for court hearing (1hr). Calls with SLF before (.5hr) and after hearing (.75hr). Follow-up strategizing after hearing (2.25hr), and corresponding with corporate creditors to keep them in the loop (1.75hr). | 6.25 | $400 | $2,500 |
| 7/30/24 | Organized Ad Hoc Committee of Corporate Creditors. Reached out to various corporate creditors. Lots of emails, calls, texts with people to get them on board and discuss (4.75hr). Calls (2hr) and emails (1.5hr) with SLF too. | 8.25 | $400 | $3,300 |
| 7/31/24 | Continued to organize Ad Hoc Committee of Corporate Creditors. Reached out to various corporate creditors. Lots of emails, calls, texts with people to get them on board and discuss (3.25hr). Several calls with SLF (1.5hr). Zooms with corporate creditors to discuss joining committee (1.5hr), and first committee Zoom (1hr). Preparations and follow-up from those meetings to connect everyone and get committee started (2.25hr). | 9.5 | $400 | $3,800 |
| 8/1/24 | Continued to organize Ad Hoc Committee of Corporate Creditors. Emails, calls, texts with people to get them on board and discuss (2.25hr). Call with SLF (1.25hr). Zooms with corporate creditors to discuss joining committee (1.5hr). Preparations and follow-up from those meetings to connect everyone and get committee started (1.25hr). | 6.25 | $400 | $2,500 |

| Date | Description | Hours | Rate | Total |
|---|---|---:|---:|---:|
| 8/2/24 | Calls with SLF to strategize how to calculate damages (1hr) and emails (1hr). Communications with corporate creditors to keep them apprised of what was going on (1.5hr). Communications with committee and thinking through strategy (2hr) | 5.5 | $400 | $2,200 |
| 8/3/24 | Correspondence and strategizing with committee | 2.25 | $400 | $900 |
| 8/4/24 | Correspondence and strategizing with committee (2.25) and SLF (1hr) | 3.25 | $400 | $1,300 |
| 8/5/24 | Correspondence and strategizing with committee and SLF. Acting as liasion between SLF and the committee to update everyone. | 3.75 | $400 | $1,500 |
| 8/6/24 | Reviewing Kirkland's Mediation Request (.5hr), calls with SLF (1hr), correspondence with committee (2.25hr), committee zoom meeting (1.5hr), and preparation and follow-up from these to keep everyone updated (1.25hr). | 6.5 | $400 | $2,600 |
| 8/7/24 | Correspondence with committee (2hr) and corporate creditors (.75hr) over docket filings to keep everyone apprised on what's going on and strategize next steps. | 2.75 | $400 | $1,100 |
| 8/8/24 | Several calls with SLF on updates with mediation (1.5hr) and sharing with committee (1.75hr). Communicating with corporate creditors over docket filings to keep everyone apprised on what's going on and strategize next steps (1.25hr). Reviewing Mediation Statement (.5hr) & preparing comments (1hr). | 6 | $400 | $2,400 |
| 8/9/24 | Several calls with SLF (1.5hr), discssions/strategizing with committee (2.5hr), corresponding with corporate creditors to get feedback and be representative of everyone as we plan for mediation (2.25hr). | 6.25 | $400 | $2,500 |
| 8/10/24 | Ad Hoc Committee meeting, including preparation and follow-up. | 2.5 | $400 | $1,000 |
| 8/11/24 | Ad Hoc Committee meeting, including preparation and follow-up. | 2.25 | $400 | $900 |
| 8/12/24 | Preparation for mediation (1.5hr). Corresponded with corporate creditors to get input (1.5hr). | 3 | $400 | $1,200 |
| 8/13/24 | Reviewing and strategizing proposals and calculations (3.25hr). Multiple calls with SLF (1.25hr) and committee (1.75hr). Lots of email correspondence with committee on behalf of representing all corporate creditors (2.25hr). | 8.5 | $400 | $3,400 |
| 8/14/24 | Mediation meeting. Early preparation (0.5hr), mediation (8.25hr). Calls and emails after with SLF and committee (2.25hr). | 11 | $400 | $4,400 |
| 8/15/24 | Mediation meeting. Early preparation (0.5hr), mediation (8hr). Calls and emails after with SLF and committee (2hr). | 10.5 | $400 | $4,200 |
| 8/16/24 | Committee conversations leading up to joint motion. | 2.5 | $400 | $1,000 |
| 8/17/24 | Committee conversations leading up to joint motion. | 2.25 | $400 | $900 |
| 8/18/24 | Committee conversations leading up to joint motion. | 1.75 | $400 | $700 |
| 8/19/24 | Reviewing term sheet (2hr) & committee conversations (2.25hr) | 4.25 | $400 | $1,700 |
| 8/20/24 | Reviewing term sheet (1hr) & committee conversations (1.75hr) | 2.75 | $400 | $1,100 |
| 8/21/24 | Committee conversations (2.25hr) and emails/calls with SLF (1.75hr) | 4 | $400 | $1,600 |
| 8/22/24 | Committee conversations | 1.75 | $400 | $700 |
| 8/25/24 | Commitee conversations | 1.5 | $400 | $600 |

| Date | Description | Hours | Rate | Amount |
|---|---|---:|---:|---:|
| 8/26/24 | Committee conversations (1.5hr) and emails/calls with SLF (1.25hr) | 2.75 | $400 | $1,100 |
| 8/27/24 | Zoom hearing (1hr) & committee discussions before (1.25hr) and after (2.25hr) to strategize | 4.5 | $400 | $1,800 |
| 8/28/24 | Reviewing term sheet and joint motion (2hr). Several calls with SLF (1.5hr) & emails (1.25hr). Committee Zoom call (1.75hr) with preparation and emails before and after (2.25hr). | 8.75 | $400 | $3,500 |
| 9/11/24 | Preparation for hearing | 2.25 | $400 | $900 |
| 9/12/24 | Preparation for hearing (1hr). Calls to strategize before (1.25hr). Court Hearing. Followup with SLF and committee after (2.25hr). | 4.5 | $400 | $1,800 |
| 9/13/24 | Emails/communication with corporate creditors to keep everyone apprised of what was going on and keep visibility on this for all corporate creditors. | 2.75 | $400 | $1,100 |
| 9/14/24 | Made calculations sheet for corporate creditors to see what their expected supplemental distribution would be (3.5hr). Lots of communications with corporate creditors to answer questions and keep them apprised and up-to-date on where things were at (2.25hr). | 5.75 | $400 | $2,300 |
| 9/15/24 | Emails/communication corporate creditors to help answer questions and keep corporate creditors apprised of what was going on. | 2 | $400 | $800 |
| 9/16/24 | Emails/communication corporate creditors to help answer questions and keep corporate creditors apprised of what was going on. | 1.75 | $400 | $700 |
| 9/17/24 | Emails/communication corporate creditors to help answer questions and keep corporate creditors apprised of what was going on. | 1.5 | $400 | $600 |
| 9/19/24 | Emails/communication corporate creditors to help answer questions and keep corporate creditors apprised of what was going on. | 1.25 | $400 | $500 |
| 9/20/24 | Emails/communication corporate creditors to help answer questions and keep corporate creditors apprised of what was going on. | 1.25 | $400 | $500 |
| | **TOTAL:** | **515.75** | | **$206,300** |