Sean Xue
*Pro Se*
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION TO FEE APPLICATON (ECF 7754)**

Honorable Judge Glenn,

The requested fees from Sarachek Law Firm are excessive. Instead of coming to a more reasonable number the fees increased from $1.5m to $1.66m ($1.87m if including the $0.2m payment to an Ad Hoc member). I highlight again the total approved fees for all other Ad Hocs combined comes to a fraction of what is being requested by Sarachek Law Firm, and the other Ad Hocs billed significantly more hours:

| Ad Hoc | Requested | Paid |
|---|---|---|
| Custody | $740,448 | $175,622 |
| Earn | $437,867 | $101,021 |
| Withhold | $187,617 | $84,524 |
| Borrowers | $1,020,223 | |
| | $2,386,155 | **$361,167** |

It is also unclear how the contingent fee structure was agreed upon, as no vote was taken within the corporate creditors group. The court should approve reasonable costs, and the requested fees are clearly unreasonable.

In the fee application, Sarachek Law Firm highlighted that 'only a single creditor, out of thousands, objected to the $1.5 million compensation specified in the settlement agreement' as if the lack of objections equals approval. The fact is that we are very late in the bankruptcy. Over 94% of the value has been distributed and most creditors are no longer following the case. All the other Ad Hocs have disbanded, and legal representation has been dropped. The fee examiner just filed his last fee application. We are effectively in a blind spot in the bankruptcy process and precisely why the court should be extra careful in examining these fee requests.

Furthermore, your honor ruled that the corporate creditor distribution was part of the plan and would not take away from other creditor distributions. However, the legal and administrative costs certainly was unforeseen and avoided if this issue had been properly addressed by the debtor's counsel. My question to your honor is: should creditors be the ones to foot the bill?

Thank you
Sean Xue
Pro Se Creditor