Daniel Y. Gielchinksy, Esq.
DGIM Law, PLLC
2875 NE 191 Street, Suite 705
Aventura, FL 33180
Telephone: (305) 898-2063
Email: dan@dgimlaw.com

*Counsel to Creditors David K. O'Rear and Marcel Sanchez*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et, al.,*[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

### RESPONSE TO THE LITIGATION ADMINISTRATOR'S SIXTH OMNIBUS OBJECTION TO CERTAIN INACCURATELY SUPPORTED CLAIMS

David O'Rear (the "Claimant"), by and through undersigned counsel, hereby responds (the "Response") to the Sixth Omnibus Objection to Proofs of Claim (the "Claims Objection") filed by Moshin Y. Aleghji in his capacity as Litigation Administrator (the "Litigation Administrator"), as it relates to the proofs of claim filed by the Claimant against Celsius Network LLC, and certain of its affiliates (the "Debtors") and, in support thereof, respectfully states as follows:

### PRELIMINARY STATEMENT

After filing his claim, voting in support of the plan, and opting into the class claim settlement, the Claimant has yet to receive a distribution on his claim (on both Earn and Custody

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Account Balances). For more than a year, the Claimant has received misinformation and varying contradictory accounts as to why he has not received a distribution from estate representatives. Now he is faced with an indecipherable claim objection alleging his claim is inaccurately supported and should be modified to be consistent with information in unidentified books and records of the Debtors. Yet, the objection fails to identify any discrepancy between the books and records of the Debtors and the Claimant's claims. Still, in order the avoid prejudice, the Claimant is compelled to incur costs and make this response in order to preserve his rights and entitlement to the promised distributions. The estate, including the Litigation Administrator, has had ample time to get their facts straight and prioritize administration of claims in this case. Yet, the consequences of the inaccuracies continue to be born by the creditors and investors.

Because the Litigation Administrator has failed to meet his burden of producing evidence rebutting the prima facie validity of the Claimant's proof of claim, the Claims Objection should be overruled as to the Claimant. Further, the Claimant seeks clarity from of the estate of when a distribution will be forthcoming.

## **FACTUAL BACKGROUND**

1.      On July 13, 2022, (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, the United States Code (the "Bankruptcy Code").

2.      Prior to the Petition Date, the Claimant caused certain crypto currencies (collectively, the "Coins") to be held on account with the Debtors.

3.      On December 28, 2022, the Claimant filed his claim (the "O'Rear Claim") against the Debtors' estates.

4.      On October 4, 2024, the Litigation Administrator filed the Claims Objection which includes an objection to the O'Rear Claim filed by Claimant and other similarly situated creditors,

alleging the subject claims were "inaccurately supported." A copy of the schedule excerpt filed by the Litigation Administrator identifying the O'Rear Claim as being a subject of the Claims Objection is attached hereto as **Exhibit "A."**

5.      The O'Rear Claim was filed in the manner and form prescribed by the Debtors.

6.      As expressed in the O'Rear Claim, the Claimant asserts and alleges that the Debtors are liable to him on account of coin entrusted to the Debtors pre-petition in Earn and Custody Accounts.

7.      By the Claims Objection, the Litigation Administrator seeks, *inter alia,* an order disallowing and expunging the Proofs of Claim, although the specific grounds are unclear. The Claims Objection states as follows:

> Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order (as well as the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and the Litigation Administrator Agreement), the Litigation Administrator files this Objection to the 250 Inaccurately Supported Claims listed on Schedule 1 to Exhibit A because the Litigation Administrator has determined, based upon a review and analysis of the Inaccurately Supported Claims, that the Inaccurately Supported Claims were filed in incorrect amounts that differ from the amounts reflected in the Debtors' Schedules and Books and Records. ***In evaluating the Inaccurately Supported Claims, the Litigation Administrator reviewed the Books and Records and the Schedules and the related supporting documentation provided by each claimant, if any, and has determined that the amount of each Inaccurately Supported Claim is inconsistent with the Debtors' true liability as reflected in the Debtors Schedules and Books and Records and the Proofs of Claim provide no basis or insufficient supporting documentation to support an amount other than what is listed in the Debtors Schedules and Books and Records***. The Litigation Administrator, therefore, seeks to modify the Inaccurately Supported Claims to match the Debtors' Schedules and Books and Records.

8.      Claims Objection, ¶ 20 (emphasis added).

9.      Schedule 1 to the Claims Objection as applicable to the Claimant states as follows:

> As set forth in paragraph 21 of the Objection, the Claim fails to provide sufficient supporting documentation to constitute prima facia evidence of the validity and amount of the claim. The Claim should be modified to reflect the amounts reflected in the Debtors' books and records.

10.    Yet, there is no obvious difference between the coin and amount demanded by Claimant and the amount purportedly reflected in the Debtors' books and records. It is also unclear what specific books and records the Litigation Administrator relying on to form the basis of the Claims Objection.

## RESPONSE

11.    Considering the text of the Claims Objection and the related schedule, the basis of the Litigation Administrator's challenge to the O'Rear Claim remains unclear. The assertion that the claim is inaccurately supported has no apparent basis in law or fact.

12.    It is impossible to determine the basis of the challenge from the face of the Claims Objection. The Claims Objection should therefore be denied in its entirety for vagueness.

13.    The Litigation Administrator's challenge to the O'Rear Claim may be based on some alleged (a) discrepancy between the claim and information reflected in the books and records; and/or (b) inadequacy of the supporting documentation.

14.    However, the Claimant followed the Debtors' prescribed claim submission process and the Litigation Administrator's own schedule reflects no difference between the O'Rear Claim and information found in the Debtors' books and records.

15.    Accordingly, the Claims Objection should be denied, because the Litigation Administrator has failed to meet their burden to refute the O'Rear claim. Indeed, the O'Rear Claim contains more than sufficient detail regarding the basis for its assertion.

**A.    The Litigation Administrator Fails to Sustain His Burden of Proof to Refute the O'Rear Claim**

16.    A proof of claim is deemed allowed pursuant to section 502(a) of the Bankruptcy Code unless a party in interest objects. Pursuant to Bankruptcy Rule 3001(f), a timely filed proof

of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr.
P. 3001(f).

17.     Thus, pursuant to Bankruptcy Rule 3001(f), an objecting party-in-interest has the
burden of producing evidence rebutting the *prima facie* validity of such claim. *See, e.g., In re
Lanza,* 51 B.R. 125, 127 (Bankr. D. N.J. 1985) ("onus is on the debtor to overcome the presumption
of validity").

18.     To satisfy this burden, the objecting party must present "a substantial factual basis
to overcome the prima facie validity of a proof of claim [and] [t]his evidence must be of a probative
force equal to that of the creditor's proof of claim." *In re Hinkley,* 58 B.R. 339, 348 (Bankr. S.D.
Tex. 1986); *see also In re Reilly,* 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[t]o overcome this
prima facie evidence, the objecting party must come forth with evidence which, if believed, would
refute at least one of the allegations essential to the claim"); *In re Allegheny Int'l, Inc.,* 954 F.2d
167, 173 (3d Cir. 1992) (objecting party must produce evidence to "negate one or more of the
sworn facts in the proof of claim"); *In re King Resources Co.,* 20 B.R. 191, 197 (D. Colo. 1982)
(objecting party must produce "probative evidence to call a claim into question").

19.     Only if the debtor opposing a claim produces evidence to rebut the initial
presumption does the burden revert back to the claimant to produce additional evidence to prove
the validity of the claim by a preponderance of the evidence. *See Reilly,* 245 B.R. at 773; *Ashford
v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.),* 178 B.R 222, 226 (Bankr. 9th Cir.
1995), *aff'd,* 91 F.3d 151 (9th Cir. 1996); *California State Bd. of Equalization v. Official Unsecured
Creditors' Comm. (In re Fidelity Holding Co., Ltd.*), 837 F.2d 696, 698 (5th Cir. 1988). The mere
filing of an objection containing conclusory statements denying liability, without more, is

insufficient to rebut the presumption raised by a timely filed proof of claim. *See In re Brown,* 221 B.R. 46, 48 (Bankr. S.D. Ga. 1998); *In re Garner,* 246 B.R. 617, 623 (Bankr. 9th Cir. 2000).

20.     Here, the Litigation Administrator fails to provide any factual or legal support for its Claims Objection. Rather, the Litigation Administrator merely offers conclusory statements that O'Rear Claim is inaccurately supported. The Litigation Administrator's entire objection with respect to the O'Rear Claim at issue here is only 2 paragraphs long, does not present the source or basis of any asserted inaccuracy. The Litigation Administrator's own filing, Exhibit A, indicates consistency between the O'Rear Claim and the Debtor's books and records. The Litigation Administrator has failed to sustain its burden of proof to rebut the *prima facie* validity of the O'Rear Claim. Therefore, the Claims Objection, as it relates to the O'Rear Claim, should be summarily denied. Moreover, neither of the grounds asserted by the Litigation Administrator provides a basis to disallow or reduce the O'Rear Claim.

**B.     The O'Rear Claim Provides Substantial Support For Its Basis**

21.     The Litigation Administrator's allegation that the O'Rear Claim should be reduced because it is inaccurately supported wholly unfounded.

22.     The O'Rear Claim was timely filed on December 28, 2022 via the authorized electronic claim submission process.

23.     The O'Rear Claim set forth the exact quantity of each coin the Claimant had on account with the Debtors as of the Petition Date.

24.     The O'Rear Claim further set forth the value of the coins the Claimant held on account with the Debtors as of the Petition Date as reflected in both the Debtor's claim notice and the Claimant's pre-petition screen shot of account balances and copy of which is attached as **Composite Exhibit B**.

25.     Indeed, the Litigation Administrator's own filings show the Claimant is entitled to the exact amounts set forth in his claim, noting the exact same amount of each type of coin as asserted in the O'Rear Claim. Clearly, the information provided is more than adequate to support the O'Rear Claim.

26.     In short, the O'Rear Claim was timely filed, clearly sets forth the basis of the Claimant's demand and contains ample support for the submission. The burden of proof to support an objection lies with the Litigation Administrator. Here, the Litigation Administrator has failed to meet that burden.

**C.     The Litigation Administrator's "Books and Records" Objection Does Not Provide a Basis to Disallow or Reduce the O'Rear Claim**

27.     The Litigation Administrator's second ground for objecting to the O'Rear Claim is his unsubstantiated allegation that the Debtors' books and records reflect different coin and cash value amounts than those reflected in the O'Rear Claim.

28.     As noted, the O'Rear Claim is based upon cryptocurrencies entrusted to the Debtor pre-petition. The Litigation Administrator provides no detail about the source of information they are using to support the Claims Objection or the ability to verify the accuracy of information in the Debtors' books and records.

29.     Indeed, the Litigation Administrator fails to provide any information to support a books and records analysis. For example, the Litigation Administrator fails to describe (i) what steps were taken to review the Debtors' books and records, (ii) who conducted the review of the Debtors' books and records, (iii) when the books and records were reviewed, and (iv) what documents were reviewed. This lack of information is even more troublesome given the general state of the Debtors' books and records and the findings in the Interim and Final Examiner's

Report. Most significantly, there is no information or basis to believe the O'Rear Claim is inaccurate as compared to the Debtors' books and records.

30.      Accordingly, this conclusory basis for objection should be rejected as well.

## NOTICE AND RESERVATION OF RIGHTS

31.      Pursuant to the instructions contained in the Notice of Hearing accompanying the Claims Objection, the Claimant has served a copy of this Response on (i) Mohsin Y. Meghji, in his capacity as Litigation Administrator of Celsius Network LLC and its affiliated Post-Effective Date Debtors (the "Litigation Administrator"), (ii) the Post-Effective Date Debtors, and (iii) the United States Trustee for the Southern District of New York with a copy to the Court's chambers.

32.      The Claimant expressly reserves his right to assert additional defenses to any further objections filed by the Litigation Administrator to the O'Rear Claim.

WHEREFORE, the Claimant respectfully request that this Court: (i) deny the relief requested in the Claims Objection as it relates to the O'Rear Claim; and (ii) grant such other and further relief as is just and equitable.

 Dated November 6, 2024.              Respectfully Submitted,

                                               */s/ Daniel Y. Gielchinsky*
                                               Daniel Y. Gielchinsky, Esq.
                                               **DGIM Law, PLLC**
                                               2875 NE 191 Street, Suite 705
                                               Aventura, FL 33180
                                               Telephone: (305) 898-2063
                                               Email:  dan@dgimlaw.com

# EXHIBIT A

22-10964-mg    Doc 7730-1    Filed 10/04/24    Entered 10/04/24 14:58:12    Exhibit A -
Proposed Order & Schedule    Pg 167 of 255

| | CREDITOR(1) | DEBTOR | CLAIM # | ASSERTED | | MODIFIED | |
| | | | | AMOUNT(2) | QUANTITY(3) | QUANTITY | BASIS FOR OBJECTION |
|---|---|---|---|---|---|---|---|
| 162 | OREAR, DAVID K. [ADDRESS ON FILE] | All Debtors | 17179 | Earn: $149,583.17<br><br>Custody: $0.00<br><br>Withheld: $0.00<br><br>Collateral: $0.00<br><br>NonCrypto: $0.00 | Earn: BTC 3.5809677504974 ETH 38.338848542434 LINK 202.802546211808 LTC 101.577807025852<br><br>Custody: BTC 0.0023824295124019<br><br>Withheld: 0.00<br><br>Collateral: 0.00<br><br>NonCrypto: $0.00 | Earn: BTC 3.5809677504974 ETH 38.338848542434 LINK 202.802546218081 LTC 101.577807025852<br><br>Custody: BTC 0.0023824295124019<br><br>Withheld: 0.00<br><br>Collateral: 0.00 | As set forth in paragraph 21 of the Objection, the Claim fails to provide sufficient supporting documentation to constitute prima facia evidence of the validity and amount of the claim. The Claim should be modified to reflect the amounts reflected in the Debtors' books and records. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 amount could also represent a blank or unliquidated amount.

# EXHIBIT B



Celsius Claims Processing
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602

Return Service
Requested

0393420

MRF 3547828600

DAVID O'REAR
7899 NW 181 ST
HIALEAH, FL 33015

**** LEGAL NOTICES ENCLOSED, SEE REVERSE FOR MORE INFORMATION ***

INCLUDED IN THIS ENVELOPE ARE THE FOLLOWING DOCUMENTS:

1) **NOTICE OF DEADLINE REQUIRING SUBMISSION OF PROOFS OF CLAIM ON OR BEFORE January 3, 2023, AND RELATED PROCEDURES FOR SUBMITTING PROOFS OF CLAIM IN THESE CHAPTER 11 CASES (the "Bar Date Notice")**

# ***IMPORTANT***

**To file a claim online, visit:**
**https://case.stretto.com/Celsius/file-a-claim**

You may also submit your proof of claim
along with any supporting documentation via mail to:

Celsius Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602



DAVID O'REAR
7899 NW 181 ST
HIALEAH, FL 33015

**Celsius Account Email:** davidkorear@gmail.com

**Celsius Network LLC** has listed your claim on Schedule **EF Part 2** as a **General Unsecured** claim comprising of the coin(s) listed in the table below. If you agree with the characterization, amount of your claim, and your claim is not listed as Contingent, Unliquidated, Disputed, you do not need to submit a claim form.

| SCHEDULE F LINE | 3.1.138278 | | |
|---|---|---|---|
| **INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED** | | | |
| **IS THE CLAIM SUBJECT TO OFFSET? (YES/NO)** | | | |
| **EARN ACCOUNT** | **CUSTODY ACCOUNT** | **WITHHELD ACCOUNT** | **COLLATERAL ON LOAN RECEIVABLE** |
| BTC 3.58096775049744 ETH 38.3388485424341 LINK 202.802546218081 LTC 101.577807025852 | BTC 0.00238242951240195 | | |

**More information about filing your claim can be found in the enclosed Bar Date Notice.**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-10964 (MG) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

### NOTICE OF DEADLINE
### REQUIRING SUBMISSION OF PROOFS
### OF CLAIM ON OR BEFORE JANUARY 3, 2023,
### AND RELATED PROCEDURES FOR SUBMITTING PROOFS
### OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

**TO:**    **ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on January 3, 2023** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "<u>Proof of Claim</u>") apply to all Claims (defined below) against the Debtors that arose prior to **July 13, 2022** (the "<u>Petition Date</u>"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "<u>503(b)(9) Claim</u>").**[4]  In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on January 10, 2023** (the date that is the first business day following 180 days after the order for relief) (the "<u>Governmental Bar Date</u>"), to submit Proofs of Claim.

> A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.

### Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Celsius Network LLC | 2148 | 22-10964 |
| Celsius KeyFi LLC | 4414 | 22-10967 |
| Celsius Lending LLC | 8417 | 22-10970 |
| Celsius Mining LLC | 1387 | 22-10968 |
| Celsius Network Inc. | 1219 | 22-10965 |
| Celsius Network Limited | 8554 | 22-10966 |
| Celsius Networks Lending LLC | 3390 | 22-10969 |
| Celsius US Holding LLC | 7956 | 22-10971 |

### Who Must Submit a Proof of Claim

You <u>MUST</u> submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

[2]  As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and includes all persons, estates, trusts and the United States trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]  Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4]  "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business.  *See* 11 U.S.C. § 503(b)(9).

2

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### What To Submit

The Debtors are providing a link to access a Proof of Claim form for use in the cases in an email sent to each Retail Creditor; if your Claim is scheduled by the Debtors, the form sets forth your name, address, and email as it is reflected in the Debtors' books and records. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. Retail Creditors will receive one notification, even though Claims may be schedules at multiple or all Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"), by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

a)  Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[5] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.[6]

---

[5]  For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

[6]  Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

3

laim" means:
unliquidated,
secured, or
breach gives
l to judgment,

he cases in an
orm sets forth
u will receive
ebtors. Retail
nultiple or all
submit your

rs or taxpayer
ar), the name
four digits of

rs' notice and
0 for callers in
and/or visiting

the Debtors in

laim based on
f units of each
the amount of
h the Proof of
electronically
's website at
representative
iting, include
e attached or

(i) each type of

count with the

b) In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c) Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d) Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. Each Proof of Claim will include the option to submit Claims against "All Debtors." A Proof of Claim submitted under Case No. 22 10964 or that does not identify a Debtor will be deemed as submitted only against Celsius Network LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22 10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

e) If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims.

f) The applicable terms of use governing the business relationship between the Debtors and their account holders are between each account holder, on the one hand, and Celsius Network LLC and its "Affiliates," on the other hand (as defined in the terms of use). This may mean that account holders have claims against every Debtor and non-Debtor entity in the Debtors' corporate structure. The Debtors understand that certain parties in interest, including certain holders of the Series B Preferred Shares issued by Celsius Network Limited, intend to argue that account holders have claims solely against Celsius Network LLC. The Debtors expect that this legal issue will be resolved by the Court in the near term, either through a to-be-commenced adversary proceeding, a claims objection, or other litigation (the "Account Holder Claim Ruling"). Indeed, the Debtors have filed proposed procedures to address this legal issue at Dkt. No. 1338, and upon entry of an order approving such procedures, the Debtors shall provide notice thereof to all account holders.

g) Pursuant to Bankruptcy Rule 3003(c)(2), if a claim is scheduled as contingent, unliquidated, or disputed, a creditor must file a Proof of Claim in order to preserve rights with respect to such Claim. The Debtors have scheduled account holder Claims at each Debtor Entity and have not scheduled any such Claim as contingent, unliquidated, or disputed. The Debtors believe that scheduling any such Claims as contingent, unliquidated, or disputed would inequitably require each account holder to file a Proof of Claim against each Debtor Entity. For preserve the rights to the issues to be decided through the Account Holder Claim Ruling. For

4

the avoidance of doubt, it is not the intent of the Debtors to create any presumption that account holders have Claims against each Debtor entity, as that issue is disputed by certain holders of the Series B Preferred Shares issued by Celsius Network Limited, and no creditor or other party should rely on the fact that the account holder claims are scheduled at each Debtor entity as dispositive as to this legal issue, which will be decided in the Account Holder Claim Ruling. To the extent the Court enters a final and non-appealable order with respect to such Account Holder Claim Ruling, the Debtors intend to amend the Schedules to the extent required by such ruling. At this time, to the extent an account holder agrees with the amount of their claim provided in the Schedules, there is no need to file an additional Proof of Claim to ensure that such Claim is asserted against each Debtor Entity. For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made herein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

h) Receipt of Service: Any claimant wishing to receive acknowledgment that Stretto received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

### When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE. PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

### Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a) any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b) any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant does

5

or disputed, a creditor has not _____ on account holder Claims at each Debtor Entity and such Claim. The Debtors have scheduled account holder Claims at each Debtor Entity as contingent, unliquidated, or disputed. The Debtors have not scheduled any such Claim as contingent, unliquidated, or disputed would believe that scheduling any such Claims as contingent, unliquidated, or disputed would inequitably require each account holder to file a Proof of Claim against each Debtor Entity to preserve the rights to the issues to be decided through the Account Holder Claim Ruling. For

4

---

disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c) any Claim that has previously been allowed by order of this Court;

d) any Claim that has already been paid in full by any of the Debtors;

e) any Claim for which a different deadline has previously been fixed by this Court;

f) any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g) any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h) any Claim based on an equity interest in the Debtors;

i) any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k) any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l) any Claim held by any person or entity solely against a non Debtor entity.

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES **NOT** MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order

6



authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date"). The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

### Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

### The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov. A login and password to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Please note that if you believe that you have a Claim or Claims against one or more Debtors separate and apart from the return of your cryptocurrency set forth on the Debtors' Schedules, you are required to submit such Claim or Claims by the applicable Bar Date.**

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of

7

---

Claim or any claim listed
classification of such cla
contingent, or unliquidated,

### Consequences of Fa

ANY HOLDER OF
EXCEPTED FROM THE R
TO TIMELY SUBMIT A
FOREVER BARRED, EST
AGAINST THE DEBTOR
CHAPTER 11 PLAN OF R
SUCH CLAIM, AND (3) I
CHAPTER 11 CASES ON

New York, New York
Dated: November 16, 2022

30 days from the date of entry of such
le notice of the Rejection Bar Date to
being rejected at the time the Debtors

e

chedules, the Debtors shall give notice
ed thereby, and such holders shall be
e is given to submit a Proof of Claim
upplemental Bar Date") or be forever

ss Thereto

one or more of the Debtors in the
edules of Executory Contracts and

om the Notice and Claims Agent by
ing 949-669-5873 for callers outside
rs' restructuring website at:
ebtors' counsel at the address and
on the Bankruptcy Court's Internet
rd to the Bankruptcy Court's Public
s information and can be obtained at
may also be examined between the
, at the Office of the Clerk of the
k 10004.

nsibility to determine that the Claim

nt, and classification of your Claim
that your Claim is only against the
scribed as "disputed," "contingent,"
therwise, or if you decide to submit
e in accordance with the procedures

**m or Claims against one or more**
**currency set forth on the Debtors'**
**ns by the applicable Bar Date.**

or should be construed, as a waiver
es against, any submitted Proof of

---

Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank]*

**BY ORDER OF THE COURT**

New York, New York
Dated: November 16, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:           jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com
                    chris.koenig@kirkland.com
                    dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

8

