Daniel Y. Gielchinksy, Esq.
DGIM Law, PLLC
2875 NE 191 Street, Suite 705
Aventura, FL 33180
Telephone: (305) 898-2063
Email:  dan@dgimlaw.com

*Counsel to Creditors David K. O'Rear and Marcel Sanchez*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et, al.,*[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

**RESPONSE TO THE LITIGATION ADMINISTRATOR'S SIXTH OMNIBUS**
**OBJECTION TO CERTAIN INACCURATELY SUPPORTED CLAIMS**

Marcel Sanchez (the "Claimant"), by and through undersigned counsel, hereby responds

(the "Response") to the Sixth Omnibus Objection to Proofs of Claim (the "Claims Objection")

filed by Moshin Y. Aleghji in his capacity as Litigation Administrator (the "Litigation

Administrator"), as it relates to the proofs of claim filed by the Claimant against Celsius Network

LLC, and certain of its affiliates (the "Debtors") and, in support thereof, respectfully states as

follows:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## FACTUAL BACKGROUND

1.      On July 13, 2022, (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, the United States Code (the "Bankruptcy Code").

2.      Prior to the Petition Date, the Claimant caused certain crypto currencies (collectively, the "Coins") to be held on account with the Debtors.

3.      On December 28, 2022, the Claimant filed his claim (the "Sanchez Claim") against the Debtors' estates. A copy of the Sanchez Claim is attached hereto as **Exhibit "A."**

4.      On October 4, 2024, the Litigation Administrator filed the Claims Objection which includes an objection to the Sanchez Claim filed by Claimant and other similarly situated creditors, alleging the subject claims were "inaccurately supported." A copy of the schedule excerpt filed by the Litigation Administrator identifying the Sanchez Claim as being a subject of the Claims Objection is attached hereto as **Exhibit "B."**

5.      The Sanchez Claim was filed in the manner and form prescribed by the Debtors.

6.      As expressed in the Sanchez Claim, the Claimant asserts and alleges that the Debtors are liable to him on account of coin entrusted to the Debtors pre-petition in Custody Accounts.

7.      By the Claims Objection, the Litigation Administrator seeks, *inter alia,* an order disallowing and expunging the Proofs of Claim, although the specific grounds are unclear. The Claims Objection states as follows:

> Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order (as well as the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and the Litigation Administrator Agreement), the Litigation Administrator files this Objection to the 250 Inaccurately Supported Claims listed on Schedule 1 to Exhibit A because the Litigation Administrator has determined, based upon a review and analysis of the Inaccurately Supported Claims, that the Inaccurately Supported Claims were filed in incorrect amounts that differ from the amounts reflected in the Debtors' Schedules and Books and Records. ***In evaluating the Inaccurately Supported Claims, the Litigation***

***Administrator reviewed the Books and Records and the Schedules and the related supporting documentation provided by each claimant, if any, and has determined that the amount of each Inaccurately Supported Claim is inconsistent with the Debtors' true liability as reflected in the Debtors Schedules and Books and Records and the Proofs of Claim provide no basis or insufficient supporting documentation to support an amount other than what is listed in the Debtors Schedules and Books and Records.*** The Litigation Administrator, therefore, seeks to modify the Inaccurately Supported Claims to match the Debtors' Schedules and Books and Records.

8.      Claims Objection, ¶ 20 (emphasis added).

9.      Schedule 1 to the Claims Objection as applicable to the Claimant states as follows:

As set forth in paragraph 21 of the Objection, the Claim fails to provide sufficient supporting documentation to constitute prima facia evidence of the validity and amount of the claim. The Claim should be modified to reflect the amounts reflected in the Debtors' books and records.

10.     Yet, there is no obvious difference between the coin and amount demanded by Claimant and the amount purportedly reflected in the Debtors' books and records. It is also unclear what specific books and records the Litigation Administrator relying on to form the basis of the Claims Objection.

## RESPONSE

11.     Considering the text of the Claims Objection and the related schedule, the basis of the Litigation Administrator's challenge to the Sanchez Claim remains unclear. The assertion that the claim is inaccurately supported has no apparent basis in law or fact.

12.     It is impossible to determine the basis of the challenge from the face of the Claims Objection. The Claims Objection should therefore be denied in its entirety for vagueness.

13.     The Litigation Administrator's challenge to the Sanchez Claim may be based on some alleged (a) discrepancy between the claim and information reflected in the books and records; and/or (b) inadequacy of the supporting documentation.

14.      However, the Claimant followed the Debtors' prescribed claim submission process and the Litigation Administrator's own schedule reflects no difference between the Sanchez Claim and information found in the Debtors' books and records.

15.      Accordingly, the Claims Objection should be denied, because the Litigation Administrator has failed to meet their burden to refute the Sanchez Claim. Indeed, the Sanchez Claim contains more than sufficient detail regarding the basis for its assertion.

**A.      The Litigation Administrator Fails to Sustain His Burden of Proof to Refute the Sanchez Claim**

16.      A proof of claim is deemed allowed pursuant to section 502(a) of the Bankruptcy Code unless a party in interest objects. Pursuant to Bankruptcy Rule 3001(f), a timely filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

17.      Thus, pursuant to Bankruptcy Rule 3001(f), an objecting party-in-interest has the burden of producing evidence rebutting the *prima facie* validity of such claim. *See, e.g., In re Lanza,* 51 B.R. 125, 127 (Bankr. D. N.J. 1985) ("onus is on the debtor to overcome the presumption of validity").

18.      To satisfy this burden, the objecting party must present "a substantial factual basis to overcome the prima facie validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkley,* 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986); *see also In re Reilly,* 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992) (objecting party must produce evidence to "negate one or more of the

sworn facts in the proof of claim"); *In re King Resources Co.,* 20 B.R. 191, 197 (D. Colo. 1982)

(objecting party must produce "probative evidence to call a claim into question").

19.     Only if the debtor opposing a claim produces evidence to rebut the initial

presumption does the burden revert back to the claimant to produce additional evidence to prove

the validity of the claim by a preponderance of the evidence. *See Reilly,* 245 B.R. at 773; *Ashford*

*v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.),* 178 B.R 222, 226 (Bankr. 9th Cir.

1995), *aff'd,* 91 F.3d 151 (9th Cir. 1996); *California State Bd. of Equalization v. Official Unsecured*

*Creditors' Comm. (In re Fidelity Holding Co., Ltd.),* 837 F.2d 696, 698 (5th Cir. 1988). The mere

filing of an objection containing conclusory statements denying liability, without more, is

insufficient to rebut the presumption raised by a timely filed proof of claim. *See In re Brown,* 221

B.R. 46, 48 (Bankr. S.D. Ga. 1998); *In re Garner,* 246 B.R. 617, 623 (Bankr. 9th Cir. 2000).

20.     Here, the Litigation Administrator fails to provide any factual or legal support for

its Claims Objection. Rather, the Litigation Administrator merely offers conclusory statements that

Sanchez Claim is inaccurately supported. The Litigation Administrator's entire objection with

respect to the Sanchez Claim at issue here is only 2 paragraphs long, does not present the source

or basis of any asserted inaccuracy. The Litigation Administrator's own filing, Exhibit A, indicates

consistency between the Sanchez Claim and the Debtor's books and records. The Litigation

Administrator has failed to sustain its burden of proof to rebut the *prima facie* validity of the

Sanchez Claim. Therefore, the Claims Objection, as it relates to the Sanchez Claim, should be

summarily denied. Moreover, neither of the grounds asserted by the Litigation Administrator

provides a basis to disallow or reduce the Sanchez Claim.

**B.     The Sanchez Claim Provides Substantial Support For Its Basis**

21.     The Litigation Administrator's allegation that the Sanchez Claim should be reduced because it is inaccurately supported wholly unfounded.

22.     The Sanchez Claim was timely filed on December 28, 2022 via the authorized electronic claim submission process.

23.     The Sanchez Claim set forth the exact quantity of each coin the Claimant had on account with the Debtors as of the Petition Date and included as an attachment records reflecting the Claimant's transfers into Earn Accounts with the Debtors pre-petition.

24.     Indeed, the Litigation Administrator's own filings show the Claimant is entitled to the exact amounts set forth in his claim, noting the exact same amount of each type of coin as asserted in the Sanchez Claim. Clearly, the information provided is more than adequate to support the Sanchez Claim.

25.     In short, the Sanchez Claim was timely filed, clearly sets forth the basis of the Claimant's demand and contains ample support for the submission. The burden of proof to support an objection lies with the Litigation Administrator. Here, the Litigation Administrator has failed to meet that burden.

**C.     The Debtors' "Books and Records" Objection Does Not Provide a Basis to Disallow or Reduce the Sanchez Claim**

26.     The Litigation Administrator's second ground for objecting to the Sanchez Claim is his unsubstantiated allegation that the Debtors' books and records reflect different coin and cash value amounts than those reflected in the Sanchez Claim.

27.     As noted, the Sanchez Claim is based upon cryptocurrencies entrusted to the Debtor pre-petition. The Litigation Administrator provides no detail about source of information they are using to support the Claims Objection or the ability to verify the accuracy of information in the Debtors' books and records.

28.     Indeed, the Litigation Administrator fails to provide any information to support a books and records analysis. For example, the Litigation Administrator fails to describe (i) what steps were taken to review the Debtors' books and records, (ii) who conducted the review of the Debtors' books and records, (iii) when the books and records were reviewed, and (iv) what documents were reviewed. This lack of information is even more troublesome given the general state of the Debtors' books and records and the findings in the Interim and Final Examiner's Report. Most significantly, there is no information or basis believe the Sanchez Claim is inaccurate as compared to the Debtors' books and records.

29.     Accordingly, this conclusory basis for objection should be rejected as well.

## NOTICE AND RESERVATION OF RIGHTS

30.     Pursuant to the instructions contained in the Notice of Hearing accompanying the Claims Objection, the Claimant has served a copy of this Response on (i) Mohsin Y. Meghji, in his capacity as Litigation Administrator of Celsius Network LLC and its affiliated Post-Effective Date Debtors (the "Litigation Administrator"), (ii) the Post-Effective Date Debtors, and (iii) the United States Trustee for the Southern District of New York with a copy to the Court's chambers.

31.     The Claimant expressly reserves his right to assert additional defenses to any further objections filed by the Litigation Administrator to the Sanchez Claim.

WHEREFORE, the Claimant respectfully request that this Court: (i) deny the relief requested in the Claims Objection as it relates to the Sanchez Claim; and (ii) grant such other and further relief as is just and equitable.

Dated November 6, 2024.            Respectfully Submitted,

*/s/ Daniel Y. Gielchinsky*
Daniel Y. Gielchinsky, Esq.
**DGIM Law, PLLC**
2875 NE 191 Street, Suite 705

Aventura, FL 33180
Telephone: (305) 898-2063
Email:  dan@dgimlaw.com

# EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Celsius Network LLC |
| United States Bankruptcy Court for the District of | Southern District of New York |
| Case number | 22-10964 |

## Official Form 410

# Proof of Claim                                                                    04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | Celsius |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?** | ☑ No |
| | | ☐ Yes.   From whom? |

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
   |---|---|
   | Celsius<br>Marcel Sanchez<br>5155 SW 157th Ave<br>Miramar, Florida 33027<br>USA<br>**P:** 7865540312<br>**E:** marcel@globalchurch.me | |

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?** | ☑ No |
| | | ☐ Yes.  Claim number on court claims registry (if known) _____ Filed on _____ |
| | | MM/DD/YYYY |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No |
| | | ☐ Yes.  Who made the earlier filing? |

1174907272232355526200001

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br><br>☑ Yes.  Last 4 digits of the debtor's account or any number you use to identify the debtor:   1398 |

| | | |
|---|---|---|
| 7. | **How much is a claim?** | $ 125,230.44                       Does this amount include interest or other charges?<br><br>☐ No<br><br>☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | | |
|---|---|---|
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Crypto currency transferred from Coinbase to Celsius Account |

| | | |
|---|---|---|
| 9. | **Is all or part of the claim secured?** | ☑ No<br><br>☐ Yes.  The claim is secured by a lien on property<br><br>**Nature of property**<br><br>☐  Real estate.  If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.<br><br>☐  Motor vehicle.<br><br>☐  Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** _____<br><br>**Amount of the claim that is secured:** _____<br><br>**Amount of the claim that is unsecured:** _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** _____<br><br>**Annual Interest Rate (when case was filed)** _____ %<br><br>☐  Fixed<br><br>☐  Variable |

| | | |
|---|---|---|
| 10. | **Is this claim based on a lease?** | ☑ No<br><br>☐ Yes.  Amount necessary to cure any default as of the date of the petition.  $ _____ |

| | | |
|---|---|---|
| 11. | **Is this claim subject to a right of setoff?** | ☑ No<br><br>☐ Yes.  Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|---|
| | | ☐ Yes.   Check one: | **Amount entitled to priority** | |
| | A Claim may be partly priority and partly nonpriority.For example, law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ | |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | _____ | |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4) | _____ | |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | _____ | |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | _____ | |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)() that applies. | _____ | |

*Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date & time       07/27/2022 at 06:51 am PT
                              MM  /  DD  /  YYYY  HH  :  MM

/s/Marcel Sanchez
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Marcel | | Sanchez |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer

| Address | 5155 SW 157th Ave | | |
|---|---|---|---|
| | Number | Street | |
| | Miramar | FL | 33027 |
| | City | State | ZIP Code |

Contact phone    7865540312

Email    marcel@globalchurch.me

Coinbase Transfer to Celsius - Marcel Sanchez

| Timestamp | Transaction Type | Asset | Quantity Transacted | Spot Price at Transaction | Subtotal | Total (inclusive of fees) | Notes |
|---|---|---|---|---|---|---|---|
| 2022-05-15T02:17:41Z | Send | ETH | 2.02682504 | 2023.66 | | 4101.6047604464 | Sent 2.02682504 ETH to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| 2022-05-15T02:33:48Z | Send | ETH | 32.9387153 | 2022.43 | | 66616.245984179 | Sent 32.9387153 ETH to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| | | | | | | | |
| | | | | | | | |
| 2022-05-15T02:12:16Z | Send | XRP | 236.462521 | 0.420000 | | 99.314259 | Sent 236.462521 XRP to rH8SMpGCxCwoio76HPE12hsNchQt6V8uFD (1600222064) |
| 2022-05-15T02:15:00Z | Send | XRP | 112236.505566 | 0.410000 | | 46016.967282 | Sent 112,236.505566 XRP to rH8SMpGCxCwoio76HPE12hsNchQt6V8uFD (1600222064) |
| | | | | | | | |
| | | | | | | | |
| 2022-05-15T02:06:28Z | Send | XLM | 727.0374315 | 0.130000 | | 94.514866095 | Sent 727.0374315 XLM to GDEZDZYWGBCIXWEMEZBTUE4B5H6N4WBYKVY6GQBKCFIL5HOUUNUOI6S3 (2942949070) |
| 2022-05-15T02:10:20Z | Send | XLM | 47353.8368027 | 0.130000 | | 6155.998784351 | Sent 47,353.8368027 XLM to GDEZDZYWGBCIXWEMEZBTUE4B5H6N4WBYKVY6GQBKCFIL5HOUUNUOI6S3 (2942949070) |
| | | | | | | | |
| | | | | | | | |
| 2022-05-15T01:56:11Z | Send | UNI | 20.09126388 | 5.11 | | 102.6663584268 | Sent 20.09126388 UNI to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| 2022-05-15T02:00:10Z | Send | UNI | 400.61313657 | 5.10 | | 2043.126996507 | Sent 400.61313657 UNI to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| | | | | | | | |
| | | | | | | 125230.439290885 | |

1

Coinbase Transfer to Celsius - Marcel Sanchez

| Timestamp | Transaction Type | Asset | Quantity Transacted | Spot Price at Transaction | Subtotal | Total (inclusive of fees) | Notes |
|---|---|---|---|---|---|---|---|
| 2022-05-15T02:17:41Z | Send | ETH | 2.02682504 | 2023.66 | | 4101.6047604464 | Sent 2.02682504 ETH to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| 2022-05-15T02:33:48Z | Send | ETH | 32.9387153 | 2022.43 | | 66616.245984179 | Sent 32.9387153 ETH to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| | | | | | | | |
| | | | | | | | |
| 2022-05-15T02:12:16Z | Send | XRP | 236.462521 | 0.420000 | | 99.314259 | Sent 236.462521 XRP to rH8SMpGCxCwoio76HPE12hsNchQt6V8uFD (1600222064) |
| 2022-05-15T02:15:00Z | Send | XRP | 112236.505566 | 0.410000 | | 46016.967282 | Sent 112,236.505566 XRP to rH8SMpGCxCwoio76HPE12hsNchQt6V8uFD (1600222064) |
| | | | | | | | |
| | | | | | | | |
| 2022-05-15T02:06:28Z | Send | XLM | 727.0374315 | 0.130000 | | 94.514866095 | Sent 727.0374315 XLM to GDEZDZYWGBCIXWEMEZBTUE4B5H6N4WBYKVY6GQBKCFIL5HOUUNUOI6S3 (2942949070) |
| 2022-05-15T02:10:20Z | Send | XLM | 47353.8368027 | 0.130000 | | 6155.998784351 | Sent 47,353.8368027 XLM to GDEZDZYWGBCIXWEMEZBTUE4B5H6N4WBYKVY6GQBKCFIL5HOUUNUOI6S3 (2942949070) |
| | | | | | | | |
| | | | | | | | |
| 2022-05-15T01:56:11Z | Send | UNI | 20.09126388 | 5.11 | | 102.6663584268 | Sent 20.09126388 UNI to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| 2022-05-15T02:00:10Z | Send | UNI | 400.61313657 | 5.10 | | 2043.126996507 | Sent 400.61313657 UNI to 0xb05061862C908d2dCa535e0BcE08245A6F7d33Fa |
| | | | | | | | |
| | | | | | | 125230.439290885 | |

1

# EXHIBIT B

| | | | ASSERTED | | | MODIFIED | |
|---|---|---|---|---|---|---|---|
| CREDITOR(1) | DEBTOR | CLAIM # | AMOUNT(2) | QUANTITY(3) | | QUANTITY | BASIS FOR OBJECTION |
| 193 SANCHEZ, MARCEL [ADDRESS ON FILE] | All Debtors | 17262 | Earn: $0.00<br>Custody: $125,230.44<br>Withheld: $0.00<br>Collateral: $0.00<br>NonCrypto: $0.00 | Earn: 0.00<br>Custody:<br>BTC 0.00238242951240195<br>ETH 34.96392334<br>UNI 419.45051842<br>XLM 48080.8742342<br>XRP 112472.968087<br>Withheld: 0.00<br>Collateral: 0.00<br>NonCrypto: $0.00 | | Earn: 0.00<br>Custody:<br>BTC 0.00238242951240195<br>ETH 34.96392334<br>UNI 419.45051842<br>XLM 48080.8742342<br>XRP 112472.968087<br>Withheld: 0.00<br>Collateral: 0.00 | As set forth in paragraph 21 of the Objection, the Claim fails to provide sufficient supporting documentation to constitute prima facia evidence of the validity and amount of the claim. The Claim should be modified to reflect the amounts reflected in the Debtors' books and records. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 amount could also represent a blank or unliquidated amount.