UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **NOT FOR PUBLICATION** |
| CELSIUS NETWORK LLC, *et al*, | Chapter 11 |
| Post-Effective Date Debtors. | Case No. 22-10964 (MG) |

**MEMORANDUM OPINION AND ORDER APPROVING IN PART AND DENYING
IN PART THE FINAL FEE APPLICATION OF THE SARACHEK LAW FIRM**

*A P P E A R A N C E S:*

SARACHEK LAW FIRM
*Attorneys for the Faller Creditors and to the Ad Hoc Committee of Corporate Creditors*
670 White Plains Road
Penthouse
Scarsdale, New York 10583
By:   Joseph E. Sarachek, Esq.
        Zachary E. Mazur, Esq.

Sean Xue
*Pro se Creditor*

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the contested application (the "Application," ECF Doc. # 7754) of the Sarachek Law Firm ("SLF")—counsel to BFaller RD LLC, BFaller ROTH RD LLC, SFaller TRD RD LLC, and SFaller RD LLC (collectively, the "Faller Creditors") and the ad hoc committee of corporate creditors (the "Ad Hoc Committee of Corporate Creditors")—for "reasonable compensation for professional services rendered" for the period of March 21, 2024 through October 11, 2024 (the "Engagement Period") in the above-captioned chapter 11 cases of the post-effective date debtors (the "Post-Effective Date Debtors" and, prior to the Effective

Date, the "Debtors").[1]  (Application at 1–2.)  The Application was filed pursuant to the Court's *Memorandum Opinion Granting in Part and Denying in Part Joint Motion of Post-Effective Date Debtors, the Ad Hoc Committee of Corporate Creditors, and Coinbase Inc. and (I) Authorizing Supplemental Distribution to Eligible Corporate Creditor Distributions, (III) Denying Request for $1.5 Million Payment to Ad Hoc Committee of Corporate Creditors, and (IV) Approving Related Relief* (the "Supplemental Distribution Opinion," ECF Doc. # 7726) and the related order (ECF Doc. # 7747) that required such application, if any, to be filed no later than October 17, 2024.

As set forth in the Application, SLF seeks entry of an order approving the Application and awarding it $1,661,514.59 in compensation pursuant to its 5% contingency fee agreement with the Ad Hoc Committee of Corporate Creditors (the "Contingency Fee") and reimbursement of $593.92 in actual and necessary expenses.  Annexed to the Application are (i) a proposed order approving the Application as Exhibit A; (ii) the certification of Joseph E. Saracheck, an attorney at SLF, in support of the Application as Exhibit B (the "Sarachek Certification"); and (iii) detailed timesheets and invoices reflecting total professional fees and expenses accrued during the Engagement Period, which SLF indicates totals $390,340.00, as Exhibit C.

On November 5, 2024, *pro se* creditor Sean Xue filed an objection to the Application (the "Xue Objection," ECF Doc. # 7786), asserting that the fees sought are "unreasonable" and questioning whether "creditors [should] be the ones to foot the bill."[2]  (Xue Objection at 1–2.)

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to them in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)* (the "Plan," ECF Doc. # 4289).

[2]     As the Court approves such fees and expenses sought consistent with the Supplemental Distribution Opinion, the Xue Objection is **OVERRULED** for the reasons already discussed therein.

For the reasons discussed below, the Court **APPROVES** in part and **DENIES** in part the Application.  SLF will only be entitled to fees and expenses incurred for professional services performed solely for the Ad Hoc Committee of Corporate Creditors from August 7, 2024 to August 29, 2024.  Any fees and expenses sought for work performed outside of this timeframe and on behalf of the Faller Creditors is **DENIED**.  Additionally, SLF's request that the Post-Effective Date Debtors' estate pay the Contingency Fee is also **DENIED**.

## I. BACKGROUND

### A. Relevant Case History

On July 13, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code before this Court.  (*See* ECF Doc. # 1.)  On November 9, 2023, the Court entered an order (the "Confirmation Order," ECF Doc. # 3972) confirming the *Modified Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtors Affiliates* (ECF Doc. # 3577).  Following entry of the Confirmation Order, the Debtors elected to pivot to the Orderly Wind Down and toggle to an alternative transaction that would create a standalone bitcoin mining company (the "MiningCo Transaction").  (*See Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* (ECF Doc. # 4050).)  The Court approved the Debtors' implementation of the MiningCo Transaction on December 27, 2023, which the Debtors incorporated in the Plan, and on January 31, 2024 (the "Effective Date"), the Plan went effective.  (*See Notice of Occurrence of Effective Date of Debtors' Modified Chapter 11 Plan of Reorganization and Commencement of Distributions* (the "Effective Date Notice"), ECF Doc. # 4298.)

3

What subsequently arose, however, was a dispute over the Debtors' initial distribution process that contemplated providing Liquid Cryptocurrency distributions to the 100 largest corporate creditors (each, a "Corporate Creditor") who affirmatively notified the Debtors they would prefer a Liquid Cryptocurrency distribution. As discussed, Corporate Creditors comprise approximately 1,900 (or 0.5% by number) of the approximately 375,000 creditors expected to receive distributions under the Plan. (*See* Supplemental Distribution Opinion at 6.)

Following a two-day mediation, the Post-Effective Date Debtors, the Ad Hoc Committee of Corporate Creditors, and Coinbase Inc. ("Coinbase") reached the terms of a settlement (the "Settlement" and the related term sheet, the "Settlement Term Sheet") that resolved the dispute. Under the Settlement, eligible Corporate Creditors would receive the Liquid Cryptocurrency (or its equivalent current value) they would have received if they were initially scheduled for a Liquid Cryptocurrency distribution.

As set forth in greater detail in the Supplemental Distribution Opinion, the Court approved the Settlement but for the proposed $1.5 million "compensation" to the Ad Hoc Committee of Corporate Creditors and its counsel, which the Court ultimately denied. (*See generally id.*) It was unclear at the time whether the $1.5 million payment was comprised solely of professional fees or whether it was simply a "naked bonus payment" to the nine-member Ad Hoc Committee and its counsel, only the former of which may be allowed. (*Id.* at 26.) Thus, the Supplemental Distribution Opinion and related order permitted SLF, as counsel to the Ad Hoc Committee of Corporate Creditors, to file by October 17, 2024, an application for the payment of fees. (*Id.* at 26–27.) Such application, however, was required to include detailed and itemized time records reflecting the work performed from the time of SLF's engagement through the execution of the Settlement Term Sheet. (*Id.* at 26.)

4

### B. The Application and Related Opposition

SLF indicates that it was "retained by the Ad Hoc Committee of Corporate Creditors to engage in mediation on behalf of [C]orporate [C]reditors." (Sarachek Certification ¶ 4.) The Application seeks payment of the $1,661,514.59 Contingency Fee and $593.92 in actual and necessary expenses in connection with professional services required during the Engagement Period. (*See* Application at 1–2.) The Contingency Fee sought, SLF indicates, is pursuant to the terms of SLF's engagement letter, which provides that SLF "[has] agreed to represent the [Ad Hoc Committee of Corporate Creditors] on a contingency basis, whereby [it] will seek payment of [its] fees from the Debtor or other liable parties, subject to approval of the Court, where applicable." (Sarachek Certification ¶ 5.) Such "compensation will be based on the level of recovery actually achieved for the Committee and for the entire Class," which will be "5% of Recovery to the Class." (*Id.*) No copy of the engagement letter was included with the Application; only excerpts that SLF deemed relevant were quoted in the Sarachek Certification.

In this instance, SLF computed the Contingency Fee to be 5% on "any supplemental distribution to the entire class of eligible [C]orporate [C]reditors as professional compensation for SLF's representation in the mediation." (Application ¶ 6.) Using October 7, 2024 market prices, SLF determined the value of 5% of the supplemental distribution, comprised of 18.9225 BTC and 198.062 ETH, to be $1,661.514.59.[3] (*Id.* ¶ 20.)

Additionally, in accordance with the Supplemental Distribution Opinion and related order, SLF also includes, as part of the Application, detailed and itemized timesheets that reflected a total of $392,860.00 in fees and $593.92 in expenses incurred. (Application, Ex. C.)

---

[3]   SLF indicates that it opted to use October 7, 2024 market prices as opposed to the "average values" contemplated in the Settlement Term Sheet, which would have resulted in a higher value since it is "mindful that the Settlement Agreement contemplated a reduction in fees." (Application ¶ 20.)

Two separate invoices were provided—one to the Ad Hoc Committee of Corporate Creditors and another to Bernard Faller, the latter presumably in connection with work performed on behalf of the Faller Creditors. (*Id.*) The calculation of fees applied the hourly rates set forth in the engagement letter that SLF indicated would be used "[i]n the event . . . a Court requires [SLF] to provide a justification for [its] fees." (Sarachek Certification ¶ 5.) Specifically, the fees and expenses sought by invoice is as follows:

- <u>Ad Hoc Committee of Corporate Creditors</u>: $226,130.00 in fees and $414.87 in expenses.
- <u>Bernard Faller</u>: $166,730.00 in fees and $179.05 in expenses.

(*Id.*) The Application indicates, however, that the overall total fees incurred is $390,340.00 but offers no explanation for the $2,520.00 discrepancy. (*See* Application at 2.)

SLF makes clear that the fees and compensation sought in the Application are "solely for the payment of SLF's professional fees and related expenses" and will not be shared with the Ad Hoc Committee of Corporate Creditors, its members, or any other creditors. (*Id.* ¶ 12.) Moreover, it submits that the Contingency Fee it seeks is based on "customary compensation charged by comparably skilled professionals" in cases outside of chapter 11 and, at 5%, is substantially lower than what has been awarded in comparable cases. (*Id.* ¶¶ 21–22.) SLF also notes that court approval of contingency fees is "usual and customary" as a means of compensation professionals. (*Id.* ¶ 21 (citing section 328(a) of the Bankruptcy Code).)

## II.    DISCUSSION

The Supplemental Distribution Opinion and related order made clear that SLF was permitted to submit an application for "payment of fees . . . reflecting the work performed from the time of its engagement through the execution of the Settlement Term Sheet" as counsel to the Ad Hoc Committee of Corporate Creditors. (Supplemental Distribution Opinion at 26.) Such

6

application "must include detailed and itemized time records reflecting [such] work" as "*[o]nly those amounts . . . may be paid in accordance with Article II.B.4 of the Plan*."[4]  (*Id.* (emphasis added).)

Instead, the Application seeks payment of the Contingency Fee in a total amount of $1,661,514.59 that exceeds the original $1.5 million compensation contemplated under the Settlement.  This, the Court cannot approve.  In general, payment of an ad hoc committee's fees and expenses are governed by sections 503(b)(3)(D) and (b)(4) of the Bankruptcy Code.  Section 503(b)(3)(D) and (b) (4) provide, in relevant part, that:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . including — . . .
>
> > (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by . . .
> >
> > > (D) a creditor . . . or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;
> >
> > (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case

---

[4]  Article II.B.4 of the Plan provides:

> From and after the Confirmation Date, the Debtors, or the Post-Effective Date Debtors, as applicable, shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses incurred by the Debtors or the Post-Effective Date Debtors, as applicable.  After the Confirmation Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Debtors may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

(Plan, Art. II.B.4.)

7

> under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. §§ 503(b)(3)(D)–(b)(4).

SLF has not made any showing in the Application that it is entitled to the Contingency Fee from the Post-Effective Date Debtors for its "substantial contribution" to the case. *See In re Celsius Network LLC*, No. 22-10964 (MG), 2024 WL 887265, at *10 (Bankr. S.D.N.Y. Feb. 29, 2024), *reconsideration denied*, No. 22-10964 (MG), 2024 WL 1714841 (Bankr. S.D.N.Y. Apr. 19, 2024) ("The burden of proof is on the applicant, and entitlement to an award must be established by a preponderance of the evidence." (internal quotation marks and citations omitted)). In fact, the Application makes no mention of "substantial contribution" whatsoever. Rather, SLF relies solely on the language of its engagement letter with the Ad Hoc Committee of Corporate Creditors, which indicates only that it would seek payment of its fees and expenses from the Post-Effective Date Debtors. This alone does not entitle it to such amounts from the Debtors' estates, and SLF offers no justification for why the Post-Effective Date Debtors should be obligated to pay. Accordingly, SLF's request for reimbursement of the Contingency Fee is not approved.

Rather, the Court will consider reasonable fees and expenses incurred on account of SLF's representation of the Ad Hoc Committee of Corporate Creditors for which SLF has provided supporting time records. As part of its Application and pursuant to the Supplemental Distribution Opinion, SLF indicates that a total of $390,340.00 in fees and $593.92 in expenses were incurred during the Engagement Period and has provided detailed and itemized time records in support. However, such fees and expenses include amounts that fall within the allowed scope prescribed in Supplemental Distribution Opinion.

*First*, certain of the fees and expenses sought include amounts for work performed ***prior to*** the Ad Hoc Committee of Corporate Creditors' retention of SLF as well for work performed ***after*** the execution of the Settlement Term Sheet. (*See* Application, Ex. C.) For purposes of this ruling, the Court will award compensation for the period from August 7, 2024 to August 29, 2024.

*Second*, the Application also seeks payment of professional fees and expenses for work performed for Bernard Faller presumably on behalf of the Faller Creditors, which also falls outside of the permitted scope. Such time was billed in a separate invoice. (*See id.*, Ex. C at 14–22.) The Supplemental Distribution Opinion only contemplated consideration of professional fees incurred on account of SLF's representation of the Ad Hoc Committee of Corporate Creditors following the Committee's retention of SLF as counsel. (*See* Supplemental Distribution Opinion at 26.) Therefore, the $166,730.00 in fees and $179.05 in expenses sought in connection with SLF's representation of Bernard Faller and presumably the Faller Creditors are **DENIED**.

Accordingly, SLF is entitled to fees and expenses incurred from August 7, 2024 to and including August 29, 2024 in connection with its representation of the Ad Hoc Committee of Corporate Creditors only.

### III.  CONCLUSION

For the reasons discussed, the Application is **APPROVED** in part and **DENIED** in part.

SLF shall be entitled to payment of $128,669.00 in fees and $414.87 in expenses.

**IT IS SO ORDERED.**

Dated:   November 12, 2024
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge