UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re:

    CELSIUS NETWORK LLC, *et al.*,

    Post-Effective Date Debtors.

------------------------------------------------------------------------x

Chapter 11

Case No. 22-10964 (MG)

### ORDER APPROVING FOURTH AND FINAL FEE APPLICATIONS OF THE FEE EXAMINER AND HIS COUNSEL

Pending before the Court are the fourth interim & final fee applications (each, an "Application" and collectively, the "Applications") of Sontchi LLC and Christopher S. Sontchi, the appointed independent fee examiner (the "Fee Examiner") and Godfrey Kahn, S.C. ("Godfrey"), counsel to the Fee Examiner for compensation and reimbursement for fees and expenses incurred from (i) November 1, 2023 through September 30, 2024 (the "Fourth Interim Compensation Period") and (ii) October 13, 2022 through September 30, 2024 (the "Final Compensation Period"). A summary of the Applications—including the individual applicants, the fees and expenses sought, and recommended course of action—is set forth below:

1. The Application of Sontchi LLC and Christopher S. Sontchi (the "Fee Examiner App.," ECF Doc. # 7766)
   a. Fourth Interim Compensation Period
      i. Fourth Interim Fees Sought: $38,175.00
      ii. Fourth Interim Expenses Sought: $1,504.86
   b. Final Compensation Period
      i. Fees Sought: $202,800.00
      ii. Final Expenses Sought: $4,883.49

2. The Application of Godfrey Kahn, S.C. (the "Godfrey App.," ECF Doc. # 7767)
   a. Fourth Interim Compensation Period
      i. Fourth Interim Fees Sought: $414,314.50
      ii. Fourth Interim Expenses Sought: $6,046.70
   b. Final Compensation Period
      i. Final Fees Sought: $1,932,594.50

1

        ii.   <u>Final Expenses Sought</u>: $25,744.75

The deadline to object to the Applications was November 12, 2024 at 4:00 p.m.  No objections were filed.

For the reasons stated below, the Court **APPROVES** the Fee Examiner App. and the Godfrey App.

## I.   BACKGROUND

On October 20, 2022, the Court entered the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "Fee Examiner Order," ECF Doc. # 1151) on October 20, 2022, appointing Christopher S. Sontchi, through Sontchi, LLC and DelawareADR, LLC, to execute the duties set forth in the Fee Examiner Order, including, among other things, monitoring the fees and expenses incurred by professionals in these chapter 11 cases (collectively, the "Retained Professionals").  (Fee Examiner App. ¶ 1; Godfrey App. ¶ 1.)

On December 2, 2022, the Court entered the *Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C., as Attorneys for the Fee Examiner, Effective as of October 13, 2022* ("Godfrey Retention Order," ECF Doc. # 1568), authorizing Godfrey to assist the Fee Examiner in fulfilling the duties set forth in the Fee Examiner Order.  (Godfrey App. ¶ 2.)

On December 19, 2022, the Court entered the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "Amended Fee Examiner Order," ECF Doc. # 1746) as well as the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Amended Compensation Order," ECF Doc. # 1745).  (Fee Examiner App. ¶ 2; Godfrey App. ¶ 3.)

2

## II. LEGAL STANDARD

A court may award fees to professionals under section 330 of the Bankruptcy Code. 11 U.S.C. § 330. Section 330 provides in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award . . .
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

In determining reasonable compensation, section 330 directs the court to consider:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The court has "an independent duty to review fee applications" and to evaluate the compensation requested. *In re Keene*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). The court may "reduce or disallow a request if the underlying services conferred no real benefit on the estate." *Id.* at 696. The court may also reduce compensation if the request is based on

3

incomplete or inaccurate time records. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981) (denying an application seeking additional attorney's fees where time records submitted did not meet the test of adequacy). Entries in a time-keeping record must offer more than simple cursory details as a court must have sufficient detail to assess the necessity of the activity and the reasonableness of the time spent on the activity. *See, e.g.*, *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007).

Fee applications must also comply with Rule 2016 of the Federal Rules of Bankruptcy Procedure, which implements the standards set forth in Section 330 of the Bankruptcy Code. *See Baker*, 374 B.R. at 494. Rule 2016 requires "a detailed statement of (1) the services rendered, time expended, and expenses incurred, and (2) the amounts requested." FED. R. BANKR. P. 2016. The burden placed on claimants by Rule 2016 is satisfied when claimants justify their charges with detailed, specific, and itemized documentation. *See In re Hirsch*, No. 1-02-17966-dem, 2008 WL 5234057, at *5 (Bankr. E.D.N.Y. Dec. 11, 2008) (citing *In re Dimas*, LLC, 357 B.R. 563, 576 (Bankr. N.D. Cal. 2006)). The record must be detailed enough to enable a Court to determine whether the claimants are claiming compensation for hours that are "redundant, excessive, or otherwise unnecessary." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, Rule 2016 also requires disclosure of any payments previously made to the applicant and of the existence of any compensation agreement between the applicant, their client, and any third party who will share the compensation. FED. R. BANKR. P. 2016.

Since detailed fee applications are required under the Bankruptcy Code, courts may award fees for time spent actually preparing a fee application "based on the level and skill reasonably required to prepare the application." 11 U.S.C. § 330(a)(6). "It is proper . . . for the bankruptcy court to examine the amount and value of the time spent preparing the [fee]

4

application, and reasonable limits may be placed on compensation for such work." *In re Mesa Air Grp., Inc.*, 449 B.R. 441, 445 (Bankr. S.D.N.Y. 2011) (quoting *In re Bennett Funding Grp., Inc.*, 213 B.R. 234, 249 (Bankr. N.D.N.Y. 1997)). While there is no clear-cut cap on the permissible amount charged for the preparation of fee applications, "the 3–5% range is a useful metric." *Mesa Air*, 449 B.R. at 445.

In addition, interim fee applications for professionals seeking compensation pursuant to sections 327, 328, 330, and 331 of the Bankruptcy Code must comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Amended Guidelines") as set forth in General Order M-447 (the "M-447 Order"), which supersedes General Order M-389, among others. *See* S.D.N.Y. L.B.R. 2016-1 (requiring that such entities must comply the M-447 Order). The M-447 Order provides "clear and concise procedures for compensation and reimbursement of expenses." (*See* M-447 Order, *available at* http://www.nysb.uscourts.gov/sites/default/files/m447.pdf.)

The M-447 Order requires certifications by the professional responsible for compliance with the Amended Guidelines that the fee application has been read, that the application and the fees therein comply with the Amended Guidelines, that the fees are billed at rates customary to the applicant and generally accepted by the applicant's clients, and that the applicant does not make a profit on the service provided. (*Id.* at 5.) The application must also contain certifications of service upon and approval of the fee application by the trustee, the debtor, or the chair of each official committee. (*Id.*) These certifications must contain a list of all professionals and paraprofessionals working on a given case, aggregate hours spent by each professional, and "a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices." (*Id.*)

5

Additionally, the M-447 Order contains the Court's own guidelines regarding disbursements and no longer follows the U.S. Trustee Guidelines. These requirements establish maximums of $0.10 per page for photocopies (or cost, whichever amount is lower); limits on meals to $20.00 per person, and for meals earlier than 8:00 p.m., reimbursement only if there is an additional 1 ½ hours of work expended after the dinner; and limits on overtime expenses for non-professional and paraprofessional staff unless fully explained and justified, which should include an indication that services were absolutely necessary. (*Id.* at 6.)

### III.    DISCUSSION

#### A.    Fee Examiner

The Fee Examiner requests allowance of the following:

- Fourth Interim Compensation Period: **$38,175.00** in compensation and **$1,504.86** in expense reimbursement for the 31.2 hours the Fee Examiner worked during the Fourth Interim Compensation Period.

- Final Compensation Period: **$202,800.00** in compensation and **$4,883.49** in expense reimbursement during the Final Compensation Period.

(Fee Examiner App. at 8–9.)

The Fee Examiner filed his monthly fee statements on ECF for the Fourth Interim Compensation Period, each of which were subject to a 20% fee holdback. (Fee Examiner App., Exhibit A.)

Annexed to the Fee Examiner App. is (i) a summary of the fees and expenses for which the Fee Examiner requests reimbursement as Exhibit A; (ii) a breakdown of fees by project category for the Fourth Interim Compensation Period as Exhibit B; (iii) an expense summary for the Fourth Interim Compensation Period as Exhibit C; (iv) detailed time records for the Fourth Interim Compensation Period as Exhibit D; (v) detailed expense records for the Fourth Interim Compensation Period as Exhibit E; and (vi) a proposed order granting the Applications as

6

Exhibit F. Also included with the Fee Examiner App. is the certification of the Fee Examiner, certifying, among other things, that he has read the Fee Examiner App. and that the fees and disbursements sought comply with the Amended Guidelines and do not exceed budgeted amounts for the relevant Compensation Periods by 10% or more. (*Id.* at 10–11.)

1. Fees

As noted, the Fee Examiner seeks payment of (i) **$38,175.00** in compensation for the Fourth Interim Compensation Period and (ii) **$202,800.00** in compensation for the Final Compensation Period. A summary, by project category, of the number of hours worked and the amount of fees requested for the Fourth Interim Compensation Period is set forth below:

| Matter Number | Project Category | Hours Billed | Fees Billed |
|---|---|---|---|
| 2 | Preparing fee reports | 3.1 | $4,650.00 |
| 3 | Prepare for/attend hearings | 4.4 | $6,600.00 |
| 4 | Communications with counsel | 9.2 | $13,800.00 |
| 5 | Communications with professionals | 2.2 | $3,300.00 |
| 6 | Fee Statements & Fee Applications | 0.8 | $1,200.00 |
| 7 | Non-Working Travel | 11.5 | $8,625.00 |
| Totals | | 31.2 | $38,175.00 |

(*Id.*, Exhibit B.)

The Fee Examiner App. provides that, during the Fourth Interim Compensation Period, the Fee Examiner performed the following duties with the assistance of his counsel completed the review and reporting process for the third and fourth interim fee periods for retained professionals, as well as the final fee review, reporting, and approval process for the case. (*Id.* ¶ 4.)

The Fee Examiner represents that his assigned duties were completed in a "timely, efficient and effective manner" for the benefit of the estates, the Court, and the U.S. Trustee, among others for both the Fourth Interim and Final Compensation Periods. (*Id.* ¶ 6.) The Fee

7

Examiner asserts that the services provided were actual and necessary to the administration of the fee examination process in these cases. (*Id.* ¶ 8.) Finally, the Fee Examiner indicates that the requested compensation is consistent with compensation customarily charged by comparably skilled professionals in other bankruptcy contexts. (*Id.* ¶ 11.) He submits that his requested compensation also meets the statutory requirements for allowance, and that he has otherwise demonstrated "skill in bankruptcy, generally, and in the bankruptcy fee review context, specifically." (*Id.* ¶ 10.)

The Fee Examiner's time records for the Fourth Interim Compensation Period do not reflect evidence of block billing and the work performed complies with applicable guidelines and appears to have been done in a reasonable and prompt manner. In addition, the Fee Examiner indicates that he is not seeking any compensation for the preparation of the Fee Examiner App. as 0 hours were expended in connection therewith. (*Id.* at 2.)

The Court has already approved the Fee Examiner's interim fee applications for the first, second, and third interim fee periods:

- First Interim Fee Application: Order entered on June 30, 2023 (ECF Doc. # 2952) on the Fee Examiner's first interim fee application and approving $59,100.00 in fees.

- Second Interim Fee Application: Order entered on September 8, 2023 (ECF Doc. # 3443) on the Fee Examiner's second interim fee application and approving $57,150.00 in fees.

- Third Interim Fee Application: Order entered on November 30, 2023 (ECF Doc. # 4054) on the Fee Examiner's third interim fee application and approving $48,375.00 in fees.

(*Id.* at 2–3.)

Accordingly, the Court **APPROVES** the Fee Examiner's requested compensation in the amount of (i) **$38,175.00** for the Fourth Interim Compensation Period and (ii) **$202,800.00** for the Final Compensation Period. The Court also orders that the fee holdback shall be released.

8

2. <u>Expenses</u>

As noted, the Fee Examiner seeks payment of (i) **$1,504.86** in expenses for the Fourth Interim Compensation Period and (ii) **$4,883.49** in expenses for the Final Compensation Period. A summary of expenses the Fee Examiner incurred during the Fourth Interim Compensation Period is set forth below:

| Expense Category | Amount |
|---|---|
| Lodging | $708.06 |
| Parking | $12.00 |
| Travel - Ground Transportation | $382.05 |
| Travel - Rail | $402.75 |
| **Total** | **$1,504.86** |

(*Id.*, Exhibit C.) The expenses and the related detailed expense records are adequately detailed and support the expenses sought for reimbursement. (*See id.*, Exhibit E.) Generally, the expenses relate to roundtrip travel expenses between Wilmington, Delaware and New York, New York and do not appear excessive or unreasonable.

The Court has already approved the Fee Examiner's interim fee applications for the first, second, and third interim fee periods:

- <u>First Interim Fee Application</u>: Order entered on June 30, 2023 (ECF Doc. # 2952) on the Fee Examiner's first interim fee application and approving $2,046.28 in expenses.

- <u>Second Interim Fee Application</u>: Order entered on September 8, 2023 (ECF Doc. # 3443) on the Fee Examiner's second interim fee application and approving $0.00 in expenses.

- <u>Third Interim Fee Application</u>: Order entered on November 30, 2023 (ECF Doc. # 4054) on the Fee Examiner's third interim fee application and approving $1,332.35 in expenses.

(*Id.* at 2–3.)

Accordingly, the Court **APPROVES** the Fee Examiner's requested expenses of (i) **$1,504.86** for the Fourth Interim Compensation Period and (ii) **$4,883.49** for the Final Compensation Period.

### B.    Godfrey & Kahn

Godfrey, counsel to the Fee Examiner, seeks allowance of the following:

- Fourth Interim Compensation Period:  **$414,314.50** in compensation and **$6,046.70** in expense reimbursement during the Fourth Interim Compensation Period.

- Final Compensation Period: **$1,932,594.50** in compensation and **$25,744.75** in expense reimbursement during the Final Compensation Period.

(Godfrey App. at 16.)  For the Fourth Interim Compensation Period, the blended hourly rate for all attorneys is $602.90 and for all timekeepers is $600.29.  (*Id.* at 2.)  Meanwhile, for the Final Compensation Period, the blended hourly rate for all attorneys is $584.27 and for all timekeepers is $591.31.  (*Id.*)

Annexed to the Godfrey App. is (i) a list of all professionals as Exhibit A; (ii) a breakdown of compensation by project category for the Fourth Interim Compensation Period as Exhibit B; (iii) an expense summary for the Fourth Interim Compensation Period as Exhibit C; (iv) a list of professionals who provided services for the Fourth Interim Compensation Period by matter as Exhibit D; (v) detailed time records for the Fourth Interim Compensation Period as Exhibit E; (vi) detailed expense records for the Fourth Interim Compensation Period as Exhibit F; (vii) a customary and comparable hourly rate disclosure as Exhibit G; (viii) a budget and staffing plan by project category as Exhibit H; and (ix) a proposed order approving the Applications as Exhibit I.  Also included with the Godfrey App. is the certification of Katherine Standler, certifying that, among other things, she has read the Godfrey App. and that the fees and disbursements sought comply with the Amended Guidelines and do not exceed budgeted amounts for the relevant Compensation Periods by 10% or more.  (*Id*. at 17–18.)

10

Godfrey notes that the hourly rates disclosed in Exhibit A to the Godfrey Application are consistent with the hourly rate schedule set forth in the Godfrey Retention Order. (*Id.* at 6.)

1. Fees

As noted, Godfrey seeks payment of (i) **$414,314.50** in compensation for the Fourth Interim Compensation Period and (ii) **$1,932,594.50** in compensation for the Final Compensation Period. A summary, by project category, of the number of hours worked and the amount of fees requested for the Compensation Period is set forth below:

[*Remainder of page intentionally left blank.*]

| Matter Number | Project Category | Hours Billed | Fees Billed |
|---|---|---|---|
| 0003 | Godfrey & Kahn and Sontchi, LLC Fee Application | 11.7 | $7,492.50 |
| 0004 | Communications with the Fee Examiner | 22.1 | $15,248.00 |
| 0006 | Communications with retained professionals generally | 12.4 | $8,459.00 |
| 0007 | Developing fee protocol and standards | 2.4 | $1,439.00 |
| 0008 | Court communications | 2.2 | $1,568.00 |
| 0009 | Team meetings | 8.2 | $4,861.50 |
| 0010 | Database maintenance | 13.9 | $10,008.00 |
| 0011 | Docket monitoring | 32.5 | $12,187.50 |
| 0013 | Reviewing filed documents and factual research | 4.2 | $2,762.50 |
| 0014 | Prepare for and attend hearings | 15.0 | $10,624.00 |
| 0015 | Drafting documents to be filed with the court | 92.7 | $55,251.00 |
| 0017 | Non-working travel including delays | 22.7 | $8,172.00 |
| 0018 | Fee Applications and Monthly Fee Statements | 15.7 | $9,924.00 |
| 006A | Kirkland & Ellis | 55.5 | $31,453.00 |
| 006B | Latham & Watkins | 1.0 | $578.00 |
| 006C | White & Case | 49.0 | $28,626.00 |
| 006E | Akin Gump | 21.4 | $14,184.00 |
| 006F | Alvarez & Marsal | 24.8 | $12,964.50 |
| 006G | Centerview Partners | 24.3 | $12,654.50 |
| 006I | Ernst & Young | 36.7 | $18,457.50 |
| 006J | M3 Advisory Partners | 29.3 | $17,445.50 |
| 006K | Perella Weinberg Partners | 20.1 | $13,281.50 |
| 006L | Stretto | 14.4 | $7,877.50 |
| 006M | Huron Consulting Services | 3.5 | $2,189.00 |
| 006O | Elementus | 19.6 | $12,216.50 |
| 006P | Gornitzky & Co | 3.8 | $2,313.00 |
| 006Q | Fischer (FBC & Co.) | 8.4 | $5,636.00 |
| 006R | A.M. Saccullo Legal | 13.2 | $7,845.00 |
| 006S | Selendy Gay Elsberg | 15.5 | $9,695.00 |
| 006T | Stout Risius Ross, LLC | 12.9 | $7,166.50 |
| 006U | Anderson LLP | 10.1 | $6,446.50 |
| 006V | KE Andrews | 13.7 | $8,304.00 |
| 006W | Willis Towers Watson US LLC | 7.7 | $5,158.50 |
| 006X | FTI Consulting | 1.2 | $694.00 |
| 006Y | RSM US | 62.0 | $41,131.50 |
| Totals | | 703.8 | $414,314.50 |

(*Id.*, Exhibit B.)

While not all the project categories utilized correspond to the ones suggested in in the Amended Guidelines, the categories used make sense considering the nature of the work performed. Indeed, the Amended Guidelines provide parties with certain discretion in using the

12

project categories listed in Exhibit A to the Amended Guidelines, stating only that they should be used "to the extent applicable." M-447 Order at 3.

During the Fourth Interim Compensation Period, the Fee Examiner and Godfrey completed the review and reporting process for third, fourth, and final fee periods. (*Id.* ¶ 6.) Most Retained Professionals filed their third interim fee applications on or around August 15, 2023. (*Id.* ¶ 7.) Consistent with the schedule set forth in the Amended Fee Examiner and Compensation Orders, the Fee Examiner issued letter reports to 14 Retained Professionals around September 28, 2023, providing detailed observations and commentary on the relevant fee applications. (*Id.*) Additionally, on November 20, 2023, the Fee Examiner also filed the *Fee Examiner's Summary Report on Fee Review Process and Third Interim Fee Applications Scheduled for Uncontested Hearing on November 30, 2023* (ECF Doc. # 4013), outlining observations concerning the fee applications and setting forth recommendations. (*Id.*)

On November 30, 2023, the Fee Examiner and counsel appeared at the omnibus hearing to present the Fee Examiner's findings and address the Court. (*Id.* ¶ 8.) On November 30, 2023, the Court entered the *Third Omnibus Order Granting Applications for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Second and Third Interim Compensation Periods from November 1, 2022 Through February 28, 2023 and March 1, 2023 through June 30, 2023* (ECF Doc. # 4056). (*Id.*)

Similarly, most Retained Professionals filed their fourth interim and final fee applications around January 17, 2024. (*Id.* ¶ 11.) Consistent with the schedule in the Amended Fee Examiner and Interim Compensation Orders, the Fee Examiner issued letter reports to Retained Professionals on or around February 29, 2024, providing detailed observations and commentary on the fourth interim and final fee applications. (*Id.*) Godfrey indicates that the Fee Examiner's

13

review process for the fourth interim fee period generally followed the process described in the Fee Examiner's first, second, and third examiner summary reports.  (*Id.* ¶ 12.)

On April 26, 2024, Godfrey filed the Fee Examiner's Summary Report on Fourth Interim and Final Fee Applications Scheduled for Uncontested Hearing on May 7, 2024 (the "Fourth Fee Examiner Summary Report," ECF Doc. # 4835), outlining observations about the fee applications and recommending the approval of 17 applications for the fourth interim fee period and 19 final fee applications.  (*Id.* ¶ 13.)  The Fourth Fee Examiner Summary Report also recommended deferral of two pending final fee applications.  (*Id.*)  The Fee Examiner subsequently filed an addendum to the Fourth Fee Examiner Summary Report that added one final fee application to the Fee Examiner's list of recommendations.  (*Id.* ¶ 14 (citing ECF Doc. # 4970).)

On June 28, 2024, the Fee Examiner and counsel appeared at the omnibus hearing to present the Fee Examiner's findings and address the Court.  (*Id.* ¶ 15.)  On July 1, 2024, the Court entered an order and related opinion granting the applications.  (*Id.* (citing ECF Doc. # 5193 (the order) and ECF Doc. # 5394 (the memorandum opinion and order adopting the Fee Examiner's recommendations).)

Subsequently, in September 2024, the Fee Examiner filed its report and recommendation regarding the fee application of RSM US LLP (ECF Doc. # 7663).  (*Id.* ¶ 16.)  Following a hearing on September 12, 2024, the Court entered an order (ECF Doc. # 7686) approving that application.  (*Id.* ¶ 17.)

Godfrey represents that it carried out its assigned tasks in a "timely, efficient and effective manner" for the benefit of the estates, the Court, and the U.S. Trustee, among others.  (*Id.* ¶ 33.)  The Godfrey App. asserts that the services Godrey provided were actual and

14

necessary to the administration of fee examination in these cases. (*Id.* ¶ 37.) Godfrey indicates that the Fee Examiner's standards and guidelines that were applied to other professionals have also been applied to Godfrey. (*Id.* ¶ 33.) Finally, Godfrey indicates that the requested compensation is consistent with Godfrey's existing billing practices as well as the Court-approved fee arrangements in the Amended Fee Examiner Order and the Godfrey Retention Order. (*Id.* ¶ 35.)

Godfrey's time records are detailed and do not reflect evidence of block billing. Godfrey also indicates that its time records "reflect [Godfrey's] initial voluntary reductions including matter that, in [Godfrey's] judgment, may not be appropriate for billing to the estates." (*Id.* ¶ 34.) The work performed also complies with applicable guidelines and appears to have been done in a reasonable and prompt manner. Additionally, the $17,416.50 sought in connection with the preparation of both the Godfrey App. and the Fee Examiner App. is approximately 4.2% of the total fees requested, which falls within the 3–5% *Mesa Air* range of reasonableness. (*See id.* ¶ 20 (indicating that Matters 0003 and 0018 relate to the Fee Examiner and Godfrey Apps.).)

The Court has already approved Godfrey's interim fee applications for the first, second, and third interim fee periods:

- First Interim Fee Application: Order entered on June 30, 2023 (ECF Doc. # 2948) on the Godfrey's first interim fee application and approving $637,735.00 in fees.

- Second Interim Fee Application: Order entered on September 8, 2023 (ECF Doc. # 3443) on the Godfrey's second interim fee application and approving $563,639.00 in fees.

- Third Interim Fee Application: Order entered on November 30, 2023 (ECF Doc. # 4054) on the Godfrey's third interim fee application and approving $316,906.00 in fees.

(*Id.* at 2–3; ECF Doc. ## 2948, 3443, 4054.)

15

Accordingly, the Court **APPROVES** Godfrey's requested payment of (i) **$414,314.50** in compensation for the Fourth Interim Compensation Period and (ii) **$1,932,594.50** in compensation for the Final Compensation Period. The Court also orders that the fee holdback shall be released.

2. Expenses

As noted, Godfrey seeks payment of (i) **$6,046.70** in expenses for the Fourth Interim Compensation Period and (ii) **$25,744.75** in expenses for the Final Compensation Period. A summary of expenses Godfrey incurred during the Fourth Interim Compensation Period is set forth below:

| Expense Category | Amount |
|---|---|
| Airfare | $1,844.76 |
| Courier/Messenger | $325.93 |
| Database Vendor | $1,380.00 |
| Ground Transportation | $631.18 |
| Lodging | $1,154.30 |
| Mileage | $111.76 |
| Parking | $60.00 |
| Postage | $178.04 |
| Travel Meals | $342.78 |
| Travel WiFi | $17.95 |
| **Total** | **$6,046.70** |

(*Id.*, Exhibit C.)

The expenses and the related detailed expense records are adequately detailed and support the expenses sought for reimbursement. (*See id.*, Exhibit F.) The expenses appear actual, reasonable, and necessary in light of the scope of the firm's retention to aid the Fee Examiner in the administration of these cases. (*See id.* ¶ 44.) Additionally, Godfrey notes that the expenses for which it seeks reimbursement include only some of those routinely charged to Godfrey's clients. (*Id.* ¶ 42(A).) Moreover, Godfrey has reduced its typical charges of $0.15 for

16

each black and white copy and $0.50 for each color copy both to $0.10 per copy for this case. (*Id.* ¶ 43.)

Accordingly, the Court **APPROVES** Godfrey's request for reimbursement of (i) **$6,046.70** in expenses for the Fourth Interim Compensation Period and (ii) **$25,744.75** in expenses for the Final Compensation Period.

## IV.    CONCLUSION

For the reasons stated above, the Court **APPROVES** the Fee Examiner App. and the Godfrey App.

**IT IS SO ORDERED.**

Dated:    November 13, 2024
          New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge