# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | ) ) | (Jointly Administered) |

### ORDER SUSTAINING THE LITIGATION ADMINISTRATOR'S NINTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (NO LIABILITY CLAIMS)

Upon the objection (the "Objection")[2] of Mohsin Y. Meghji, in his capacity as Litigation Administrator of the above-captioned post-effective date debtors (the "Litigation Administrator") for entry of an order (this "Order") disallowing and expunging the claims identified on **Schedule 1** pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order, all as more fully set forth in the Objection; and upon the Ehrler Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated February 1, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined in this Order have the meanings given to such terms in the Objection.

interests of the above-captioned post-effective date debtors' (prior to the Effective Date of the Plan, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors," as applicable) Estates, their creditors, and other parties in interest; and the Court having found that the Litigation Administrator provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. Each No Liability Claim on **Schedule 1** attached hereto is hereby disallowed and expunged in its entirety.

3. Stretto, Inc., the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

4. Entry of this Order is without prejudice to the Litigation Administrator's right to object to any other claims in these Chapter 11 Cases or to further object to the claims listed on **Schedule 1** attached hereto on any grounds whatsoever, at a later date.

5. Each Objection by the Litigation Administrator to each claim as addressed in the Objection and as identified in **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim listed on **Schedule 1**. Any stay of this Order shall apply only to the contested matter that involves such claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Litigation Administrator is authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2025

                              THE HONORABLE MARTIN GLENN
                              CHIEF UNITED STATES BANKRUPTCY JUDGE

# Schedule 1

## No Liability Claims

Celsius Networks LLC Case Number 22-10964
Ninth Omnibus Objection for No-Liability Claims

| | CREDITOR(1) | DEBTOR | CLAIM # | CLAIM AMOUNT(2) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | ANDERSON, JEFF [ADDRESS ON FILE] | Celsius Network LLC | 6863 | $138,552.01 | Proof of Claim asserts a liability for $138,552.01 on the basis of "I want my money I've put in Voyager , I need it." The asserted company is not a debtor in this case. As a result, the asserted liability is not an obligation of the debtor's and claim number 6863 should be disallowed. |
| 2 | BOGANSKY, SIDNEY R [ADDRESS ON FILE] | All Debtors | 21844 | $250.00 | Proof of Claim asserts a liability for $250.00 on the basis of "Caused heart palpitations." The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21844 should be disallowed. |
| 3 | DE LA PORTILLA, NICOLAS [ADDRESS ON FILE] | All Debtors | 21820 | $250.00 | Proof of Claim asserts a liability for $250.00 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21820 should be disallowed. |
| 4 | KAMENETSKY, ILANA [ADDRESS ON FILE] | Celsius Network LLC | 33041 | $3,000.00 | Proof of Claim asserts a liability for $3,000.00 on the basis of "Been buying boxes and packs of these drinks having heart condition as a 26 year old girl." The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 33041 should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.

| | CREDITOR(1) | DEBTOR | CLAIM # | CLAIM AMOUNT(2) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 5 | KAMENETSKY, ILANA [ADDRESS ON FILE] | Celsius Network LLC | 33051 | $76.00 | Proof of Claim asserts a liability for $76.00 on the basis of "Been buying for a while." The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 33051 should be disallowed. |
| 6 | LAVALLEE, KRISTINA [ADDRESS ON FILE] | Celsius Network LLC | 21810 | $200.00 | Proof of Claim asserts a liability for $200.00 on the basis of "Health was affected." The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21810 should be disallowed. |
| 7 | LEGATE, SUMMER [ADDRESS ON FILE] | All Debtors | 22025 | $100.00 | Proof of Claim asserts a liability for $100.00 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 22025 should be disallowed. |
| 8 | MOORE, DAVID JONATHAN [ADDRESS ON FILE] | Celsius Network LLC | 32952 | $10,334.00 | Proof of Claim asserts a liability for $10,334.00 on the basis of goods sold by Square's Cash App. The asserted company is not a debtor in this case. As a result, the asserted liability is not an obligation of the debtor's and claim number 32952 should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.

| | CREDITOR(1) | DEBTOR | CLAIM # | CLAIM AMOUNT(2) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 9 | PAREDES, ODALYS [ADDRESS ON FILE] | All Debtors | 22469 | $1,000.00 | Proof of Claim asserts a liability for $1,000.00 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 22469 should be disallowed. |
| 10 | PLINER, KATHERINE [ADDRESS ON FILE] | Celsius Network LLC | 21822 | $250.00 | Proof of Claim asserts a liability for $250.00 on the basis of "I don't have many receipts but purchased large packs of Celsius often." The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21822 should be disallowed. |
| 11 | ROOSA, ERIN [ADDRESS ON FILE] | All Debtors | 21933 | $102.78 | Proof of Claim asserts a liability for $102.78 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21933 should be disallowed. |
| 12 | SINKKONEN, LILY [ADDRESS ON FILE] | Celsius Network LLC | 21807 | $0.00 | Proof of Claim asserts a liability for an undetermined amount on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21807 should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.

| | CREDITOR(1) | DEBTOR | CLAIM # | CLAIM AMOUNT(2) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 13 | SIVILS, KAYLA [ADDRESS ON FILE] | All Debtors | 22017 | $250.00 | Proof of Claim asserts a liability for $250.00 on the basis of on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 22017 should be disallowed. |
| 14 | SMITH, MICHELA [ADDRESS ON FILE] | All Debtors | 21894 | $28.47 | Proof of Claim asserts a liability for $28.47 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21894 should be disallowed. |
| 15 | TRAN, AMBER [ADDRESS ON FILE] | All Debtors | 21908 | $50.00 | Proof of Claim asserts a liability for $50.00 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21908 should be disallowed. |
| 16 | WALKER, HALEY [ADDRESS ON FILE] | All Debtors | 21926 | $500.00 | Proof of Claim asserts a liability for $500.00 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21926 should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.

| | CREDITOR(1) | DEBTOR | CLAIM # | CLAIM AMOUNT(2) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 17 | WANG, SUZANNE [ADDRESS ON FILE] | All Debtors | 21903 | $8.76 | Proof of Claim asserts a liability for $8.76 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21903 should be disallowed. |
| 18 | WARREN, MARILYN [ADDRESS ON FILE] | Celsius Network LLC | 21823 | $110.40 | Proof of Claim asserts a liability for $110.40 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 21823 should be disallowed. |
| 19 | WHITE, KOURTNIE [ADDRESS ON FILE] | All Debtors | 22307 | $34.97 | Proof of Claim asserts a liability for $34.97 on the basis of purchases of Celsius energy drinks. The debtor's business is unrelated to the manufacturing, sale, or distribution of energy drinks. As a result, the asserted liability is not an obligation of the debtor's and claim number 22307 should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.