**Hearing Date: January 14, 2025, at 2:00 p.m. (prevailing Eastern Time)**
**Response Deadline: January 7, 2025, at 4:00 p.m. (prevailing Eastern Time)**

**PRYOR CASHMAN LLP**

Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
        msilverman@pryorcashman.com
        arichmond@pryorcashman.com


– and –

**WHITE & CASE LLP**

Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

**WHITE & CASE LLP**

Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**

Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases (the "<u>Chapter 11 Cases</u>"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## NOTICE OF HEARING ON THE LITIGATION ADMINISTRATOR'S TENTH OMNIBUS OBJECTION TO CERTAIN (A) INSUFFICIENT DOCUMENTATION CLAIMS, AND (B) NO LIABILITY CLAIMS

**PLEASE TAKE NOTICE** that a hearing on *The Litigation Administrator's Tenth Omnibus Objection to Certain (A) Insufficient Documentation Claims, and (B) No Liability Claims* (the "Objection") will be held on **January 14, 2025, at 2:00 p.m., prevailing Eastern Time,** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be **in a hybrid fashion** both in person and via Zoom for Government before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. Those wishing to participate in the Hearing may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. Parties wishing to appear at the Hearing by Zoom, whether by making a "live" or "listen only" appearance before the Court, must register an electronic appearance (an "eCourtAppearance") through the Court's Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Electronic appearances (eCourtAppearances) must be entered no later than **4:00 p.m., the business day before the Hearing (prevailing Eastern Time)** (*i.e.*, **on January 13, 2025**). This Hearing is not expected to involve the taking of testimony (a "Non-Testimonial Hearing").

**PLEASE TAKE FURTHER NOTICE** that, with the permission of the Court, the public, including members of the media, may dial-in to Non-Testimonial Hearings remotely using the audio platform made available by the Court. Any person or entity that is permitted to dial-in to the Hearing by using the audio platform must register its appearance in the Electronic Appearance

portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Appearances must be entered no later than **4:00 p.m., the business day before the Hearing (prevailing Eastern Time) (*i.e.*, on January 13, 2025)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing remotely at 2:00 p.m., prevailing Eastern Time on January 14, 2025, must connect to the Hearing beginning at 1:00 p.m., prevailing Eastern Time on January 14, 2025. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses to the relief requested in the Objection shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the

Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); (d) be filed in accordance with the *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "Objection Procedures Order"); and (e) be served in accordance with the Objection Procedures Order by **January 7, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Response Deadline"), to (i) Mohsin Y. Meghji, in his capacity as Litigation Administrator of Celsius Network LLC and its affiliated Post-Effective Date Debtors (the "Litigation Administrator"), (ii) the Post-Effective Date Debtors, and (iii) the United States Trustee for the Southern District of New York with a copy to the Court's chambers.

PLEASE TAKE FURTHER NOTICE that only those responses that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely response by the Response Deadline may result in entry of a final order sustaining the Objection as requested by the Litigation Administrator.

PLEASE TAKE FURTHER NOTICE that the Litigation Administrator reserves the right to seek an adjournment of the Hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing. The agenda will be served on the person designated by the claimant in its response.

PLEASE TAKE FURTHER NOTICE that copies of all pleadings filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of all pleadings filed in these

4

Chapter 11 Cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

Dated: December 13, 2024
New York, New York

*/s/ Samuel P. Hershey*

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
        msilverman@pryorcashman.com
        arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**PRYOR CASHMAN LLP**

Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
        msilverman@pryorcashman.com
        arichmond@pryorcashman.com

– and –

**WHITE & CASE LLP**

Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

**WHITE & CASE LLP**

Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**

Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## THE LITIGATION ADMINISTRATOR'S TENTH OMNIBUS OBJECTION TO CERTAIN (A) INSUFFICIENT DOCUMENTATION CLAIMS, AND (B) NO LIABILITY CLAIMS

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE <u>SCHEDULES 1 AND 2</u> ATTACHED TO <u>EXHIBIT A</u> HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, MODIFIED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

Mohsin Y. Meghji, in his capacity as Litigation Administrator of the above-captioned post-effective date debtors (the "<u>Litigation Administrator</u>"), respectfully states as follows in support of this omnibus objection (the "<u>Objection</u>"):[2]

### <u>Relief Requested</u>

1.    By this Objection, the Litigation Administrator seeks entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") disallowing and expunging the claims identified on (a) **<u>Schedule 1</u>** to **<u>Exhibit A</u>** (collectively, the "<u>Insufficient Documentation Claims</u>") because such claims are not reflected in the above-captioned post-effective date debtors' (prior to the Effective Date of the Plan, the "<u>Debtors</u>," and after the Effective Date, the "<u>Post-Effective Date Debtors</u>," as applicable) schedules of assets and liabilities (as amended from time to time, the "<u>Schedules</u>" [Docket No. 974]) or their books and records (the "<u>Books and Records</u>"), and (b) **<u>Schedule 2</u>** to **<u>Exhibit A</u>** (collectively, the "<u>No Liability Claims</u>") because such claims seek recovery of amounts for which the Debtors are not liable and are not

---

[2]    Capitalized terms used but not defined in this Objection shall have the meanings given to such terms in the (a) *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "<u>Objection Procedures Order</u>"); or (b) *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Modified for MiningCo Transaction)* [Docket. No. 4289] (as amended, supplemented, or modified from time to time, the "<u>Plan</u>").

reflected in the Debtors' Schedules or Books and Records.  Further, the supporting documentation provided with the corresponding Proofs of Claim fails to sufficiently validate such claims as required by title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  Therefore, the Litigation Administrator seeks to disallow and expunge the Insufficient Documentation Claims and the No Liability Claims.  In support of this Objection, the Litigation Administrator submits the declaration of Kenneth Ehrler, a Managing Director at M3 Advisory Partners, LP (the "<u>Ehrler Declaration</u>"), attached hereto as **Exhibit B**.

<b><u>Jurisdiction and Venue</u></b>

2.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated February 1, 2012.  The Litigation Administrator confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order or judgment by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order.

**Claims Reconciliation Process**

5.     On October 5, 2022, all Debtors except for GK8 Ltd., GK8 UK, and GK8 USA LLC (collectively, the "GK8 Debtors")[3] filed their respective Schedules pursuant to Bankruptcy Rule 1007 and the orders extending time to file schedules of assets and liabilities.  Docket Nos. 57 and 431.

6.     On November 16, 2022, the Court entered an order [Docket No. 1368] (the "Bar Date Order") establishing January 3, 2023, at 5:00 p.m., prevailing Eastern Time (the "Bar Date"), as the last date and time for most retail Account Holders to file proofs of claim based on prepetition claims (collectively, the "Proofs of Claim") against any Debtor other than the GK8 Debtors, and January 10, 2023, at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date"), as the last date and time for each governmental unit to file Proofs of Claim against any Debtor other than the GK8 Debtors.  On January 10, 2023, the Court entered an order [Docket No. 1846] (the "Amended Bar Date Order") extending both the Bar Date and the Governmental Bar Date to February 9, 2023, at 5:00 p.m., prevailing Eastern Time (the "Extended Bar Date").  On March 14, 2023, the Debtors filed a notice [Docket No. 2231] requiring submission of Proofs of Claim against the GK8 Debtors by April 18, 2023, at 5:00 p.m., prevailing Eastern Time (the "GK8 Claims Bar Date") and by June 5, 2023, at 5:00 p.m., prevailing Eastern Time for governmental units (the "GK8 Governmental Bar Date").

7.     Following entry of the *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2205] (the "Customer Claims Opinion") on March 9, 2023, the Debtors extended the general claims bar date to April 28,

---

[3]     The GK8 Debtors, who filed their respective voluntary petitions for protection under chapter 11 of the Bankruptcy Code on December 7, 2022, filed their respective schedules on January 20, 2023, in their respective cases.

2023 for any claim affected by the amendment of the Schedules and Statements pursuant to the

Customer Claims Opinion (the "Affected Account Holder Claims").  *See* Docket No. 2310.  On

April 18, 2023, the Court entered an order authorizing the Committee to file the Class Claim (as

defined below) and to seek certification of the class of all account holders under Bankruptcy Rule

7023.  Docket No. 2496 (the "Class Claim Order").  The Class Claim Order provided that "the bar

date for claims set forth in the *Notice of Amended Bar Date for Submission of Proofs of Claim* . .

. is tolled pending an order of the Court with respect to the certification of the putative class under

Bankruptcy Rule 7023."  On July 21, 2023, the Court entered an order establishing August 2, 2023

at 5:00 p.m., prevailing Eastern Time, as the final bar date for Affected Account Holder Claims.

*See* Docket No. 3066.

8.     In the ordinary course of business, the Debtors maintained Books and Records that

reflect, among other things, the nature and amount of the Debtors' liabilities and amounts owed to

their creditors.

9.     The claims register for the Chapter 11 Cases (the "Claims Register"), prepared and

maintained by Stretto, shows that, as of the filing of this Objection, approximately 33,923 Proofs

of   Claim   have   been   filed   against   the   Debtors,   totaling   approximately

$216,348,684,122,865,607,761.31.  Due to the large number of claims in these Chapter 11 Cases,

the Debtors sought and have been granted approval to file omnibus objections to certain claims in

accordance with the procedures set forth in the Objection Procedures Order.

10.     On February 19, 2023, the Debtors filed their first omnibus objection to certain

claims, which was subsequently sustained by the Court.  *See* Docket Nos. 2103, 2288.

11.     On August 14, 2023, the Court entered the *Order (I) Approving the Settlement By
and Among the Debtors and the Committee with Respect to the Committee Class Claim and*

5

*(II) Granting Related Relief* [Docket No. 3288] (the "<u>Class Claim Settlement</u>"), which provided a comprehensive resolution of Proof of Claim No. 29046 (the "<u>Class Claim</u>") filed by the Committee.  The Class Claim asserted various non-contract claims against certain Debtor entities. The Class Claim Settlement resolved non-contractual claims for account holders that did not opt out of the Class Claim Settlement, thus, resolving all or part of numerous Proofs of Claim related thereto.

12.     On March 21, 2023, the Court entered the *Order (I) Approving (A) the Settlement By and Among the Debtors, the Committee, and the Custody Ad Hoc Group and (B) the Election Form and (II) Granting Related Relief* [Docket No. 2291] (the "<u>Custody Settlement</u>"), which resolved outstanding claims related to Custody accounts for account holders that did not opt out of the Custody Settlement, thus, resolving all or part of numerous Proofs of Claim related thereto.

13.     On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3972] (the "<u>Confirmation Order</u>"), pursuant to which the Court approved and confirmed the Plan.  The Confirmation Order provides, in relevant part:

> The Litigation Administrator may take such actions as the Litigation Administrator may determine to be necessary or desirable to carry out the purposes of the Plan. The Litigation Administrator shall have the authority to prosecute, settle, or otherwise resolve, without limitation, all Disputed Claims remaining as of the Effective Date (including any related Causes of Action that are not released, waived, settled, or compromised pursuant to the Plan). . . The Litigation Administrator shall serve as a representative of the Estates under section 1123(b) of the Bankruptcy Code for the purpose of collecting Recovery Causes of Action and enforcing Causes of Action belonging to the Estates related to Disputed Claims or Disputed Interests that are not released, waived, settled, compromised, or transferred pursuant to the Plan (including, for the avoidance of doubt, the Recovery Causes of Action, objections to Claims, and any other Causes of Action agreed to by the Plan Administrator and the Litigation Administrator).

Confirmation Order, ¶ 298; *see* Plan, Art. IV.G.1. (containing language substantially similar to ¶ 298 of the Confirmation Order) (emphasis added).

14.     Furthermore, the Plan and the Confirmation Order make clear that, among other things, (a) the responsibilities of the Litigation Administrator include, without limitation, filing and prosecuting any objections to Claims or Interests or settling or otherwise compromising such Claims and Interests in accordance with the Plan and any applicable orders of the Court [*see* Plan, Art. IV.G.2.]; and (b) the Litigation Administrator, on behalf of the Post-Effective Date Debtors, specifically retain and reserve the right to assert any and all Causes of Action[4] and related rights. *See* Confirmation Order, ¶ 296.  In other words, the Litigation Administrator, pursuant to the Plan, the Confirmation Order, and the Litigation Administrator Agreement, steps in the shoes of the Post-Effective Date Debtors to serve as the duly-appointed representative of the Estates for certain limited purposes.

15.     In accordance with the Plan, the Confirmation Order, and the Objection Procedures Order, the Litigation Administrator has filed nine (9) omnibus objections to certain claims as of the date of this Objection.

16.     After a hearing held on October 8, 2024, the Court sustained the Litigation Administrator's first omnibus objection as to ninety-one (91) claims and denied it without prejudice as to four (4) claims.  *See* Docket No. 7744.  The Court also sustained the Litigation Administrator's second omnibus objection as to one hundred and fifty-three claims (153) and denied it without prejudice as to eleven (11) claims.  *See* Docket No. 7743.

17.     This Objection addresses the claims that were previously withdrawn and denied without prejudice from the first and second omnibus objections.  In connection with this Objection,

---

[4]     Under the Plan, "Causes of Action" encompass, among other things, "the right to object to or otherwise contest, recharacterize, reclassify, subordinate, or disallow Claims and Interests[.]"  Plan, Art. I.A.34.

and as requested by the Court, the Litigation Administrator shall provide the Court with copies of the relevant Proofs of Claim for the Court's further review.

18.     Accordingly, to further the claims reconciliation process and for the reasons set forth below, the Litigation Administrator seeks approval to disallow and expunge ten (10) Insufficient Documentation Claims and five (5) No Liability Claims.

### Objection

19.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a). Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Bankruptcy Rule 3007(d). The Objection Procedures Order expands upon Bankruptcy Rule 3007(d) and permits the Debtors to file an omnibus objection on additional grounds.

20.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id.*

21.     A party objecting to a proof of claim must only provide evidence sufficient to negate the prima facie validity of the claim by refuting one or more of the facts in the filed claim. *See Waterman S.S. Corp. v. Aguiar (In re Waterman Steamship Corp.)*, 200 B.R. 770, 774-75, 777 (Bankr. S.D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims); *see also In re Dreier, LLP*, 544 B.R. 760, 766, 772 (Bankr. S.D.N.Y. 2016) (disallowing certain enhanced claims when it was proven that claimants did not hold secured interests in property of the estate). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re*

*WorldCom, Inc.*, No. 02-13533 (AJG), 2005 Bankr. LEXIS 3272, at *10-11, *28 (Bankr. S.D.N.Y.

Dec. 29, 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden

to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence

was needed to assess the merits of lack of good faith claim) (quoting *In re Allegheny Int'l, Inc.*,

954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318,

323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where

debtor failed to refute any of the material facts in proof of claim).

22.     The claimant must prove the claim, not sit back while the objector attempts to

disprove it.  *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor

presented sufficient evidence to rebut the prima facie validity of claimant's claim and that claimant

failed to prove the claim by a preponderance of credible evidence).

23.     Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order (as well as

the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and

the Litigation Administrator Agreement), the Litigation Administrator files this Objection to (a)

ten (10) Insufficient Documentation Claims listed on **Schedule 1** to **Exhibit A**, and (b) five (5) No

Liability Claims listed on **Schedule 2** to **Exhibit A**.

### A.     Insufficient Documentation Claims

24.     As set forth in the Ehrler Declaration, based upon a review and analysis of the

Insufficient Documentation Claims, the Debtors' Schedules and Books and Records, and the

Claims Register, the Litigation Administrator has determined that each of the Insufficient

Documentation Claims listed on **Schedule 1** to the Proposed Order (i) do not reflect the existence

of any customer accounts related to such claims, and (ii) provide no basis or insufficient supporting

documentation on which the Litigation Administrator can determine that a valid claim exists.

9

25.    For example, four of the Insufficient Documentation Claims fail to attach any documentation evidencing the amounts asserted.  *See* Proofs of Claim Nos. 21913, 21998, 23339, and 22036.  Another three of the Insufficient Documentation Claims attach documentation that are unrelated to the amounts asserted.  *See* Proof of Claim No. 22496 (attaching first page of claimant's Proof of Claim as supporting documentation); *see also* Proof of Claim No. 31273 (attaching screenshots in Vietnamese of an online rewards game unrelated to the Debtors);  Proof of Claim No. 25047 (attaching picture of claimant's Indonesian ID card).  Another three of the Insufficient Documentation Claims attach documentation that fail to validate the claims asserted.  *See* Proof of Claim No. 17128 (attaching various e-mail correspondence from Digifox, a previous partner of the Celsius Earn Product API Program, and a screenshot of a digital profile page); *see also* Proof of Claim No. 16479 (attaching e-mail correspondence between claimant and Celsius and a screenshot of a digital profile page); Proof of Claim No. 23468 (attaching screenshot of what may be a Celsius cryptocurrency portfolio but is incomplete, has no date or other indication of the time the screenshot was taken, nor sufficient evidence verifying an existing Celsius account under claimant's name that matches the Debtors' Books and Records).

26.    Failure to disallow and expunge the Insufficient Documentation Claims will result in an unwarranted recovery against the Estates, to the detriment of other creditors.  Disallowance and expungement of these Insufficient Documentation Claims will provide for a Claims Register that accurately reflects the Proofs of Claim asserted against the Debtors.  Accordingly, the Litigation Administrator respectfully requests that the Court disallow and expunge the Insufficient Documentation Claims in their entirety from the Claims Register.[5]

---

[5]    To the extent that any of the claimants provide additional documentation with respect to the Insufficient Documentation Claims in response to this Objection, the Litigation Administrator reserves all rights to contest that such additional documentation should not be permitted, and the claim should be disallowed as the claimant failed to meet its burden in a timely manner.  To the extent, however, that any of the additional documentation is

**B.     No Liability Claims**

27.     The Litigation Administrator has examined the Debtors' Books and Records, the

Schedules, the Claims Register, and reviewed the No Liability Claims, including the documents

attached thereto.  For the reasons described in **Schedule 2** to the Proposed Order, and as set forth

in the Ehrler Declaration, the Litigation Administrator has determined that there is no basis for

holding the Debtors liable for the No Liability Claims.

28.     For example, two of the No Liability Claims assert claims for the purchase of

CELSIUS energy drinks.  *See* Proof of Claim No. 24885 (attaching pictures of CELSIUS Energy

Drinks sales receipts); *see also* Proof of Claim No. 22040 (attaching screenshot of a CELSIUS

Energy Drink).  Another two of the No Liability Claims assert claims on the basis of screenshots

of claimants' cryptocurrency portfolios on non-Celsius trading platforms.  *See* Proof of Claim No.

29791 (attaching screenshot of cryptocurrency portfolio on OKX, a non-Celsius cryptocurrency

exchange); *see also* Proof of Claim No. 23555 (attaching screenshot of cryptocurrency portfolio

on Amon, a non-Celsius cryptocurrency platform).  Another No Liability Claim asserts a claim on

the basis of an alleged mistaken transfer of cryptocurrency to claimant's Celsius wallet but

provides no proof of such transfer.  *See* Proof of Claim No. 16468 (attaching screenshots of

claimant's correspondence with the Celsius Care team regarding the transfer, but providing no

actual proof of the transfer).

29.     Accordingly, the No Liability Claims are unenforceable against the Debtors or their

property under any agreement or applicable law pursuant to section 502(b)(1) of the Bankruptcy

---

provided and the claim is held to constitute a timely filed proof of claim that is prima facie valid, the Litigation
Administrator reserves all rights to further object to the proof of claim on any grounds permitted under applicable
law.

Code.  The Litigation Administrator, therefore, seeks to disallow and expunge the No Liability Claims in their entirety.

30.    Failure to disallow and expunge the No Liability Claims will result in an unwarranted recovery against the Estates, to the detriment of other creditors.   Disallowance and expungement of these No Liability Claims will provide for a Claims Register that accurately reflects the Proofs of Claim asserted against the Debtors.   Accordingly, the Litigation Administrator respectfully requests that the Court disallow and expunge the No Liability Claims in their entirety from the Claims Register.[6]

### Compliance with the Objection Procedures and the Bankruptcy Rules

31.    The Litigation Administrator respectfully submits that the content of this Objection is in full compliance with the Bankruptcy Rules and the Objection Procedures Order for the following reasons:

(a)    This Objection conspicuously states on the first page the following (emphasis original):  **"YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON <u>SCHEDULES 1 AND 2</u> ATTACHED TO <u>EXHIBIT A</u> HERETO.  PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, MODIFIED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION.  THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE"**;[7]

---

[6]    To the extent that any of the claimants provide additional documentation with respect to the No Liability Claims in response to this Objection, the Litigation Administrator reserves all rights to contest that such additional documentation should not be permitted, and the claim should be disallowed as the claimant failed to meet its burden in a timely manner.  To the extent, however, that any of the additional documentation is provided and the claim is held to constitute a timely filed proof of claim that is prima facie valid, the Litigation Administrator reserves all rights to further object to the proof of claim on any grounds permitted under applicable law.

[7]    *See* Fed. R. Bankr. P. 3007(e)(1).

(b)    This Objection states the title and identity of the objecting party (the Litigation Administrator) and states the grounds for the Objection;[8]

(c)    Pursuant to the Bankruptcy Rules and the Objection Procedures Order (and the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and the Litigation Administrator Agreement), the Litigation Administrator is authorized to file this Objection on the grounds that:

   i.    the Insufficient Documentation Claims are inconsistent with the Debtors' Books and Records,[9] and fail to specify sufficiently the basis for or provide sufficient supporting documentation to justify recovery of any amounts inconsistent with the Debtors' Schedules and Books and Records;[10] and

   ii.    the No Liability Claims are inconsistent with the Debtors' Books and Records,[11] have been filed in the wrong case,[12] and seek to recover amounts for which the Debtors are not liable.[13]

(d)    **Schedule 1** and **Schedule 2** to **Exhibit A** each include only the claims to which there is a common basis for in the Objection;[14]

(e)    Such schedules state the grounds for objecting to each claim and provide a cross-reference to the pages in the Objection pertinent to the stated grounds;[15]

(f)    Claimants subject to this Objection are listed in alphabetical order by claimant name;[16]

---

[8]    *See* Fed. R. Bankr. P. 3007(e)(4).

[9]    *See* Objection Procedures Order, Ex. 1, ¶ 1.a.

[10]    *See* Objection Procedures Order, Ex. 1, ¶ 1.d.

[11]    *See* Objection Procedures Order, Ex. 1, ¶ 1.a.

[12]    *See* Fed. R. Bankr. P. 3007(d)(2); Objection Procedures Order, Ex. 1, ¶ 1.g.

[13]    *See* Objection Procedures Order, Ex. 1, ¶ 1.e.

[14]    *See* Fed. R. Bankr. P. 3007(e)(2).

[15]    *See* Fed. R. Bankr. P. 3007(e)(3).

[16]    *See* Fed. R. Bankr. P. 3007(e)(2); Objection Procedures Order, Ex. 1, ¶ 4.

(g)     The Objection is numbered consecutively with other omnibus objections that will be filed by the Litigation Administrator;[17] and

(h)     The Objection contains no more than 250 claims.[18]

32.     The Litigation Administrator further submits that notice and service of this Objection will be in full compliance with the Bankruptcy Rules for the following reasons:

(a)     The Objection will be filed with the Court and served upon (i) the affected claimant party set forth on each Proof of Claim subject to this Objection or their respective attorney of record, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002;[19]

(b)     With respect to service on claimants affected by this Objection, the Litigation Administrator will also serve each affected claimant with an objection notice to address the particular creditor, claim, and objection;[20] and

(c)     This Objection will be set for hearing at least 30 days after the filing of this Objection.[21]

### **Reservation of Rights**

33.     The Litigation Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims that may be asserted against the Debtors and their Estates. Accordingly, it is without prejudice to the rights of the Litigation Administrator or any other party in interest to object to any of the claims listed on **Schedule 1** and **Schedule 2** to **Exhibit A** on any grounds whatsoever, and the Litigation Administrator expressly reserves all further substantive or procedural objections he may have. The

---

[17]  *See* Fed. R. Bankr. P. 3007(e)(5).

[18]  *See* Objection Procedures Order, ¶ 3.

[19]  *See* Fed. R. Bankr. P. 2002, 3007(a).

[20]  *See* Objection Procedures Order, Ex. 1, ¶ 5.

[21]  *See* Fed. R. Bankr. P. 3007(a).

Litigation Administrator further reserves the right to seek an adjournment of the Hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing.  The agenda will be served on the person designated by the claimant in its response.

34.     Notwithstanding anything contained in this Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Litigation Administrator may have to enforce rights of setoff against the claimants.

## **Motion Practice**

35.     This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this motion.  Accordingly, the Litigation Administrator submits that this Objection satisfies Local Rule 9013-1(a).

## **Notice**

36.     The Litigation Administrator will provide notice of this Objection to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Post-Effective Date Debtors; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) the holders of the claims identified on **Schedule 1** and **Schedule 2** of **Exhibit A**; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Litigation Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Litigation Administrator respectfully requests that the Court enter the

Proposed Order granting the relief requested herein and such other relief as the Court deems

appropriate under the circumstances.

Dated: December 13, 2024
New York, New York

/s/ Samuel P. Hershey
**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:      (212) 819-8200
Facsimile:      (212) 354-8113
Email: sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:      (213) 620-7700
Facsimile:      (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:      (312) 881-5400
Facsimile:      (312) 881-5450
Email: gregory.pesce@whitecase.com
           laura.baccash@whitecase.com

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:      (212) 421-4100
Facsimile:      (212) 326-0806
Email: slieberman@pryorcashman.com
           msilverman@pryorcashman.com
           arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER SUSTAINING THE LITIGATION ADMINISTRATOR'S TENTH OMNIBUS
OBJECTION TO CERTAIN (A) INSUFFICIENT DOCUMENTATION CLAIMS, AND
(B) NO LIABILITY CLAIMS**

Upon the objection (the "Objection")[2] of Mohsin Y. Meghji, in his capacity as Litigation

Administrator of the above-captioned post-effective date debtors (the "Litigation Administrator")

for entry of an order (this "Order") disallowing and expunging the claims identified on

**Schedule 1** and **Schedule 2** attached hereto pursuant to sections 105 and 502(b) of the

Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order, all as more fully

set forth in the Objection; and upon the Ehrler Declaration; and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing

Order of Reference* from the United States District Court for the Southern District of New York,

dated February 1, 2012; and the Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined in this Order have the meanings given to such terms in the Objection.

the relief requested in the Objection is in the best interests of the above-captioned post-effective date debtors' (prior to the Effective Date of the Plan, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors," as applicable) Estates, their creditors, and other parties in interest; and the Court having found that the Litigation Administrator provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      Each Insufficient Documentation Claim on **Schedule 1** attached hereto is hereby disallowed and expunged in its entirety.

3.      Each No Liability Claim on **Schedule 2** attached hereto is hereby disallowed and expunged in its entirety.

4.      Stretto, Inc., the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

5.      Entry of this Order is without prejudice to the Litigation Administrator's right to object to any other claims in these Chapter 11 Cases or to further object to the claims listed on **Schedule 1** or **Schedule 2** attached hereto (to the extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

6.      Each Objection by the Litigation Administrator to each claim as addressed in the Objection and as identified in **Schedule 1** and **Schedule 2** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a

2

separate order with respect to each claim listed on **Schedule 1** and **Schedule 2**.  Any stay of this

Order shall apply only to the contested matter that involves such claim and shall not act to stay the

applicability or finality of this Order with respect to the other contested matters covered hereby.

7.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

8.      The Litigation Administrator is authorized to take any and all actions reasonably

necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with

the Objection.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

Dated _____, 2025
New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## <u>Schedule 1</u>

**Insufficient Documentation Claims**

Celsius Network LLC Case Number 22-10964

Schedule 1 To The Litigation Administrator's Tenth Omnibus Objection To Certain (A) Insufficient Documentation Claims, and (B) No Liability Claims

| | CREDITOR(1) | DEBTOR | CLAIM NUMBER | ASSERTED AMOUNT(2)(3) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | CHISHTI, LINA ADDRESS ON FILE | All Debtors | 21913 | USD 300 $250.00 | No supporting documentation is attached to Proof of Claim No. 21913 and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors. Accordingly, this claim should be disallowed. |
| 2 | KLOTZBACH, ROY MICHAEL ADDRESS ON FILE | Celsius Network LLC | 22496 | $0.00 | The supporting documentation attached by claimant shows the first page of a proof of claim submitted by claimant and provides no other proof evidencing a claim. *See* Proof of Claim No. 22496, Ex. 1. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors, and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. Accordingly, this claim should be disallowed. |
| 3 | KOHMANN, CASSIDY ADDRESS ON FILE | All Debtors | 21998 | USD 9.75 | No supporting documentation is attached to Proof of Claim No. 21998 and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors. Accordingly, this claim should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 quantity could also represent a blank or unliquidated quantity.

| | CREDITOR(1) | DEBTOR | CLAIM NUMBER | ASSERTED AMOUNT(2)(3) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 4 | KRINO, GREGORY J ADDRESS ON FILE | All Debtors | 17128 | MATIC 11652 $1,901.00 | The supporting documentation attached by the claimant shows various e-mail correspondence from Digifox, a previous partner of the Celsius Earn Product API Program, and a screenshot of a digital profile.  *See* Proof of Claim No. 17128, Exs. 1, 2, 4, and 5 (attaching screenshots of e-mails from Digifox to Claimant); *id.*, Ex. 3 (attaching a screenshot of a digital profile page).  As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors, and the Debtors' Books and Records and Schedules do not reflect any basis for the claim.  Accordingly, this claim should be disallowed. |
| 5 | MAGARO, COLIN ADDRESS ON FILE | All Debtors | 16479 | LRC 6902.76 | The supporting documentation attached by the claimant shows e-mail correspondence between claimant and Celsius, and a screenshot of a digital profile.  *See* Proof of Claim No. 16479, Ex. 1 (attaching a screenshot of e-mails between claimant and Celsius regarding Claimant's alleged loss of a digital wallet during the DigiFox shutdown approximately a week before the Petition Date); *id.*, Ex. 2 (attaching a screenshot of a digital profile page).  As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of  a claim against the Debtors, and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. Accordingly, this claim should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 quantity could also represent a blank or unliquidated quantity.

| | CREDITOR(1) | DEBTOR | CLAIM NUMBER | ASSERTED AMOUNT(2)(3) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | MCGEE, BRENNAN THOMAS ADDRESS ON FILE | All Debtors | 23468 | BTC 0.02091 $478.32 | The supporting documentation attached by the claimant shows a screenshot of what may be a Celsius cryptocurrency portfolio but is incomplete, has no date or other indication of the time the screenshot was taken, nor sufficient evidence verifying an existing Celsius account under claimant's name that matches the Debtors' Books and Records. *See* Proof of Claim No. 23468, Ex. 1. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors, and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. Accordingly, this claim should be disallowed. |
| 7 | POK, WONG KIN ADDRESS ON FILE | All Debtors | 23339 | TKHD 12404.66 $12,404.66 | No supporting documentation has been attached to Proof of Claim No. 23339 and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors. Accordingly, this claim should be disallowed. |
| 8 | RULEY, ELLA ADDRESS ON FILE | Celsius Lending LLC | 22036 | CEL 750 | No supporting documentation has been attached to Proof of Claim No. 22036 and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors. Accordingly, this claim should be disallowed. |
| 9 | WWW.3KING.APP ADDRESS ON FILE | Celsius Lending LLC | 31273 | KIN 141562000 Not Disclosed 14000 $22,727.00 | The supporting documentation attached by the claimant shows screenshots in Vietnamese of an online rewards game that is not related to the Debtors. *See* Proof of Claim No. 31273, Exs. 1-4. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors, and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. Accordingly, this claim should be disallowed. |
| 10 | YUDI ADDRESS ON FILE | All Debtors | 25047 | BNB 3 Not Disclosed 2 | The supporting documentation attached by the claimant shows the claimant's Indonesian ID card. *See* Proof of Claim No. 25047, Ex. 1. As set forth in paragraph 24 of the Objection, the claimant fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity and amount of a claim against the Debtors, and the Debtors' Books and Records and Schedules do not reflect any basis for the claim. Accordingly, this claim should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 quantity could also represent a blank or unliquidated quantity.

## **Schedule 2**

**No Liability Claims**

Celsius Network LLC Case Number 22-10964
Schedule 2 To The Litigation Administrator's Tenth Omnibus Objection To Certain (A) Insufficient Documentation Claims, and (B) No Liability Claims

| | CREDITOR(1) | DEBTOR | CLAIM NUMBER | ASSERTED AMOUNT(2)(3) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | BERG, MAGGIE ADDRESS ON FILE | All Debtors | 24885 | USD 250 $250.00 | This claim arises from the purchase of energy drinks. *See* Proof of Claim No. 24885, Exs. 1-9 (attaching pictures of CELSIUS Energy Drinks sales receipts). The Debtors' businesses are unrelated to the production, distribution, or sale of energy drinks. As set forth in paragraph 27 of the Objection, the asserted liability is not an obligation of the Debtors and is not reflected in the Debtors' Schedules or Books and Records. Accordingly, this claim should be disallowed. |
| 2 | COVARRUBIAS, CRUZ MARLENE CAMPOS ADDRESS ON FILE | All Debtors | 22040 | USD 120 $40.00 | This claim arises from the purchase of energy drinks. *See* Proof of Claim No. 22040, Ex. 1 (attaching screenshot of a CELSIUS Energy Drink). The Debtors' businesses are unrelated to the production, distribution, or sale of energy drinks. As set forth in paragraph 27 of the Objection, the asserted liability is not an obligation of the Debtors and is not reflected in the Debtors' Schedules or Books and Records. Accordingly, this claim should be disallowed. |
| 3 | DEHASS, JOHN ADDRESS ON FILE | Celsius Network LLC | 16468 | TUSD 3676.26 | This claim arises from the claimant's alleged mistaken transfer of TUSD 3676.26 to his Celsius wallet. *See* Proof of Claim No. 16468, Ex. 1 (attaching screenshots of claimant's correspondence with the Celsius Care team regarding the transfer, but providing no actual proof of the transfer). As set forth in paragraph 27 of the Objection, the asserted liability is not an obligation of the Debtors and is not reflected in the Debtors' Schedules or Books and Records. Accordingly, this claim should be disallowed. |
| 4 | LIUYU ADDRESS ON FILE | All Debtors | 29791 | CEL 10045 $40,000.00 | This claim arises on the basis of a screenshot of a cryptocurrency portfolio on OKX, a non-Celsius cryptocurrency exchange. *See* Proof of Claim No. 29791, Ex. 1. As set forth in paragraph 27 of the Objection, the asserted liability is not an obligation of the Debtors and is not reflected in the Debtors' Schedules or Books and Records. Accordingly, this claim should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 quantity could also represent a blank or unliquidated quantity.

| | CREDITOR(1) | DEBTOR | CLAIM NUMBER | ASSERTED AMOUNT(2)(3) | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|
| 5 | TARRANT, CHRISTOPHER ADDRESS ON FILE | All Debtors | 23555 | LTC 1.9695 XRP 307.9323 BCH 0.6972 ETH 0.0762 USDC 215.54 USDT 215.46 BTC 0.1353 $3,657.00 | This claim arises on the basis of a screenshot of a cryptocurrency portfolio on Amon, a non-Celsius cryptocurrency platform. *See* Proof of Claim No. 23555, Ex. 1. As set forth in paragraph 27 of the Objection, the asserted liability is not an obligation of the Debtors and is not reflected in the Debtors' Schedules or Books and Records. Accordingly, this claim should be disallowed. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 quantity could also represent a blank or unliquidated quantity.

## **Exhibit B**

**Ehrler Declaration**

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
        msilverman@pryorcashman.com
        arichmond@pryorcashman.com

– and –

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**DECLARATION OF KENNETH EHRLER
IN SUPPORT OF THE LITIGATION ADMINISTRATOR'S TENTH OMNIBUS
OBJECTION TO CERTAIN (A) INSUFFICIENT DOCUMENTATION CLAIMS, AND
(B) NO LIABILITY CLAIMS**

I, Kenneth Ehrler, declare as follows under penalty of perjury:

1.      I am over the age of 18, and am authorized to submit this declaration in support of *The Litigation Administrator's Tenth Omnibus Objection to Certain (A) Insufficient Documentation Claims, and (B) No Liability Claims* (the "Objection").[2]

2.      I am a Managing Director at M3 Advisory Partners, LP ("M3"), which serves as a financial advisor to the Litigation Administrator.  I have over 15 years of experience advising clients on financial analysis, business plan development, operation improvement, cash and liquidity management, and M&A engagements.  Since joining M3, I have provided restructuring advice to companies both in chapter 11 and on an out-of-court basis, in the crypto, financial services, healthcare, energy, retail, industrial, and hospitality industries.  I have advised creditors and companies in several recent major chapter 11 cases including, among others, BlockFi Inc., Seadrill Partners LLC, Neiman Marcus Group LTD LLC, Tailored Brands, Inc., CraftWorks Holdings, and Sears Holding Corporation.  Prior to joining M3, I was a Senior Manager at EY focused on business transformation and strategy consulting and held comparable financial and operational advisory roles at Citigroup, Credit Suisse, and Capgemini.  I received my bachelor's degree in electrical and computer engineering from Cornell University and an MBA with honors from the Wharton School at the University of Pennsylvania.  I am a CFA Charterholder and Certified Insolvency and Restructuring Advisor.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Objection.

2

3.      M3 is a nationally recognized financial advisory firm, and its professionals have a wealth of experience in operation and financial restructurings, matters requiring expert opinions, and providing support for investigations and litigation in connection with financial restructurings. M3's professionals have extensive experience in turnarounds, corporate restructuring, and bankruptcy and corporate financing, including, but not limited to, company business plan viability and plan feasibility.

4.      Pursuant to the Litigation Administrator Agreement, dated as of January 31, 2024, the Litigation Administrator is authorized to retain certain professional advisors to support in the performance of his duties.  Accordingly, the Litigation Administrator retained M3 to assist with, among other things, the investigation, analysis, filing, prosecuting, and defending of claim objections.  I have led M3's professionals since the inception of the engagement.

5.      As part of my current position, I am responsible for assisting the Litigation Administrator with certain claims management and reconciliation matters.  I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules, and Books and Records that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors as of the Petition Date.

6.      I have read the Objection, filed contemporaneously herewith, and am directly, or by and through the Litigation Administrator's advisors, familiar with the information contained therein and **Schedule 1** and **Schedule 2** attached to the Proposed Order.

7.       Unless otherwise indicated, the statements set forth in this declaration are based on:  (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of the Debtors and the Debtors' operations, Books and Records, and personnel; (d) information supplied to me by the Litigation Administrator, his advisors, and by

3

others at the Litigation Administrator's request; (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Litigation Administrator; or (f) my experience as a restructuring and financial professional.  If called upon to testify, I could and would testify competently to the facts set forth herein.

8.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim filed against the Debtors in these Chapter 11 Cases.

9.      Upon a thorough review and analysis of the Proofs of Claim filed in these Chapter 11 Cases and the supporting documentation attached thereto, the Litigation Administrator has determined that the Insufficient Documentation Claims listed on **Schedule 1** to **Exhibit A** are not reflected in the Debtors' Schedules and Books and Records.   Further, the supporting documentation provided with the corresponding Proofs of Claim fail to validate the existence of such claims.   Accordingly, I believe that the Insufficient Documentation Claims should be disallowed and expunged in their entirety.

10.      Upon a thorough review and analysis of the Proofs of Claim filed in these Chapter 11 Cases and the supporting documentation attached thereto, the Litigation Administrator has determined that the No Liability Claims listed on **Schedule 2** to **Exhibit A** are not reflected in the Debtors' Schedules and Books and Records and there is no basis for holding the Debtors liable for the No Liability Claims.  Accordingly, I believe that the No Liability Claims should be disallowed and expunged in their entirety.

11.     Failure to disallow and expunge the claims listed on **Schedule 1** and **Schedule 2** to

**Exhibit A** could result in the respective claimants receiving an unwarranted recovery from the

Debtors' Estates to the detriment of other creditors.  Moreover, disallowing and expunging these

Insufficient Documentation Claims and the No Liability Claims will provide for a Claims Register

that accurately reflects the Proofs of Claim asserted against the Debtors.  Accordingly, I believe

that the Court should grant the relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: December 13, 2024              Respectfully submitted,

                                       */s/ Kenneth Ehrler*
                                       Kenneth Ehrler