Hearing Date: February 12, 2025, at 2:00 p.m. (prevailing Eastern Time)
Response Deadline: February 5, 2025, at 4:00 p.m. (prevailing Eastern Time)

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806
Email: slieberman@pryorcashman.com
       msilverman@pryorcashman.com
       arichmond@pryorcashman.com

– and –

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
Email: sam.hershey@whitecase.com

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Facsimile:  (312) 881-5450
Email: gregory.pesce@whitecase.com
       laura.baccash@whitecase.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

### NOTICE OF HEARING ON THE LITIGATION ADMINISTRATOR'S TWELFTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (INACCURATELY SUPPORTED CLAIMS)

**PLEASE TAKE NOTICE** that a hearing on *The Litigation Administrator's Twelfth Omnibus Objection to Certain Proofs of Claim (Inaccurately Supported Claims)* (the "Objection") will be held on **February 12, 2025, at 2:00 p.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held **only via Zoom for Government** before the Court. Parties wishing to appear at the Hearing, whether by making a "live" or "listen only" appearance before the Court, must register an electronic appearance (an "eCourtAppearance") through the Court's Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Electronic appearances (eCourtAppearances) must be entered no later than **4:00 p.m., the business day before the Hearing (prevailing Eastern Time)** (*i.e.*, **on February 11, 2025)**. This Hearing is not expected to involve the taking of testimony (a "Non-Testimonial Hearing").

**PLEASE TAKE FURTHER NOTICE** that, with the permission of the Court, the public, including members of the media, may dial-in to Non-Testimonial Hearings remotely using the audio platform made available by the Court. Any person or entity that is permitted to dial-in to the Hearing by using the audio platform must register its appearance in the Electronic Appearance portal located on the Court's website at: http://www.nysb.uscourts.gov/ecourt-appearances. Appearances must be entered no later than **4:00 p.m., the business day before the Hearing (prevailing Eastern Time)** (*i.e.*, **on February 11, 2025)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for

Government audio and video hearing, all persons seeking to attend the Hearing at 2:00 p.m., prevailing Eastern Time on February 12, 2025, must connect to the Hearing beginning at 1:00 p.m., prevailing Eastern Time on February 12, 2025. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses to the relief requested in the Objection shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); (d) be filed in accordance with the *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "Objection Procedures Order"); and (e) be served in accordance

3

with the Objection Procedures Order by **February 5, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Response Deadline"), to (i) Mohsin Y. Meghji, in his capacity as Litigation Administrator of Celsius Network LLC and its affiliated Post-Effective Date Debtors (the "Litigation Administrator"), (ii) the Post-Effective Date Debtors, and (iii) the United States Trustee for the Southern District of New York with a copy to the Court's chambers.

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely response by the Response Deadline may result in entry of a final order sustaining the Objection as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that the Litigation Administrator reserves the right to seek an adjournment of the Hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing. The agenda will be served on the person designated by the claimant in its response.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of all pleadings filed in these Chapter 11 Cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

New York, New York
Dated: January 10, 2025

| | |
|---|---|
| **WHITE & CASE LLP**<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:   (212) 819-8200<br>Facsimile:   (212) 354-8113<br>Email: sam.hershey@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Ronald Gorsich (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone:   (213) 620-7700<br>Facsimile:   (213) 452-2329<br>Email: rgorsich@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>Laura Baccash (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone:   (312) 881-5400<br>Facsimile:   (312) 881-5450<br>Email: gregory.pesce@whitecase.com<br>         laura.baccash@whitecase.com | */s/ Seth H. Lieberman*<br>**PRYOR CASHMAN LLP**<br>Seth H. Lieberman<br>Matthew W. Silverman<br>Andrew S. Richmond<br>7 Times Square<br>New York, New York 10036<br>Telephone:   (212) 421-4100<br>Facsimile:   (212) 326-0806<br>Email: slieberman@pryorcashman.com<br>         msilverman@pryorcashman.com<br>         arichmond@pryorcashman.com<br><br>*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator* |

5

Hearing Date: February 12, 2025, at 2:00 p.m. (prevailing Eastern Time)
Response Deadline: February 5, 2025, at 4:00 p.m. (prevailing Eastern Time)

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
         msilverman@pryorcashman.com
         arichmond@pryorcashman.com

– and –

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
         laura.baccash@whitecase.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## THE LITIGATION ADMINISTRATOR'S TWELFTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
## (INACCURATELY SUPPORTED CLAIMS)

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED TO EXHIBIT A HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, MODIFIED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

Mohsin Y. Meghji, in his capacity as Litigation Administrator (the "Litigation Administrator") of the above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors," as applicable), respectfully states as follows in support of this objection (the "Objection"):[2]

**Relief Requested**

1. By this twelfth omnibus Objection, the Litigation Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") modifying the claims identified on **Schedule 1** to **Exhibit A** (collectively, the "Inaccurately Supported Claims") because the amount and/or classification of such asserted claims are not reflected in the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules" [Docket No. 974]) or books and records (the "Books and Records"), and/or were filed under an incorrect prepetition program (e.g., filed as a Custody Claim[3] rather than an Earn Claim[4]), and the

---

[2] Capitalized terms used but not defined in this Objection shall have the meanings given to such terms in the (a) *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "Objection Procedures Order"); or (b) *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Modified for MiningCo Transaction)* [Docket No. 4289] (as amended, supplemented, or modified from time to time, the "Plan").

[3] "Custody Claim" means any Claim on account of Cryptocurrency transferred into the Custody Program.

[4] "Earn Claim" means any (i) Claim arising out of or related to the Earn Program or (ii) Account Holder Claim not separately classified under the Plan.

2

supporting documentation provided with the corresponding Proofs of Claim (defined herein) fails to sufficiently validate an amount and/or classification asserted by such claims as required by Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Therefore, the Litigation Administrator seeks to modify the Inaccurately Supported Claims to match the amount and/or classification that the relevant claimants are entitled to according to the Debtors' Schedules and Books and Records. In support of this Objection, the Litigation Administrator submits the declaration of Kenneth Ehrler, a Managing Director at M3 Advisory Partners, LP (the "Ehrler Declaration"), attached hereto as **Exhibit B**.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated February 1, 2012. The Litigation Administrator confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order or judgment by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order.

**Claims Reconciliation Process**

5.      On October 5, 2022, all Debtors except for GK8 Ltd., GK8 UK, and GK8 USA LLC (collectively, the "GK8 Debtors")[5] filed their respective Schedules pursuant to Bankruptcy Rule 1007 and the orders extending time to file schedules of assets and liabilities [Docket Nos. 57 and 431].

6.      On November 16, 2022, the Court entered an order [Docket No. 1368] (the "Bar Date Order") establishing January 3, 2023, at 5:00 p.m., prevailing Eastern Time (the "Bar Date"), as the last date and time for most retail Account Holders to file proofs of claim based on prepetition claims (collectively, the "Proofs of Claim") against any Debtor other than the GK8 Debtors, and January 10, 2023, at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date"), as the last date and time for each governmental unit to file Proofs of Claim against any Debtor other than the GK8 Debtors. On January 10, 2023, the Court entered an order [Docket No. 1846] (the "Amended Bar Date Order") extending both the Bar Date and the Governmental Bar Date to February 9, 2023, at 5:00 p.m., prevailing Eastern Time (the "Extended Bar Date"). To date, no bar date has been set as to claims against the GK8 Debtors.

7.      Following entry of the *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2205] (the "Customer Claims Opinion") on March 9, 2023, the Debtors extended the general claims bar date to April 28, 2023 for any claim affected by the amendment of the Schedules and Statements pursuant to the Customer Claims Opinion (the "Affected Account Holder Claims"). *See* Docket No. 2310. On April 18, 2023, the Court entered an order authorizing the Committee to file the Class Claim (as

---

[5]    The GK8 Debtors, who filed their respective voluntary petitions for protection under chapter 11 of the Bankruptcy Code on December 7, 2022, filed their respective schedules on January 20, 2023, in their respective cases.

4

defined below) and to seek certification of the class of all account holders under Bankruptcy Rule 7023. Docket No. 2496 (the "Class Claim Order"). The Class Claim Order provided that "the bar date for claims set forth in the *Notice of Amended Bar Date for Submission of Proofs of Claim . . . is tolled pending an order of the Court with respect to the certification of the putative class under Bankruptcy Rule 7023.*" On July 21, 2023, the Court entered an order establishing August 2, 2023 at 5:00 p.m., prevailing Eastern Time, as the final bar date for Affected Account Holder Claims. *See* Docket No. 3066.

8. In the ordinary course of business, the Debtors maintained Books and Records that reflect, among other things, the amount and classification of the Debtors' liabilities and amounts owed to their creditors.

9. The claims register for the Chapter 11 Cases (the "Claims Register"), prepared and maintained by Stretto, shows that, as of the filing of this Objection, approximately 33,923 Proofs of Claim have been filed against the Debtors, totaling approximately $216,348,684,122,865,607,761.31. Due to the large number of claims in these Chapter 11 Cases, the Debtors sought and have been granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the Objection Procedures Order.

10. On February 19, 2023, the Debtors filed their first omnibus objection to certain claims, which was subsequently sustained by the Court. *See* Docket Nos. 2103, 2288.

11. On August 14, 2023, the Court entered the *Order (I) Approving the Settlement by and Among the Debtors and the Committee with Respect to the Committee Class Claim and (II) Granting Related Relief* [Docket No. 3288] (the "Class Claim Settlement"), which provided a comprehensive resolution of Proof of Claim No. 29046 (the "Class Claim") filed by the Committee. The Class Claim asserted various non-contract claims against certain Debtor entities.

5

The Class Claim Settlement resolved non-contractual claims for account holders that did not opt out of the Class Claim Settlement, thus, resolving all or part of numerous Proofs of Claim related thereto.

12. On March 21, 2023, the Court entered the *Order (I) Approving (A) the Settlement by and Among the Debtors, the Committee, and the Custody Ad Hoc Group and (B) the Election Form and (II) Granting Related Relief* [Docket No. 2291] (the "Custody Settlement"), which resolved outstanding claims related to Custody accounts for account holders that did not opt out of the Custody Settlement, thus, resolving all or part of numerous Proofs of Claim related thereto.

13. On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3972] (the "Confirmation Order"), pursuant to which the Court approved and confirmed the Plan. The Confirmation Order provides, in relevant part:

> The Litigation Administrator may take such actions as the Litigation Administrator may determine to be necessary or desirable to carry out the purposes of the Plan. The Litigation Administrator shall have the authority to prosecute, settle, or otherwise resolve, without limitation, all Disputed Claims remaining as of the Effective Date (including any related Causes of Action that are not released, waived, settled, or compromised pursuant to the Plan). . . The Litigation Administrator shall serve as a representative of the Estates under section 1123(b) of the Bankruptcy Code for the purpose of collecting Recovery Causes of Action and enforcing Causes of Action belonging to the Estates related to Disputed Claims or Disputed Interests that are not released, waived, settled, compromised, or transferred pursuant to the Plan (including, for the avoidance of doubt, the Recovery Causes of Action, objections to Claims, and any other Causes of Action agreed to by the Plan Administrator and the Litigation Administrator).

Confirmation Order, ¶ 298; *see* Plan, Art. IV.G.1 (containing language substantially similar to ¶ 298 of the Confirmation Order).

14. Furthermore, the Plan and the Confirmation Order make clear that, among other things, (a) the responsibilities of the Litigation Administrator include, without limitation, filing

6

and prosecuting any objections to Claims or Interests or settling or otherwise compromising such Claims and Interests in accordance with the Plan and any applicable orders of the Court [*see* Plan, Art. IV.G.2]; and (b) the Litigation Administrator, on behalf of the Post-Effective Date Debtors, specifically retains and reserves the right to assert any and all Causes of Action[6] and related rights. *See* Confirmation Order, ¶ 296.  In other words, the Litigation Administrator, pursuant to the Plan, the Confirmation Order, and the Litigation Administrator Agreement, steps in the shoes of the Post-Effective Date Debtors to serve as the duly-appointed representative of the Estates for certain limited purposes.

15.    Accordingly, to further the claims reconciliation process, the Litigation Administrator seeks approval to modify the Inaccurately Supported Claims in accordance with the Plan, the Confirmation Order, and the Objection Procedures Order for the reasons set forth below.

## **Objection**

16.    Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a).  Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Bankruptcy Rule 3007(d).  The Objection Procedures Order expands upon Bankruptcy Rule 3007(d) and permits the Debtors to file an omnibus objection on additional grounds.

17.    When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re*

---

[6]  Under the Plan, "Causes of Action" encompass, among other things, "the right to object to or otherwise contest, recharacterize, reclassify, subordinate, or disallow Claims and Interests[.]" Plan, Art. I.A.34.

*Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *See id.*

18. A party objecting to a proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the allegations in the filed claim. *See Waterman S.S. Corp. v. Aguiar (In re Waterman Steamship Corp.)*, 200 B.R. 770, 774-75, 777 (Bankr. S.D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims); *see also In re Dreier, LLP*, 544 B.R. 760, 766, 772 (Bankr. S.D.N.Y. 2016) (disallowing certain enhanced claims when it was proven that claimants did not hold secured interests in property of the estate). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 Bankr. LEXIS 3272, at *10-11, *28 (Bankr. S.D.N.Y. Dec. 29, 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of a lack of good faith claim) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the material facts in proof of claim).

19. The claimant must prove the claim, not sit back while the objector attempts to disprove it. *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor presented sufficient evidence to rebut the *prima facie* validity of claimant's claim and that claimant failed to prove the claim by a preponderance of credible evidence).

20. Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order (as well as the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and

8

the Litigation Administrator Agreement), the Litigation Administrator files this Objection to the 242 Inaccurately Supported Claims listed on **Schedule 1** to **Exhibit A** because the Litigation Administrator has determined, based upon a review and analysis of the Inaccurately Supported Claims, that the Inaccurately Supported Claims were filed in incorrect amounts that differ from the amounts reflected in the Debtors' Schedules and Books and Records and/or were filed under an incorrect prepetition program (e.g., filed as a Custody Claim rather than an Earn Claim). In evaluating the Inaccurately Supported Claims, the Litigation Administrator reviewed the Books and Records and the Schedules and the related supporting documentation provided by each claimant, if any, and has determined that the amount and/or classification of each Inaccurately Supported Claim is inconsistent with the Debtors' actual liability as reflected in the Debtors' Schedules and Books and Records. The Litigation Administrator also has determined that the Proofs of Claim provide no basis or insufficient supporting documentation to support an amount and/or classification other than what is listed in the Debtors' Schedules and Books and Records. The Litigation Administrator, therefore, seeks to modify the Inaccurately Supported Claims to match the Debtors' Schedules and Books and Records.[7]

21.     Accordingly, the Inaccurately Supported Claims should be modified to reflect the amount and/or classification listed under the heading labeled "Modified" in **Schedule 1**. Failure to modify the Inaccurately Supported Claims will result in the respective claimants receiving an improper or excessive recovery against the Estates, to the detriment of other creditors. Modification of these Inaccurately Supported Claims will provide for a Claims Register that

---

[7] To the extent that any of the claimants provide additional documentation with respect to the Inaccurately Supported Claims in response to this Objection, the Litigation Administrator reserves all rights to contest that such additional documentation should be modified as the claimant failed to meet its burden in a timely manner. To the extent, however, that any of the additional documentation is provided and the claim is held to constitute a timely filed proof of claim that is *prima facie* valid, the Litigation Administrator reserves all rights to further object to the proof of claim on any grounds permitted under applicable law.

accurately reflects the actual liability asserted against the Debtors. Accordingly, the Litigation Administrator (a) objects to the allowance of each of the Inaccurately Supported Claims, and (b) seeks entry of the Proposed Order modifying each Inaccurately Supported Claim in the amount and/or classification listed under the heading labeled "Modified" as set forth in **Schedule 1**.

**Compliance with the Objection Procedures and the Bankruptcy Rules**

22. The Litigation Administrator respectfully submits that the content of this Objection is in full compliance with the Bankruptcy Rules and the Objection Procedures Order for the following reasons:

(a) This Objection conspicuously states on the first page the following (emphasis original): **"YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED TO EXHIBIT A HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, MODIFIED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE"**;[8]

(b) This Objection states the title and identity of the objecting party (the Litigation Administrator) and states the grounds for the Objection;[9]

(c) Pursuant to the Bankruptcy Rules and the Objection Procedures Order (and the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and the Litigation Administrator Agreement), the Litigation Administrator is authorized to file this Objection on the grounds that:

　　i. the claims are inconsistent with the Debtors' Books and Records;[10] and

---

[8] *See* Fed. R. Bankr. P. 3007(e)(1).

[9] *See* Fed. R. Bankr. P. 3007(e)(4).

[10] *See* Objection Procedures Order, Ex. 1, ¶ 1.a.

10

    ii. the claims fail to specify sufficiently the basis for or provide sufficient supporting documentation to justify recovery of any amount and/or classification inconsistent with the Debtors' Schedules and Books and Records.[11]

 (d) The schedule to **Exhibit A** includes only the claims to which there is a common basis for in the Objection;[12]

 (e) Such schedule states the grounds for objecting to each claim and provides a cross-reference to the pages in the Objection pertinent to the stated grounds;[13]

 (f) Claimants subject to this Objection are listed in alphabetical order by claimant name;[14]

 (g) The Objection is numbered consecutively with other omnibus objections that will be filed by the Litigation Administrator;[15] and

 (h) The Objection contains no more than 250 claims.[16]

23. The Litigation Administrator further submits that notice and service of this Objection will be in full compliance with the Bankruptcy Rules for the following reasons:

 (a) The Objection will be filed with the Court and served upon (i) the affected claimant party set forth on each Proof of Claim subject to this Objection or their respective attorney of record, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002;[17]

 (b) With respect to service on claimants affected by this Objection, the Litigation Administrator will also serve each affected claimant with an

---

[11] *See* Objection Procedures Order, Ex. 1, ¶ 1.d; Objection Procedures Order, Ex. 1, ¶ 1.f.

[12] *See* Fed. R. Bankr. P. 3007(e)(2).

[13] *See* Fed. R. Bankr. P. 3007(e)(3).

[14] *See* Objection Procedures Order, Ex. 1, ¶ 4; Fed. R. Bankr. P. 3007(e)(2).

[15] *See* Fed. R. Bankr. P. 3007(e)(5).

[16] *See* Objection Procedures Order, ¶ 3.

[17] *See* Fed. R. Bankr. P. 2002, 3007(a).

  objection notice to address the particular creditor, claim, and objection;[18] and

 (c) This Objection will be set for hearing at least 30 days after the filing of this Objection.[19]

### Reservation of Rights

24. The Litigation Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims that may be asserted against the Debtors and their Estates. Accordingly, it is without prejudice to the rights of the Litigation Administrator or any other party in interest to object to any of the claims listed on **Schedule 1** to **Exhibit A** on any grounds whatsoever, and the Litigation Administrator expressly reserves all further substantive or procedural objections he may have. The Litigation Administrator further reserves the right to seek an adjournment of the Hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing. The agenda will be served on the person designated by the claimant in its response.

25. Notwithstanding anything contained in this Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Litigation Administrator may have to enforce rights of setoff against the claimants.

### Motion Practice

26. This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this motion. Accordingly, the Litigation Administrator submits that this Objection satisfies Local Rule 9013-1(a).

---

[18] *See* Objection Procedures Order, Ex. 1, ¶ 5.

[19] *See* Fed. R. Bankr. P. 3007(a).

**Notice**

27.    The Litigation Administrator will provide notice of this Objection to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Post-Effective Date Debtors; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) the holders of the claims identified on **Schedule 1** of **Exhibit A**; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Litigation Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

28.    No prior request for the relief sought in this Objection has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Litigation Administrator respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: January 10, 2025

**WHITE & CASE LLP**
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email: sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Ronald Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email: rgorsich@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email: gregory.pesce@whitecase.com
         laura.baccash@whitecase.com

*/s/ Seth H. Lieberman*
**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
         msilverman@pryorcashman.com
         arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*