**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER BETWEEN THE LITIGATION ADMINISTRATOR AND CLAIMANT MARCEL SANCHEZ**

Mohsin Y. Meghji, as Litigation Administrator (the "Litigation Administrator") for Celsius Network LLC and its affiliated Post-Effective Date Debtors (the "Debtors"), and Marcel Sanchez (the "Claimant" and together with the Litigation Administrator, the "Parties") have agreed to resolve a dispute regarding Claimant's proof of claim as set forth below and hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") and agree as follows:

**RECITALS**

**WHEREAS**, on July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code.

**WHEREAS**, on November 9, 2023, the Bankruptcy Court entered an order [Dkt. No. 3972] confirming the modified joint chapter 11 plan of reorganization of the Debtors, which,

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

among other things, vested the Litigation Administrator with leave, standing and authority to prosecute certain disputed claims belonging to the Debtors.

**WHEREAS**, on or about January 3, 2023, Claimant filed proof of claim number 17262 ("Claim No. 17262") against the Debtors.

**WHEREAS**, on September 25, 2024, the Litigation Administrator filed *The Litigation Administrator's Fourth Omnibus Objection to Certain Inaccurately Supported Claims* [Dkt. No. 7711] (the "Fourth Omnibus Claims Objection"), which included an objection to Claim No. 17262.

**WHEREAS**, the Litigation Administrator objected to Claim No. 17262 on the grounds that the Claimant failed to provide sufficient supporting documentation to constitute *prima facia* evidence of the validity and amount of the claim (the "Claim Dispute"), as more fully set forth in the Fourth Omnibus Claims Objection.

**WHEREAS**, the Parties desire to consensually resolve the Claim Dispute without the time, expense, and uncertainty attendant to litigation, through the entry of this Stipulation and Agreed Order.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are incorporated herein by reference.

2. Claim No. 17262 shall be modified and allowed in an amount equal to the amount under the corresponding heading labeled "Modified" as set forth for Claim No. 17262 on Schedule 1 of the Fourth Omnibus Claims Objection and attached hereto as **Exhibit A**. Any amounts in excess of the amounts reflected under the heading labeled "Modified" are hereby disallowed and expunged.

3. The Debtors' claims and noticing agent, Stretto, Inc., is authorized to update the claims register maintained in these chapter 11 cases in accordance with this Stipulation and Agreed Order.

4. This Stipulation and Agreed Order represents the entire agreement by and between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, between the Parties with respect thereto.

5. This Stipulation and Agreed Order may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

6. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

7. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Agreed Order.

*[Signature page to follow]*

**SO STIPULATED:**

Dated: January 10, 2025

*/s/ Seth H. Lieberman*
**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
          msilverman@pryorcashman.com
          arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*


*/s/ Monique D. Hayes*
**DGIM LAW, PLLC**
Monique D. Hayes
2875 NE 191st Street, Ste 705
Aventura, FL 33180
Telephone:    (786) 698-6303
Email: monique@dgimlaw.com

*Counsel to Claimant Marcel Sanchez*


**IT IS SO ORDERED.**

Dated:  January 24, 2025
        New York, New York

                                    **/s/ Martin Glenn**
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge

**Exhibit A**

|  | CREDITOR(1) | DEBTOR | CLAIM # | ASSERTED AMOUNT(2) | ASSERTED QUANTITY(3) | MODIFIED QUANTITY | BASIS FOR OBJECTION |
|---|---|---|---|---|---|---|---|
| 193 | SANCHEZ, MARCEL [ADDRESS ON FILE] | All Debtors | 17262 | Earn: $0.00<br><br>Custody: $125,230.44<br><br>Withheld: $0.00<br><br>Collateral: $0.00<br><br>NonCrypto: $0.00 | Earn: 0.00<br><br>Custody: BTC 0.00238242951240195 ETH 34.96392334 UNI 419.45051842 XLM 48080.8742342 XRP 112472.968087<br><br>Withheld: 0.00<br><br>Collateral: 0.00<br><br>NonCrypto: $0.00 | Earn: 0.00<br><br>Custody: BTC 0.00238242951240195 ETH 34.96392334 UNI 419.45051842 XLM 48080.8742342 XRP 112472.968087<br><br>Withheld: 0.00<br><br>Collateral: 0.00 | As set forth in paragraph 21 of the Objection, the Claim fails to provide sufficient supporting documentation to constitute prima facia evidence of the validity and amount of the claim. The Claim should be modified to reflect the amounts reflected in the Debtors' books and records. |

(1) As name appears on Proof of Claim.
(2) $0.00 amount could also represent a blank or unliquidated amount.
(3) 0.00 amount could also represent a blank or unliquidated amount.