**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **NOT FOR PUBLICATION** |
| CELSIUS NETWORK LLC, *et al.*, | Chapter 11 |
| Post-Effective Date Debtors. | Case No. 22-10964 (MG) |

**MEMORANDUM OPINION AND ORDER SUSTAINING THE
LITIGATION ADMINISTRATOR'S ELEVENTH
OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**

*A P P E A R A N C E S:*

PRYOR CASHMAN LLP
*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*
7 Times Square
New York, New York 10036
By:   Seth H. Lieberman, Esq.
        Matthew W. Silverman, Esq.
        Andrew S. Richmond, Esq.

WHITE & CASE LLP
*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*
1221 Avenue of the Americas
New York, New York 10020
By:   Samuel P. Hershey, Esq.

555 South Flower Street
Suite 2700
Los Angeles, California 90071
By:   Ronald Gorsich, Esq.

111 South Wacker Drive
Suite 5100
Chicago, Illinois 60606
By:   Gregory F. Pesce, Esq.
        Laura Baccash, Esq.

Philip Del Pozzo
*Pro se Creditor*

Jai Gopal-Singh Khalsa
*Pro se Creditor*

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the contested objection (the "Claims Objection," ECF Doc. # 7902) of Mohsin Y. Meghji, in his capacity as Litigation Administrator (the "Litigation Administrator") of the above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors," as applicable).[1]  The Claims Objection seeks entry of an order modifying the claims (collectively, the "Inaccurately Supported Claims") identified on Schedule 1 to the proposed order (the "Proposed Order," ECF Doc. # 7902-1), which is annexed to the Claims Objection as Exhibit A, to match the amounts and/or classifications set forth in the Debtors' schedules and books and records as reflected under the heading "Modified."  Also annexed to the Claims Objection, as Exhibit B, is the supporting declaration of Kenneth Ehrler, a managing director at M3 Advisory Partners, LP (the "Ehrler Decl.," ECF Doc. # 7902-2).

Two responses were filed to the Claims Objection: (i) the response of Philip Del Pozzo ("Del Pozzo," and the response, the "Del Pozzo Response," ECF Doc. # 7925) in connection with proof of claim no. 14548 that was filed in the amount of $6,923.21 (the "Pozzo Claim"), and (ii) the response of Jai Gopal-Singh Khalsa ("Khalsa," and the response, the "Khalsa Response," ECF Doc. # 7952) in connection with proof of claim no. 16922 that was filed in the amount of $76,425.09 (the "Khalsa Claim").

---

[1] Defined terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)* (the "Plan," ECF Doc. # 4289).

2

On February 7, 2025, the Litigation Administrator filed a reply (the "Reply," ECF Doc. # 7958) addressing solely the Khalsa Response; the Reply does not address the Del Pozzo Response. Annexed to the Reply is the declaration of Kenneth Ehrler as <u>Exhibit A</u> (the "Ehrler Reply Decl.," ECF Doc. # 7958-1).

For the reasons discussed, the Court **SUSTAINS** the Claims Objection as to the Inaccurately Supported Claims and **OVERRULES** the Del Pozzo and Khalsa Responses.

### I.    BACKGROUND

**A.    Relevant Case History**

On November 16, 2022, the Court entered an order (the "Bar Date Order," ECF Doc. # 1368) that established certain deadlines to holders of claims to file proofs of claim: (i) January 3, 2023, at 5:00 p.m. (ET) (the "Bar Date") for most retail account holders to file proofs of claims against any Debtor other than the GK8 Debtors, and (ii) January 10, 2023, at 5:00 p.m. (ET) (the "Governmental Bar Date") for each governmental unit to file proofs of claim against any Debtor other than the GK8 Debtors. (Claims Objection ¶ 6.) The Bar Date and Governmental Bar Date were subsequently extended to February 9, 2023, at 5:00 p.m. (ET). (*See id.*.) To date, no bar date has been set as to claims against the GK8 Debtors. (*Id.*)

Following entry of the *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* (the "Customer Claims Opinion," ECF Doc. # 2205) on March 9, 2023, a supplemental bar date of April 28, 2023 was set for holders of claims affected by the amendment of the Debtors' schedules and statements pursuant to the Customer Claims Opinion (the "Affected Account Holder Claims"). (*Id.* ¶ 7.)

On April 18, 2023, the Court entered an order authorizing the official committee of unsecured creditors (the "Committee") to file the Class Claim (defined below) and to seek

3

certification of the class of all account holders under Rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Class Claim Order," ECF Doc. # 2496). (*Id.*) The Class Claim Order provided that "the bar date for claims set forth in the *Notice of Amended Bar Date for Submission of Proofs of Claim* is tolled pending an order of the Court with respect to the certification of the putative class under Bankruptcy Rule 7023." (*Id.* (quoting the Class Claim Order).) On July 21, 2023, the Court entered an order (ECF Doc. # 3066) establishing August 2, 2023 at 5:00 p.m. (ET), as the final bar date for Affected Account Holder Claims. (*Id.*)

As of the filing of the Claims Objection, approximately 33,923 proofs of claim have been filed against the Debtors, totaling approximately $216,348,684,122,865,607,761.31. (*Id.* ¶ 9.) To assist the Debtors' claims reconciliation efforts, the Court entered an order (the "Objection Procedures Order," ECF Doc. # 2090) that established certain omnibus claims objection procedures. (*Id.*)

On August 14, 2023, the Court entered an order approving the settlement reached between the Debtors and the Committee (the "Class Claim Settlement," ECF Doc. # 3288) with respect to proof of claim no. 29046 filed by the Committee (the "Class Claim"). The Class Claim Settlement provided a comprehensive resolution of the Class Claim that asserted various non-contract claims against certain Debtor entities. (*Id.* ¶ 11.) Specifically, the Class Claim Settlement resolved non-contractual claims for account holders who did not opt out of the Class Claim Settlement. (*Id.*)

On March 21, 2023, the Court entered the *Order (I) Approving (A) the Settlement By and Among the Debtors, the Committee, and the Custody Ad Hoc Group and (B) the Election Form and (II) Granting Related Relief* (the "Custody Settlement," ECF Doc. # 2291), which resolved

4

outstanding claims related to Custody accounts for account holders who did not opt out of the Custody Settlement. (*Id.* ¶ 12.)

On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Confirmation Order," ECF Doc. # 3972), confirming the Plan. (*Id.* ¶ 13.) The Confirmation Order provides, in relevant part, that the Litigation Administrator "shall have the authority to prosecute, settle, or otherwise resolve, without limitation, all Disputed Claims remaining as of the Effective Date (including any related Causes of Action that are not released, waived, settled, or compromised pursuant to the Plan)." (*Id.* (quoting Confirmation Order ¶ 298).) Moreover, the Litigation Administrator shall also serve as the representative of the Debtors' estates pursuant to section 1123(b) of the Bankruptcy Code "for the purpose of collecting Recovery Causes of Action and enforcing Causes of Action belonging to the Estates related to Disputed Claims or Disputed Interests that are not released, waived, settled, compromised, or transferred pursuant to the Plan." (*Id.* (same).)

The Plan and the Confirmation Order make clear that, among other things, (i) the responsibilities of the Litigation Administrator include, without limitation, the filing and prosecuting any objections to Claims or Interests or settling or otherwise compromising Claims and Interests in accordance with the Plan and any applicable orders of the Court; and (ii) the Litigation Administrator, on behalf of the Post-Effective Date Debtors, specifically retains and reserves the right to assert any and all Causes of Action and related rights. (*Id.* ¶ 14.)

### B. The Claims Objection

The Litigation Administrator seeks entry of an order modifying the Inaccurately Supported Claims in the manner set forth on Schedule 1 to Exhibit A. Based its review of the

Debtors' schedules and books and records, the Litigation Administrator believes that the Inaccurately Supported Claims were filed in inaccurate amounts and/or were filed under the incorrect prepetition program (*e.g.*, filed as a Custody Claim rather than an Earn Claim). (*Id.* ¶ 20.) In other words, each Inaccurately Supported Claim was filed in a manner inconsistent with the Debtors' actual liability, and the Litigation Administrator has determined that the proofs of claim "provide no basis or [contain] insufficient supporting documentation" to support the amount and/or classification asserted. (*Id.*)

In support of the relief sought, the Litigation Administrator argues that failure to modify the Inaccurately Supported Claims in the manner set forth under the heading labeled "Modified" in Schedule 1 will result in improper or excessive recovery against the Post-Effective Date Debtors' estates to the detriment of other creditors. (*Id.* ¶ 21.) Rather, modification of these Inaccurately Supported Claims will provide for a claims register that accurately reflects the Debtors' actual liability. (*Id.*) It further maintains that the Claims Objection and notice and service of the same are in "full compliance with the Bankruptcy Rules and the Objection Procedures Order," as applicable. (*Id.* ¶¶ 22–23.)

### C. Del Pozzo Response

On January 27, 2025, Del Pozzo filed the Del Pozzo Response, asserting that he is owed $6,923.21. (*See* Del Pozzo Response at 1 (stating the amount he believes he is owed).) Annexed to the Del Pozzo Response, as Exhibit A, is a copy of the relevant portion of Schedule 1 to the Proposed Order that sets forth the Litigation Administrator's proposed modification of the Del Pozzo Claim. Del Pozzo also includes a copy of the first few pages of the Claims Objection. Other than the foregoing, no other information was included, and nothing in the Del Pozzo Response articulates his position on the Claims Objection as it pertains to the Del Pozzo Claim.

6

### D. Khalsa Response

On February 5, 2025, Khalsa filed the Khalsa Response, which opposes the Claims Objection as it relates to the Khalsa Claim, a claim concerning "custody on a collateralized loan." (Khalsa Response at 3.) Khalsa states that the Debtors "froze all withdrawals and transfers in and out of the platform" and "continued to issue margin calls and ultimately liquidated the collateral." (*Id.*) He argues that the "basis for that liquidation was fraudulent and resulted in the theft of the collateral." (*Id.* at 1.)

Khalsa disputes the Litigation Administrator's position that the Khalsa Claim is limited to the 0.66 BTC remaining "after the Margin call in an earn account" and alleges instead that the Debtors "fraudulently stole[] the collateral." (*Id.* at 3.) Khalsa states that the "only possible inconsistency" is the fact that the Khalsa Claim was asserted against "All Debtors" versus simply Celsius Lending LLC and/or Celsius Network LLC; the amounts set forth in the Khalsa Claim, he maintains, "are correct." (*Id.*)

Annexed to the Khalsa Response is a series of emails with respect to the loan that reflect that his collateral was liquidated and that, following the margin call, his loan had a balance of zero with respect to his cryptocurrency. (*Id.* at 7 ("I have an outstanding loan with 3.842 BTC as collateral. You froze everything. Then there was a margin call and now it shows my coins as 0 balance."); *id.* at 8–16 (copies of emails from Celsius to Khalsa in June 2022 requesting that Khalsa resolve the margin call by adding collateral); *id.* at 17–18 (copy of confirmation of loan liquidation from June 18, 2022, stating that Celsius closed his loan and liquidated the amount of collateral needed to cover his principal loan amount along with any outstanding interest due and the remaining $12,370.69 in unliquidated collateral returned to his Celsius account).)

## II. LEGAL STANDARD

Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Bankruptcy Rule 3007(c) and 3007(d) provide that, under certain circumstances, or with Court approval, more than one claim may be joined in a single objection. FED. R. BANKR. P. 3007(c)–(d).

As set forth in Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with Bankruptcy Rule 3001 shall constitute *prima facie* evidence of the validity and amount of claim. *See In re Residential Cap.*, 501 B.R. 531, 538 (Bankr. S.D.N.Y. 2013); *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citing Bankruptcy Rule 3001(f) and holding that the evidence submitted by the debtor was insufficient to overcome the validity and amount of bank's proof of claim); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13, 553 (Bankr. S.D.N.Y. 2000) (citing Bankruptcy Rule 3001(f) in analysis of debtors' objection to former tenant's proof of claim and granting partial summary judgment with respect to the objection where there were no material facts in dispute).

To receive the benefit of *prima facie* validity, however, "the proof of claim must set forth the facts necessary to support the claim." *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988) (citations and internal quotation marks omitted) (holding that claimant's proof of claim was not entitled to the presumption of *prima facie* validity because it did not set forth the necessary facts); *see also* FED. R. BANKR. P. 3001(c)(1) (requiring claimant to provide documentation where claim is based on a writing). "Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (citations omitted).

8

On the whole, "[a]n objecting party 'bears the initial burden of production and must provide evidence showing the claim is legally insufficient' under 11 U.S.C. § 502." *In re Lehman Bros. Holdings, Inc.*, 519 B.R. 47, 53–54 (Bankr. S.D.N.Y. 2014) (quoting *In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014)). A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *See In re Waterman S.S. Corp.*, 200 B.R. 770, 774–75, 777 (Bankr. S. D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229(DC), 2010 WL 234827, at *3 (S.D.N.Y. Jan. 22, 2010) (same); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *Rockefeller*, 272 B.R. at 539 (same).

Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4, *9 (Bankr. S.D.N.Y. 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of lack of good faith claim) (quoting *Allegheny*, 954 F.2d at 173–74); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the material facts in proof of claim).

Generally, the claimant must prove the claim and not sit back while the objector attempts to disprove it. *See In re Bennett,* 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor

9

presented sufficient evidence to rebut the *prima facie* validity of claimant's claim and that claimant failed to prove claim by a preponderance of credible evidence).

### III. DISCUSSION

Here, the Litigation Administrator has satisfied its burden to show that the Inaccurately Supported Claims should be modified in the manner set forth in Schedule 1 to the Proposed Order.  The Litigation Administrator submits that, based on its review and analysis of the Inaccurately Supported Claims against the Debtors' schedules and books and records, such claims were filed in incorrect amounts and/or were filed under the incorrect prepetition program. (Claims Objection ¶ 20; *see also* Ehrler Decl. ¶ 9 (stating the same).)  Additionally, the Litigation Administrator makes clear that the supporting documentation provided with the corresponding proofs of claim "fail to validate any deviation from the Debtors' Schedules and Books and Records." (*Id.*)  Therefore, modification of the Inaccurately Supported Claims is appropriate to prevent improper or excessive recovery at the expense of other creditors. Granting the relief sought would also provide the Post-Effective Date Debtors the added benefit of having a claims register that accurately reflects the Debtors' liabilities.  Moreover, other than Del Pozzo and Khalsa, no other creditors have filed responses to the Claims Objection.

With respect to the Del Pozzo Claim, the Claims Objection seeks to modify the claim and reduce it from $6,923.21 to $923.20 as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| 164 | POZZO, PHILIP DEL [ADDRESS ON FILE] | All Debtors | 14548 | $6,923.21 | Earn CEL 4616.00020975798<br>Custody CEL 30000<br>Withheld 0.00<br>Collateral 0.00 | $923.20 | Earn CEL 4616.00020975798<br>Custody 0.00<br>Withheld 0.00<br>Collateral 0.00 |

10

(Proposed Order, Schedule 1.) The basis for the Litigation Administrator's objection is that the Del Pozzo Claim "fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity, type, and amount of the claim." (*Id.*)

The Del Pozzo Response to the Claims Objection, however, only reasserts the amount originally set forth in the Del Pozzo Claim without argument or documentation to support the amounts he believes he is owed. Del Pozzo, therefore, has not satisfied his burden to prove the validity of the Del Pozzo Claim by a preponderance of the evidence. Accordingly, notwithstanding the Litigation Administrator's failure to address the Del Pozzo Response in the Reply, the Court **OVERRULES** the Del Pozzo Response.

With respect to the Khalsa Claim, the Claims Objection seeks to modify the claim and reduce it from $76,425.09 to $13,192.19 as follows:

| 98 | KHALSA, JAI GOPAL [ADDRESS ON FILE] | All Debtors | 16922 | $76,425.09 | Earn 0.00<br>Custody BTC 0.662466687096313 GUSD 21.6870163967486<br>Withheld 0.00<br>Collateral BTC 3.18056911 | $13,192.19 | Earn BTC 0.662466687096313 GUSD 21.6870163967486<br>Custody 0.00<br>Withheld 0.00<br>Collateral 0.00 |
|---|---|---|---|---|---|---|---|

(Proposed Order, Schedule 1.) In the Reply, the Litigation Administrator indicates that the Khalsa Claim was filed under the incorrect prepetition program and in an amount that differs from the amount reflected in the Debtors' schedules and books and records. (Reply ¶ 4.) The Litigation Administrator further asserts that the Khalsa Claim lacks supporting documentation. (*Id.*) Specifically, the Khalsa Claim asserts a Custody and Collateral Claim in the total amount

11

of $76,425.09. (*Id.*) However, according to the Debtors' schedules and books and records, Khalsa holds an Earn Claim in the scheduled amount of $13,192.19. (*Id.* (citing Ehrler Reply Decl. ¶ 9).)

The basis for the Litigation Administrator's objection is that the Khalsa Claim, like the Del Pozzo Claim, also "fails to provide sufficient supporting documentation to constitute prima facie evidence of the validity, type, and amount of the claim." (Proposed Order, Schedule 1.) The Khalsa Response does not resolve this and makes clear instead that Khalsa's collateral, which was comprised of cryptocurrency, was liquidated prior to the Debtors' petition date with any remaining, unliquidated collateral "unlocked" and returned to Khalsa's Celsius account. (*See* Khalsa Response at 7 ("I have an outstanding loan with 3.842 BTC. . . . Then there was a margin call and now it shows my coins as 0 balance."); *id.* at 17 (reflecting that $12,370.69 in collateral amount was "unlocked"); *see also* Reply ¶ 4 (arguing the same).) Indeed, the supporting documentation Khalsa provides appears to support the Litigation Administrator's position that the balance for his Custody Account and Collateral is zero. The Ehrler Reply Decl. further makes clear that this "remaining collateral was transferred to an Earn Account" for Khalsa. (Ehrler Reply Decl. ¶ 9.) Khalsa offers nothing to show otherwise.

In addition to the foregoing, Khalsa, holding an Earn Claim, also failed to opt out of the Class Claim Settlement. (*See id.* ¶¶ 9–10.) Article IV.B.8 of the Plan provides that such claims shall be expunged from the claims register and shall be of "no further force and effect." (Plan, Art. IV.B.8.) Specifically, the provision provides:

> [I]f a Holder does not opt-out of the Class Claim Settlement, such Holder's Account Holder Claims, other than Custody Claims, shall receive, in lieu of any scheduled Claim or Filed Proof of Claim, an Allowed Claim in an amount that is 105% of the scheduled amount of such Claim, in each case of the same Class as the originally scheduled Claim. ***Proofs of Claim filed by Class Claim Settlement Participants (i.e., Holders of Account Holder***

12

> *Claims (other than Account Holders who only hold Custody Claims) that do not opt out of Class Claim Settlement) shall be expunged from the Claims Register and shall be of no further force and effect.*

(*Id.* (emphasis added).)

In light of the foregoing, the Court similarly **OVERRULES** the Khalsa Response.

## IV. CONCLUSION

For the reasons discussed, the Court **SUSTAINS** the Claims Objection as to the Inaccurately Supported Claims and **OVERRULES** the Del Pozzo and Khalsa Responses.

**IT IS SO ORDERED.**

Dated: February 12, 2025
       New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge