**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

**In re:** Celsius Network LLC, et al.
**Case No.:** 22-10964 (MG)

---

**FINAL SUR-REPLY TO LITIGATION ADMINISTRATOR'S REPLY TO OBJECTION**

**Submitted by:** Cella Mlo (Pro Se Creditor)
**Claim No.:** 22960
**Relates to:** Dkt. Nos. 8089, 8095, 8105, 8106

---

To the Honorable Martin Glenn, Chief United States Bankruptcy Judge:

I submit this sur-reply in response to the Litigation Administrator's reply (Dkt. No. 8105) concerning Claim No. 22960.

**1. Sealed Medical Evidence and Equity**

As referenced in my Motion to Seal and redacted hardship letter (submitted via Pro Se Upload Tool on May 1, 2025), I am under long-term treatment for chronic illness, which has severely impaired my earning ability and quality of life. The unredacted letter and supporting medical documentation were mailed to chambers on April 30, 2025. I respectfully ask the Court to consider this sealed information under equitable grounds.

**2. Retaliatory Termination – The Crux of the Claim**

This entire claim originates from a retaliatory termination that occurred shortly after I filed a formal complaint with Celsius HR regarding executive misconduct. I was abruptly dismissed without warning or cause following this protected activity. The events are detailed in the timeline provided to the Court, and supported by documentary evidence including my offer letter, pay stubs, and an extensively documented supplemental statement (see Exhibit G).

**3. Cherry-Picking Evidence and Irrelevant Declaration**

The Litigation Administrator's reply is not only misleading but borders on bad faith. They selectively ignored the most substantive documents I submitted, including:

- My signed Celsius offer letter confirming CEL token compensation and start date
- Insperity-issued pay stub verifying official payroll through Celsius
- A detailed sworn supplemental statement explaining my HR complaint and the timeline of my termination

These documents (included now as **Exhibit G**) are foundational to my claim. Yet instead of addressing them, Pryor chose to attach screenshots of loosely formatted or less substantive files submitted much later under administrative pressure. This kind of cherry-picking distorts the record and avoids the strongest, most relevant facts.

Worse, they introduced a declaration from Celsius's CFO—**a person who had absolutely no involvement in my hiring, termination, or consulting engagement**. He did not supervise me, work with me, or interact with me. His declaration is irrelevant and was clearly submitted to create the illusion of credibility, when in fact it offers no firsthand knowledge or insight into the basis of this claim. It is an attempt to misdirect the Court from the real issue: **I was terminated in retaliation for filing a protected HR complaint**, and Celsius then sought my unpaid help as a consultant while failing to reimburse me for time and expenses.

### 4. Evidence Supporting This Claim
This claim is not speculative. It is substantiated by:

- **A signed employment contract** with salary and equity terms
- **Payroll records** from Insperity proving formal employment
- **Travel receipts and time logs** for post-termination consulting work
- **Screenshots of platform access loss** and internal correspondence
- **A detailed supplemental statement** outlining HR retaliation and termination sequence (now Exhibit G)
- **Sealed medical records and financial hardship statement** on file with chambers

The evidence was submitted in good faith and early in the process, yet has been ignored or diminished in their objection and reply.

### 5. Conclusion and Request for Full Relief

Given the strength of the evidence, the retaliatory nature of my termination, and the equity issues surrounding my ongoing medical hardship, I respectfully request the Court:

- **Strike or disregard the CFO's declaration** as irrelevant and lacking firsthand knowledge
- **Acknowledge the pattern of cherry-picked rebuttal material** that omits central evidence
- **Grant full relief** as outlined in Dkt. 8089 and 8106
- Allow Claim No. 22960 in full under both legal and equitable grounds

Respectfully submitted,
**Cella Mlo**
442 Lorimer St, Suit D #5001
Brooklyn, NY 11206
Email: cellamlo35@gmail.com

Date: May 7, 2025

# Exhibit G
## Core Employment Evidence



TUESDAY, MAY 18, 2021

---

**PERSONAL AND CONFIDENTIAL**

May 18, 2021

Dear Cella :

Celsius Network Ltd. is pleased to provide this employment offer for the position of Sr. Quantitative Analyst with a tentative start date of June 1, 2021 reporting to **Gabe Ficht**. The base salary we are offering to you for this position is $100,000.00 per year.

On top of the Salary payable to you pursuant to this Employment Agreement, the Company shall grant you **5,397** CEL tokens (the "Tokens") equivalent to the value of **$35,000** USD (value based on today's 30-day trailing average for CEL from CoinMarketCap: **$6.49**). The Tokens shall vest over a period of 3 years commencing on the Commencement Date on a quarterly basis following a one-year cliff and subject to your continued engagement with the Company under this Employment Agreement. You will be fully responsible to report and pay any and all tax-related charges to any tax authority. After approval from the Board, Celsius will also grant you options (TBD) under the Employee Stock Options Plan, vested quarterly over three years from your start date. You will be fully responsible to report and pay any and all tax-related charges to any tax authority.  Further details of the terms and conditions of your employment will be defined in your formal Employment Agreement to be sent in the near future and before your commencement of employment.

We are pleased to have you join our organization as a member of what we feel is a company that offers each employee an opportunity for personal and professional development. If you have any questions, please do not hesitate to contact me at . I look forward to working with you in the future and hope you will find your employment a rewarding experience.

Sincerely,
Michael Johnson
People Generalist | Celsius

Please indicate your intent of acceptance by your signature and return this offer letter to me by May 20, 2021 .

Thank you.

---

## Offer Letter Acceptance

I have read and accept this offer of employment:

*[signature]*                                               05/18/2021

Cella Mlo                                                   Date



### Cella Mlo Offer.pdf
Document ID: 63408630-b819-11eb-885a-4faf0a98e608

**Requested:**

May 18, 2021, 2:41 PM EDT (May 18, 2021, 6:41 PM UTC)
Michael Johnson (michael.johnson@celsius.network)
2601:c6:cb80:2280:f588:21ee:8c42:61e0

**Signed:**

May 18, 2021, 4:41 PM EDT (May 18, 2021, 8:41 PM UTC)
Cella Mlo (cellamlo35@gmail.com)
2600:1702:db0:3610:3c01:f818:4bf6:92a2



*Did You Know That Insperity Premier(TM) is the Place to Go for your...*

1. Personal employment information 2. Current and past paycheck records, W2 and W4 forms 3. Health insurance information and credentials 4. 401(k) plan account (if you have one) 5. Flexible spending account (FSA) plan or HSA (if you have one) 6. Insperity contact information and tutorials/overview videos 7. MarketPlace(SM) access

*Just log in to portal.insperity.com for easy and instant access to this important information and much more!*

| | | |
|---|---|---|
| Employee: MLO, H CELLA | Employee ID: 3682283 | Check #: 58227853 |
| Company: CELSIUS NETWORK INC. (4168900) | | |
| 221 RIVER ST STE 9 | Pay Date: 06/18/2021 | Pay Type: Salary |
| HOBOKEN,  NJ  07030 | Pay Period: 06/05/2021 To 06/18/2021 | Department: 3 |
| Phone: (678) 549 9781 | Pay Frequency: BiWeekly | Location: 0 |

| | | | |
|---|---|---|---|
| Gross Earnings: 3,846.15 | Total Taxes: 776.77 | Total Deductions: 447.22 | Net Pay: 2,622.16 |

### Earnings

| Description | Start Date | End Date | Hrs/Units | Rate | Current | YTD |
|---|---|---|---|---|---|---|
| *Current Pay Period* | | | | | | |
| Salary - Exempt | 06/05/2021 | 06/18/2021 | | 3,846.15 | 3,846.15 | 3846.15 |
| *Previous Insperity wages paid / Other wages paid* | | | | | | |
| Salary Exempt Day Rate | | | | | | 1538.48 |
| Gross | | | | | 3846.15 | 5384.63 |

### Deductions & Credits

| Description | Current | YTD |
|---|---|---|
| Pre-Tax | | |
| Employee Med | 71.37 | 91.69 |
| FSA-Pre | 101.54 | 101.54 |
| Employee D/V | 5.08 | 6.52 |
| 401K Plan | 76.92 | 107.69 |
| Total | 254.91 | 307.44 |
| After Tax | | |
| 401K Roth | 192.31 | 269.23 |
| Total | 192.31 | 269.23 |

### Taxes

| Description | Current | YTD |
|---|---|---|
| Federal Taxes | 373.15 | 415.31 |
| NC SIT | 123.00 | 133.00 |
| SocSec | 227.43 | 321.47 |
| Medicare | 53.19 | 75.18 |
| Total | 776.77 | 944.96 |

### Federal Tax Withholding Elections

Filing Status: Head of household
Two Jobs: No
Claim Dependents: $ 1,000.00
Deductions: $ 0.00
Extra Withholding: $ 0.00
Exempt: No

### Direct Deposit Information

| Routing # | Account # | Amount |
|---|---|---|
| ########0219 | ########7564 | 2,622.16 |

### Insperity YTD Taxable Amount

| Description | Amount |
|---|---|
| Federal | 5,077.19 |
| Social Security | 5,184.88 |
| Medicare | 5,184.88 |

### Paid Time Off/Vacation and/or Sick Information

| Plan - Level | Available | Used | Balance |
|---|---|---|---|

Your worksite employer provides the Paid Time Off/Vacation and/or Sick Information shown. "Balance" reflects hours available for use under the PTO, vacation, and/or sick time provided to Insperity by your worksite employer. See your supervisor with questions about your Balance. If your Paid Time Off/Vacation and/or Sick Information does not appear, this information will be provided by your worksite employer, as applicable.

Supplemental Statement – Claim No. 22960

Claimant: Cella Mlo

Claim No.: 22960

Company: Celsius Network LLC

Summary Date: April 01, 2025

This supplemental statement is submitted in support of my employment-based claim in the Celsius Network LLC bankruptcy case. The following expands upon the initial claim and provides clarification and additional grounds for owed compensation and damages based on work performed, expenses incurred, and wrongful termination events that occurred during my time with the company.

### 1. CEL Token Compensation
According to my signed employment agreement dated May 18, 2021, I was granted $35,000 worth of CEL tokens to be vested quarterly over 3 years. By the July 13, 2022 bankruptcy filing date, approximately 5–6 quarters had passed, making roughly $14,583 to $17,500 of that amount vested. The Plan's $0.25 CEL token valuation was applied in an earlier settlement offer of over $15,000, which I accepted in principle before the offer was retracted without cause.

### 2. Travel and Lodging Expenses – Tel Aviv
During my employment, I was directed to work in Tel Aviv where Celsius maintained a headquarters and operations center. This resulted in significant travel and lodging expenses. These expenses, estimated at over $6,000 total, were never reimbursed despite being tied directly to project-related activities and internal company requirements.

### 3. Final Paycheck and Unpaid Reimbursements
Upon my termination, I did not receive a final paycheck covering the partially completed quarter (April–July 2022), nor was I reimbursed for significant work-related expenses, including required travel to Celsius's Tel Aviv office and equipment purchases. Despite following internal processes, no reimbursements were processed prior to or after my dismissal.

### 4. Unpaid Consulting Services (Informal Post-Employment Work)
After my employment was terminated, Celsius reached out for additional financial analysis support. I was not rehired or re-contracted, but I responded to several requests

for assistance in good faith, given my prior involvement in related projects. I was never compensated for this informal support, which I estimate was worth $3,000–$5,000. This amount remains outstanding.

### 5. Denial of Access to Celsius App

Following my termination, I was denied access to the Celsius platform and app, which contained my personal digital assets. This included both employee compensation and customer-deposited assets. My termination was abrupt and I was not provided a chance to transfer or withdraw my funds prior to account lockout.

### 6. Retaliation and Wrongful Termination

My employment was terminated shortly after reporting misconduct and suspected fraud by an executive based in the Tel Aviv office to Celsius HR. I believe this termination was retaliatory and directly tied to my internal whistleblower report. I was provided no formal reason, severance, or opportunity to complete the vesting process as outlined in my agreement.

This statement is offered in good faith as an addendum to support the full scope and context of my employment-related claim. I am available to provide further documentation or clarification as needed.

Respectfully,

Cella Mlo

cellamlo35@gmail.com