Response Deadline: September 8, 2025, at 4:00 p.m. (prevailing Eastern Time)

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
       msilverman@pryorcashman.com
       arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF THE LITIGATION ADMINISTRATOR'S**
**OMNIBUS OBJECTION TO THE PROOFS OF CLAIM OF**
**CADWALADER, WICKERSHAM & TAFT LLP**

**PLEASE TAKE NOTICE** that Mohsin Y. Meghji, in his capacity as Litigation

Administrator of Celsius Network LLC and its affiliated Post-Effective Date Debtors (the

"Litigation Administrator"), hereby submits *The Litigation Administrator's Omnibus Objection to*

*the Proofs of Claim of Cadwalader, Wickersham & Taft LLP* (the "Objection").

---

[1]The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that any responses to the relief requested in the Objection shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Court"); (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); (d) be filed in accordance with the *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "Objection Procedures Order"); and (e) be served in accordance with the Objection Procedures Order by **September 8, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Response Deadline"), to (i) the Litigation Administrator, (ii) the Post-Effective Date Debtors, and (iii) the United States Trustee for the Southern District of New York with a copy to the Court's chambers.

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received will be considered. Failure to file a timely response by the Response Deadline may result in entry of a final order sustaining the Objection as requested by the Litigation Administrator.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of all pleadings filed in these

Chapter 11 Cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance

with the procedures and fees set forth therein.

New York, New York
Dated: August 8, 2025

*/s/ Seth H. Lieberman*
**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:     (212) 421-4100
Facsimile:     (212) 326-0806
Email: slieberman@pryorcashman.com
        msilverman@pryorcashman.com
        arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation*
*Administrator*

**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
        msilverman@pryorcashman.com
        arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE LITIGATION ADMINISTRATOR'S OMNIBUS OBJECTION TO THE PROOFS**
**OF CLAIM OF CADWALADER, WICKERSHAM & TAFT LLP**

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE
> ATTACHED TO EXHIBIT A HERETO.   PLEASE TAKE NOTICE THAT YOUR
> CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED,
> MODIFIED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION.
> THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING
> OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.
> IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Mohsin Y. Meghji, in his capacity as Litigation Administrator (the "Litigation Administrator")[2] of the above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors," as applicable), by and through his undersigned counsel, respectfully submits this omnibus objection (the "Objection") to the proofs of claim filed by Cadwalader, Wickersham & Taft LLP ("Cadwalader" or the "Claimant"). In support of the Objection, the Litigation Administrator states as follows:

### Preliminary Statement

1.      Cadwalader represented Alex Mashinsky in connection with certain matters related to the Debtors' chapter 11 cases, including allegations of criminal misconduct by Mr. Mashinsky. Although Cadwalader incurred fees and expenses for this work, it appears that some or all of those amounts remain unpaid by Mr. Mashinsky.

2.      Cadwalader seeks to recover those unpaid fees and expenses by asserting claims against the Debtors, contending that the Debtors are obligated to indemnify Mr. Mashinsky and, by extension, pay Cadwalader directly. Cadwalader is mistaken.

3.      Cadwalader is neither a party to, nor a third-party beneficiary of, any agreement between the Debtors and Mr. Mashinsky that might give rise to such indemnification. As such, Cadwalader has no contractual right to recover from the Debtors.

---

[2] Capitalized terms used but not defined in this Objection shall have the meanings given to such terms in the (a) *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "Objection Procedures Order"); or (b) *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Modified for MiningCo Transaction)* [Docket No. 4289] (as amended, supplemented, or modified from time to time, the "Plan").

4.      Even if the Debtors had some theoretical liability–which they do not–Cadwalader failed to properly assert its claims.  The proofs of claim do not specify the amounts sought, nor do they include any supporting documentation that would assist in determining their value.

5.      Simply put, the Debtors are not liable for Cadwalader's fees and expenses, and Cadwalader's claims are both legally and procedurally deficient.  Accordingly, the Court should sustain the Objection and disallow and expunge Cadwalader's proofs of claim in their entirety.

## Relief Requested

6.      The Litigation Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging proofs of claim nos. 17201, 17202, 17203, 17204, 17205, 17206, 17207, and 17208 (collectively, the "Cadwalader Claims"), as identified on **Schedule 1** to **Exhibit A**.  The Litigation Administrator has determined that (i) the Debtors do not have any liability on account of the Cadwalader Claims, and (ii) the Cadwalader Claims neither specify a claim amount nor include any documentation that could assist in determining the value of the Cadwalader Claims.  Accordingly, the Litigation Administrator seeks to disallow and expunge the Cadwalader Claims in their entirety.

## Jurisdiction and Venue

7.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated February 1, 2012.  The Litigation Administrator confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order or judgment by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties,

4

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.    The bases for the relief requested herein are Sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Objection Procedures Order.

## Claims Reconciliation Process

10.    On July 13, 2022, the Debtors, other than GK8 Ltd., GK8 UK, and GK8 USA LLC (collectively, the "GK8 Debtors"), filed with the Court voluntary petitions for relief under the Bankruptcy Code.  On December 7, 2022, the GK8 Debtors filed voluntary petitions for relief under the Bankruptcy Code.

11.    On November 16, 2022, the Court entered an order [Docket No. 1368] establishing January 3, 2023, at 5:00 p.m., prevailing Eastern Time (the "Bar Date"), as the general deadline for each person and entity, subject to certain exceptions, to file proofs of claim based on prepetition claims (collectively, the "Proofs of Claim") against any Debtor other than the GK8 Debtors.  On January 10, 2023, the Court entered an order [Docket No. 1846] extending the Bar Date to February 9, 2023, at 5:00 p.m., prevailing Eastern Time.  To date, no bar date has been set as to claims against the GK8 Debtors.

12.    On February 16, 2023, the Court entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objections and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6).* [Docket No. 2090] (the "Objection Procedures Order" approving Exhibit 1, the "Objection Procedures").

13.     On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3972] (the "<u>Confirmation Order</u>"), pursuant to which the Court approved and confirmed the Plan.  The Confirmation Order provides, in relevant part:

> The Litigation Administrator may take such actions as the Litigation Administrator may determine to be necessary or desirable to carry out the purposes of the Plan. The Litigation Administrator shall have the authority to prosecute, settle, or otherwise resolve, without limitation, all Disputed Claims remaining as of the Effective Date (including any related Causes of Action that are not released, waived, settled, or compromised pursuant to the Plan). . . The Litigation Administrator shall serve as a representative of the Estates under section 1123(b) of the Bankruptcy Code for the purpose of collecting Recovery Causes of Action and enforcing Causes of Action belonging to the Estates related to Disputed Claims or Disputed Interests that are not released, waived, settled, compromised, or transferred pursuant to the Plan (including, for the avoidance of doubt, the Recovery Causes of Action, objections to Claims, and any other Causes of Action agreed to by the Plan Administrator and the Litigation Administrator).

Confirmation Order, ¶ 298; *see* Plan, Art. IV.G.1 (containing language substantially similar to ¶ 298 of the Confirmation Order).

14.     Furthermore, the Plan and the Confirmation Order make clear that, among other things, (a) the responsibilities of the Litigation Administrator include, without limitation, filing and prosecuting any objections to Claims or Interests or settling or otherwise compromising such Claims and Interests in accordance with the Plan and any applicable orders of the Court (*see* Plan, Art. IV.G.2); and (b) the Litigation Administrator, on behalf of the Post-Effective Date Debtors, specifically retains and reserves the right to assert any and all Causes of Action[3] and related rights. *See* Confirmation Order, ¶ 296.  In other words, the Litigation Administrator, pursuant to the Plan, the Confirmation Order, and the Litigation Administrator Agreement, steps in the shoes of the

---

[3] Under the Plan, "Causes of Action" encompass, among other things, "the right to object to or otherwise contest, recharacterize, reclassify, subordinate, or disallow Claims and Interests[.]"  Plan, Art. I.A.34.

Post-Effective Date Debtors to serve as the duly-appointed representative of the Estates for certain limited purposes.

15.     Accordingly, to further the claims reconciliation process, the Litigation Administrator seeks to disallow and expunge the Cadwalader Claims in accordance with the Plan, Confirmation Order, and Objection Procedures for the reasons set forth below.

### **Background**

16.     On or about June 8, 2022, Alex Mashinsky ("Mashinsky") engaged Cadwalader to provide legal counsel in connection with certain events related to the Debtors' chapter 11 cases, including allegations of criminal misconduct by Mashinsky that occurred during his time as the Chief Executive Officer of Celsius Networks LLC and its affiliated entities.  *See* Annex to Cadwalader Claims, ¶¶ 4, 9; Exhibit 1.[4]

17.     On June 11, 2022, Mashinsky entered into an Indemnification Agreement (the "Indemnification Agreement"), attached hereto as **Exhibit B**, with certain of the Debtors.  Subject to certain limitations, the Indemnification Agreement provided that the Debtors would indemnify Mashinsky if he required representation of counsel in connection with proceedings brought against him by reason of his position as Chief Executive Officer of the Debtors.   Indemnification Agreement § 3.1.  The Indemnification Agreement further states that Mashinsky would be indemnified "against all Expenses and Losses that are actually paid or incurred by Indemnitee, or on Indemnitee's behalf."  *Id*. at § 3.1(a).  The Indemnification Agreement contains exclusions which, among other things, limit the Debtors' obligation to indemnify Mashinsky under certain circumstances, including in connection with any criminal proceeding.  *Id*. at § 3.4.[5]

---

[4] The Cadwalader Claims each contain an identical annex titled "Annex to Proof of Claim of Cadwalader, Wickersham & Taft LLP", which, for the purpose of this Objection, the Litigation Administrator will refer to those annexes collectively as the "Annex to Cadwalader Claims."

[5] On July 11, 2023, Mashinsky was indicted on several counts of fraud related to certain schemes he orchestrated

18.     On June 14, 2022, Cadwalader sent a Notice of Indemnification and Advancement

Claim to the Debtors (the "Cadwalader Notice"), "notifying Celsius of potential claims against or

involving Mr. Mashinsky for which he is entitled to indemnification under the Indemnification

Agreement." *See* Annex to Cadwalader Claims, Exhibit 1.  The Cadwalader Notice was sent on

behalf of Mashinsky and styled as a request from him.

19.     On July 29, 2022, counsel for the Debtors, Kirkland & Ellis LLP, responded to the

Cadwalader Notice, stating that "[t]o the extent Mr. Mashinsky has incurred any expenses or losses

in connection with a matter that would trigger an indemnification obligation for Celsius, Mr.

Mashinsky's indemnification claim is a prepetition claim for compensation for services rendered"

and noted that the automatic stay applied. *See* Annex to Cadwalader Claims, Exhibit 2.  The letter

further reserved all defenses, rights, or remedies.

20.     From June 8, 2022, through October 18, 2022, Cadwalader issued invoices to

Mashinsky for services rendered, which Mashinsky failed to pay.  *See* Annex to Cadwalader

Claims, ¶¶ 9-10.

21.     On December 30, 2022, Cadwalader filed the Cadwalader Claims, which assert "an

equitable and legal right to payment by the Debtors" to Cadwalader for legal fees and expenses

incurred by Mashinsky.  *See* Annex to Cadwalader Claims, ¶ 11.  Cadwalader relies on the

Debtors' Bylaws, D&O Insurance, and Indemnification Agreement with Mashinsky to support its

---

aimed at defrauding customers of the Debtors.  *See United States of America v. Alexander Mashinsky,* Case No. 23-CR-00347 (JGK) (S.D.N.Y. 2025) [Dkt. No. 1] (the "Indictment").  On December 3, 2024, Mashinsky pleaded guilty to count two (commodities fraud) and count five (securities fraud) of the Indictment.  *See Mashinsky,* Case No. 23-CR-00347 (JGK) (S.D.N.Y. 2025) [Dkt. No. 112] (the "Guilty Plea").  On May 8, 2025, Mashinsky was sentenced to 12 years for committing those crimes and required to forfeit no less than $48,393,446.  *See Mashinsky,* Case No. 23-CR-00347 (JGK) (S.D.N.Y. 2025) [Dkt. No. 158].

claims. *Id.* at ¶¶ 6-7, 11.[6]   The Cadwalader Claims fail to specify a claim amount or include any invoices.

22.     On or about January 3, 2023, Mashinsky filed eleven proofs of claim (collectively, the "Mashinsky Claims")[7] against the Debtors, as unliquidated claims based on purported rights to "[i]ndemnification under D&O policies and indemnification agreements."

23.     On June 16, 2025, the Mashinsky Claims were withdrawn and disallowed pursuant to the *Stipulation and Agreed Order Disallowing Claims Scheduled and Filed on Behalf of Alexander Mashinsky, AM Ventures Holdings Inc., Koala1 LLC and Koala3 LCC* [Dkt. No. 8143] (the "Stipulation").   The Stipulation provides that "[a]ll claims asserted by . . . Mr. Mashinsky [were] withdrawn, disallowed, and shall receive no distribution under the Plan."  Stipulation ¶ 1.

---

[6] The Debtors' Bylaws, attached hereto as **Exhibit C** (the "Bylaws"), dated as of February 7, 2018, provide officers and directors certain indemnification rights to the extent permitted by Delaware law. *See* Bylaws, Article VIII. The Debtors also maintained a certain primary Directors & Officers and Securities Liability insurance policy for the period from May 30, 2021 to June 15, 2023 (the "D&O Insurance" and together with the Bylaws and Indemnification Agreement, the "Relevant Agreements").  The D&O Insurance policy is attached hereto as **Exhibit D**.  The Debtors also maintained certain excess insurance policies which generally follow the form of the D&O Insurance, so they are not attached hereto but are available upon request.

The D&O Insurance was previously filed on the docket in connection with the *Motion of Euclid Financial Institutional Underwriters, LLC, a Duly Authorized Agent of Underwriters at Lloyds of London and Republic Vanguard Insurance Company for Relief from the Automatic Stay to the Extent Applicable* [Dkt. No. 2585; Exhibit 1] (the "Lift Stay Motion").   Pursuant to the *Order Granting Motion of Euclid Financial Institutional Underwriters, LLC, a Duly Authorized Agent of Underwriters at Lloyds of London and Republic Vanguard Insurance Company for Relief from the Automatic Stay to the Extent Applicable* [Dkt. No. 3044] (the "Lift Stay Order"), the Underwriters (as defined in the Lift Stay Order) were authorized to advance and/or make payments to certain insured individuals for the Defense Costs (as defined in the Lift Stay Motion) associated with certain legal proceedings and/or investigations.  Pursuant to paragraph 3 of the Lift Stay Order, the Underwriters were required to issue quarterly reports disclosing, among other things, (i) the names of the insured individuals who received advances and/or payments, (ii) the nature of the claims, and (iii) the dollar amount of the claims submitted and the amount actually advanced and/or paid.  *See* Lift Stay Order, ¶ 3.  On April 15, 2024, the Underwriters issued their final quarterly report (the "Final Report"), notifying the Court that, among other things, the primary insurance policy had been exhausted and further disclosed in an exhibit that Mashinsky was an insured individual that asserted claims in the amount of $3,748,295.71 and was paid $597,105. A copy of the Final Report is attached hereto as **Exhibit E**.

[7] The Mashinsky Claims consist of the following proof of claim numbers: 21665, 21666, 21667, 21670, 21675, 21676, 21677, 21678, 21679, 21680, and 2168.

## Objection

24.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party-in-interest objects. *See* 11 U.S.C. § 502(a).  Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," including where claims are duplicative of other claims.  Bankruptcy Rule 3007(d).  The Objection Procedures expand upon Bankruptcy Rule 3007(d) and permit the Debtors to file an omnibus objection on additional grounds, including where claims "seek to recover amounts for which the Debtors are not liable" and "fail to specify the amount or assert the amount as 'unliquidated.'"  *See* Objection Procedures, ¶ 1.

25.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  *See id*.

26.     A party objecting to a proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the allegations in the filed claim.  *See In re Arcapita Bank*, No. 12-11076 (SHL), 2013 WL 6141616, at *3 (Bankr. S.D.N.Y. Nov. 21, 2013) (granting the debtors' objection after the debtors came forward with evidence sufficient to refute a claim's validity) (citing *In re Oneida, Ltd*., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009)).  Once this occurs, the burden shifts back to the claimant to prove the validity of the claim by a "preponderance of the evidence."  *See In re Residential Cap.*, *LLC*, No. 12-12020 (MG), 2014 WL 3511198, at *3 (Bankr. S.D.N.Y. July 15, 2014) (sustaining the objection where the claimant's allegations related to the conduct of non-debtors) (quoting *Creamer v. Motors*

*Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, 2013 U.S. Dist. LEXIS 143957, at
*12–13 (S.D.N.Y. Sept. 26, 2013)).

27.    The claimant must prove the claim, not sit back while the objector attempts to
disprove it. *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that the debtor
presented sufficient evidence to rebut the *prima facie* validity of the claimant's claim and that the
claimant failed to prove the claim by a preponderance of credible evidence).

28.    As set forth in more detail below, the Cadwalader Claims should be disallowed and
expunged because (i) the Debtors have no liability on account of the Cadwalader Claims, and (ii)
the Cadwalader Claims neither specify a claim amount nor include any supporting documentation
that would assist in determining their value.

## I.    **The Debtors Have No Liability on Account of the Cadwalader Claims**

29.    Cadwalader asserts that, pursuant to the Relevant Agreements, it is entitled to
receive payment from the Debtors for legal services rendered to Mashinsky.  *See* Annex to
Cadwalader Claims, ¶¶ 6-7, 11.  Cadwalader's assertion is misguided.

30.    It is well settled that only contracting parties or third-party beneficiaries can enforce
a contract.  *See, e.g., Electra v. 59 Murray Enters., Inc.,* 987 F.3d 233, 252 (2d Cir. 2021) (noting
only contracting parties or intended third-party beneficiaries can enforce the terms of a contract);
*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 778 F. Supp. 2d 375, 408 (S.D.N.Y. 2011) ("[t]o
state a claim . . . for indemnification, a claimant must show either that it is a party to the relevant
agreement or that the contracting parties intended the claimant to be a third-party beneficiary with
enforcement rights"); *E.I. du Pont de Nemours & Co. v. MacDermid Printing Sols. L.L.C.*, 248 F.
Supp. 3d 570, 576 (D. Del. 2017) ("As a general rule, only parties to a contract and intended third-
party beneficiaries may enforce an agreement's provisions").  Cadwalader is not a party to, nor a
third-party beneficiary of, the Relevant Agreements and, therefore, cannot enforce the Relevant

Agreements' indemnification provisions or rely on those provisions as the legal basis for the Cadwalader Claims. To the extent that Mashinsky is entitled to a claim for indemnification, that right belongs to him, not Cadwalader.[8] Cadwalader has no independent right against the Debtors by virtue of indemnity agreements between the Debtors and Mashinsky. *See In re Residential Cap., LLC*, 501 B.R. 624, 635 n. 1 (Bankr. S.D.N.Y. 2013) (rejecting claimant's argument that an indemnity agreement between a debtor and a non-debtor would give the claimant any rights against the debtor).

### *(a).    No Privity of Contract Exists*

31.    Cadwalader is not a party to the Relevant Agreements. The Debtors are not, and have never been, contractually obligated to indemnify Cadwalader because there is no privity of contract between them. *See In re Rock & Republic Enters*., No. 10-11728 (AJG), 2011 WL 4756571, at *9 n. 8 (Bankr. S.D.N.Y. Oct. 7. 2011) ("The Debtors appear to lack an obligation to Costco because they lack privity of contract." (citing *City of New York v. Black & Veatch*, 1997 WL 624985, at *12 (S.D.N.Y. Oct. 6, 1997) (noting implied in law indemnification requires a showing that the third-party defendant owes a duty to the plaintiff))). The Cadwalader Claims instead are garden-variety claims for payment of legal services between two non-debtors.

32.    Courts in this district, including this Court, regularly sustain claim objections where the claimant cannot establish privity with the debtor. *See In re SVB Financial Grp.*, No. 23-10367 (MG), 2024 WL 4565979, at *10 (Bankr. S.D.N.Y. Oct. 23, 2024) (sustaining objection and disallowing claim where claimant was not in privity of contract with the debtor); *In re Residential Cap., LLC*, 501 B.R. 531, 543 (Bankr. S.D.N.Y. 2013), on reconsideration denied in part, 528 B.R.

---

[8] In any event, as discussed herein, any claims that Mashinsky may have had were disallowed pursuant to the Stipulation.

570 (Bankr. S.D.N.Y. 2014) (sustaining objection to claim where there was no privity and thus no

possible cause of action for breach of contract); *In re Spiegel, Inc.*, No. 03-11540, 2005 WL

440321, at *3 (Bankr. S.D.N.Y. Feb. 18, 2005) (sustaining objection to claim where privity with

the debtor was lacking). *See also Rock & Republic,* 2011 WL 4756571, at *7, *9 (noting the court

would likely estimate an indemnification claim at zero where, among other things, the debtors had

no "explicit contractual obligation" to indemnify the claimant).

33.    None of the Relevant Agreements establish privity between the Debtors and

Cadwalader.  Cadwalader is not a party to the Indemnification Agreement, the Bylaws, nor the

D&O Insurance.  Likewise, the Debtors are not a party to the legal services engagement letter

between Mashinsky and Cadwalader.  In fact, Cadwalader does not–and cannot–identify any

contract that creates privity between it and the Debtors that would obligate the Debtors to pay

Cadwalader directly for legal fees incurred by Mashinsky.

### (b).    No Third-Party Beneficiaries Exist

34.    Cadwalader is also not an intended third-party beneficiary of the Relevant

Agreements and cannot rely on, nor enforce, any of the agreements' indemnification provisions.

"Mere incidental beneficiaries have no legally enforceable rights under a contract."  *E.I. du Pont*,

248 F. Supp. 3d at 575 (quoting *NAMA Holdings, LLC v. Related World Market Ctr., LLC*, 922

A.2d 417, 434 (Del. Ch. 2007)).[9]  "[I]f it was not the promisee's intention to confer direct benefits

upon a third party, but rather such third party happens to benefit from the performance of the

promise . . . then the third party will have no enforceable rights under the contract."  *E.I. DuPont*

---

[9] The Indemnification Agreement and Bylaws are governed by Delaware law. The D&O Insurance does not contain
a choice of law provision, but the policy would likely be governed by Delaware law. *See, e.g., Stillwater Mining Co.
v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa,* 289 A.3d 1274, 1285 (Del. 2023) (applying Delaware law to D&O
insurance policies issued to a Delaware corporation); *RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 898 (Del. 2021)
(same).

*de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S*., 269 F.3d 187, 196 (3d

Cir. 2001).  Under Delaware law, to qualify as an intended third-party beneficiary of a contract

requires: (i) the contracting parties to have intended that the third-party beneficiary benefit from

the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing

obligation to that person, and (iii) the intent to benefit the third party must be a material part of the

parties' purpose in entering into the contract.  *Madison Realty Partners 7, LLC v. Ag ISA, LLC,*

No. CIV.A. 18094, 2001 WL 406268, at *5 (Del. Ch. Apr. 17, 2001).  The intended third-party

beneficiary test is conjunctive: "a failure to establish any one element defeats third-party

beneficiary standing." *Crispo v. Musk*, No. 2022-0666-KSJM, 2022 WL 6693660, at *3 (Del. Ch.

Oct. 11, 2022).  "The party attempting to assert third-party beneficiary status bears the burden of

demonstrating that status." *Delaware State Univ. v. Thomas Co.,* No. 15-CV-1144, 2020 WL

6799605, at *34 (D. Del. Nov. 19, 2020).

35.    The existence of the intent to confer third-party beneficiary status is "determined

from the language of the contract." *See id.* (citing *Pierce Assocs., Inc. v. Nemours Found*., 865

F.2d 530, 535 (3d Cir. 1988)).  The contract needs to specifically refer to the third party for it to

confer third-party beneficiary status.  *See Eastman Chem. Co. v. AlphaPet Inc.,* No. 09-CV-971,

2011 WL 6004079, at *8 (D. Del. Nov. 4, 2011) (finding there was no intent to benefit a third

party, where, *inter alia*, the third party was never specifically named in the contract but only

referred to indirectly); *Street Search Partners, LP. v. Rincon Int'l, LLC*, No. Civ. A. 04C–09–

156PLA, 2005 WL 1953094, at *2 (Del. Super. Ct. Aug.1, 2005) (finding a company was not a

third-party beneficiary of a contract that did "not objectively indicate any intent to benefit

[company], nor even acknowledge [its] existence").  Moreover, a provision in a contract expressly

disclaiming the existence of third-party beneficiaries will generally be upheld by Delaware courts

in the absence of "more specific language demonstrating an intent to benefit a third party." *See*

*Crispo v. Musk*, 304 A.3d 567, 575 (Del. Ch. 2023).

36.     Here, the Indemnification Agreement provides, in pertinent part:

> All of the terms . . . of this Agreement are binding upon, and inure
> to the benefit of and are enforceable by, the parties and their
> respective successors (including any direct or indirect successor by
> purchase, merger, consolidation or otherwise to all or substantially
> all of the business or assets of each Company), assigns, heirs,
> executors and personal and legal representatives. *There are no third
> party beneficiaries having rights under or with respect to this
> Agreement.*

*See* Indemnification Agreement § 13.2 (emphasis added).  The Indemnification Agreement clearly

disclaims the existence of any third-party beneficiary to the contract, and there are no specific or

direct references to Cadwalader anywhere in the Indemnification Agreement. *See generally,*

Indemnification Agreement.  The Indemnification Agreement fails to objectively indicate any

intent to directly benefit Cadwalader, and Cadwalader cannot point to anything that would indicate

otherwise. At most, Cadwalader is an incidental beneficiary of the Indemnification Agreement

with no enforceable rights under it.

37.     Additionally, Cadwalader cannot satisfy the second factor of the third-party

beneficiary test.  The Indemnification Agreement neither confers a gift nor satisfies a pre-existing

obligation.  Cadwalader was no more than an expected creditor of Mashinsky at the time the

Indemnification Agreement was executed, and expected creditors are incidental beneficiaries

under Delaware law.  *See, e.g., Madison Realty,* 2001 WL 406268, at *5-*6 (holding a third party

was an expected creditor and an incidental beneficiary even where the contracting parties and third

party were all aware that the third party would rely on funding that was provided pursuant to certain

agreements between the contracting parties and, therefore, the third party had no enforceable rights

under the agreements); *E.I. du Pont*, 248 F. Supp. 3d at 575-76 (holding a third party to a settlement

agreement that provided indemnification and specifically named the third party was still an

expected creditor and incidental beneficiary of the settlement agreement with no enforceable

rights); *Nexsis, Inc. v. Robinson*, No. CPU4-17-001056, 2017 WL 4457408, at *4-*6 (Del. Com.

Pl. Sept. 25, 2017).

38.    *Madison Realty, Du Pont,* and *Nexsis* are instructive and all point to the analytical

framework of the *Restatement (Second) of Contracts* (the "<u>Restatement</u>") to help delineate the

difference between an incidental and intended third-party beneficiary. *See Du Pont*, 248 F. Supp.

3d at 576; *Nexsis,* 2017 WL 4457408, at *5; *Madison,* 2001 WL 406268, at *5.  Illustration 3 to

Comment b to § 302 of the *Restatement* provides:

> B promises A to pay whatever debts A may incur in a certain
> undertaking. A incurs in the undertaking debts to C, D and E. If the
> promise is ... a promise that B will pay C, D and E, they are intended
> beneficiaries...; if the money is to be paid to A in order that he may
> be provided with money to pay C, D and E, they are at most
> incidental beneficiaries.

In this instance, the Debtors ("B") promised to reimburse Mashinsky ("A") for legal fees and

expenses he incurred in connection with certain legal proceedings.  Mashinsky, in turn, incurred

legal fees and expenses owed to Cadwalader ("C").  Under the Indemnification Agreement, the

Debtors' promise was to pay Mashinsky–not Cadwalader–so that Mashinsky could satisfy his

obligations to his counsel.  In other words, "the money [was] to be paid to A in order that he may

be provided money to pay C." *Id.*  Accordingly, Cadwalader is, at most, an incidental beneficiary

of the Indemnification Agreement.  Because Cadwalader was neither a party to the Indemnification

Agreement nor an intended third-party beneficiary thereof, it has no enforceable right to payment

from the Debtors under that agreement.

39.    Cadwalader is also not an intended third-party beneficiary of the Bylaws.  In

Delaware, a corporation's bylaws are part of a larger contract between a Delaware corporation and

its shareholders. *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 955 (Del. Ch. 2013); *see id.* at n.97 (gathering cases).  If anyone is a third-party beneficiary capable of enforcing the Bylaws' indemnification provisions, it would be Mashinsky, not Cadwalader.  *See In re Mid-Am. Waste Sys.,* Inc., 228 B.R. 816, 823 (Bankr. D. Del. 1999) (former officers and directors of a debtor were third-party beneficiaries of a company's certificate of incorporation, which provided for indemnification of costs and expenses they incurred as defendants in a securities fraud litigation). Cadwalader is no more than an expected creditor of Mashinsky, and, therefore, it is merely an incidental beneficiary that has no enforceable rights under the Bylaws. *See Du Pont,* 248 F. Supp. 3d at 575-76; *Nexsis,* 2017 WL 4457408, at \*5-\*6; *Madison,* 2001 WL 406268, at \*5-\*6.

40.    Cadwalader is also not an intended third-party beneficiary of the D&O Insurance. Courts throughout the country have consistently held that a contractual obligation to pay attorney's fees under an insurance policy does not confer third-party beneficiary rights on law firms.  *See, e.g., In re Tri-Valley Corp.*, No. 12-12291, 2014 WL 6680354, at \*3 (Bankr. D. Del. Nov. 25, 2014) (noting that, although the insurance policy provided for payment of defense costs, the insurer's "direct legal obligation" was to the insured, not to the insured's attorneys, who have no claim against the insurance company or the insurance proceeds); *Mintz Fraade Law Firm, P.C. v. Federal Ins. Co*., 193 A.D.3d 654, 654 (1st Dep't 2021) (affirming the court's finding that a law firm could not recover its legal fees under the insurance policy, which it was not a named party, because "Plaintiff [law firm] was merely an incidental beneficiary to its client's malpractice policy"); *Brooks Kushman P.C. v. Cont'l Cas. Co.,* 213 F. Supp. 3d 917, 924 (E.D. Mich. 2016) (holding law firm was only an incidental, not intended, beneficiary of an insurance policy's duty to defend provision and cannot state a claim to recover its legal fees and expenses); *Old Republic*

*Ins. Co. v. Sidley & Austin*, 702 F. Supp. 207, 211 (N.D. Ill. 1988) (explaining that the provision for "payment of defense costs" was intended to benefit the insured, and that the law firm representing the insured was merely an incidental beneficiary); *Continental Casualty Co. v. Marx*, 480 So. 2d 177, 178 (Fla. Dist. Ct. App. 1985) (holding that attorney was not a third-party beneficiary of insurer's policy with the attorney's clients, and therefore had no right to recover under the policy). Here, Cadwalader's sole recourse is against Mashinsky. *See Mintz,* 193 A.D.3d at 654 (finding the law firm's "sole recourse [is] against the insured, its client….").

### *(c).    Mashinsky Is Not Entitled to Indemnification*

41.    Assuming *arguendo* that Cadwalader had any enforceable rights under the Relevant Agreements, which it does not, the Debtors still have no liability on account of the Cadwalader Claims because the Debtors are not obligated to pay any of Mashinsky's legal fees or expenses in light of the (i) Guilty Plea and (ii) Stipulation disallowing his claims. *See In re W.R. Grace & Co*., 626 B.R. 217, 247-49 (Bankr. D. Del. 2021) (disallowing indemnification claim where underlying causes of action were moot or unenforceable, and thus did not give rise to a debtor's obligation to indemnify the claimant).

42.    The Relevant Agreements all contain exclusions or limitations which apply to Mashinksy's criminal conduct.  The Indemnification Agreement excludes indemnification for, among other things, (i) any proceeding relating to a matter where Mashinsky was acting in his corporate capacity and was found to have failed to act in good faith and in a manner that Mashinsky reasonably believed to be in or not opposed to the best interests of the Debtors, and (ii) any criminal proceeding involving acts that Mashinsky had reasonable cause to believe were unlawful.  *See* Indemnification Agreement § 3.4(b)-(c).  The Bylaws' indemnification provisions only apply to the extent permitted by Delaware law, *see* Bylaws, § 8.1, and Delaware law provides that a corporation only has the power to indemnify a person if they acted in good faith and in a manner

18

the person reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe their conduct was unlawful.  *See* 8 Del. C. § 145(a).  The D&O Insurance excludes coverage for, among other things, any deliberate criminal or deliberate fraudulent act, or any willful violation of any statute, rule or law.  *See* D&O Insurance, Article III.A.2 of the Coverage Section.  Further, if a proceeding establishes "that the indemnitee acted in bad faith, particularly through a showing that the indemnitee knew… that his conduct was unlawful, that would be conclusive evidence that the indemnitee is not entitled to indemnification" under Delaware law.  *Hermelin v. K-V Pharm. Co.*, 54 A.3d 1093, 1112 (Del. Ch. 2012) (citation and internal quotations omitted); *see also Sun-Times Media Grp., Inc. v. Black*, 954 A.2d 380, 392 n. 46 (Del. Ch. 2008) ("the defendant's guilty plea admits the elements of the criminal charge, including those that might bear on whether he acted with a non-indemnifiable state of mind.").

43.    As outlined in the Indictment and evidenced by the Guilty Plea, Mashinksy orchestrated certain schemes to defraud customers of the Debtors, and he did so knowingly and willfully while acting in his corporate capacity, knowing his conduct was unlawful. *See* Guilty Plea, Dec. 3, 2024 Hr'g Tr. at 25:1-27:6.[10]  As such, Mashinsky is not entitled to indemnification under the Relevant Agreements.  *See Hermelin,* 54 A.3d at 1112.  Because Mashinsky is not entitled to indemnification, any potential indemnification claim that Cadwalader could assert is likewise extinguished. *See W.R. Grace & Co.,* 626 B.R. at 247.  Moreover, the Stipulation otherwise moots any enforceable indemnification rights Mashinsky may have had, which in turn renders the Cadwalader Claims unenforceable. *See id.* at 249.  At bottom, because Mashinsky has

---

[10] A copy of the transcript of the Guilty Plea is attached hereto as **Exhibit F**.

no right to indemnification from the Debtors, neither does Cadwalader, and the Cadwalader Claims

should be disallowed. *See id.*

44.     Accordingly, because there is no privity between the Debtors and Cadwalader and

Cadwalader is not an intended third-party beneficiary of the Relevant Agreements, and the Debtors

have no obligation to indemnify Mashinsky for his legal fees or expenses, the Debtors have no

liability on account of the Cadwalader Claims.   Therefore, the Court should sustain the Objection

and disallow and expunge the Cadwalader Claims in their entirety.

## II.     The Cadwalader Claims Fail to Specify a Claim Amount

45.     The Cadwalader Claims also should be disallowed because they fail to specify a

claim amount and did not include any invoices.  A claim can be disallowed for failing to adequately

document the amounts due on a proof of claim.  *See In re LHI Liquidation Co.,* No. 13-14050

(MG), 2015 WL 731555, at *1 (Bankr. S.D.N.Y. Feb. 5, 2015) (disallowing claims that fail to

specify a claim amount); *In re Budd Co.*, No. 14 B 11873, 2015 WL 9264684, at *4 (Bankr. N.D.

Ill. Dec. 16, 2015) (disallowing claim that provides no claim amount information); *In re Pac.

Ethanol Holding Co.*, No. 09-11713 (KG), 2009 WL 8189034, at *1 (Bankr. D. Del. May 17,

2009) (disallowing claims that list no dollar amount).  *See also In re Tanner*, No. BR 12-01429,

2013 WL 2318848, at *4 (Bankr. N.D. Iowa May 28, 2013) (citing *In re Minbatiwalla,* 424 B.R.

104, 119 (Bankr. S.D.N.Y. 2010)).  Further, a proof of claim that fails to include documentation

necessary to establish "the amount of any debt due from the debtors" lacks *prima facie* validity.

*See In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

46.     In the Annex to the Cadwalader Claims, Cadwalader indicates that invoices are

withheld to protect "confidentiality and attorney-client privilege concerns," but that they "will

make redacted copies of any unpaid Invoices available for inspection by the Bankruptcy Court or

the Debtors, if required by the Bankruptcy Court to do so."  *See* Annex to Cadwalader Claims at

n.5.  Both the Bankruptcy Rules and courts across jurisdictions require claimants to provide sufficient documentation of legal fees, such as a statement or invoice, for the court to assess.  *See In re Aiolova*, No. 11-10503 (BRL), 2013 WL 5818893, at *2-3 (Bankr. S.D.N.Y. Oct. 29, 2013) (Federal bankruptcy rules require supporting documentation for a proof of claim based on a writing "such as promissory notes, purchase orders, invoices, itemized statements of running accounts . . . . If a proof of claim is not supported by the requisite documentation, it is not presumed to be prima facie valid.") (emphasis in original) (excluding internal quotations); *In re Wasson*, 402 B.R. 561, 566-67 (Bankr. W.D.N.Y. 2009) (finding that an objector may satisfy its burden in objecting to a proof of claim for attorneys' fees by showing that a proof of claim lacks any "evidence to support the reasonableness of the attorneys' charges."); *Tanner*, 2013 WL 2318848, at *4 ("A claim can be disallowed for failure to adequately document a list of amounts due on the proof of claim. . . . Fees and costs included in a claim should be supported by invoices or bills detailing who performed what services.").  While a claimant may redact privileged information, attorney time records and billing statements in their entirety are not privileged.  *See Renner v. Chase Manhattan Bank*, 2001 U.S. Dist. LEXIS 17920, at *5-6 (S.D.N.Y Nov. 2, 2001) (stating that legal billing statements, while typically discoverable, may be redacted to protect privileged information).

47.    As of the filing of this Objection, none of the invoices have been provided for inspection, and the Cadwalader Claims fail to specify any claim amount.  In light of the foregoing, the Court should sustain the Objection and disallow and expunge and the Cadwalader Claims in their entirety.

**Compliance with the Objection Procedures and the Bankruptcy Rules**

48.    The Litigation Administrator respectfully submits that the content of this Objection is in full compliance with the Bankruptcy Rules and the Objection Procedures Order for the following reasons:

i.    This Objection conspicuously states on the first page the following (emphasis original): **"YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED TO <u>EXHIBIT A</u> HERETO.  PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, MODIFIED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION.  THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE"**;[11]

ii.    This Objection states the title and identity of the objecting party (the Litigation Administrator) and states the grounds for the Objection;[12]

iii.    Pursuant to the Bankruptcy Rules and the Objection Procedures Order (and the powers granted to the Litigation Administrator under the Plan, the Confirmation Order, and the Litigation Administrator Agreement), the Litigation Administrator is authorized to file this Objection on the grounds that:

1.    the Cadwalader Claims seek to recover amounts for which the Debtors are not liable;[13]

2.    the Cadwalader Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation to justify recovery of any amounts;[14]

iv.    The schedule to <u>**Exhibit A**</u> includes only the claims to which there is a common basis for in the Objection;[15]

---

[11] *See* Fed. R. Bankr. P. 3007(e)(1).

[12] *See* Fed. R. Bankr. P. 3007(e)(4).

[13] *See* Objection Procedures Order, <u>Ex. 1</u>, ¶ 1.e.

[14] *See* Objection Procedures Order, <u>Ex. 1</u>, ¶ 1.d.

[15] *See* Fed. R. Bankr. P. 3007(e)(2).

v.   Such schedule states the grounds for objecting to each claim and provides a cross-reference to the pages in the Objection pertinent to the stated grounds;[16]

vi.   Claimants subject to this Objection are listed in alphabetical order by claimant name;[17]

vii.   The Objection is numbered consecutively with other omnibus objections that will be filed by the Litigation Administrator;[18] and

viii.   The Objection contains no more than 250 claims.[19]

49.    The Litigation Administrator further submits that notice and service of this Objection will be in full compliance with the Bankruptcy Rules for the following reasons:

ix.   The Objection will be filed with the Court and served upon (i) the affected claimant party set forth on each Proof of Claim subject to this Objection or their respective attorney of record, (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002;[20]

x.   With respect to service on claimants affected by this Objection, the Litigation Administrator will also serve each affected claimant with an objection notice to address the particular creditor, claim, and objection;[21] and

xi.   This Objection will be set for hearing at least 30 days after the filing of this Objection.[22]

## **Reservation of Rights**

50.    The Litigation Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims that may be asserted against the Debtors and their Estates.  Accordingly, it is without prejudice to the rights of the Litigation Administrator or any other party in interest to object to any of the claims listed on

---

[16] *See* Fed. R. Bankr. P. 3007(e)(3).

[17] *See* Objection Procedures Order, Ex. 1, ¶ 4; Fed. R. Bankr. P. 3007(e)(2).

[18] *See* Fed. R. Bankr. P. 3007(e)(5).

[19] *See* Objection Procedures Order, ¶ 3.

[20] *See* Fed. R. Bankr. P. 2002, 3007(a).

[21] *See* Objection Procedures Order, Ex. 1, ¶ 5.

[22] *See* Fed. R. Bankr. P. 3007(a).

Schedule 1 to Exhibit A on any grounds whatsoever, and the Litigation Administrator expressly reserves all further substantive or procedural objections he may have. The Litigation Administrator further reserves the right to seek an adjournment of the Hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing. The agenda will be served on the person designated by the claimant in its response.

51.    Notwithstanding anything contained in this Objection, or the exhibits and schedule attached hereto, nothing herein will be construed as a waiver of any rights that the Litigation Administrator may have to enforce rights of setoff against the Claimant.

### Motion Practice

52.    This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this motion. Accordingly, the Litigation Administrator submits that this Objection satisfies Local Rule 9013-1(a).

### Notice

53.    The Litigation Administrator will provide notice of this Objection to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Post-Effective Date Debtors; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) the holders of the claims identified on **Schedule 1** of **Exhibit A**; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Litigation Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

**Prior Request**

54.      No prior request for the relief sought in this Objection has been made to this or any

other court.


WHEREFORE, the Litigation Administrator respectfully requests that the Court enter the

Order granting the relief requested herein and such other relief as the Court deems appropriate

under the circumstances.


New York, New York                              */s/ Seth H. Lieberman*
Dated: August 8, 2025                           **PRYOR CASHMAN LLP**
                                                Seth H. Lieberman
                                                Matthew W. Silverman
                                                Andrew S. Richmond
                                                7 Times Square
                                                New York, New York 10036
                                                Telephone:    (212) 421-4100
                                                Facsimile:    (212) 326-0806
                                                Email: slieberman@pryorcashman.com
                                                       msilverman@pryorcashman.com
                                                       arichmond@pryorcashman.com

                                                *Co-Counsel to Mohsin Y. Meghji as Litigation*
                                                *Administrator*