UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER AUTHORIZING THE WITHDRAWAL
OF THE PROOFS OF CLAIM OF CADWALADER, WICKERSHAM & TAFT LLP**

This stipulation and agreed order (the "Stipulation and Agreed Order") is entered into by and between Mohsin Y. Meghji, in his capacity as Litigation Administrator (the "Litigation Administrator") of the above-captioned post-effective date debtors (prior to the Effective Date of the Plan, the "Debtors," and after the Effective Date, the "Post-Effective Date Debtors," as applicable) and Cadwalader, Wickersham & Taft LLP ("Cadwalader" and together with the Litigation Administrator, the "Parties"), each of which agrees and stipulates to the following:

**RECITALS**

**WHEREAS,** on July 13, 2022, certain of the Debtors filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code;

**WHEREAS,** on November 16, 2022, the Bankruptcy Court entered an order [Docket No. 1368] establishing January 3, 2023, at 5:00 p.m. (prevailing Eastern Time), as the general deadline

---

[1] The Post-Effective Date Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

for each person and entity, subject to certain exceptions, to file proofs of claim based on prepetition claims against certain Debtors;

**WHEREAS,** on December 30, 2022, Cadwalader filed eight proofs of claim, which are identified by the following claim numbers: 17201, 17202, 17203, 17204, 17205, 17206, 17207, and 17208 (collectively, the "Cadwalader Claims");

**WHEREAS,** on November 9, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3972], which provides, among other things, the Litigation Administrator with leave, standing and authority to prosecute certain disputed claims belonging to the Debtors;

**WHEREAS,** on January 31, 2024, the effective date with respect to the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Dkt. No. 4289] (the "Plan") occurred;

**WHEREAS,** on August 8, 2025, the Litigation Administrator filed *The Litigation Administrator's Omnibus Objection to the Proofs of Claim of Cadwalader, Wickersham & Taft LLP* [Dkt. No. 8182] (the "Objection");

**WHEREAS,** as more fully set forth in the Objection, the Litigation Administrator objected to the Cadwalader Claims on the grounds that the Debtors have no liability on account of the Cadwalader Claims and that the Cadwalader Claims are legally and procedurally deficient (the "Claim Dispute");

**WHEREAS,** Cadwalader has informed the Litigation Administrator that it wishes to withdraw the Cadwalader Claims pursuant to Federal Rule of Bankruptcy Procedure 3006 in view of changed circumstances since the time the Cadwalader Claims were filed;

**WHEREAS,** Federal Rule of Bankruptcy Procedure 3006 requires a court order authorizing a creditor's withdrawal of a proof of claim where "an objection to [the claim] has been filed" or "the creditor has accepted or rejected the plan" (*see* Fed. R. Bankr. P. 3006(a));

**WHEREAS,** on August 25, 2025, upon mutual agreement of the Parties, the Bankruptcy Court extended the deadline for Cadwalader to respond to the Objection to September 22, 2025, at 4:00 p.m. (prevailing Eastern Time); and

**WHEREAS**, the Parties desire to consensually resolve the Claim Dispute without the time, expense, and uncertainty attendant to litigation, through the entry of this Stipulation and Agreed Order.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are incorporated herein by reference.

2. All claims asserted by Cadwalader against the Debtors, including the Cadwalader Claims, are hereby withdrawn with prejudice and shall receive no distributions under the Plan.

3. The withdrawal of the Cadwalader Claims does not constitute a withdrawal of any related acceptance or rejection of the Plan.

4. Any reserves held by the Plan Administrator on behalf of the Cadwalader Claims may be released.

5. The Debtors' claims and noticing agent, Stretto, Inc., is authorized to update the claims register maintained in these Chapter 11 Cases in accordance with this Stipulation and Agreed Order.

6.     This Stipulation and Agreed Order represents the entire agreement by and between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, between the Parties with respect thereto.

7.     This Stipulation and Agreed Order may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

8.     The Parties are authorized to enter into this Stipulation and Agreed Order and to take all actions necessary to effectuate the relief set forth herein.

9.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Agreed Order.

10.    The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

*[Signature page to follow]*

**SO STIPULATED:**

Dated: September 10, 2025

*/s/ Seth H. Lieberman*
**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone:    (212) 421-4100
Facsimile:    (212) 326-0806
Email: slieberman@pryorcashman.com
         msilverman@pryorcashman.com
         arichmond@pryorcashman.com

*Co-Counsel to Mohsin Y. Meghji as Litigation Administrator*


*/s/ Casey J. Servais*
**CADWALADER, WICKERSHAM & TAFT LLP**
Casey J. Servais
200 Liberty Street
New York, NY 10281
Telephone:    (212) 504-6193
Email: casey.servais@cwt.com

*Cadwalader, Wickersham & Taft LLP*


**IT IS SO ORDERED.**

Dated:  October 2, 2025
        New York, New York

                                    **/s/ Martin Glenn**
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge