UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) <br> ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) <br> ) <br> ) |

**REQUEST FOR EXPEDITED DECISION**

Ruskin Moscou Faltischek, P.C. ("RMF"), as and for its Request for Expedited Decision as to its Motion to Withdraw as Counsel (the "Motion") in the above-captioned action (the "Chapter 11 Cases"), states as follows:

1. This Motion arises from a breakdown in the relationship between RMF and its client, Alexander Mashinsky ("Mashinsky"), who is currently serving a 12-year prison sentence in FCI Fort Dix. We are requesting an expedited decision to avoid any prejudice to Mashinsky.

2. The breakdown results, first and foremost, from the fact that Mashinsky has effectively discharged RMF as legal counsel in the above-captioned proceeding and in all related matters in which RMF currently represents him.

3. There are, however, two additional grounds for withdrawal including an irreconcilable difference between Mashinsky and RMF regarding litigation strategy and

---

[1] The post-effective date debtors in the Chapter 11 cases (prior to the Effective Date of the Plan, the "**Debtors**," and after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Mashinsky's unwillingness to pay significant outstanding legal fees owed to RMF per its engagement letter with Mashinsky, notwithstanding indications that he is capable of doing so.

4. RMF submits this Request for Expedited Decision in light of upcoming deadlines in the related adversary proceeding, commenced by Mohsin Y. Meghji as Representative for the Post-Effective Date Debtors ("Plaintiff") under Case No. 24-cv-03667-MG, where RMF is also seeking to withdraw as counsel.

5. In the Adversary Proceeding, Mashinsky has until tomorrow, October 22, 2025, to respond to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production of Documents. These are not boilerplate discovery demands, but seek detailed information from Mashinsky. Further, discovery is proceeding, with parties beginning to discuss schedules for depositions.

6. RMF seeks an immediate stay of the Chapter 11 Cases as to Mashinsky to avoid any prejudice to Mashinsky pending the determination of this Motion, and a stay of the Chapter 11 Cases for a suitable period thereafter to allow Mashinsky time to retain new counsel.

7. RMF also requests to be removed as attorney of record for Mashinsky from any applicable service lists, including the Court's CM/ECF electronic notification list, maintained in the Chapter 11 Proceeding.

8. As a basis for this relief, RMF cites to Local Rule 2090-1(e), which provides that: "An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown."

9. "Whether cause exists to grant a motion to withdraw as counsel is in the discretion of the trial court." In re WB Bridge Hotel LLC, 656 B.R. 733, 742 (Bankr. S.D.N.Y. 2024). "In exercising that discretion, the court must consider (i) the reasons for the withdrawal and (ii) the

impact of the withdrawal on the timing of the proceeding." *Id*. at 743. "Reasons for withdrawal can include . . . 'the existence of irreconcilable conflict between attorney and client'." *Id*.

10. Nonpayment of fees especially over a substantial period of time may also constitute a basis for withdrawal, as it demonstrates a deliberate disregard for the client's obligation to his or her lawyer. *Id*. (citing *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010)).

11. "A client's decision to discharge an attorney is also a basis to withdraw." *Id*. As the court stated in [In re WB Bridge Hotel LLC](#), "Courts in this District have consistently found that a client's discharge of an attorney is sufficient basis for an attorney to withdraw as counsel." *Id*.

12. RMF attempted to resolve these matters before and after Mashinsky surrendered into federal custody but was unsuccessful.

13. There is nothing to suggest that Mashinsky will not be able to obtain new counsel should he desire to do so and, as discovery is still ongoing, RMF's withdrawal will not prejudice Mashinsky or negatively impact the proceeding.

14. As demonstrated in the accompanying Declaration of the undersigned and Motion, RMF has established these three grounds for withdrawal.

15. This case law and RMF's request for withdrawal is consistent with [Rule 1.16(c) of New York Rules of Professional Conduct](#) for terminating representation of a client.

**WHEREFORE**, RMF respectfully requests that this Court grant its Request for Expedited Decision, together with such other and further relief as the Court deems just and proper.

(*signature to follow*)

Dated:    Uniondale, New York
            October 21, 2025

**RUSKIN MOSCOU FALTISCHEK, P.C.**

By: /s/ *Thomas A. Telesca*
    Thomas A. Telesca, Esq.
    Adam L. Rosen, Esq.
    1425 RXR Plaza
    East Tower, 15th Floor
    Uniondale, New York 11556