**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## DECLARATION IN SUPPORT OF
## MOTION BY RUSKIN MOSCOU FALTISCHEK, P.C. TO WITHDRAW
## AS COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

I, Thomas A. Telesca, Esq., declare as follows:

1.     I am an attorney admitted to practice before this Court, who is appearing in the above-captioned action on behalf of Ruskin Moscou Faltischek, P.C. ("RMF") as a partner thereof.

2.     This matter has been transitioned from Sheryl P. Giugliano, a prior partner at RMF, who previously appeared as an attorney of record for Alexander Mashinsky ("Mashinsky") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and related matters, to Adam L. Rosen, Esq. and me. Ms. Giugliano is no longer a partner at RMF since being appointed to the bench on or about September 5, 2025.

3.     I submit this declaration in support of RMF's motion to withdraw as counsel for Mashinsky in these Chapter 11 Cases, which motion is made pursuant to Local Bankruptcy Rule 2090-1(e) and consistent with Rule 1.16(c) of the New York Rules of Professional Conduct.

---

[1] The post-effective date debtors in the Chapter 11 cases (prior to the Effective Date of the Plan, the "**Debtors**," and after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

4.      As the Court is aware, on July 13, 2022, Celsius Network LLC and certain of its affiliates (collectively, "Celsius") filed the Chapter 11 Cases in this Court.

5.      RMF has represented Mashinsky in the Chapter 11 Cases as of September 1, 2023 and it also represents Mashinsky in the Adversary Proceeding, as defined below, and in other related matters pending in different courts.

6.      RMF brings this motion on an emergency basis in light of a breakdown in its attorney-client relationship with Mashinsky, his discharge of RMF, and the upcoming deadlines in the Adversary Proceeding and other related matters.

7.      Accordingly, RMF seeks an order (1) granting RMF leave to withdraw as counsel to Mashinsky; (2) immediately staying the this proceeding as to Mashinsky to avoid any prejudice to Mashinsky pending the determination of this motion; (3) staying this matter for a suitable period thereafter to allow Mashinsky time to find substitute counsel; and (4) granting such other and further relief as the Court deems just and proper.

**Relevant Background**

8.      In July 2023, a Grand Jury in the Southern District of New York voted to indict Mashinsky, which indictment was unsealed and filed on July 13, 2023, and the case was docketed as 23-CR-347 (the "Criminal Case").

9.      In August 2023, Mashinsky executed a letter agreeing to retain RMF as legal counsel in the Chapter 11 Cases (the "Engagement Letter"). A copy of the Engagement Letter is annexed hereto as Exhibit A. Mashinsky agreed to pay RMF's hourly rates for services rendered.

10.     In the Engagement Letter, RMF informed Mashinsky of its policies regarding termination of representation:

> We also reserve the right to withdraw at any time to the fullest extent permitted by the applicable rules of professional responsibility.  Any

termination of our representation of you would be subject to such approval as may be required from any court(s) in which we are appearing on your behalf.  In the event of termination by either of us, fees and costs for work performed prior to termination will still be payable to the extent permitted by law.

*See* Exh. A.

11.     On August 3, 2023, RMF was also separately engaged by and appeared in the Chapter 11 Cases on behalf of AM Ventures Holdings Inc. ("AM Ventures") and Koala1 LLC ("Koala1") for the limited purpose of filing a limited objection and reservation of rights, and responding to certain discovery requests. *See* Dkt. Nos. 3151; 3155.

12.     On September 1, 2023, RMF filed a Notice of Appearance in the Chapter 11 Cases on behalf of Mashinsky. *See* Dkt. No. 3417.

13.     As relevant here, three proceedings arose from the Chapter 11 Cases:

(i)      In this Court, an adversary proceeding was commenced by Mohsin Y. Meghji as Representative for the Post-Effective Date Debtors ("Plaintiff") against certain of Celsius's officers and directors, including Mashinsky (the "Adversary Proceeding").[2]

(ii)     In the U.S. District Court for the Southern District of New York, an interpleader action was commenced by certain of Celsius's insurance carriers seeking an order protecting themselves from the possibility of multiple, inconsistent liabilities by allowing the Court to determine the rightful recipients of insurance proceeds from directors' and officers' liabilities policies (the "Interpleader Action");[3] and

(iii)    In the U.S. District Court for the Southern District of New York, an action arising from a motion by Jeremie Beaudry, a defendant in the Adversary Proceeding, seeking to

---

[2] Case No. 24-cv-03667-MG
[3] Case No. 25-cv-03349-JMF

withdraw the reference of the Adversary Proceeding to the U.S. District Court on the grounds that, among other things, the Bankruptcy Court lacks jurisdiction to enter a final judgment therein (the "Reference Action").[4]

14.     On September 12, 2023, the Court approved a joint stipulation and agreed order (Dkt. No. 3420 in Case No. 22-10964), staying certain proceedings with respect to claims against Mashinsky and several other parties, until the earlier of either (a) September 12, 2024, or (b) the conclusion of the Criminal Case.[5]

15.     On August 27, 2024, this Court entered a joint stipulation and agreed order staying the Adversary Proceeding until the conclusion of the jury trial in the Criminal Case (the "Stay").

16.     On December 3, 2024, Mashinsky pled guilty to count two (commodities fraud) and count five (securities fraud) in the Criminal Case. The Court in the Criminal Case accepted Mashinsky's guilty plea.

17.     On January 1, 2025, this Court lifted the Stay.

18.     In early 2025, RMF withdrew its appearances in the Chapter 11 Cases for AM Ventures and Koala1, and thereafter only represented Mashinsky.

19.     On February 18, 2025, RMF appeared in the Adversary Proceeding on behalf of Mashinsky.

20.     On February 25, 2025, RMF filed Notices of Withdrawal of Appearance on behalf of AM Ventures Holdings Inc. and Koala1 LLC. *See* Dkt. Nos. 7998; 7999.

21.     On May 8, 2025, the court in the Criminal Case sentenced Mashinsky to 12 years in prison.

---

[4] Case No. 25-cv-1414-DEH
[5] Case No. 23-CR-347.

22.     On or about September 11, 2025, after several attempts, RMF's CFO spoke to Mashinsky concerning his outstanding legal fee balance. Mashinsky refused to pay his outstanding balance per the terms of the Engagement Letter, the details of which we can provide *in camera*.

23.     On or about September 12, 2025, Mashinsky surrendered to federal authorities, and is currently serving his sentence in FCI Fort Dix.

24.     As of the date hereof, in the Adversary Proceeding, Mashinsky has until October 22, 2025 to respond to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production of Documents, dated August 18, 2025.

**<u>Communication with Mashinsky During Incarceration</u>**

25.     During his incarceration at FCI Fort Dix, communications with Mashinsky are limited to: (a) phone calls that must be arranged in advance with the prison and which can only be made attorney-client privileged with prison permission and on specific request; (b) online communication through Corrlinks, the prison "email" system, which is not attorney-client privileged, can only transmit plain HTML text, and which cannot transmit attachments of any kind; (c) the U.S. Postal Service or other carriers; and (d) in-person visits on Saturday and Sunday during regular visiting hours.

26.     RMF communicated with FCI Fort Dix on September 30, 2025, to make contact with Mashinsky by phone or in person (the only two privileged options). RMF was not able to speak with Mashinsky until October 10, 2025. A copy of email correspondence between RMF and prison representatives is annexed hereto as Exhibit B.

27.     During RMF's October 10, 2025 telephone call with Mashinsky, RMF reviewed the status of each matter for which it was providing legal services to Mashinsky, and further discussed Mashinsky's payment obligation to RMF.

**RMF's Withdrawal as Counsel**

28.     Rule 1.16(c) of New York's Rules of Professional Conduct permits an attorney to withdrawal as counsel under several different circumstances. Pertinent here, Rule 1.16(c)(4), permits withdrawal if "the client insists upon taking action with which the lawyer has a fundamental disagreement." Rule 1.16(c)(5) permits withdrawal where "a client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Rule 1.16(c)(6) permits withdrawal if "the client inists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Rule 1.16(c)(7) allows for withdrawal if "the client fails to cooperate in the representation. . . ." Lastly, Rule 1.16(c)(10) permits withdrawal when "the client knowingly and freely assents to termination of the employment." RMF respectfully submits, as set forth in the accompanying Motion, that RMF's grounds to withdraw under the aforesaid Rules are supported by applicable case law.

29.     Here, as it pertains to Rule 1.16(c)(5), nonpayment of legal fees has become an ongoing and unresolvable issue with Mashinsky. Mashinsky is deliberately disregarding his agreed upon payment obligation to RMF.

30.     The current amount of outstanding legal fees is significant, as it represents approximately 66% (plus unbilled time) of the total amount of fees paid by Mashinsky since the start of RMF's representation. His last payment was made on or about February 14, 2025.

31.     With respect to Rules 1.16(c)(4), (6), and (7), the irreconcilable differences between RMF and Mashinsky as to litigation strategy have also become an ongoing and unresolvable issue as to the Chapter 11 Cases, the Adversary Proceeding, the Interpleader Action, and related matters.

32.     RMF attempted to resolve these matters before and after Mashinsky surrendered into federal custody, but has been unable to do so.

33.     RMF can provide additional details of the circumstances of the requested withdrawal *in camera* at the Court's request.

34.     On October 16, 2025, RMF informed Mashinsky by correspondence sent by Corrlinks and Express U.S. Mail of its inability to continue as counsel in light of the circumstances described above and that it would be seeking to withdraw as counsel in the Chapter 11 Cases and other matters.

35.     On October 19, 2025, Mashinsky responded to RMF's aforesaid October 16, 2025 correspondence. Mashinsky effectively discharged RMF. He directed RMF to substitute himself as pro se in all of the matters in which RMF represents Mashinsky. Mashinsky also indicated that he is communicating with another firm concerning representation in the Interpleader Action. Mashinsky did not address RMF's outstanding balance.

36.     Mashinsky's discharge of RMF is grounds to withdraw under Rule 1.16(c)(10).

37.     As discovery has not yet closed and the case is not on the verge of trial readiness, RMF's withdrawal as counsel is unlikely to cause substantial disruption to the proceedings.

38.     There is nothing to suggest that Mashinsky will not be able to obtain new counsel should he desire to do so, and he has indicated that he may in connection with the Interpleader Action. We believe this demonstrates that Mashinsky has funds to pay legal fees but choses not to pay RMF.

39.     Thus, RMF's withdrawal will not prejudice Mashinsky or negatively impact this proceeding.

40.     RMF is not seeking a retaining lien or charging lien.

41.     No previous application for the relief sought herein has ever been made to this or any other Court. However, motions to be relieved as counsel are simultaneously being made in the Adversary Proceeding, Interpleader Action, and Reference Action.

42.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2025.

/s/    *Thomas A. Telesca*
Thomas A. Telesca, Esq.
