**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) ) ) |

# EMERGENCY MOTION OF RUSKIN MOSCOU FALTISCHEK, P.C. TO WITHDRAW AS COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)



East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

---

[1] The post-effective date debtors in the Chapter 11 cases (prior to the Effective Date of the Plan, the "**Debtors**," and after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

JURISDICTION ...................................................................................................................1

BACKGROUND ..................................................................................................................1

RELIEF REQUESTED.........................................................................................................4

BASIS FOR RELIEF REQUESTED ...................................................................................4

NO PRIOR REQUEST ........................................................................................................7

NOTICE ...............................................................................................................................7

PRAYER FOR RELIEF ......................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

Cases

*In re Albert,*
  277 B.R. 38 (Bankr. S.D.N.Y. 2002) ............................................................................... 6

*In re WB Bridge Hotel LLC,*
  656 B.R. 733, 742 (Bankr. S.D.N.Y. 2024) ................................................................. 5, 7

Statutes

28 U.S.C. section 157(b) ..................................................................................................... 1

28 U.S.C. sections 1334 ...................................................................................................... 1

Rules

Rule 1.16(c) of New York Rules of Professional Conduct ............................................. 5, 6

Rule 1.4 of the Local Civil Rules for the United States ...................................................... 5
  District Courts of the Southern and Eastern Districts of New York

Rule 2090-1(e) of the Local Bankruptcy Rules for the ................................................. 1, 5
  United States Bankruptcy Court for the Southern District of New York

Pursuant to Rule 2090-1(e) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), Ruskin Moscou Faltischek, P.C. ("RMF" or "Movant"), respectfully moves to withdraw as counsel for Alexander Mashinsky ("Mashinsky") in the above-captioned proceeding (the "Chapter 11 Cases").

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 1334 and 157. This matter is a core proceeding under 28 U.S.C. section 157(b).

2. The basis for the relief requested is Local Rule 2090-1(e).

## BACKGROUND

3. On July 13, 2022, Celsius Network LLC and certain of its affiliates (collectively, "Celsius") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court"). *See* Telesca Decl., ¶ 4.

4. Also in July 2023, a Grand Jury in the Southern District of New York voted to indict Mashinsky, which indictment was unsealed and filed, and the case was docketed as 23-CR-347 (the "Criminal Case"). *See id.*, ¶ 8.

5. In August 2023, Mashinsky executed a letter agreeing to retain RMF as legal counsel in the Chapter 11 Cases (the "Engagement Letter"). Mashinsky agreed to pay RMF's hourly rates for services rendered. *See id.*, ¶ 9; Exh. A.

6. In the Engagement Letter, RMF informed Mashinsky of its policies regarding termination of representation:

> We also reserve the right to withdraw at any time to the fullest extent permitted by the applicable rules of professional responsibility. Any termination of our representation of you would be subject to such approval as may be required from any court(s) in which we are

1

> appearing on your behalf. In the event of termination by either of us, fees and costs for work performed prior to termination will still be payable to the extent permitted by law.

*See id.*, ¶ 10; Exh. A.

7. On August 3, 2023, RMF was also separately engaged by and appeared in the Chapter 11 Cases on behalf of AM Ventures Holdings Inc. ("AM Ventures") and Koala1 LLC ("Koala1") for the limited purpose of filing a limited objection and reservation of rights, and responding to certain discovery requests. *See id.*, ¶ 11.

8. On September 1, 2023, RMF filed a Notice of Appearance in the Chapter 11 Cases on behalf of Mashinsky. *See id.*, ¶ 12.

9. As relevant here, three proceedings arose from the Chapter 11 Cases:

(i) In this Court, an adversary proceeding was commenced by Mohsin Y. Meghji as Representative for the Post-Effective Date Debtors ("Plaintiff") against certain of Celsius's officers and directors, including Mashinsky (the "Adversary Proceeding").[2]

(ii) In the U.S. District Court for the Southern District of New York, an interpleader action was commenced by certain of Celsius's insurance carriers seeking an order protecting themselves from the possibility of multiple, inconsistent liabilities by allowing the Court to determine the rightful recipients of insurance proceeds from directors' and officers' liabilities policies (the "Interpleader Action");[3] and

(iii) In the U.S. District Court for the Southern District of New York, an action arising from a motion by Jeremie Beaudry, a defendant in the Adversary Proceeding, seeking to withdraw the reference of the Adversary Proceeding to the U.S. District Court on the

---

[2] Case No. 24-cv-03667-MG
[3] Case No. 25-cv-03349-JMF

2

grounds that, among other things, the Bankruptcy Court lacks jurisdiction to enter a final judgment therein (the "Reference Action").[4] *See id.*, ¶ 13.

10. On September 12, 2023, the Court approved a joint stipulation and agreed order (Dkt. No. 3420 in Case No. 22-10964), staying certain proceedings with respect to claims against Mashinsky and several other parties, until the earlier of either (a) September 12, 2024, or (b) the conclusion of the Criminal Case. *See id.*, ¶ 14.

11. On August 27, 2024, this Court entered a joint stipulation and agreed order staying the Adversary Proceeding until the conclusion of the jury trial in the Criminal Case (the "Stay"). *See id.*, ¶ 15.

12. On December 3, 2024, Mashinsky pled guilty to count two (commodities fraud) and count five (securities fraud) in the Criminal Case. The Court in the Criminal Case accepted Mashinsky's guilty plea. *See id.*, ¶ 16.

13. On January 1, 2025, this Court lifted the Stay. *See id.*, ¶ 17.

14. In early 2025, RMF withdrew its appearances in the Chapter 11 Cases for AM Ventures and Koala1, and thereafter only represented Mashinsky. *See id.*, ¶ 18.

15. On February 18, 2025, RMF appeared in the Adversary Proceeding on behalf of Mashinsky. *See id.*, ¶ 19.

16. On February 25, 2025, RMF filed Notices of Withdrawal of Appearance on behalf of AM Ventures Holdings Inc. and Koala1 LLC. *See id.*, ¶ 20.

17. On May 8, 2025, the court in the Criminal Case sentenced Mashinsky to 12 years in prison. *See id.*, ¶ 21.

---

[4] Case No. 25-cv-1414-DEH

3

18. On or about September 11, 2025, after several attempts, RMF's CFO spoke to Mashinsky concerning his outstanding legal fee balance. Mashinsky refused to pay his outstanding balance per the terms of the Engagement Letter, the details of which we can provide *in camera*. *See id.*, ¶ 22.

19. On or about September 12, 2025, Mashinsky surrendered to federal authorities, and is currently serving his sentence in FCI Fort Dix. *See id.*, ¶ 23.

20. As of the date hereof, in the Adversary Proceeding, Mashinsky has until October 22, 2025 to respond to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production of Documents, dated August 18, 2025. *See id.*, ¶ 24.

## RELIEF REQUESTED

21. By this Motion, Movant requests entry of an Order: (1) authorizing RMF's withdrawal as counsel to Mashinsky in the Chapter 11 Cases; (2) immediately staying the Chapter 11 Cases as to Mashinsky to avoid any prejudice to Mashinsky pending the determination of this motion; and (3) staying the Chapter 11 Cases for a suitable period thereafter to allow Mashinsky time to retain new counsel.

22. Movant requests to be removed as attorney of record for Mashinsky from any applicable service lists, including the Court's CM/ECF electronic notification list, maintained in the Bankruptcy.

## BASIS FOR RELIEF REQUESTED

23. Requests to withdraw as counsel are governed by Local Rule 2090-1(e), which provides that: "An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." This rule is adopted from Local Civil Rule 1.4.

4

24.     "Whether cause exists to grant a motion to withdraw as counsel is in the discretion of the trial court." *In re WB Bridge Hotel LLC*, 656 B.R. 733, 742 (Bankr. S.D.N.Y. 2024). "In exercising that discretion, the court must consider (i) the reasons for the withdrawal and (ii) the impact of the withdrawal on the timing of the proceeding." *Id*. at 743. "Reasons for withdrawal can include . . . 'the existence of irreconcilable conflict between attorney and client'." *Id*.

25.     Nonpayment of fees especially over a substantial period of time may also constitute a basis for withdrawal, as it demonstrates a deliberate disregard for the client's obligation to his or her lawyer. *Id*. (citing *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010)).

26.     "A client's decision to discharge an attorney is also a basis to withdraw." *Id*. As the court stated in *In re WB Bridge Hotel LLC*, "Courts in this District have consistently found that a client's discharge of an attorney is sufficient basis for an attorney to withdraw as counsel." *Id*.

27.     This case law and RMF's request for withdrawal is consistent with Rule 1.16(c) of New York Rules of Professional Conduct for terminating representation of a client. Rule 1.16(c) permits an attorney to withdrawal as counsel under several different circumstances. Pertinent here, Rule 1.16(c)(4), permits withdrawal if "the client insists upon taking action with which the lawyer has a fundamental disagreement." Rule 1.16(c)(5) permits withdrawal where "a client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Rule 1.16(c)(6) permits withdrawal if "the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Rule 1.16(c)(7) allows for withdrawal if "the client fails to cooperate in the representation . . . ." Lastly, Rule 1.16(c)(10) permits withdrawal when "the client knowingly and freely assents to termination of the employment."

5

28. As RMF's Motion relates to nonpayment, Mashinsky has not made payment to RMF for a substantial period of time, and he has made it clear that he does not intend to pay per the terms of the Engagement Letter. *See* Telesca Decl., ¶¶ 22, 27, 30. The current amount of outstanding legal fees is significant, as it represents approximately 66% (plus unbilled time) of the total amount of fees paid by Mashinsky since the start of RMF's representation. *See id.*, ¶ 30; *c.f. In re Albert*, 277 B.R. 38, 46 (Bankr. S.D.N.Y. 2002) (impermissible to withdraw where unpaid amount was less than 10% of what had already been paid).

29. RMF and Mashinsky have also been unable to reconcile their differences as to litigation strategy. These irreconcilable differences have become an ongoing unresolvable issue as to the Chapter 11 Cases, the Adversary Proceeding, the Interpleader Action, and related matters. *See* Telesca *id.*, ¶ 31.

30. RMF attempted to resolve these matters before Mashinsky surrendered into federal custody but was unable to do so. RMF has also attempted to resolve these matters since Mashinsky's incarceration, but was unsuccessful. *See id.*, ¶ 32.

31. RMF can provide additional details of the circumstances of the requested withdrawal *in camera* at the Court's request.

32. RMF has informed Mashinsky of its inability to continue as counsel in light of these circumstances and that it is seeking to withdraw as counsel. *See id.*, ¶ 34.

33. Mashinsky responded by effectively discharging RMF. Mashinsky directed RMF to substitute himself as pro se in all of the matters in which RMF represents Mashinsky. Mashinsky also indicated that he is communicating with another firm concerning representation in the Interpleader Action. *See id.*, ¶ 35. In his response, Mashinsky ignored RMF's outstanding balance.

6

34. In sum, RMF has three grounds on which to withdraw: (i) nonpayment, (ii) irreconcilable conflict; and (iii) termination of the attorney-client relationship.

35. When considering an attorney's withdrawal, courts must also gauge if the client will be prejudiced by the delay caused by obtaining new counsel or if the court's trial calendar will be negatively impacted. *In re WB Bridge Hotel LLC*, 656 B.R. at 743.

36. There is nothing to suggest that Mashinsky will not be able to obtain new counsel should he desire to do so. Mashinsky has indicated that he may retain new counsel at least for the Interpleader Action. Discovery is still ongoing in the Adversary Proceeding. Thus, RMF's withdrawal will not prejudice Mashinsky or negatively impact this proceeding. *See id.*, ¶¶ 37-40.

## NO PRIOR REQUEST

37. No prior request for the relief sought herein has been made to this or any other Court. However, motions to be relieved as counsel are simultaneously being made in the Adversary Proceeding, Interpleader Action, and Reference Action.

## NOTICE

38. Notice of this Motion will be provided by overnight mail to (i) counsel to the Plaintiff (ii) the Office of the United States Trustee, (iii) Mashinsky, (iv) all parties having filed appearances in the Bankruptcy, and (v) all parties in interest who have received notices through the Court's ECF filing system.

## PRAYER FOR RELIEF

WHEREFORE, Movant respectfully requests that the Court issue an Order (1) authorizing RMF's withdrawal as counsel to Mashinsky in the Chapter 11 Cases; (2) immediately staying the Chapter 11 Cases as to Mashinsky to avoid any prejudice to Mashinsky pending the determination

of this motion; and (3) staying the Chapter 11 Cases for a suitable period thereafter to allow Mashinsky time to retain new counsel.

Dated: Uniondale, New York
October 21, 2025

By: /s/ *Thomas A. Telesca*
Thomas A. Telesca
Adam L. Rosen
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza, 15th Floor
Uniondale, NY 11556-1425
(516) 663-6600
ttelesca@rmfpc.com
arosen@rmfpc.com

*Attorney for Alexander Mashinsky*

8