**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>       Post-Effective Date Debtors.<br><br><br>MARK-ROCK HIGGINS,<br><br>       Plaintiff,<br><br>       v.<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>       Defendants. | <u>FOR PUBLICATION</u><br><br>Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered)<br><br><br><br><br><br>Adv. Pro. 26-01028 |

<u>**MEMORANDUM OPINION AND ORDER GRANTING**</u>
<u>**THE MOTION TO DISMISS**</u>

*A P P E A R A N C E S:*

MARK-ROCK HIGGINS
*Pro se*

KIRKLAND & ELLIS LLP
*Attorneys to Celsius Network LLC, et al., the Post-Effective Date Debtors*
601 Lexington Avenue
New York, New York 10022
By:    Joshua A. Sussberg, Esq.

      – and –

KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
By:    Patrick J. Nash, Jr., Esq.
        Ross M. Kwasteniet, Esq.
        Christopher S. Koenig, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Adversary Complaint for Determination of Ownership, Constructive Trust, and Turnover, and for Related Relief* (the "Complaint," ECF Doc. # 1, Adv. Pro. No. 26-01028[1]) filed by Mark-Rock Higgins ("Mr. Higgins" or "Plaintiff"). In response, Celsius Network LLC and its affiliated post-effective date debtors (collectively, "Celsius" or the "Debtors") filed the *Motion to Dismiss the Adversary Complaint* (the "Motion to Dismiss" or "MTD," ECF Doc. # 2). The Complaint alleges two causes of action against the Debtors. First, Mr. Higgins seeks a determination of ownership of digital assets under § 541(d) of the Bankruptcy Code, and second, Mr. Higgins requests turnover under § 542 of the Code. The Motion to Dismiss seeks to dismiss both causes of action for failure to state a claim.

In response, Plaintiff submitted *Plaintiff's Opposition to Motion to Dismiss* (the "Opposition," ECF Doc. # 3) on May 16, 2026. The next day, Plaintiff filed *Plaintiff's Supplemental Memorandum of Law in Support of Rule 2004 Examination, Limited Discovery, Evidentiary Hearing, and Denial of Dismissal* (the "Memorandum," ECF Doc. # 4). On May 26, 2026, the Debtors filed the *Post-Effective Date Debtors' Reply in Support of Motion to Dismiss the Adversary Complaint for Determination of Ownership, Constructive Trust, and Turnover, and for Related Relief* (the "Reply," ECF Doc. # 8).

For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

---

[1]    Unless otherwise noted, docket numbers refer to documents filed in the adversary proceeding.

## I.   BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff claims that he held an account in the Debtors' Earn Program (the "Earn Program," and such assets, including any proceeds thereof, the "Earn Assets" and such accounts, the "Earn Accounts") that contained $43,512.49 worth of digital assets, including USDC, PAX Gold ("PAXG"), and CEL Token.  (Complaint Ex. A.)  Plaintiff argues that these digital assets are not estate property.  (Complaint at 1.)  Instead, he claims that the Debtors are merely "custodians or bailees" of Plaintiff's digital assets because PAXG is a "tokenized commodity instrument," with each token representing one ounce of physical gold held in custody.  (*Id.* at 2.)  As such, Plaintiff contends that PAXG is analogous to a "warehouse receipt" or a "custodial bullion certificate."  (*Id.* at 2-3.)  Claiming the Debtors possess no equitable interest in the digital assets, Plaintiff argues that they should be excluded from the Debtors' bankruptcy estate under § 541(d) of the Code.  (*Id.* at 5.)

Plaintiff further argues that, even if ownership of the digital assets transferred to the Debtors, fraudulent inducement entitles him to rescission.  (*Id.* at 3-4.)  Plaintiff states that Alexander Mashinsky misled customers "regarding the safety and use of their assets. . . ."  (*Id.* at 3.)  Plaintiff contends that he deposited and maintained digital assets in reliance on those misrepresentations, rendering any property transfer voidable.  (*Id.* at 4.)  Accordingly, Plaintiff asks this Court to rescind the transfer.  (*Id.*)

Additionally, Plaintiff alleges that material factual disputes about the digital assets' classification, traceability, and wallet structure necessitate an evidentiary hearing and discovery pursuant to Bankruptcy Rule 2004.  (*Id.* at 4-5.)  Plaintiff attaches a Proof

3

of Claim, which includes the following addendums: Statement of Claim Basis, Reservation of Rights and Non-Assent, and Pre-Petition Judgment Preclusion Notice. (Complaint Ex. C.)

**B.  Debtors' Motion to Dismiss**

On May 15, 2026, the Debtors filed the Motion to Dismiss, requesting this Court to dismiss the Complaint for failure to state a claim.  The Debtors contend that this Court already determined the ownership of assets deposited into the Earn Program in the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* (the "Earn Order," Case No. 22-10964, ECF Doc. # 1822), which this Court entered on January 4, 2023.  (MTD ¶¶ 17, 26-27.)  The Earn Order held that "Earn Assets constitute property of the Debtors' Estates."  (*Id.* ¶ 17.)  The Debtors argue that Plaintiff has not plausibly alleged sufficient reasons to make this Court reconsider its prior decision.  (*Id.* ¶ 25.)

The Debtors also argue that Plaintiff's claims are procedurally barred.  While Plaintiff attaches a Proof of Claim, he "fails to allege such Proof of Claim was filed," either before or after the Court-ordered deadline specified in the *Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors Establishing Account Holder Bar Date* (the "Bar Date Stipulation," Case No. 22-10964, ECF Doc. # 3066).  (*Id.* ¶ 14.)  By failing to timely submit a Proof of Claim, Plaintiff is "barred, estopped, and enjoined" from asserting his claims in accordance with the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Bar Date Order," Case No. 22-10964, ECF Doc. # 1368).  (*Id.* ¶ 29.)

Moreover, Plaintiff did not affirmatively opt out of the Class Claim Settlement approved by this Court on August 14, 2023, in the *Order (I) Approving the Settlement by and Among the Debtors and the Committee with Respect to the Committee Class Claim and (II) Granting Related Relief* (the "Class Claim Settlement," Case No. 22-10964, ECF Doc. # 3288), which forecloses him from pursuing his claims. (*Id.* ¶ 30.)

Last, the Debtors argue that, even if Plaintiff's claims are not procedurally barred, he is not entitled to the relief sought. (*Id.* ¶ 32.) They contend that the arguments underlying the Earn Order apply to this case. (*Id.*) The Debtors claim that Plaintiff entered into a contract with the Debtors governed by the terms of use (the "Terms of Use") through a "clickwrap" agreement by clicking a button indicating that he accepted the terms. (*Id.* ¶ 33.) The Debtors state that the Terms of Use unambiguously granted Celsius ownership rights over the Cryptocurrency used in the Earn Program. (*Id.* ¶ 34.)

Accordingly, the Debtors request that this Court dismiss the Complaint. (*Id.* ¶ 36.)

## C. Plaintiff's Opposition and Supplemental Memorandum of Law

On May 18, 2026, Plaintiff filed the Opposition and the Memorandum. In the Opposition, Plaintiff claims that dismissal is improper by repeating his arguments that PAXG is excluded from the estate under § 541(d) and of fraud-induced rescission of the Terms of Use. (Opposition at 3-5.) Plaintiff claims that he was misled on company solvency, asset safety, CEL token support, and the platform's integrity; however, he does not specify the representation or statement he relied upon. (*Id.* at 4-5.) Plaintiff repeats that his claims create "factual disputes" that make dismissal improper and again requests an evidentiary hearing and discovery pursuant to Bankruptcy Rule 2004. (*Id.* at 8.)

5

Plaintiff repeats in the Memorandum his arguments that PAXG is exempt from the estate under § 541(d), of fraud-induced rescission of the Terms of Use, that the disputed facts require discovery pursuant to Bankruptcy Rule 2004, and again requests an evidentiary hearing. (Memorandum at 2-6.)

### D. Debtors' Reply

On May 26, 2026, the Debtors filed the Reply. The Debtors argue that the Complaint does not adequately plead a claim for fraudulent inducement and rescission. (Reply ¶ 4.) Pursuant to Federal Rule of Civil Procedure 9, made applicable by Bankruptcy Rule 7009, the Debtors argue the Complaint is devoid of factual support to satisfy the elements of fraud and contains only "threadbare recitals of the elements of a cause of action." (*Id.* ¶¶ 5-6.) The Debtors assert that Plaintiff merely concludes that the Debtors were custodians of the assets, and that Plaintiff relied on representations made by Alexander Mashinsky. (*Id.* ¶ 6.) The Debtors also argue that the Plaintiff has not met his burden in support of his § 541(d) argument that Celsius held only the legal title and no equitable interest in the assets because he only relies upon conclusory statements to support the claim. (*Id.* ¶¶ 7-8.) The Debtors repeat the argument that this Court already determined that all Earn Assets are property of the Debtors' estate and that the Plaintiff's claims are barred by the Bar Date Order, the Class Claim Settlement, and the Plan. (*Id.* ¶¶ 10-14.)

Last, the Debtors argue that, since the adversary proceeding is pending, discovery would be improper under Bankruptcy Rule 2004. (*Id.* ¶ 19.) Instead, discovery requests must be made under Bankruptcy Rules 7026-7037, subject to exceptions and additions

specified in Rule 9014.  (*Id.*)  The Debtors argue that discovery is also improper because of the potentially dispositive pending motion to dismiss.  (*Id.* ¶ 20.)

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to an adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").  *See* FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6).  The "court must accept a complaint's allegations as true," and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  Further, when reviewing the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court's role in evaluating a motion to dismiss is to determine the legal feasibility of the complaint, not to weigh the evidence that may be offered to support it.  *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

In deciding a motion to dismiss, the Court accepts a complaint's factual allegations as true and must draw all reasonable inferences in favor of the plaintiff.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321-23 (2007); *see also Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015).  Although the allegations must be taken as true, the complaint must contain more than just a formulaic recitation of the elements of a cause of action, and the court should "identify[] allegations that,

7

because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664; *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (stating that "bald assertions and conclusions of law will not suffice"). To survive a motion to dismiss for failure to state a claim, a plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "To show facial plausibility, the Claimant must plead 'factual content that allows the court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged.'" *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) (citation omitted).

The Court's responsibility is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Liu v. Credit Suisse First Bos. Corp.* (*In re Initial Pub. Offering Sec. Litig.*), 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks and citation omitted); s*ee also Koppel v. 4987 Corp.*, 167 F.3d 125, 138 (2d Cir. 1999) ("A plaintiff need only allege, not prove, sufficient facts to survive a motion to dismiss."). The Court considers "facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken." *Hertz Corp. v. City of N.Y.*, 1 F.3d 121, 125 (2d Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994). Dismissal is only warranted where it appears beyond doubt that the plaintiff can prove no sets of facts in support of her claim which would entitle her to relief. *See Maxwell Commun. Corp. Pub. Ltd. Co. by Homan v. Societe Generale (In re Maxwell Commun. Corp. Pub. Ltd. Co.)*, 93 F.3d 1036, 1044 (2d Cir. 1996).

### B.  Property of the Bankruptcy Estate Under the Bankruptcy Code

Section 541(a)(1) of the Bankruptcy Code provides that property of the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  However, "any property that the debtor holds in constructive trust for another is excluded from the estate pursuant to § 541(d). . . ."  *In re Flanagan*, 503 F.3d 171, 180 (2d Cir. 2007).

"In determining whether to impose a constructive trust on property within the debtor's possession, the Court must look to state law."  *Entegra Power Grp. LLC v. Dewey & Leboeuf LLP (In re Dewey & Leboeuf LLP)*, 493 B.R. 421, 431 (Bankr. S.D.N.Y. 2013) (citations omitted).  "Generally, New York law requires four elements for a constructive trust: (i) a confidential or fiduciary relationship; (ii) a promise, express or implied; (iii) a transfer of the subject res made in reliance on that promise; and (iv) unjust enrichment (the most important of the four elements)."  *Id.*  This Court has noted that "[a]lthough these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be 'rigidly limited.'"  *Id.* (quoting *Koreag, Controle et Revision S.A. v. Refco F/X Assocs. (In re Koreag, Controle et Revision S.A.)*, 961 F.2d 341, 348 (2d Cir. 1992)).  "New York courts have consistently stressed the need to apply the doctrine with sufficient flexibility to prevent unjust enrichment in a wide range of circumstances," and "the absence of any one factor will not itself defeat the imposition of a constructive trust when otherwise required by equity."  *Dewey & Leboeuf*, 493 B.R. at 431-432 (citation omitted).  "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the

beneficial interest, equity converts him into a trustee." *Id.* at 432 (quoting *Brand v. Brand*, 911 F.2d 74, 77 (2d Cir. 1987)).

Accordingly, "if the Court finds that the imposition of a constructive trust is warranted, then § 541(d) would apply and any property held in the constructive trust would not be property of the estate." *Dewey & Leboeuf LLP*, 493 B.R. at 432.

### C. Fraudulent Inducement

Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7009, "imposes heightened pleading standards for fraud-based claims." *In re Residential Cap., LLC*, 507 B.R. 477, 495 (Bankr. S.D.N.Y. 2014). Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake" if making allegations of fraud. FED. R. CIV. P. 9(b). "In order to meet the 'particularity' requirement of Rule 9(b), a plaintiff [must] allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants, and the injury resulting from the fraud." *In re Residential Cap., LLC*, 507 B.R. at 495 (citation omitted and alteration in original). "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999).

### D. Legal Effect of a Memorandum Opinion and a Confirmation Order

Generally, a bankruptcy court's "order of confirmation is treated as a final judgment with *res judicata* effect." *Baeshen v. Arcapita Bank B.S.C.(c) (In re Arcapita Bank B.S.C.(c))*, 520 B.R. 15, 21 (Bankr. S.D.N.Y. 2014) (quoting *In re Indesco Int'l Inc.*,

354 B.R. 660, 664 (Bankr. S.D.N.Y. 2006)); *see also Silverman v. Tracar, S.A. (In re Am. Preferred Prescription, Inc.)*, 255 F.3d 87, 92 (2d Cir. 2001) ("The confirmation of a plan in a Chapter 11 proceeding is an event comparable to the entry of final judgment in an ordinary civil litigation.").  "The doctrine of *res judicata* precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims." *In re Residential Cap., LLC*, 507 B.R. at 490 (citation omitted).  Indeed, *res judicata* will preclude "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* at 491 (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985)).  "In the bankruptcy context, [courts] ask as well whether an independent judgment in a separate proceeding would impair, destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88 (2d Cir. 1997) (internal quotation markers and citation omitted).

According to section 1141(a) of the Bankruptcy Code, "[a]n order of confirmation binds the debtor and its creditors whether or not they have accepted the confirmed plan." *Eastern Air Lines, Inc. v. Brown & Williamson Tobacco Corp. (In re Ionosphere Clubs, Inc.)*, 262 B.R. 604, 612 (Bankr. S.D.N.Y. 2001); *see also Indesco*, 354 B.R. at 664 ("Pursuant to 11 U.S.C. § 1141(a), a confirmed plan of reorganization is binding on all parties.").  "The finality interests of *res judicata* are particularly important in the bankruptcy context, where numerous claims and interests are gathered, jostled, and are determined and released." *Ionosphere*, 262 B.R. at 612.  Nonetheless, the scope of a confirmation order's preclusive impact is limited to the "content of the reorganization

11

plan and the confirmation order." *Arcapita*, 520 B.R. at 21 (quoting *Maxwell Commc'n Corp. v. Societe Generale* (*In re Maxwell Commc'n Corp.*), 93 F.3d 1036, 1044-45 (2d Cir. 1996)). *Res judicata* will not apply "when a cause of action has been expressly reserved for later adjudication." *Ionosphere*, 262 B.R. at 612 (citation omitted).

## III.   DISCUSSION

### A.  Plaintiff is Enjoined from Initiating the Proposed Adversary Proceeding

Plaintiff is enjoined from commencing the proposed adversary proceeding because he is bound by the Earn Order, the Bar Date Order, and the Class Claim Settlement, irrespective of the validity of his contentions. Plaintiff requests that this Court determine the ownership of digital assets deposited in the Debtors' Earn Program. However, this Court resolved this issue through the Earn Order, holding that all digital assets deposited into the Debtors' Earn Program "constitute property of the Estates." (Earn Order at 45.) Plaintiff has not plausibly alleged any intervening change in law, new evidence, clear error, or manifest injustice as a basis for this Court to reconsider its previous ruling.

Plaintiff alleges that his ownership claims are "materially distinct" to those adjudicated in the Earn Order because of fraudulent inducement and the unique nature of stablecoins. (Opposition at 2.) However, the Earn Order explicitly provides that "stablecoins, as a type of cryptocurrency among Earn Assets, also belong to the Estates." (Earn Order at 44.) The Earn Order also addresses the "common concern" that Alexander Mashinsky made statements that "influenced Account Holders' decisions to join Celsius, keep coins on Celsius's platform, and deposit additional assets." (*Id.* at 43.) Therefore, Plaintiff's claims are precluded as they fall within the scope of the Earn Order.

12

The Complaint suffers from additional procedural defects.  The Bar Date Order states that

> any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from . . . asserting such Claim against the Debtors and their chapter 11 estates. . . .

(Bar Date Order ¶ 6.)  This Court established August 2, 2023, as the final Bar Date for creditors to file Proofs of Claim against the Debtors in the *Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors Establishing Account Holder Bar Date* (the "Bar Date Stipulation," Case No. 22-10964, ECF Doc. # 3066).  Plaintiff failed to allege that he timely filed a Proof of Claim and is thus barred from asserting his claims.

Even if Plaintiff timely filed a Proof of Claim, he does not allege that he opted out of the Class Claim Settlement.  Pursuant to the Class Claim Settlement, upon the expiration of the Opt-Out Period, any claims of any Account Holder that does not opt out of the Class Claim Settlement shall be expunged and superseded by such Holder's Settlement Claim.  (Class Claim Settlement Ex. 1, at § 3(b).)  After the confirmation hearing in which parties in interest were permitted to raise objections, this Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and Its Debtor Affiliates* (the "Confirmation Order," Case No. 22-10964, ECF Doc. # 3972), which approved the Debtors' Chapter 11 Plan and incorporated the Class Claim Settlement.  (Confirmation Order ¶ 262.)

Generally, "[a]n order of confirmation binds the debtor and its creditors whether or not they have accepted the confirmed plan and thus, it has a preclusive effect."

*Ionosphere*, 262 B.R. at 612. Here, the Confirmation Order is a final judgment on the merits and the period in which appeals can be filed has expired. (Confirmation Order ¶ 378.) Given Mr. Higgins does not allege that he opted out of the Class Claim Settlement nor that he filed a timely appeal in response to the Confirmation Order, he is not permitted to assert the claims set forth in the Complaint.

**B. Even if His Requested Relief Were Not Procedurally Barred, Plaintiff Fails to Properly Plead His Claims and is Therefore Not Entitled to the Requested Relief**

1. Constructive Trust

Plaintiff fails to state a claim for Constructive Trust. Courts have held that the existence of a valid and enforceable contract precludes a finding of unjust enrichment and, thus, constructive trust. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004). In the Earn Order, this Court found that the "Terms of Use formed a valid, enforceable contract between the Debtors and Account Holders. . . ." (Earn Order at 30.) Plaintiff provides no reason as to why the Terms of Use are invalid and unenforceable against him and does not attach any exhibits that would support such a claim. Furthermore, Plaintiff makes no allegations regarding the other elements of a constructive trust. He makes no claims regarding "(i) a confidential or fiduciary relationship; (ii) a promise, express or implied; [or] (iii) a transfer of the subject res made in reliance on that promise." *Dewey & Leboeuf LLP*, 493 B.R. at 431 (citing *In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (Bankr. S.D.N.Y. 2013); and citing *In re First Cent. Fin. Corp.*, 377 F.3d at 212). Accordingly, the § 541(d) exception does not apply to exclude the relevant digital assets from the Debtors' estate. The Court **DENIES** the request for turnover.

14

### 2.  Fraudulent Inducement and Rescission

Plaintiff fails to state a claim for fraudulent inducement and rescission.  Pursuant to the pleading standard for fraud-related claims established by Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7009, a plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants, and the injury resulting from the fraud." *Residential Cap.*, 507 B.R. at 495 (citations omitted).  Here, Plaintiff fails to plead his fraudulent inducement claim against the Debtors with the particularity required under Rule 9(b).  He makes only general conclusory statements about reliance "upon materially misleading representations concerning . . . Celsius solvency; customer asset safety; CEL token support; and platform integrity."  (Opposition at 4-5.)  However, simply alleging fraud without providing details, as Plaintiff has done here, does not suffice.  While Plaintiff invokes Alexander Mashinsky's criminal proceedings to establish the alleged misrepresentation upon which Plaintiff relied, the pleading standard requires identifying specific misrepresentations, which Plaintiff has failed to provide. (Complaint at 3-4; Opposition at 5; Memorandum at 3.)  In addition to failing to pinpoint fraudulent statements, Plaintiff also does not make allegations regarding the fraudulent scheme, the Debtors' fraudulent intent, and the resulting injury.  Thus, Plaintiff fails to state a claim for fraudulent inducement.  Accordingly, the Court **DENIES** the request for rescission.

### 3.  The Requested Discovery is Improper

The Plaintiff has failed to state a claim and is not entitled to discovery.  However, even if the Plaintiff had adequately pleaded his claims, courts have held that once an

15

adversary proceeding has begun, a plaintiff must make discovery requests related to the pending proceeding pursuant to Bankruptcy Rules 7026 through 7037 rather than Bankruptcy Rule 2004. *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). Here, Plaintiff has only requested discovery under Bankruptcy Rule 2004, which is improper. (Opposition at 7; Memorandum at 4-5.) Accordingly, the Court **DENIES** Plaintiff's request for discovery.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Dismiss.

**IT IS SO ORDERED.**

DATED:       July 6, 2026

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge